1  **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
   MOE KESHAVARZI, SBN 223759
2     E-Mail: mkeshavarzi@sheppardmullin.com
   DAVID DWORSKY, SBN 272167
3     E-Mail: ddworsky@sheppardmullin.com
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071
   Telephone: 213.620.1780
5  Facsimile: 213.620.1398

6  ERROL J. KING, JR. (*pro hac vice application pending*)
   **PHELPS DUNBAR LLP**
7  II City Plaza
   400 Convention Street, Suite 1100
8  Baton Rouge, Louisiana 70802
   Telephone: (225) 376-0207
9  Fax: (225) 381-9197
   Errol.King@phelps.com
10

11 *Attorneys for Defendant Viant, Inc.*

12              **UNITED STATES DISTRICT COURT**

13     **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE**

14

15 | RJ, as the representative of her beneficiary | Case No. 5:20-cv-02255-EJD
   son, and on behalf of and all others similarly
16 | situated, | (Hon. Edward J. Davila)

17 |                          Plaintiff, | **VIANT, INC.'S NOTICE OF MOTION AND**
                                           **MOTION TO DISMISS PURSUANT TO**
18 | vs. | **FED. R. CIV. P. 9(b) AND 12(b)(6);**
          **MEMORANDUM OF POINTS AND**
19 | CIGNA BEHAVIORAL HEALTH, INC., a | **AUTHORITIES**
   Minnesota corporation, and VIANT, INC., a
20 | Nevada corporation, | **[Fed. R. Civ. P. 9(b) and 12(b)(6)]**

21 |                          Defendants. | Complaint Filed: April 2, 2020
                                           Trial Date:    None Set
22

23 |  | Hearing Date:   August 6, 2020
         Hearing Time:   9:00 a.m.
24 |  | Courtroom:      4

25

26

27

28

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on August 6, 2020, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Edward J. Davila in Courtroom 4 on the 5th Floor of the Robert F. Peckham Federal Building & United States Courthouse, located at 280 South 1st Street, San Jose, California 95113, Defendant, Viant, Inc. ("Viant"), will and hereby does move the Court for an Order, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Class Action Complaint ("Complaint") filed by Plaintiff, RJ, as the representative of and on behalf of her beneficiary son and all others similarly situated ("RJ" or "Plaintiff"), on the following grounds:

1.      Plaintiff's first cause of action for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count I), fails to state a claim against Viant upon which relief can be granted.

2.      Plaintiff's remaining causes of action for equitable relief to enjoin acts and/or practices (Count VII) and for other appropriate equitable relief (Count VIII) pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), also fail to state a claim against Viant upon which relief can be granted.

Pursuant to L.R. 7-2(b)(3), Viant requests that the Court dismiss the Complaint in its entirety with prejudice.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached, all pleadings on file w this Court, and on such oral arguments as may be presented at the hearing on this matter, and seeks dismissal of all claims asserted by Plaintiff against Viant in their entirety and with prejudice.

1  DATED:  June 4, 2020

2

3                                                    By:  _____

4                                                          Moe Keshavarzi
                                                            David Dworsky
5                                                          Sheppard Mullin
                                                            333 South Hope Street, 43rd Floor
6                                                          Los Angeles, CA  90071
                                                            Telephone: (213) 620-1780
7                                                          Fax:  (213) 620-1398

8                                                          and

9                                                          Errol J. King, Jr. (*pro hac vice application
                                                            pending*)
10                                                        Phelps Dunbar LLP
                                                            II City Plaza
11                                                        400 Convention Street, Suite 1100
                                                            Baton Rouge, Louisiana 70802
12                                                        Telephone:  (225) 376-0207
                                                            Fax:  (225) 381-9197
13                                                        Attorneys for Defendant, Viant, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4842-0108-6143.1                    VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PD.28886324.1

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED .......................1

BACKGROUND.............................................................................................................2

    I.    Procedural History.............................................................................................2

    II.    Plaintiff's Allegations .......................................................................................3

ARGUMENT ..................................................................................................................5

    I.    Plaintiff Consistently Fails To Satisfy The Strictures Of Fed. R. Civ. P. 9(b) With Respect To The Pleading Of Her Fraud-Based Claims.................................5

    II.    Plaintiff Also Fails To State A Plausible Claim Against Viant Upon Which Relief May Be Granted. ......................................................................................6

        A.    Plaintiff Fails To State A Claim For Violation Of RICO, 18 U.S.C. § 1962(c). .............................................................................................6

            1.    Plaintiff Fails To Adequately Plead A "Pattern of Racketeering Activity."...................................................................6

            2.    Plaintiff Also Fails To Adequately Plead An "Association-In Fact" Enterprise....................................................................8

        B.    Plaintiff Fails To State A Claim For Injunctive Or Other Appropriate Equitable Relief Under ERISA, § 502(a)(3)...........................10

            1.    Viant Is Not An ERISA Fiduciary, And Plaintiff Does Not Plead Sufficient Facts To Establish A Breach Of Fiduciary Duties On The Part Of Viant.........................................................11

            2.    Plaintiff Does Not Plead Sufficient Facts To Establish That Viant Knowingly Participated In A Prohibited ERISA Transaction. .................................................................................155

            3.    Plaintiff Does Not Plead Appropriate Equitable Relief. ..................18

CONCLUSION ..............................................................................................................21

1

## TABLE OF AUTHORITIES

2

Page(s)

3

Cases

4

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ...................................................................................................15

5

*Bell Atl. Corp. v. Twombly*
6
    550 U.S. 544 (2007) ...................................................................................................15

7

*Berman v. Microchip Tech. Inc.*
    2018 WL 732667 (N.D. Cal. Feb. 6, 2018) ..........................................................13, 19
8

9

*Bias v. Wells Fargo & Co.*
    942 F.Supp.2d 915 (N.D. Cal. 2013) ..........................................................................9

10

*Bly-Magee v. California*
11
    236 F.3d 1014 (9th Cir. 2001)......................................................................................8

12

*Brown v. Cal. Law Enforcement Ass'n*
    81 F. Supp. 3d 930 (N.D. Cal. 2015) ........................................................................12
13

14

*Bush v. Liberty Life Assurance Co. of Bos.*
    130 F. Supp. 3d 1320 (N.D. Cal. 2015) ....................................................................16

15

*In re Computer Scis. Corp. ERISA Litig.*
16
    635 F. Supp. 2d 1128 (C.D. Cal. 2009)....................................................................13

17

*Cty. Of Monterey v. Blue Cross of Cal.*
    2019 U.S. Dist. LEXIS 120209 (N.D. Cal. July 18, 2019) .......................................12
18

19

*Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*
    2019 WL 6841222 (N.D. Cal. Dec. 16, 2019) .....................................................17, 20

20

*Dooley v. Crab Boat Owners Ass'n*
21
    2004 WL 902361 (N.D. Cal. Apr. 26, 2004) ..............................................................6

22

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*
    751 F.3d 990 (9th Cir. 2014).........................................................................................8
23

24

*Gens v. Colonia Savings, F.A.*
    2013 WL 1120503 (N.D. Cal. March 18, 2013) ........................................................7

25

*Gomez v. Guthy–Renker, LLC*
26
    2015 WL 427004 (C.D. Cal. July 13, 2015) .........................................................9, 10

27

*Great-West Life & Annuity Ins. Co. v. Knudson*
    534 U.S. 204 (2002)...................................................................................................20

28

*Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*
    530 U.S. 238 (2000) ...................................................................................................17

*Herzfeld v. Teva Pharm. USA, Inc. Omnibus Welfare Plan*
    2020 WL 1864851 (C.D. Cal. Apr. 14, 2020) ...............................................11, 13, 16

*Hopkins v. Am. Home Mortgage Servicing, Inc.*
    2014 WL 580769 (N.D. Cal. Feb. 13, 2014) ..................................................................9

*In re Jamster Mktg. Litig.*
    2009 WL 1456632 (S.D. Cal. May 22, 2009) ................................................................9

*Kanawi v. Bechtel Corp.*
    590 F. Supp. 2d 1213 (N.D. Cal. 2008) .......................................................................11

*Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*
    990 F.2d 513 (9th Cir. 1993) ......................................................................................16

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*
    940 F.2d 397 (9th Cir. 1991) ........................................................................................8

*Lesnik v. Eisenmann SE*
    374 F. Supp. 3d 923 (N.D. Cal. 2019) .........................................................................6

*McBean v. United of Omaha Life Ins. Co.*
    2019 WL 1508456 (S.D. Cal. Apr. 5, 2019) ...............................................................13

*Methodist Hosp. of S. California v. Blue Cross of California*
    2010 WL 11508022 (C.D. Cal. Feb. 26, 2010) .............................................................8

*Odom v. Microsoft Corp.*
    486 F.3d 541 (9th Cir. 2007) (en banc) ........................................................................6

*Pacific Recovery Solutions d/b/a Westwind Recovery, et al. v. Cigna Behavioral
    Health, Inc. et al.*
    Case No. 3:20-cv-02251-EJD ......................................................................................2

*Richardson v. Dallas R. Hall & Associates*
    1996 WL 308261 (N.D. Cal. May 23, 1996) .............................................................7, 8

*Saniefar v. Moore*
    2017 WL 5972747 (E.D. Cal. Dec. 1, 2017)..................................................................8

*Schuman v. Microchip Tech. Inc.*
    302 F. Supp. 3d 1101 (N.D. Cal. 2018) ..................................................................11, 20

*Sereboff v. Mid Atlantic Med. Servs., Inc.*
    547 U.S. 356 (2006) ...................................................................................................20

-iii-

*Skinner v. Northrop Grumman Ret. Plan B*
    673 F.3d 1162 (9th Cir. 2012) ................................................................................ 20

*Smith v. Ayres*
    845 F.2d 1360 (5th Cir. 1988) .................................................................................. 7

*Stitt v. Citibank, N.A.*
    2015 WL 75237 (N.D. Cal. Jan. 6, 2015) ............................................................... 10

*Sugarman v. Muddy Waters Capital LLC*
    2020 WL 633596 (N.D. Cal. Feb. 3, 2020) ............................................................... 7

*Synopsis, Inc. v. Ubiquiti Networks, Inc.*
    313 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................... 6

*United States v. Garrido*
    713 F.3d 985 (9th Cir. 2013) ..................................................................................... 8

*United States v. Miller*
    953 F.3d 1095 (9th Cir. 2020) ................................................................................... 7

*United States v. Woody's Trucking, LLC*
    2018 WL 443454 (D. Mont. Jan. 16, 2018) .............................................................. 7

*US Airways, Inc. v. McCutcheon*
    133 S.Ct. 1537 (2013) .............................................................................................. 20

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ................................................................................... 5

*In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*
    903 F.Supp.2d 880 (C.D. Cal. 2012) *(emphasis in original)* ................................... 6

*Wit v. United Behavioral Health*
    2017 WL 3478775 (N.D. Cal. Aug. 14, 2017) ........................................................ 20

*Woodell v. Expedia Inc.*
    2019 WL 3287896 (W.D. Wash. July 22, 2019) ...................................................... 9

<u>Statutes</u>

18 U.S.C. § 24 ................................................................................................................. 7

18 U.S.C. § 1027 ............................................................................................................. 7

18 U.S.C. § 1035 ............................................................................................................. 7

18 U.S.C. § 1341 ............................................................................................................. 7

18 U.S.C. § 1343 ............................................................................................................. 7

18 U.S.C. § 1961 ................................................................................................6, 7

18 U.S.C. § 1962(c) .....................................................................................6, 9, 21

29 U.S.C. § 1002(21)(A) ....................................................................................12

29 U.S.C. § 1106 ................................................................................................16

29 U.S.C. § 1108(b)(2) .......................................................................................17

29 U.S.C. § 1132(a) .....................................................................................*Passim*

ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A) .......................................11

ERISA § 406(a) ..................................................................................................17

ERISA § 408(b) ..................................................................................................17

ERISA § 502(a) ............................................................................................*Passim*

Other Authorities

29 C.F.R. § 2509.75-8, D-2 ................................................................................12

Fed. R. Civ. P. 9(b) .....................................................................................*Passim*

Fed. R. Civ. P. 12(b)(6) ...............................................................................*Passim*

SMRH:4842-0108-6143.1
PD.28886324.1
VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

Defendant Viant, Inc. ("Viant") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Class Action Complaint ("Complaint") filed by Plaintiff, RJ, on behalf of her beneficiary son, SJ, and all others similarly situated ("RJ" or "Plaintiff"), pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) (the "Motion"), as follows:

## INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

The crux of Plaintiff's Complaint is her allegation that Defendants, including both Viant and Cigna Behavioral Health, Inc. ("Cigna") (collectively, "Defendants"), engaged in various ways violative of federal law to improperly price and pay claims submitted by out-of-network behavioral health providers for Intensive Outpatient Program treatment ("IOP") provided to patients with health insurance policies for which Cigna administered claims.  Plaintiff alleges that Cigna was required to pay such claims at the Usual, Customary and Reasonable ("UCR") rate under the policy language, but that Cigna contracted and colluded with Viant to systematically undervalue and underpay those out-of-network claims on behalf of its patient-insureds.  Plaintiff further alleges that, because of Defendants' purported actions, behavioral health patients, including her son SJ, have been balanced-billed the amount of the difference between what Cigna should have paid under the policies and what was ultimately paid, resulting in damages alleged to be in the millions of dollars.[2]

Based on these allegations, Plaintiff asserts a total of eight causes of action, only three of which are actually pled against Viant.  In particular, Plaintiff's asserts claims against Viant for violation of Racketeer Influenced and Corrupt Organizations Act ("RICO"), § 18 U.S.C. § 1962(c) (Count I), for equitable relief to enjoin acts and/or practices under the Employee Retirement Income

---

[1]   Unless otherwise indicated, all emphasis is added and all internal quotation marks and citations are omitted.

[2]   Plaintiff fails to note that this so-called scheme, or "grift" as she likes to characterize it, is a legitimate, well-recognized and accepted cost-containment mechanism by which healthcare expenses can be managed, to the benefit of health plans and their participants, and society as a whole.

1   Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3)(A), and for other appropriate equitable

2   relief under ERISA, 29 U.S.C. § 1132(a)(3)(B).  But regardless of the theory alleged, Plaintiff's

3   vague approach to pleading cannot survive this Motion to Dismiss because the Complaint still fails

4   to set forth facts that would allow this Court to reasonably infer that Viant is liable for the

5   misconduct alleged.  Indeed, while Plaintiff's Complaint contains more than 300 paragraphs of

6   allegations, none of those allegations sets forth any specific conduct on the part of Viant that passes

7   the requirements of Fed. R. Civ. P. 9(b), which applies to claims, such as Plaintiff's, that sound or

8   are grounded in fraud.  Plaintiff's Complaint is also devoid of sufficient facts to establish the

9   essential elements of her RICO claim or demonstrate her entitlement to equitable relief under

10  ERISA.  Accordingly, and for the reasons set forth more fully below, this Motion should be granted,

11  and Plaintiff's Complaint should be dismissed in its entirety[3] and with prejudice as to Viant pursuant

12  to Fed. R. Civ. P. 9(b) and 12(b)(6).[4]

13                                    **BACKGROUND**

14  **I.      Procedural History**

15          Plaintiff initiated this class action suit on April 2, 2020, in the San Francisco Division of this

16  Court, against Cigna and Viant, seeking recovery of out-of-network behavioral health benefits that

17  were allegedly underpaid pursuant to the terms of ERISA-governed health plans for which Cigna

18  administered claims.  [Rec. Doc. 1].  On April 24, 2020, the matter was reassigned to this Division,

19  [*see* Rec. Doc. 18], and on May 18, 2020, the Court ruled that this matter was related to *Pacific*

20  *Recovery Solutions d/b/a Westwind Recovery, et al. v. Cigna Behavioral Health, Inc. et al.*, Case

21  No. 3:20-cv-02251-EJD.  [Rec. Doc. 29].

22

23  _____

    [3]   In the event the Court does not dismiss all of Plaintiff's claims, Viant reserves all of its rights to
24
    oppose class certification.
25

26  [4]   Viant also refers to, and by such reference, adopts and incorporates as if fully set forth herein,

27  the arguments raised by co-defendant Cigna Behavioral Health, Inc., in its separate Motion to

28  Dismiss, filed this date.

II.     **Plaintiff's Allegations**

Plaintiff brings this action on behalf of her son, SJ, as well as "all others similarly situated in the United States whose behavioral health claims for benefits have [allegedly] been systematically undervalued and underpaid by Defendants" and who allegedly "owe money or have paid out-of-pocket all or a portion of the difference between what their insurance [allegedly] should have covered and what was actually paid." [Complaint, ¶¶ 1, 172].  According to the Complaint, SJ is an adult beneficiary under a group health plan sponsored by Plaintiff's employer, Intuit, Inc., and administered by Cigna.  [*Id.*].  Plaintiff alleges that SJ sought and received IOP treatment for mental health and substance use disorders from out-of-network behavioral health providers, including Summit Estate, Inc. ("Summit Estate"), but that Plaintiff was the "financially responsible party" for SJ and financed his treatment at Summit Estate.  [*Id.* ¶¶ 2, 172].

Plaintiff claims that, "[p]rior to admitting to treatment, to ascertain the precise financial responsibility SJ would bear and decide whether treatment was financially feasible under the terms of the benefit plan, Summit Estate called Cigna" and obtained verification "that SJ had active benefits for out of network behavioral health treatment." [*Id.* ¶ 174].  Plaintiff also claims that during this call, Cigna "represented that the plan would pay 70% of UCR until RJ's out of pocket cost sharing responsibilities […] were met," that "Cigna specified these out of pocket amounts," and that Cigna "further stated that once these were fully satisfied, Cigna would pay according to [the Maximum Reimbursable Charge I ("MRC I")] methodology[,] which translates to 100% of billed charges." [*Id.*].  In fact, Plaintiff contends that, "[f]or each of the claims at issue here, Cigna reported, in both plan language on an telephonic verification of benefits, that it would reimburse patients and/or their assignees at the UCR rate for MRC I policies," which was "understood by all parties" to be "equivalent to 100% of" the provider's billed charges.  [*Id.* ¶¶ 10, 175].

Plaintiff alleges that, based on these representations, "and with an understanding of the plain terms of the employer benefit plan," SJ decided to seek treatment from Summit Estate and "paid, in full and up front, all out of pocket cost sharing expenses." [*Id.* ¶ 176].  Plaintiff further alleges that, following SJ's treatment, Summit Estate "submitted timely invoices to Cigna seeking payment pursuant to the terms stated on the verification call" and Plaintiff's employee benefit plan, namely

-3-

the UCR rate for MRC I policies.  [*Id.* ¶ 178]. But according to Plaintiff, Cigna "does not use the purported methodology to calculate reimbursement rates. Instead, Cigna contracts with Viant to 'negotiate' reimbursement rates with providers." [*Id.* ¶¶ 11–12].  Plaintiff alleges that "[f]or years, Cigna and Viant have systematically failed to properly price the claims according to UCR and have systematically concealed this failure through misrepresentations about pricing and payment methods to their members," including SJ and the other class members.  [*Id.*].

Plaintiff next proceeds through a series of assertions attempting to explain the healthcare industry, UCR, and the manner in which Cigna calculates its available UCR rates.  [*Id.* ¶¶ 13–23]. Plaintiff also describes the IOP services allegedly provided to SJ and the other class members in connection with the claims at issue.  [*Id.* ¶¶ 24–26].  Plaintiff then distorts what Viant and Cigna do, pursuant to the contractual relationship between them, claiming that it constitutes illegal health claim re-pricing.  [*Id.* ¶¶ 27–68].  Plaintiff also proceeds through page after page of conclusory and repetitive allegations regarding what Cigna does, what Viant does, and why, in Plaintiff's view, Defendants engage in improper pricing and falsely represent how out-of-network IOP claims are to be reimbursed, and paints all of this as part of an intentional scheme (the "grift") to harm Cigna insureds, like SJ and the other class members, all for Defendants' monetary benefit. [*Id.* ¶¶ 81–170].

Despite the volume of Plaintiff's rhetoric, what Plaintiff has failed to do is suggest a plausible theory explaining why Viant's and Cigna's above-board contractual arrangement to contain healthcare costs is an intentional scheme to defraud Plaintiff or anyone else.  Equally as significant, Plaintiff has failed to provide any specific facts whatsoever regarding the who, what, when, where, or how of the alleged misrepresentations and fraudulent statements that supposedly led to the injuries alleged by her and the other class members, which is an essential element of Plaintiff's fraud-based claims and an absolute requirement of Fed. R. Civ. P. 9(b).  Plaintiff also fails to show how Viant's and Cigna's legitimate business dealings, which resulted in the payment of every claim submitted [*id.* ¶¶ 82–83], are "racketeering", or how those legitimate business dealings entitle Plaintiff to equitable relief under ERISA as against Viant.  For these reasons, as more fully discussed below, all of Plaintiff's claims against Viant should be dismissed in their entirety and with prejudice for failure to state a plausible claim upon which relief can be granted.

## ARGUMENT

I.   **Plaintiff Consistently Fails To Satisfy The Strictures Of Fed. R. Civ. P. 9(b) With Respect To The Pleading Of Her Fraud-Based Claims.**

It is indisputable that Plaintiff's Complaint alleges fraudulent conduct as to both Cigna and Viant, and that her claims against Viant "sound" and are "grounded" in fraud.  In Plaintiff's first cause of action for violation of RICO (Count I), the reference to fraud is explicit. [*See* Complaint, Rec. Doc. 1, ¶¶ 200, 204–10, 220, 223–25, 228, 232, 235–36, 238].  In Plaintiff's remaining causes of action for equitable relief under 29 U.S.C. § 1132(a)(3) (Counts VII and VIII), Plaintiff incorporates by reference prior portions of the Complaint that describe the purported "scheme" or "grift" between Cigna and Viant – allegations which charge both Cigna and Viant with fraud.  [*See*, *e.g.*, Complaint, ¶¶ 11–12, 27 ("systematically concealed […] through misrepresentations"); 33–34 ("collusion to cover-up"); 43–44 ("no more than a con"); 51–52 ("never told"); 57–59 ("made false representations" and "fraudulently represented"); 99 ("did not disclose"); 104 ("Cigna employs Viant to deceive"); 105 ("[t]his representation was a lie"); 110 ("Cigna and Viant systematically concealed and continue to conceal […], including through material misrepresentations, omissions, and misleading statements"); 120 ("not revealed or told by"); 123 ("This representation, as Viant and Cigna well know, is false"); 134–43 ("[f]alse [r]epresentations"); 165–66 ("clear lies"); 167 ("sham"); 168 ("affirmative misrepresentations"); 185 ("systematic misrepresentations" and "fraudulent representations")].

However, when all of these allegations are examined, one thing is apparent: they are devoid of any specific factual details that meet the particularity requirements and heightened pleading standard of Fed. R. Civ. P. 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (recognizing that Rule 9(b) applies where a complaint "sounds" or is "grounded" in fraud, including where a complaint alleges fraud as an essential element of the claim or the plaintiff alleges what amounts to fraudulent conduct). Indeed, not one individual on either end of a communication in which an alleged fraudulent statement was made has been identified.  Not one date, time, place, or any other detail regarding when any such communication was made has been provided.  Nowhere has the exact language used in such a communication been set out.  Nor is it even clear which of the

purported misrepresentations, statements, or omissions were allegedly made by Viant and which were made by Cigna. Yet, that is precisely what Rule 9(b) requires — "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," including the "who, what, when, where, and how" of the alleged fraud. As a result, all of Plaintiff's claims against Viant are subject to dismissal with prejudice for failure to plead same with the requisite particularity required under Rule 9(b).

## II.     Plaintiff Also Fails To State A Plausible Claim Against Viant Upon Which Relief May Be Granted.

### A.     Plaintiff Fails To State A Claim For Violation Of RICO, 18 U.S.C. § 1962(c).

In her initial claim against Viant under Count I of the Complaint, Plaintiff alleges that Defendants have engaged in conduct which violates the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).  To successfully state a RICO claim under § 1962(c), a plaintiff "must plausibly allege that the defendant participated, directly or indirectly, in (1) the conduct (2) of an enterprise that affects interstate commerce, (3) through a pattern (4) of racketeering activity." *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 958 (N.D. Cal. 2019). *See also Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc).  Plaintiff completely fails to allege sufficient facts to establish a § 1962(c) violation on the part of Viant.

#### 1.     *Plaintiff Fails To Adequately Plead A "Pattern of Racketeering Activity."*

"Racketeering activity" is defined under the RICO statute to mean "any act of threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, [drugs]." 18 U.S.C. § 1961(1).  The definition also goes on to include certain state law crimes and any act indictable under certain federal statutes and federal offenses." *Id.*  To plead a pattern under RICO, "at least two predicate acts of racketeering activity need to be alleged." *Synopsis, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1077 (N.D. Cal. 2018). Additionally, "where RICO is asserted against multiple defendants," as in the instant case, "a plaintiff must allege at least two predicate acts by each defendant." *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F. Supp. 2d 880, 914 (C.D. Cal. 2012); *accord, Dooley v. Crab Boat Owners Ass'n*, 2004 WL 902361, *5 (N.D. Cal. Apr. 26, 2004).

As an initial matter, Plaintiff appears to allege that Defendants have engaged in a pattern of racketeering activity through the commission of certain "Federal Health offenses" as defined by 18 U.S.C. § 24, and violations of a penal provision of ERISA, 18 U.S.C. § 1027. [*See* Complaint, ¶ 197–205]. However, these offenses are not included in the statutory list of predicate acts (criminal violations that can constitute "racketeering activity") found in 18 U.S.C. § 1961(1). Thus, Plaintiff's vague references to "Federal Health offenses" and "criminal acts" under 18 U.S.C. §§ 1027, 1035, and 1341, fail as a matter of law to provide a factual basis for the "racketeering activity" element of Plaintiff's RICO claim. *See Gens v. Colonia Savings, F.A.*, 2013 WL 1120503, *6 (N.D. Cal. March 18, 2013) (granting motion to dismiss without leave to amend; criminal trespasses/home invasions alleged as predicate acts not among offenses listed in 18 U.S.C. § 1961(1)).

Plaintiff also attempts to allege mail fraud (18 U.S.C. § 1343) and wire fraud (18 U.S.C. § 1341) as the predicate acts to support her RICO claim. [*See* Complaint, ¶¶ 197, 210, 223, 228, 232–34]. Wire fraud and mail fraud have four essential elements, which must be pled in conformity with Rule 9(b): "(1) a scheme to defraud, (2) the statements made and facts omitted as part of the scheme were material, (3) use of the wires, or United States mail, in furtherance of the scheme, and (4) a specific intent to deceive or defraud." *United States v. Woody's Trucking, LLC*, 2018 WL 443454, * (D. Mont. Jan. 16, 2018) (citing *United States v. Woods*, 335 F.3d 993, 997–99 (9th Cir. 2003)); *see also Sugarman v. Muddy Waters Capital LLC*, 2020 WL 633596, *4 (N.D. Cal. Feb. 3, 2020) ("A RICO claim predicated on mail or wire fraud must be pleaded in conformity with Rule 9(b)."). As to the fourth element, the Ninth Circuit recently clarified that, to be guilty of mail or wire fraud, "a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive and cheat." *United States v. Miller*, 953 F.3d 1095, 1102 (9th Cir. 2020) (emphasis in original). Additionally, the mail and wire fraud statues both include an "interstate nexus" requirement; in the case of mail fraud, this element is satisfied by the use of the United States postal service. *See Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988). "A claim for wire fraud, however, requires that wire communication cross state lines." *Richardson*

1  *v. Dallas R. Hall & Associates*, 1996 WL 308261, *2 (N.D. Cal. May 23, 1996). *See also United*

2  *States v. Garrido*, 713 F.3d 985, 998 (9th Cir. 2013).

3       Here, Plaintiff has not plausibly alleged mail and wire fraud by Viant, let alone with the

4  particularity that Rule 9(b).  Plaintiff's conclusory allegations of mail and wire fraud fail at the outset

5  because, as discussed above, Plaintiff has failed to plead the "who, what, when, where, or how" of

6  any fraud, by either Defendant. *See Methodist Hosp. of S. Cal. v. Blue Cross of Cal.*, 2010 WL

7  11508022, at *11 (C.D. Cal. Feb. 26, 2010). *See also Bly-Magee v. California*, 236 F.3d 1014, 1018

8  (9th Cir. 2001); *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir.

9  1991) (Rule 9(b) requires a RICO plaintiff requires a RICO plaintiff "to detail with particularity the

10  time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

11       Plaintiff's allegations of mail and wire fraud also fail because Plaintiff does not plead that

12  any wire communications crossed state lines — a necessary to sustain a claim of wire fraud.  At

13  most, Plaintiff has alleged only that (i) some communications to further the alleged scheme were

14  transmitted by wire, and that (ii) "interstate wire facilities" were used.  [*See* Complaint, ¶¶ 210, 228,

15  232–34].  But there is no allegation describing any particular communication sent by "wire" (fax,

16  phone, or otherwise) that crossed a state line, which is fatal to Plaintiff's claim.  *Saniefar v. Moore*,

17  2017 WL 5972747, *10 (E.D. Cal. Dec. 1, 2017) (claim dismissed where no allegation of interstate

18  communication); Richardson, 1996 WL 308261, *2. Also absent from Plaintiff's Complaint are any

19  factual allegations demonstrating a specific intent to deceive or defraud on the part of Viant.  And

20  because Plaintiff has similarly failed to alleged facts sufficient to show "the existence of a scheme

21  which was reasonably calculated to deceive persons of ordinary prudence and comprehension,"

22  fraudulent intent cannot be inferred.  *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751

23  F.3d 990, 1000 (9th Cir. 2014).  For these reasons, Plaintiff fails to establish that Viant engaged in

24  any "pattern of racketeering activity, and as such, her RICO claim fails.

25       2.   *Plaintiff Also Fails To Adequately Plead An "Association-In Fact"*

26            *Enterprise.*

27       While Plaintiff attempts to plead the existence of an "association-in-fact" enterprise,

28  consisting of Cigna and Viant, her conclusory assertions that Cigna and Viant functioned as an

enterprise with a common purpose, without any additional substantiating facts, are not sufficient to withstand this Motion to Dismiss. To sustain a RICO claim where an "association-in-fact" enterprise is concerned, Plaintiff must allege three separate elements: "(i) a common purpose of engaging in a course of conduct; (ii) evidence of an ongoing organization, formal or informal; and (iii) evidence that the various associates function as a continuing unit." *Hopkins v. Am. Home Mortgage Servicing, Inc.*, 2014 WL 580769, *4 (N.D. Cal. Feb. 13, 2014).  The U.S. Supreme Court has also recognized "the basic principle" that § 1962(c) "imposes a distinctiveness requirement—that is, one must allege two distinct entities: a 'person' and an 'enterprise' that is not simply the same 'person' referred to by a different name." *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 939 (N.D. Cal. 2013).  In other words, liability under RICO "depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.* (emphasis in original). "Where the alleged association-in-fact is formed through routine contracts for services, the 'common purpose' element is unmet because the entities are pursuing their own individual economic interests, rather than a shared purpose." *Woodell v. Expedia Inc.*, 2019 WL 3287896, *8 (W.D. Wash. July 22, 2019). *See also Gomez v. Guthy-Renker, LLC*, 2015 WL 4270042, at *8 (C.D. Cal. July 13, 2015).

Here, all of Viant's alleged actions are attributable to its performance of its contract with Cigna, under which it was retained by Cigna to try and reduce (through negotiation) Cigna's out-of-network costs.  To the extent that there was a "fraudulent common purpose" to systematically underpay for out-of-network services, this purpose could not have been shared by Viant, which Plaintiff alleges (i) was not informed of the terms of any subscriber agreement, and (ii) could only agree to reimbursements pursuant to strict pricing terms established by Cigna. [*See* Complaint, ¶¶ 49–50, 53, 59–60, 112, 116–19, 128, 131, 147]. There is simply no allegation that Viant acted as a member of a racketeering "enterprise," rather than as a company conducting its own affairs. Failing to identify any specific factual allegations in support of the common purpose of allegedly underpaying IOP services to increase the profits of the enterprise warrants dismissal of Plaintiff's RICO claim. *See In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *6 (S.D. Cal. May 22, 2009).

Moreover, and "[d]espite the wide variety of approaches adopted by courts in interpreting the requirements of RICO, there has been a remarkable uniformity in their conclusion that RICO liability must be predicated on a relationship more substantial than a routine contract between a service provider and its client." *Gomez*, 2015 WL 427004 at *11. The Complaint in this case fails to allege that Viant did anything more than carry out the terms of its service contract with Cigna. On this showing, Plaintiff's enterprise allegations fail as a matter of law. *Stitt v. Citibank, N.A.*, 2015 WL 75237, *5 (N.D. Cal. Jan. 6, 2015). Because Plaintiff has failed to allege facts to establish the essential elements of an "enterprise" or a "pattern of racketeering activity," and for the additional reasons set forth in Cigna's Motion to Dismiss filed contemporaneously herewith, Plaintiff's RICO claim fails as a matter of law and must be dismissed pursuant to Rule 12(b)(6).

## B.    Plaintiff Fails To State A Claim For Injunctive Or Other Appropriate Equitable Relief Under ERISA, § 502(a)(3).

In her remaining causes of action against Viant, Plaintiff seeks various forms of equitable relief based on ERISA, § 502(a)(3), 29 U.S.C. § 1132(a)(3), which states that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

Specifically, Count VII of the Complaint is brought pursuant to § 1132(a)(3)(A) to address Defendants' purported "breaches of fiduciary duties," including, with respect to Viant, "the fiduciary duties [allegedly] assumed by acting as Cigna's agent," as well as "the duty to act at all times in good faith" and "to act fairly, reasonably and promptly in dealing with […] Cigna's insureds, their agents, and/or representatives, for adjusting claims, investigating claims handling, and properly and promptly returning the claims to Cigna for payment." [*See* Complaint, ¶¶ 288–90, 292]. Count VIII is then brought pursuant to § 1132(a)(3)(B) and is based on allegations that Plaintiff and the Class have reasonably and detrimentally "relied upon Cigna's representations that reimbursement would be made at the UCR rate;" that "Cigna's failure to reimburse at the UCR rate [has] cause[d] Plaintiff and the Class to spend their own money to make up for Cigna's

underpayments;" that "the difference between the appropriate payment based on the UCR rate and the amount that Cigna actually paid is a clear benefit that Plaintiff and the Class have conferred upon Cigna because they paid monies out of their own pocket that Cigna was obligated to pay;" that Cigna has "improperly retained" this benefit and the "monies it should have paid for the claims at issue" by "failing to reimburse the over-payments made by Plaintiff and the Class;" and that "Plaintiff and the Class have been harmed, and are likely to be harmed in the future, by Defendants' actions." [*See* Complaint, ¶¶ 296–308].  However, these allegations cannot serve as the basis for appropriate equitable relief against Viant for several reasons.

1.  *Viant Is Not An ERISA Fiduciary, And Plaintiff Does Not Plead Sufficient Facts To Establish A Breach Of Fiduciary Duties On The Part Of Viant.*

**First**, Plaintiff does not sufficiently plead facts to establish Viant's fiduciary status or an underlying breach of fiduciary duties by Viant.  ERISA provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan." ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A). However, an action for breach of fiduciary duties under ERISA "may be brought only against persons definable as fiduciaries under ERISA. A non-fiduciary does not subject itself to liability simply by participating in a breach of trust by fiduciaries." *Kanawi v. Bechtel Corp.*, 590 F. Supp. 2d 1213, 1223 (N.D. Cal. 2008).  Thus, "[t]o establish an action for equitable relief for breach of fiduciary duties under 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must 'violate ERISA-imposed fiduciary obligations.'" *Herzfeld v. Teva Pharm. USA, Inc. Omnibus Welfare Plan*, 2020 WL 1864851, at *3 (C.D. Cal. Apr. 14, 2020).  *See also Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1114 (N.D. Cal. 2018).

ERISA defines fiduciaries as those who either hold positions of fiduciary responsibility or exercise their fiduciary authority over the plan:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any

authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). The Department of Labor's guidelines for interpreting ERISA's definition of fiduciary as set forth in § 1002(21)(A) further clarify that persons who have no power to make decisions as to plan policy interpretations, practices or procedures but who perform specific administrative functions within a framework of policies, interpretations, rules, practices and procedures made by others are not deemed fiduciaries of the plan. 29 C.F.R. § 2509.75-8, D-2. It is therefore clear that, "[w]ithout any responsibility or authority over a plan's management and administration, one cannot be a fiduciary" under ERISA. *Brown v. Cal. Law Enf't Ass'n*, 81 F. Supp. 3d 930, 934 (N.D. Cal. 2015).

In the instant case, Plaintiff does not allege or even suggest that any of the plan documents identify Viant as a named fiduciary — nor can she, as Viant is not an insurance company, and it does not market, sell, sponsor, insure, issue, or administer health benefit plans or programs or otherwise verify coverage or adjudicate benefits under any health benefit plans or programs. Plaintiff also does not allege any facts to support a finding that Viant was exercising discretionary authority or control as to management of any plans or disposition of plan assets, or that it was rendering investment advice for any plans, or that it had discretionary authority or responsibility in the administration of any plans. *See* ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Instead, Plaintiff simply alleges that Viant was hired by Cigna "to 'reprice' claims from patients" who receive services from out-of-network providers and "to 'negotiate' reimbursement rates" with those providers on Cigna's behalf," and that Viant "assumed" fiduciary duties "by acting as Cigna's agent." [*See* Complaint, ¶¶ 11–12, 40, 48, 292]. These conclusory assertions, without more, are not sufficient to subject Viant to status as a fiduciary under ERISA. *See*, *e.g.*, *Cty. Of Monterey v. Blue Cross of Cal.*, 2019 U.S. Dist. LEXIS 120209 at *15 (N.D. Cal. July 18, 2019); *Brown*, 81 F. Supp. 3d at 935.

Plaintiff's remaining allegations, which purport to explain Viant's role and responsibilities with respect to the claims at issue, are equally unavailing. Plaintiff alleges that, when Cigna receives a claim requesting payment, "Cigna sends the claim to Viant via an Electronic Data Interchange

('EDI') [...] for third party repricing and negotiations" and also provides Viant with both a "base rate" and a "benchmark maximum rate," which allegedly represents the maximum reimbursement amount that Cigna authorizes Viant "to negotiate up to in the repricing and negotiation process;" however, Cigna does not transmit any plan terms or plan language to Viant when it has Viant reprice out-of-network claims.  [Complaint, ¶¶ 49, 53, 112, 116–19].  Plaintiff further alleges that, after receiving the EDI from Cigna for a particular claim, Viant sends a proposed "payment offer" to the provider who rendered the services that are the subject of the claim." [*Id.* ¶¶ 112, 121–23].  Finally, Plaintiff alleges that, in addition to the payment offer correspondence, Viant also sends a "patient advocacy letter" to both the patient and the provider, in which it allegedly claims to represent the patient in a negotiation with the provider to reduce the billed amount." [*Id.* ¶¶ 121, 125–26, 146–47].  None of these alleged facts points to Viant having any responsibility, authority, or control whatsoever with respect to the management, assets, or administration of any health benefit plan.  Absent such allegations, Plaintiff cannot establish that Viant is an ERISA fiduciary.

Even if Plaintiff could plead sufficient facts to establish Viant's status as an ERISA fiduciary, Plaintiff must still plead that Viant was acting in its fiduciary capacity and that it violated ERISA-imposed fiduciary obligations, which she has also failed to do.  *Herzfeld*, 2020 WL 1864851 at *3.  It is well-settled that "ERISA fiduciaries breach their duties if they mislead plan participants or misrepresent the terms of administration of a plan." *Berman v. Microchip Tech. Inc.*, 2018 WL 732667, at *9 (N.D. Cal. Feb. 6, 2018) (citing *King v. Blue Cross & Blue Shield of Ill.*, 871 F.3d 730, 744 (9th Cir. 2017)).  But to prevail on a claim for breach of fiduciary duty based on misrepresentations, a plaintiff must plead and prove: "(1) the defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation." *In re Computer Scis. Corp. ERISA Litig.*, 635 F. Supp. 2d 1128, 1140 (C.D. Cal. 2009).  Additionally, as to the element of detrimental reliance, the plaintiff must show that "the misrepresentation influenced the plaintiff's conduct, which caused prejudice." *McBean v. United of Omaha Life Ins. Co.*, 2019 WL 1508456, at *9 (S.D. Cal. Apr. 5, 2019).

In the instant case, Plaintiff alleges that "Viant, in its [negotiation] correspondence [to providers], reports that the payment offer is based on UCR rates, plan terms, or other independent bases," which "representation, as Viant and Cigna well know, is false." Plaintiff further alleges that Viant, in its patient advocacy letter, informed Plaintiff and the other class members that it "would be negotiating reimbursement rates on their behalf," but that "[n]owhere in the letter did it state that Viant was authorized on the Plaintiff's or the Class' behalf or state that Plaintiff could 'opt-out' of this negotiation and have their claims processed by Cigna for payment" nor did the letter "disclose that Viant is not given the specific terms and language as to each patients' plan." [Complaint, ¶¶ 123, 146–47]. Plaintiff also makes vague references throughout the Complaint to "false representations" and "affirmative misrepresentations" allegedly made by Viant, including purported representations as to Viant's "authority to negotiate, and the source of [its] 'offered' payment amounts." [*Id.* ¶¶ 168, 185, 209]. However, Plaintiff does not provide any details whatsoever regarding the content of any purported misrepresentations, much less any details regarding the when, where, or how of any such misrepresentations.  In fact, in many instances, it is not even clear which of the purported misrepresentations were allegedly made by Viant and which were made by Cigna. Plaintiff simply asserts that there were representations made, and that they were not true because Cigna and Viant ultimately did not to live up to them. Again, nothing is alleged that even comes close to approaching the requirements of Rule 9(b).

Perhaps more importantly, there are absolutely no allegations anywhere in the Complaint to establish the materiality of Viant's alleged misrepresentations. Nor are there any allegations to establish that such misrepresentations were relied upon by Plaintiff (or any of the class members) or that they influenced Plaintiff's conduct in any way, much less that Plaintiff was harmed as a result of any purported misrepresentations by Viant.

Finally, Plaintiff's conclusory assertion that Cigna and Viant "have systematically failed to properly price claims according to UCR and have systematically concealed this failure through misrepresentations about pricing and payment methods to their members," and her suggestion that Cigna did not intend to pay UCR for IOP services or that Viant did not intend to negotiate in an amount equivalent to the "actual" UCR rate (which Plaintiff fails to identify), are wholly

-14-

1   unsupported and are belied by the realities of what was occurring — namely, that Cigna, with

2   Viant's assistance when called upon, was seeking to control costs for the health benefit plans with

3   which Cigna contracted. Under the *Iqbal/Twombly* plausibility standard, Plaintiff's breach of

4   fiduciary duties allegations against Viant must fall because they do not "allow the court to draw the

5   reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556

6   U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

7          More plausible, because it is consistent with the actual facts, are the legitimate concerns and

8   efforts undertaken by Cigna, employing Viant, to reign in the costs associated with out-of-network

9   providers.  Plaintiff essentially alleges that, for the claims at issue in this case, Cigna was required

10  to pay 100% of the out-of-network provider's billed charges because those charges are "equivalent"

11  to UCR. [*See* Complaint, ¶¶ 174–76].  But in reality, this is never true; the whole concept of managed

12  care is necessary to put a check on the charges that providers submit, allowing health benefit plans

13  and their members to receive treatment at more reasonable costs. Indeed, the mechanism that

14  Plaintiff's deride as "no more than a con" is not such at all.  Viant's involvement in that process,

15  both with respect to repricing and negotiation are not intended to, and in fact, do not defraud or

16  intentionally misrepresent anything. Instead, they are intended to implement the goal of ensuring

17  that claims submitted are properly priced, and where such action is warranted, negotiated to ensure

18  that payment is appropriate once Cigna so directs. That Viant receives recompense for providing

19  such services is not the result of fraud or intended to encourage fraud; it is simply part of a legitimate

20  business arrangement. Plaintiff's attempt to convert this arrangement into something nefarious

21  through their conclusory allegations should not be allowed.

22          For all of the foregoing reasons, Plaintiff does not and cannot state a plausible claim against

23  Viant for equitable relief due to a breach of fiduciary duties under ERISA, § 502(a)(3).

24          **2.**     *Plaintiff Does Not Plead Sufficient Facts To Establish That Viant Knowingly*

25          *Participated In A Prohibited ERISA Transaction.*

26          **Second**, Plaintiff does not appear to assert a claim against Viant for nonfiduciary breach, as

27  she expressly premises her claims for equitable relief on a breach of ERISA-fiduciary duties.  [*See*

28

-15-

Complaint, ¶¶ 289–93]. However, to the extent Plaintiff is attempting to allege a nonfiduciary breach

against Viant, that claim is similarly deficient and is subject to dismissal pursuant to Rule 12(b)(6).

A claim for equitable relief for nonfiduciary liability under ERISA, § 502(a)(3), 29 U.S.C.

§ 1132(a)(3), "is available only where a 'party in interest' has participated in 'prohibited

transactions.'"  *Kyle Railways, Inc. v. Pac. Admin. Servs., Inc.*, 990 F.2d 513, 516–17 (9th Cir.

1993).  *See also Herzfeld*, 2020 WL 1864851 at *5 ("A "party in interest—including a non-fiduciary

third party—may be sued under § 1132(a)(3) for its participation in a prohibited transaction."); *Bush

v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1331 (N.D. Cal. 2015) ("[A] non-

fiduciary may be liable for knowingly participating in the administrator's breach of [fiduciary]

duty.").  ERISA's prohibited transaction provision is set forth in 29 U.S.C. § 1106, and provides, in

pertinent part, as follows:

> (a) Transactions between plan and party in interest

> ****

> (1) A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect—

>> (A) sale or exchange, or leasing, of any property between the plan and a party in interest;

>> (B) lending of money or other extension of credit between the plan and a party in interest;

>> (C) furnishing of goods, services, or facilities between the plan and a party in interest;

>> (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan; or

>> (E) acquisition, on behalf of the plan, of any employer security or employer real property in violation of section 1107(a) of this title.

> (2) No fiduciary who has authority or discretion to control or manage the assets of a plan shall permit the plan to hold any employer security or employer real property if he knows or should know that holding such security or real property violates section 1107(a) of this title.

> (b) Transactions between plan and fiduciary

> A fiduciary with respect to a plan shall not—

> (1) deal with the assets of the plan in his own interest or for his own account,

(2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or

(3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.[5]

As an initial matter, even assuming that Viant qualifies as a "party in interest" under ERISA, Plaintiff has not alleged any facts to suggest that Viant's conduct constitutes a "prohibited transaction" under ERISA § 406(a)(1).  At most, Plaintiff appears to suggest, but does not expressly allege, that Viant should be held liable under ERISA, § 502(a)(3) because Viant's purported conduct in repricing and negotiating claims constitutes participation in Cigna's alleged breach of fiduciary duties.  To this end, Plaintiff alleges that Cigna violated its fiduciary duties of loyalty and due care, as well as its duty to "ensure that out-of-network claims are properly pried and paid according to UCR as required by the plan documents," by "making out-of-network benefit reductions and adverse benefit determinations that were not authorized by the plan documents" for "the purpose of saving money at the expense of its [m]embers," and that Cigna "employ[ed]" and "misuse[d]" Viant in order to "improperly calculate UCR and reduce other benefits paid to providers for out-of-network IOP services," to "deceive patients and providers," and to "avoid providing full plan benefit." [Complaint, ¶¶ 104, 256, 272; *see also* ¶¶ 32–33, 115]. However, there are no factual allegations to establish that Viant knowingly participated in Cigna's alleged breach of fiduciary duties — *i.e.*, that Viant had "actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *See Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246, 251 (2000).  *See also Del Castillo v. Cmty. Child Care Council of Santa Clara Cty., Inc.*, 2019 WL 6841222, at *6 (N.D. Cal. Dec. 16, 2019).  In fact, Plaintiff's allegations suggest the exact opposite,

---

5   ERISA § 408(b) provides for a broad range of statutory and administrative exemptions for § 406(a) prohibitions.  For example, fiduciaries are permitted to make "reasonable arrangements with a party in interest" for "services necessary for the establishment or operation of the plan" so long as "no more than reasonable compensation is paid therefor."  29 U.S.C. § 1108(b)(2).

as Plaintiff repeatedly states that Viant does not receive, have access to, or knowledge of any plan terms or plan language.  [*See* Complaint, ¶¶ 49–50, 60, 118, 131, 152].  Based on these allegations, Plaintiff cannot reasonably claim that Viant had actual or constructive knowledge that Cigna was engaged in any supposed breach of fiduciary duties or violation of plan terms or that Viant's repricing methodologies and negotiated rates were allegedly prohibited by and violative of the terms of any plan because, by Plaintiff's own admission, Viant has no knowledge of those plan terms.

Additionally, and for the reasons set forth in Cigna's Motion to Dismiss filed contemporaneously herewith, Plaintiff has failed to plead an underlying prohibited transaction or fiduciary breach on the part of Cigna.  Therefore, because the Complaint does not allege facts establishing that Viant "knowingly participated" in a "prohibited transaction," Plaintiff does not and cannot state a claim against Viant for equitable relief for nonfiduciary liability under ERISA, § 502(a)(3).

### 3. <u>*Plaintiff Does Not Plead Appropriate Equitable Relief.*</u>

**Third**, Plaintiff has not pled facts to show that appropriate equitable relief is available under ERISA, § 502(a)(3).  Among the relief requested by Plaintiff is:

- An award for "restitutionary […] damages in an amount according to proof;"

- An injunction (i) "enjoining Defendants from the conduct alleged;" (ii) "[o]rdering Cigna to reprocess all underpaid claims using an appropriate methodology;" and (iii) "[o]rdering Cigna and Viant to provide transparency as to the methodology applied in reprocessing claims and that the methodology be approved by the Court;"

    A declaration (i) "that Cigna's payments were improper underpayments;" (ii) "that Cigna's payment methodologies were and are improper;" and (iii) "that Viant's benefit determination and negotiation methodologies are improper;" and

- A "surcharge, disgorging Defendants unjust enrichments from their wrongful conduct."

[*See* Complaint, Prayer for Relief, ¶¶ 4, 6–13, 15].

However, several of these claims are duplicative of relief available under other provisions of ERISA and are subject to dismissal on this basis.  In particular, Plaintiff's request for declaratory relief under § 502(a)(3) is barred because such relief is nothing more than a request for the Court to

1   enforce the terms of a plan — relief for which ERISA provides a remedy under § 502(a)(1)(B).[6]

2   *See* 29 U.S.C. § 1132(a)(1)(B).  The same is true with respect to Plaintiff's request that the Court

3   enjoin Defendants "from the conduct alleged" and order that all claims be reprocessed "using an

4   appropriate methodology."  Likewise, Plaintiff's request that the Court require Defendants "to

5   provide transparency as to the methodology applied in reprocessing claims" and approve such

6   methodology is no more than a request for the Court to clarify Plaintiff's rights to future benefits

7   under the terms of a plan — a remedy that is also available under § 502(a)(1)(B).  *See id. See also*

8   *Berman*, 2018 WL 732667 at *11. For these reasons, Plaintiff's claims for injunctive and declaratory

9   relief fail as a matter of law and must be dismissed.

10         Plaintiff's claim for injunctive relief is also subject to dismissal because has not pled

11  sufficient facts to establish that she is entitled to an injunction against Viant.  In this Circuit, "[f]or

12  a plaintiff to establish that it is entitled to an injunction, it "must satisfy a four-factor test," and show

13         (1) that it has suffered an irreparable injury; (2) that remedies available at law, such
           as monetary damages, are inadequate to compensate for that injury; (3) that,
14         considering the balance of hardships between the plaintiff and defendant, a remedy
           in equity is warranted; and (4) that the public interest would not be disserved by a
15         permanent injunction.

16  *See Berman*, 2018 WL 732667 at *12 (quoting *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803,

17  827 (9th Cir. 2017)).  Here, Plaintiff does not plead the unavailability of legal remedies or that a

18  permanent injunction would serve the public interest.  Nor are there any facts establishing that a

19  remedy in equity is warranted as against Viant.  Absent such facts, Plaintiff fails to state a claim for

20  injunctive relief against Viant.

21         Finally, while Plaintiff attempts to characterize her remaining requests for relief as equitable

22  by labeling them as "restitution," "surcharge," and "disgorgement," the relief that Plaintiff seeks is

23

24  _____

25  [6]   Plaintiff also seeks a declaration "that Cigna and Viant have engaged in an illegal, prohibited,

26  RICO enterprise."  However, this request fails as a matter of law because it is duplicative of

27  Plaintiff's RICO claim, which is insufficiently pled and subject to dismissal for the reasons

28  discussed above.

nothing more than money damages poorly disguised as claims in equity.  As this Court recently explained,

> [b]ecause Section 502(a)(3) allows plaintiff to seek only "appropriate equitable relief," courts must closely analyze whether the requested relief is legal relief, such as money damages, or equitable relief.  "To qualify as 'equitable relief,' both '(1) the basis for the plaintiff's claim and (2) the nature of the underlying remedies sought' must be equitable rather than legal." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 660 (9th Cir. 2019) (citing *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S.Ct. 651, 657 (2016)).  In Depot, the Ninth Circuit warned that "[a]lmost invariably suits seeking ... to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages' "—the "classic form of legal relief." *Id.* at 661 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)).  Indeed, even claims labeled as "restitution" or "disgorgement" may not be equitable in nature.

*Del Castillo*, 2019 WL 6841222 at *7.

A claim for equitable restitution requires a plaintiff to identify "money or property […] as belonging in good conscience to the plaintiff" that "could clearly be traced to particular funds or property in the defendant's possession." *Great-West*, 534 U.S. at 213; *see also Sereboff v. Mid Atlantic Med. Servs., Inc.*, 547 U.S. 356, 323–64 (2006); *US Airways, Inc. v. McCutcheon*, 133 S.Ct. 1537, 1545 (2013).  "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West*, 534 U.S. at 213–14. Additionally, under the "unjust enrichment" theory of surcharge, a fiduciary "who gains a benefit by breaching his or her duty must return that benefit to the beneficiary." *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012); *Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1114–20 (N.D. Cal. 2018).  Where a plaintiff seeks "surcharge as a restitutionary remedy based on disgorgement," as in the present case, the court must look "to the principles of restitution in evaluating whether" the plaintiff is entitled to such a remedy.  *See Wit v. United Behavioral Health*, 2017 WL 3478775, at *15 (N.D. Cal. Aug. 14, 2017).

Even when the allegations of the Complaint are viewed in the light most favorable to Plaintiff, it is clear that, despite her characterizations, Plaintiff's request for "restitutionary damages" and her request for a "surcharge, disgorging Defendants['] unjust enrichments" are not equitable in nature.  Not only does Plaintiff fail to identify any particular assets or funds that can reasonably be

1  traced to Viant, but Plaintiff also does not allege that Viant has improperly retained any monies

2  allegedly owed to, nor received any benefit directly from, Plaintiff or any of the other class members.

3  Nothing in the Complaint states or even suggests that Viant was unjustly enriched or that Viant

4  received anything other than compensation from Cigna pursuant to their contractual agreement. As

5  such, Plaintiff's requests for "restitutionary damages" and a "surcharge" seek nothing more than

6  legal relief, which is not available under ERISA § 502(a)(3).  For all of these reasons, Plaintiff has

7  failed to state a claim against Viant under ERISA, § 502(a)(3), and Counts VII and VIII of Plaintiff's

8  Complaint must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

9  **CONCLUSION**

10       For the foregoing reasons, Defendant Viant, Inc. respectfully requests that this Court grant

11  its Motion and dismiss all of the claims and causes of action asserted by Plaintiff against Viant in

12  the Class Action Complaint, namely Count I for violations of RICO, § 1962(c), and Counts VII and

13  VIII for equitable relief under ERISA, 29 U.S.C. § 1132(a)(3).

14

15  DATED:  June 4, 2020

16

17                                    By:  _____

18                                         Moe Keshavarzi
                                          David Dworsky
                                          Sheppard Mullin
19                                        333 South Hope Street, 43rd Floor
                                          Los Angeles, CA  90071
20                                        Telephone: (213) 620-1780
                                          Fax:  (213) 620-1398
21
                                          and
22
                                          Errol J. King, Jr. (*pro hac vice application*
23                                        *pending*)
                                          Phelps Dunbar LLP
24                                        II City Plaza
                                          400 Convention Street, Suite 1100
25                                        Baton Rouge, Louisiana 70802
                                          Telephone:  (225) 376-0207
26                                        Fax:  (225) 381-9197
                                          Attorneys for Defendant, Viant, Inc.
27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On June 4, 2020, I served true copies of the following document(s) described as **VIANT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Matthew M. Lavin, Esq.
Wendy A. Mitchell, Esq.
**NAPOLI SHKOLNIK PLLC**
5757 W. Century Park East Blvd.
Suite 680
Los Angeles, CA  90045
Tel:   (212) 397-1000
Fax:  (212) 843-7603

Attorneys for Plaintiff and Putative Class
RJ

Joshua B. Simon, Esq.
Warren Haskel, Esq.
Dmitriy Tishyevich, Esq.
**MCDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, NY  10173-1922
Tel:   (212) 547 5400
Fax:  (212) 547 5444
Email:       jsimon@mwe.com
             whaskel@mwe.com
             dtishyevich@mwe.com

Attorneys for Defendant
CIGNA BEHAVIORAL HEALTH, INC.

William P. Donovan, Jr, Esq.
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Tel:   (310 )277 4110
Fax:  (310) 277 4730
Email:       wdonovan@mwe.com

Attorneys for Defendant
CIGNA BEHAVIORAL HEALTH, INC.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 4, 2020, at Los Angeles, California.

Cynthia I. Coblentz