KATIE JOY SPIELMAN
DAVID M. LILIENSTEIN
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
Phone: (415) 678-5050
Fax: (415) 358-8484
david@dllawgroup.com
katie@dllawgroup.com

MATTHEW M. LAVIN (admitted *pro hac vice*)
**NAPOLI SHKOLNIK, PLLC**
1750 Tysons Boulevard, Suite 1500
McLean, VA 22102
Phone: (212) 397-1000
Fax: (646) 843-7603
Email: MLavin@napolilaw.com

Attorneys for Plaintiff

WILLIAM P. DONOVAN, JR (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:     (310) 277-4110
Facsimile:     (310) 277-4730

JOSHUA B. SIMON (admitted *pro hac vice*)
WARREN HASKEL (admitted *pro hac vice*)
DMITRIY TISHYEVICH (SBN 275766)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
340 Madison Avenue
New York, NY  10173-1922
Telephone:     (212) 547-5400
Facsimile:     (212) 547-5444

Attorneys for Defendant
CIGNA BEHAVIORAL HEALTH, INC.

MOE KESHAVARZI
DAVID DWORSKY
**SHEPPARD MULLIN**
330 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:   (213) 620-1780
Facsimile:   (213) 620-1398

1  ERROL J. KING, JR. (admitted *pro hac vice*)
   **PHELPS DUNBAR LLP**
2  II City Plaza
   400 Convention Street
3  Suite 1100
   Baton Rouge, LA 70802
4  225-376-0207
   Fax: 225--381-9197
5  Email: errol.king@phelps.com

6  Attorneys for Defendant
   VIANT, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ, as the representative of her beneficiary son, and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA BEHAVIORAL HEALTH, INC., a Minnesota corporation, and VIANT, INC., a Nevada corporation,<br><br>Defendants. | Case No.  5:20-cv-02255-EJD<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>CMC Date:  October 1, 2020<br>Time: 10:00 a.m.<br>Courtroom: 4 – 5th Floor<br>Judge:  Honorable Edward J. Davila |

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of the Court, the Court's April 3, 2020 Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 3), this Court's April 28, 2020 Notice (Dkt. 20) and this Court's June 19, 2020 Notice (Dkt. 39), Plaintiff RJ, Defendant Viant, Inc. ("Viant") and Defendant CIGNA Behavioral Health, Inc. ("CBH") (Viant and CBH together, the "Defendants"), by and through their respective counsel of record, hereby submit this Joint Rule 26(f) Report and Case Management Statement.

## I. JURISDICTION AND SERVICE

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of California, Viant is a resident of Nevada with its principal place of business in Illinois, and CBH is a resident of Minnesota with its principal place of business in Minnesota. Plaintiff has alleged that the amount in controversy exceeds $75,000. All parties to the present action have been served.

## II. FACTS

### A. Plaintiff's Position.

RJ is a participant in a group health benefit plan ("the Plan"), sponsored by her private-sector employer, Intuit. The Plan is governed by ERISA, 29 U.S.C. § 1001, *et seq.*, and is administered by Cigna. RJ brings this class action on behalf of herself and similarly situated participants and beneficiaries of health plans administered by Cigna.

RJ's son, SJ, suffers from mental health and substance use disorders. SJ is a covered beneficiary under the Plan. SJ attended an Intensive Outpatient treatment Program (IOP). In 2019, SJ was diagnosed with Alcohol Use Disorder, and sought treatment at Summit Estate, Inc., an out of network IOP provider located in Los Gatos, CA.

The Plan provides that Cigna will reimburse claims for out of network treatment based on the usual, customary, and reasonable rate ("UCR"), alternatively referred to in the Plan as the Maximum Reimbursable Charge ("MRC"). The two terms, UCR, and MRC, are interchangeable. The Plan defines MRC as the lesser of the provider's normal charge for a similar service or supply, or a percentile of charges made by providers of such service or supply in the geographic area where the service is received. The Plan's out-of-network percentile for MRC purposes is the 80th percentile.

In the case of SJ's provider, Summit Estate, its normal charge for IOP services is less than the 80th percentile of other IOP providers' charges in the South Bay and Silicon Valley.

Prior to SJ's admission to treatment at Summit Estate, the facility contacted Cigna to perform a verification of benefits check. During that call, Cigna verified that SJ had active benefits for out of network behavioral health treatment, and that the Plan would pay 70% of UCR/MRC until RJ's out of pocket maximum was met, at which point the Plan would pay 100% of UCR/MRC.

Based on the Plan's coverage reimbursement terms for out of network IOP treatment, SJ decided to attend treatment at Summit Estate. SJ submitted claims for his treatment to Cigna. Cigna approved the claims, but did not pay anything close to the MRC rate outlined in the plan – in this case, 100% of Summit Estate's billed charges, since that is less than the 80th percentile of the rates of similar providers in the geographic area. Instead, Cigna sent SJ's claim to Viant, for "repricing." As a result of Viant's repricing, Cigna allowed only 12% of the billed charges for SJ's treatment to be reimbursed. Viant profits from this repricing scheme by retaining for itself the difference between a target rate, set by Cigna, and the "repriced" rate that it offers to the patients' providers.

As a result of the repricing, SJ was responsible for and paid a balance to Summit Estate for the remaining billed charges.

RJ and the putative class members seek reimbursement of monies they have had to pay to IOP providers for approved claims that were underpaid due to Cigna and Viant's repricing scheme, equitable and declaratory relief enjoining Cigna and Viant from continuing to reprice out-of-network IOP claims at less than UCR/MRC as guaranteed by their plans, and awarding of such other relief as the Court finds appropriate.

**B.  Defendants' Position.[1]**

Plaintiff "RJ" filed this putative class action on behalf of her son, "SJ," and other members of health benefit plans for which CBH or an affiliated Cigna entity (collectively, "Cigna") administers

---

[1] This factual summary is based on allegations in Plaintiff's Complaint, and no discovery has taken place. Defendants deny any incorrect allegations.

4096" = "1" "DM_US 172936915-2.015187.0071" ""

claims.[2] Plaintiffs claim that their out-of-network behavioral health treatment were allegedly underpaid as a result of Cigna using a third-party repricer, Viant Inc., to negotiate discounts on those claims.

Plaintiff is a member of a health benefit plan funded by her employer, Intuit Inc. (the "Intuit Plan"). The plan is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Cigna administers claims for the Intuit Plan. Between April 22 and May 31, 2019, Plaintiff's son received treatment for behavioral health services at Summit Estate, a healthcare provider that is out of network ("OON") with Cigna. Summit Estate then submitted Plaintiff's son's claims to Cigna for pricing and payment. Under the Intuit Plan, the reimbursement amount for OON claims like Plaintiff's is calculated (subject to other plan limitations) by applying a payment methodology called the "Maximum Reimbursable Charge" ("MRC").[3] Plaintiff contends that applying the MRC to her son's OON claim would have resulted in Summit Estate being paid at 100% of its billed charges, and that by using Viant to negotiate a discount on that claim, Cigna improperly underpaid it.

But Plaintiff has not identified any provision in the Intuit Plan that requires her son's OON claim to be paid at 100% of billed charges under the MRC methodology. To the contrary, under that plan, the MRC amount is "determined based on the lesser of the provider's normal charge for a similar service or supply; or [a] percentile of charges made by providers of such service or supply in the geographic area where the service is received. These charges are compiled in a database we have selected." Thus, the Intuit Plan does not pay OON claims at 100% of billed charges. Plaintiff has not alleged what the MRC amount under the Intuit Plan should have been. Plaintiff also has not alleged that by using Viant to negotiate a discount, Cigna paid less than the plan-specified MRC amount. Finally, Plaintiff now contends in this statement that the normal charge for IOP services for SJ's provider, Summit Estate, is "less than the 80th percentile of other IOP providers' charges in the South Bay and Silicon Valley," but those allegations are nowhere in the Complaint.

---

[2] Counsel for CBH has informed Plaintiffs that Cigna Health and Life Insurance Company ("CHLIC") typically administers claims, and is likely the party Plaintiffs intended to name.
[3] Plaintiffs incorrectly contend that the terms UCR and MRC are "interchangeable." Those two terms mean different things, and different plans for which Cigna administers claim moreover define "MRC" in several different ways.

Thus, while Plaintiff contends that Cigna's use of Viant results in certain OON claims being paid at less than plan-required amounts, and she seeks to represent a nationwide class of Cigna members whose claims were supposedly similarly underpaid, Plaintiff has not identified even one claim that was actually underpaid under her theory. In fact, as CBH explained in its motion to dismiss briefing, Cigna allowed MRC on the claims she identified in the complaint after she appealed. (*See* Dkt. 42 at 1-3.)

CBH and Viant reserve the right to modify this summary as needed after discovery proceeds.

## III.   LEGAL ISSUES

### A.   Plaintiff's Position.

The legal issues likely to be raised by the parties include 1) whether Cigna breached the provisions of Plaintiff's benefit Plan, 2) whether Cigna breached duties it owed to Plaintiff as an ERISA fiduciary, 3) whether Cigna and Viant formed a federal RICO enterprise with the purpose of fraudulently under-reimbursing out-of-network IOP claims, 4) whether Plaintiff and the putative class satisfy the requirements for class treatment under Federal Rule of Civil Procedure 23, 5) whether an award of attorneys' fees is appropriate.

### B.   Defendants' Position.

Plaintiff's Complaint asserts the following eight counts: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy, 18 U.S.C. § 1962(c); (2)-(3) claims for benefits under the Employee Retirement Income Security Act ("ERISA"), ERISA § 502(a)(1)(B); (4) ERISA § 502(c) disclosure; (5) breach of ERISA fiduciary duties, ERISA § 502(a)(3); (6) denial of "full and fair" ERISA review; (7)-(8) equitable and injunctive relief under ERISA.

CBH and Viant have each moved to dismiss all of Plaintiff's claims. Since filing those motions, in a nearly identical lawsuit against United Healthcare brought by two United plan members, Judge Yvonne Gonzalez Rogers dismissed all of the plaintiffs' claims without prejudice. *L.D., et al. v. United Behavioral Health, et al.*, 4:20-cv-02254 YGR, Dkt. 55 (N.D. Cal.). Judge Gonzalez Rogers found that the member plaintiffs failed to plead any of the elements of their RICO

claims and that their ERISA causes of action failed for a number of reasons, chief of which was not identifying any plan language that was violated. A similar result should follow here.

If any of Plaintiff's claims survive, however, other anticipated legal issues will include at least the following:

a. Interpreting the relevant terms of Plaintiff's benefit plan and/or the terms of each of the plans applicable to members of the putative class;

b. whether Cigna violated the terms of the plan applicable to Plaintiff and/or each of the members of the putative class by using Viant to negotiate discounts on certain OON claims;

c. whether Plaintiff can prove a claim for RICO conspiracy under 18 U.S.C. § 1962(c), including whether Plaintiff can prove that Cigna and Viant formed an association-in-fact conspiracy, and that Cigna committed any predicate racketeering acts;

d. whether Plaintiff can prove a claim for violation of the terms of her Intuit Plan under 29 U.S.C. § 1132(a)(1)(B), including because that plan does not pay OON claims at 100% of billed charges under its MRC payment methodology;

e. whether Plaintiff can prove a claim for violation of 29 U.S.C. § 1132(c), including because Cigna is not the designated plan administrator for the Intuit Plan, and because Plaintiff has not identified documents that she requested and that were required to be provided by the ERISA statute but were not;

f. whether Plaintiff can prove a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), including because it is duplicative of Plaintiff's claim for ERISA benefits;

g. whether Plaintiff can prove a claim for denial of full and fair ERISA review under 29 U.S.C. § 1132(a)(3), including because it can only be asserted against the Plan (which Cigna is not), and because Plaintiff has not shown that her plan entitles her

to the alleged benefit (paying the OON claim at 100% of billed charges) in the first place;

h. whether Plaintiff is entitled to injunctive or equitable relief under 29 U.S.C. § 1132(a)(3), including because they are duplicative of her ERISA benefits claim;

i. whether Plaintiff's claim and/or the claims of any of the members of the putative class are precluded on the ground that they failed to exhaust their administrative remedies;

j. whether Plaintiff and/or the members of the putative class exhausted their administrative remedies available under their respective benefit plans, and if so, whether Plaintiff's claim and/or the claims of any of the members of the putative class are rendered moot by the outcome of an administrative appeal;

k. whether Plaintiff's claim and/or the claims of any of the members of the putative class are barred by terms of their benefit plans other than the MRC payment methodologies (e.g., the plan does not cover OON services, the claim was not medically necessary, provider did not obtain appropriate pre-authorization, etc.);

l. whether Plaintiff and/or each of the members of the putative class have standing to state a claim under ERISA to the extent they assigned any of their rights under ERISA to their OON providers;

m. whether Plaintiff's claim and/or the claims of any of the members of the putative class fail to the extent these claims overlap with or seek duplicative recovery as to the claims asserted by the OON providers in the related case *Pacific Recovery Solutions, et al. v. Cigna Behavioral Health Inc., et al.*, Case No. 5:20-cv-02251-EJD;

n. whether Plaintiff's claim and/or the claims of any of the members of the putative class fail for lack of Article III standing to the extent their claims were not paid at levels below those set forth in the applicable benefit plans;

4096" = "1" "DM_US 172936915-2.015187.0071" ""

      o. whether Plaintiff can satisfy the requirements for class treatment under Federal Rule of Civil Procedure 23; and

      p. whether Plaintiff and or each of the members of the putative class are entitled to any of the relief sought in the Complaint or to any damages they seek.

To the extent any of Plaintiff's claims survive CBH's and Viant's motions to dismiss and this case proceeds to discovery, additional legal issues may arise after discovery begins.

## IV. MOTIONS

CBH and Viant each filed motions to dismiss on June 4, 2020, each seeking to dismiss Plaintiff's Complaint in its entirety. Plaintiff has opposed both motions. Both motions had a hearing date of August 6, 2020 at 9:00 a.m. The court vacated the hearing date after determining the motion was suitable for decision without oral argument. The Court's decision on the motions to dismiss is still pending.

If any part of CBH's and/or Viant's motion to dismiss is granted, Plaintiff will seek leave to amend. If CBH's and Viant's motion to dismiss is denied in whole or in part, Plaintiff may file a motion for partial or full summary judgment.

On August 24, CBH wrote to Plaintiffs regarding Judge Gonzalez Rogers's concerns, raised in the *LD, et al. v. United Behavioral Health, et al.*, 4:20-cv-02254 YGR, and *Pacific Recovery Solutions, et al. v. United Behavioral Health, et al.*, 4:20-cv-02249 YGR, cases during oral argument on defendants' motions to dismiss, that Plaintiffs' counsel may have a conflict of interest in simultaneously representing United Behavioral Health plan members in the *LD* case and also representing providers in the *Pacific Recovery Solutions* case, given that the providers may at some point seek to recover their allegedly unpaid balances from United Behavioral Health plan members directly. As CBH told Plaintiffs, the same issue is present here.

Plaintiff does not believe that there is a conflict of interest. Plaintiff has been informed by her undersigned counsel of the related provider case, and has consented to counsel's concurrent representation. Plaintiff and the putative class she represents consist of members who have paid their providers for the amounts owed following Defendants' underpayment of their claims. The plaintiffs

in the provider case consist of providers seeking to recover for only those claims where the patients have not paid for the amounts owed following Defendants' underpayment of their claims. Plaintiff's counsel have advised that they plan to address the concern raised by the Court in *LD, et al. v. United Behavioral Health et al.*, 4:20-cv-02254 YGR, and *Pacific Recovery Solutions, et al. v. United Behavioral Health, et al.*, 4:20-cv-02249 YGR in the amended complaints in those matters, following the court's order granting Defendants' motions to dismiss with leave to amend. At this time, having not seen any proposed amendments to the Complaint, Defendants take no position on whether a potential conflict of interest can be cured by an amendment, and Defendants reserve all rights.

If CBH's motion to dismiss is denied in whole or in part, CBH may file a motion for partial or full summary judgment.

Given the early stage of the case, the parties may have additional motions that they will file as the case progresses (e.g., motions over discovery disputes, *Daubert* motions, etc.).

## V.   AMENDMENT OF PLEADINGS

Until such time as the Court rules on Defendants' Motions to Dismiss, Plaintiff does not anticipate amending her pleadings, however, additional parties injured by Defendants' conduct have come forward since this case was filed and Plaintiff does anticipate adding additional class representatives to this case.

## VI.   EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the claims and defenses.

## VII.   DISCLOSURES

The parties agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) by October 14, 2020. Given the early stage of this case, the initial disclosures are subject to modification and supplementation.

## VIII. DISCOVERY

### A. Plaintiff's Position.

No discovery has yet occurred. The essential discovery in this matter will involve the specific functioning of the Enterprise. Plaintiff has no objection to producing all of the claims data in her possession to Defendants at this early stage of litigation.

Defendants should be required to produce full records for SJ's claim and a sampling of 40 claims, 5 selected by Plaintiffs for each Provider, and 5 selected jointly by Defendants. Plaintiffs and Defendants should be required to produce their full records for the claims that will include the relevant OutPatient Review (OPR) pricing methodology and Explanations of Methodology (EOM) and any other materials, communications or data utilized to determine the claim reimbursement amount. Documentation regarding the methodology shall include all *internal* "White Papers" (as opposed to publicly accessible advertising slicks) of the pricing methodology, information as to the underlying data to which the methodology was applied, internal correspondence and documents related to the pricing methodology, in general, that was used to price the relevant claims, full "appeal" records including recording of calls, all EOB's, ERA's, PAD's and other communication sent, and for claims that included "negotiation," what data was used, leveraged, and applied to the negotiation.

Plaintiff also seeks the complete, unredacted contract between Cigna and Viant, including all exhibits, unredacted. Plaintiff will also seek discovery concerning the process Defendants use to decide which claims will be sent to Viant for repricing, the number of claims for out of network IOP treatment that Viant has repriced for Cigna, the repriced reimbursement amount with respect to each such claim, and the basis therefor.

In light of the comprehensive Protective Order in place in the case, and central allegations in the complaint that Viant's parent corporation, Multiplan is incentivized and paid by Cigna based upon how low Viant benchmarks or prices healthcare claims, Plaintiffs also seek the complete, unredacted national Network Access Agreement ("Agreement") between Cigna and Viant and all Amendments, including all complete, unredacted Exhibits to the Agreement (such as the exhibits entitled "Network Standards and Penalties", "Fees", " Fee Negotiations and Benchmarking

Services", "Benchmarking Pricing Services" and "Negotiation Services") as well as all periodic Amendments thereto.

As Plaintiff has brought a RICO claim, discovery is also appropriate as to the material presented to Plans and Plan Sponsors discussing "savings," "savings techniques" and such similar terms that were pitched at the "Road Shows" taken to Plans and Plan Sponsors as well as during annual events hosted by Multiplan's marketing department with its insurance company clients and records from the meetings of Multiplan's Client Advisory Board (CAB).

To the extent the Intuit Plan, and the plans of any other putative class members are self-insured, the Administrative Services Agreements between Cigna and the Plan should be produced in discovery.

During meet & confer calls leading to the preparation of this joint statement, counsel for Defendants seemed indicate they would be willing to provide a sample of records relevant to the claims in both related cases. Upon reading Defendant's draft, however, it became apparent that Defendants only intended to provide the "administrative record" or claims files of selected patients, records which are only fully relevant to the related this ERISA case, not to the related Provider case, PRS v. Cigna. That case, the Provider case, does not turn on the administrative record as this ERISA case does, rather, the state and federal law counts of that Provider case turn on the non-patient specific corporate records of the Defendants and what those records and testimony will show about the relationship between the Defendants and the methodologies they jointly employ to price out of network healthcare claims. It also became apparent during discussions that Defendants wished to postpone discovery as long as possible. Hence, the parties were not able to come to final agreement on initial productions or a discovery schedule. The schedule proposed by Plaintiff at Section XVII, below, is reasonable in Plaintiff's estimation.

**B.    Defendants' Position.**

No discovery has taken place to date. Because this case and the related case, *Pacific Recovery Solutions, et al. v. Cigna Behavioral Health Inc., et al.*, 5:20-cv-02251-EJD, concern the same factual allegations, in which OON providers are raising essentially the same dispute by contending that by

using Viant to negotiate discounts and Cigna underpaid their claims, discovery in this case and *Pacific* should be coordinated. Moreover, given the many problems with Plaintiff's claims, before moving to extremely burdensome discovery of custodian documents, Defendants propose staging discovery in both cases to prioritize discovery of administrative records in parties' possession, before proceeding to custodian discovery.

Defendants had proposed this staging approach to Plaintiffs in June 2020 (ahead of the originally-scheduled case management conference), and then again more recently when sending their proposed Case Management Statement to Plaintiffs on September 3, 2020. Plaintiffs did not object to staged discovery, including when the parties discussed a proposed discovery schedule on a meet-and-confer on September 10. On September 17, however, Plaintiffs suddenly reversed course and insisted on proceeding with full discovery immediately, with April 23, 2021 as the proposed cut-off for *all* fact discovery. As Defendants explained to Plaintiffs, that schedule is not feasible given that Defendants' motions to dismiss are currently pending, Plaintiffs will likely file an amended complaint after those motions are decided, and Defendants will then very likely move to dismiss any amended complaint as well.

Instead, for this case, Defendants propose first producing administrative records (i.e., claim files that were before Defendants when it made Plaintiff's relevant benefit determinations, as well as any appeals-related documents and documents setting forth Cigna's determinations, and any payment, assignment of benefits, or other claim-related documents that are in Plaintiff's possession). Cigna is also willing to produce their relevant standard operating procedures and payment policies applicable to Plaintiff's OON claim. Defendants are also willing to produce similar administrative records and claim files for any other class representatives that may be timely and appropriately added to this case at a later date. In addition, as set forth in the Case Management Statement concurrently filed in the related *Pacific Recovery* action (which is brought by four OON providers who likewise challenge Cigna's use of Viant in pricing their claims, and who seek to represent a nationwide class of similarly-situated OON providers), Defendants are also willing to produce similar administrative records for a sampling of claims from each of the four OON providers named in that suit, along with

4096" = "1" "DM_US 172936915-2.015187.0071" ""

any policy and procedure documents on their billing and collection practices that apply to either Cigna or Cigna's customers. At this time, Defendants do not believe it is necessary or appropriate to produce additional claim records in this case for any Cigna members beyond Plaintiff (and certainly not records for 40 additional claims, as Plaintiff proposes), as Plaintiff is currently is the sole named representative in this case, and Cigna has already offered to produce a sampling of administrative records for the four OON providers in the related *Pacific Recovery* action.

This exchange will meaningfully advance discovery by providing all parties with further information about a selection of claims that have been asserted by plaintiffs in both related actions, and by also providing plaintiffs in both cases with discovery regarding how Defendants processes and pay these OON claims.

Defendants proposes that the parties will select claims to be sampled by November 13, 2020, and then produce those records by February 11, 2021. If the Court denies Defendants' motions to dismiss, the parties will confer and propose an amended discovery plan within 14 days of the Court's ruling. Section 17 below sets forth a proposed schedule that takes into account this phased discovery proposal.

## IX.  CLASS ACTIONS

Plaintiff has brought the present action as a class action and believes that all of the requirements required under Fed. R. Civ. P. 23 have been met. Plaintiff has set forth class allegations in her Complaint and anticipates that substantial, additional briefing and motion practice will occur as to class certification after the pleadings are closed.

Defendants contend that this case is not suitable for class adjudication under Federal Rule of Civil Procedure 23, including because as set forth in Defendants' motions to dismiss, Plaintiff has failed to state any claim for relief. To the extent the motions to dismiss are denied, Defendants will provide additional bases in opposition of class certification at an appropriate time in accordance with the briefing schedule to be entered.

Counsel for all parties have reviewed the Court's Procedural Guidance for Class Action Settlements.

## X. RELATED CASES

On May 18, 2020, this case was deemed related to *Pacific Recovery Solutions v. Cigna Behavioral Health Inc., et al.*, 5:20-cv-02251-EJD.

On August 24, 2020, this case was also deemed related to *Summit Estate, Inc. v. Cigna Health and Life Insurance Co.*, Case No. 5:20-cv-04697-EJD.

## XI. RELIEF

### A. Relief Sought by Plaintiff

RJ and the putative class members seek reimbursement of monies they have paid to IOP providers for approved claims that were underpaid due to Cigna and Viant's repricing scheme, equitable and declaratory relief enjoining Cigna and Viant from continuing to reprice out-of-network IOP claims at less than UCR/MRC as guaranteed by their plans, treble damages for those claims arising under RICO, attorneys' fees, and awarding of such other relief as the Court finds appropriate.

### B. Relief Sought by Defendants

At this time, Defendants do not seek any affirmative relief in this action. Defendants deny that Plaintiff is entitled to the relief she seeks in this action.

## XII. SETTLEMENT AND ADR

Pursuant to ADR Local Rule 3-5(b), the parties have submitted their respective "ADR Certification by Parties and Counsel" to the Court. The parties have met and conferred in accordance with the ADR Local Rules and agree that ADR is not appropriate at this time.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

All parties have not consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not referable to the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this point in this litigation, the parties are unaware of any ways to narrow the issues other than through the motions to dismiss discussed in Section 4 above.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULE

### A. Plaintiff's Proposal.

| Date | Event |
| --- | --- |
| October 14, 2020 | Parties to exchange Rule 26(a) disclosures |
| October 30, 2020 | Parties to produce their claim-related documents, administrative records, relevant policy and procedures documents, additional internal documents relating to the pricing methodologies at issue (as detailed in Sections VIII. A & B, above) for Plaintiff's claim. |
| April 23, 2021 | Deadlines for completion of fact discovery, Plaintiff's expert reports, Defendants' expert reports, completion of fact discovery, and class certification briefing to be determined in an amended scheduling order if the case proceeds past the Rule 12(b)(6) stage. |
| June 18, 2021 | Deadline for filing dispositive motions. |
| August 16, 2021 | Pretrial conference. |

### B. Defendants' Proposal.

Defendants propose the following schedule:

| Date | Event |
| --- | --- |
| October 14, 2020 | Parties to exchange Rule 26(a) disclosures |
| October 14, 2020 | Plaintiffs to provide list of claims at issue. |
| November 13, 2020 | Plaintiffs to identify claims to be sampled (as detailed in Section VIII.B above). |
| February 11, 2021 | Parties to produce their claim-related documents, administrative records, and relevant policy and procedures documents (as detailed in Section VIII.B above) for Plaintiff's claim |
| 21 days after decision on Cigna's and Viant's motions to dismiss, if motions are denied | Parties to amend pleadings or add new parties. |

| | |
|---|---|
| TBD | Deadlines for completion of fact discovery, Plaintiff's expert reports, Defendants' expert reports, completion of fact discovery, and class certification briefing to be determined in an amended scheduling order if the case proceeds past the Rule 12(b)(6) stage. |
| TBD | Deadline for dispositive motions within 60 days of completion of all discovery. |
| TBD | Pretrial conference and trial to be scheduled after ruling on class certification motion. |

## XVIII. TRIAL

Plaintiff believes that multiple issues will arise during the course of litigation that will guide the Court as to the most efficient way to conduct the trial or trials as will be appropriate. Given the extent and scope of the fraudulent Enterprise formed by Cigna and Viant and the nature of the class allegations, Plaintiffs estimate that the trial will take at least four-weeks.

As to the any ERISA claims that survive motions to dismiss and summary judgment, the trial will be a bench trial. Defendants currently estimate that the bench trial on any ERISA claims, to the extent necessary and appropriate, will not take more than one week. As to the RICO 18 U.S.C. § 1962(c) claim, to the extent it survives motions to dismiss and summary judgment, Defendants currently estimate that the jury trial will not take more than one week.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

Plaintiff has no interested persons or entities to disclose.

Pursuant to Civil Local Rule 3-16, Defendants certify that the following entities, other than themselves, might have a financial interest in the outcome of this proceeding: Cigna Corporation, as the ultimate parent of wholly owned subsidiary CBH and CHLIC, the claims administrator. Cigna Corporation is a publically traded company. No publically held corporation owns 10% or more of Cigna Corporation stock.

Defendants further certify that Viant, Inc. is a wholly-owned subsidiary of Viant Holdings, Inc.; that Viant Holdings, Inc. is a wholly-owned subsidiary of MultiPlan, Inc.; and that MultiPlan, Inc. is a wholly-owned subsidiary of MultiPlan Holding Corporation. No publicly held corporation owns 10% or more of Viant, Inc.'s or MultiPlan, Inc.'s stock.

17
JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT
CASE NO: 5:20-CV-02255-EJD

4096" = "1" "DM_US 172936915-2.015187.0071" ""

## XX. PROFESSIONAL CONDUCT

The attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI. OTHER MATTERS TO BE CONSIDERED

The parties do not believe there are other matters that need to be considered at this time.

Dated:  September 21, 2020          **NAPOLI SHKOLNIK, PLLC**


By:  */s/ Matthew M. Lavin*
MATTHEW M. LAVIN
WENDY A. MITCHELL

**DL LAW GROUP**
DAVID M. LILIENSTEIN
KATIE J. SPIELMAN

Attorneys for Plaintiff


Dated:  September 21, 2020          **MCDERMOTT WILL & EMERY LLP**


By:  */s/ Warren Haskel*
WILLIAM P. DONOVAN, JR.
JOSHUA B. SIMON
WARREN HASKEL
DMITRIY TISHYEVICH

Attorneys for Defendant
CIGNA BEHAVIORAL HEALTH, INC.


Dated:  September 21, 2020          **PHELPS DUNBAR LLP**


By:  */s/ Errol J. King, Jr.*
ERROL J. KING, JR.
CARYS A. ARVIDSON

Attorneys for Defendant
VIANT, INC.