MATTHEW M. LAVIN (*pro hac vice*)
mlavin@napolilaw.com
AARON R. MODIANO (*pro hac vice*)
amodiano@napolilaw.com
NAPOLI SHKOLNIK, PLLC
1750 Tysons Boulevard, Suite 1500
McLean, VA  22102
Telephone: 212.397.1000
Facsimile: 646.843.7603

DAVID M. LILIENSTEIN, SBN 218923
david@dllawgroup.com
KATIE J. SPIELMAN, SBN 252209
katie@dllawgroup.com
DL LAW GROUP
345 Franklin Street
San Francisco, CA 94102
Telephone: 415. 678.5050
Facsimile: 415.358.8484

Attorneys for PLAINTIFFS

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son SJ; LW as the representative of her beneficiary spouse MW; and, DS, an individual, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.,<br><br>*Defendants*. | Case No.  5:20-cv-02255-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER RE: CLAIM SAMPLING PROTOCOL** |

Plaintiffs RJ, as the representative of her beneficiary son SJ, LW, as the representative of her beneficiary spouse MW, and, DS, an individual, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), Cigna Health and Life Insurance Company ("Cigna") and MultiPlan, Inc. ("MultiPlan," or, collectively with Cigna, "Defendants"), by and through their

respective counsel, stipulate as follows, and for the reasons set forth below, the Court orders as follows:

THEREFORE, the undersigned counsel for the Parties in the above-referenced action stipulate and agree as follows:

1. For the period from 2015 to 2021, Defendants and Plaintiffs may each choose up to 90 claims for a total of 180 claims. that fall within the definition of the putative class in the First Amended Complaint, which alleges the following class definition: "Any member, dependent, participant, beneficiary, or assignee of a health benefit plan either administered or insured by Cigna whose claims for out-of-network behavioral health treatment, including mental health and/or substance use disorder, were underpaid and/or repriced by Defendants."

2. The Parties shall select the claims from claims reports produced by the Defendants containing data and fields as mutually agreed by the Parties. The Parties shall agree to the fields that the reports will contain within 28 days of the date of the entry of this stipulation and will meet and confer regarding said fields. The Parties will then produce their reports as soon as practicable after the Parties have reached agreement. If the Parties cannot agree on the fields to be contained within the report, they can reach out to the Court.

3. For each claim described in Paragraph 1, Cigna will undertake a reasonable and good faith search to locate and produce the following materials set forth below:

    a) Complete Plan documents.
    b) Complete ASO agreements related to the above Plans.
    c) All claim submission forms, including any UB-04, HCFA, or CMS 1500 form.
    d) The member's Explanation of Benefits.
    e) The provider's Explanation of Payment.
    f) Claim screen shots from Cigna's claims systems.
    g) Appeal records related to the claim (if any).
    h) For claims that included pre-payment negotiations or post-payment appeals, Cigna shall report what data were used, leveraged, and applied

      to the negotiation as well as any system or other notes or documents pertaining to the negotiation.

   i) Letters, correspondence, member or provider complaints, and any other records.

   j) Call logs from Cigna related to the member associated with the claim in the sample (if any) relating to such claim and, to the extent available, recordings of any calls related to the claims.

   k) Cigna agrees to take reasonable steps to preserve recordings of any calls on the logs referenced above.

  4. For each claim described in Paragraph 1, MultiPlan will undertake a reasonable and good faith search to locate and produce, to the extent such documents are available, the following materials set forth below:

   a) Relevant data associated with MultiPlan's repricing of the claims.

   b) Any correspondence sent to or received by MultiPlan related to the claim, including repricing sheet(s) and PAD letter(s), if any were created for the claim.

   c) System notes related to any inquiry concerning the claims, both pre-payment and post-payment, if such occurred, and such notes were generated.

   d) For claims that included negotiations, MultiPlan shall produce the agreements reached, if any, pertaining to such negotiations.

  5. For each claim described in Paragraph 1, all Parties agree that they will undertake a reasonable and good faith search to locate and produce the documents as set forth above, as well as non-privileged, responsive documents requested through written discovery to be issued in accordance with the Case Management Schedule.

  6. In stipulating to this Protocol, the Parties recognize that not all documents may exist for each claim.

7. The Parties recognize that this protocol sets the parameters for discovery on individual claims files (including the number of individual claims subject to discovery), other than the named Plaintiffs' claims that are at issue without waiving the right to seek discovery of additional files either by agreement or with leave of Court should such requests be reasonable and appropriate based upon information revealed as a result of the discovery process.

8. The Parties do not waive, and expressly reserve, any responses and objections to document requests.

9. This stipulation is intended to relate solely to the production of claims files of individual Cigna plan members and/or insureds. Nothing in this stipulation is intended to limit in any way discovery of business records related to topics relevant to this matter such as the relationship between Cigna and Multiplan or Cigna's use of Multiplan's pricing tools.

10. In agreeing to produce claims samples from 2015-2021, Defendants make no admission regarding the relevant time period and statute of limitations in this action, and expressly reserve all rights.

11. Nothing in this stipulation limits or restricts any argument any Party may make in support of, or opposing, class certification or on the merits.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 16, 2021                    **NAPOLI SHKOLNIK, PLLC**

By:   */s/ Matthew M. Lavin*
MATTHEW M. LAVIN
AARON R. MODIANO

**DL LAW GROUP**

By:   */s/ David M. Lilienstein*
DAVID M. LILIENSTEIN
KATIE J. SPIELMAN

Attorneys for Plaintiffs and the Putative Class

Dated: July 16, 2021 **MCDERMOTT WILL & EMERY LLP**

By: /s/ *William P. Donovan, Jr.*
WILLIAM P. DONOVAN, JR.
JOSHUA B. SIMON
WARREN HASKEL
DMITRIY TISHYEVICH
CAROLINE INCLEDON
CHELSEA COSILLOS

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE CO.

Dated: July 16, 2021 **PHELPS DUNBAR LLP**

By: /s/ *Errol J. King, Jr.*
ERROL J. KING, JR.
CARYS A. ARVIDSON
CRAIG L. CAESAR

Attorneys for Defendant
MULTIPLAN, INC.

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3  DATED: _____
　　　　　　　　　　　　　　　The Honorable Edward J. Davila
　　　　　　　　　　　　　　　United States District Judge