August 4, 2022

Magistrate Judge Virginia K. DeMarchi
San Jose Courthouse
Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

       Re: Discovery Dispute Between Cigna and Non-Party Summit Estate Recovery Center in *RJ, et al. v. CHLIC, et al.*, No. 5:20-cv-02255

Dear Magistrate Judge DeMarchi:

Pursuant to this Court's Standing Order for Civil Cases, Defendant Cigna Health and Life Insurance Company ("Cigna") and non-party Summit Estate Recovery Center ("Summit") write to respectfully request the Court's assistance in resolving the below discovery dispute.

The parties certify that lead counsel held a telephone conference on July 5, 2022 in an attempt to resolve this dispute, but were unable to do so. The conference was attended by lead counsel Josh Simon along with Warren Haskel and Caroline Incledon for Cigna, and by John Tower for Summit.

Fact discovery is currently set to conclude on December 22, 2022. Expert discovery deadlines have not been set, except for deadlines for expert reports in support of Plaintiffs' motion for class certification (December 2, 2022) and in opposition thereto (January 20, 2023). (ECF No. 99 at 4.)

## Statement of the Dispute

This dispute arises from two subpoenas that Cigna served on Summit: a July 28, 2021 subpoena (the "First Subpoena") and a March 11, 2022 subpoena (the "Second Subpoena," and, together with the First Subpoena, the "Subpoenas").[1] After repeatedly agreeing to produce documents in response to both Subpoenas, Summit still has not produced key categories of documents. The Court's intervention is thus necessary.

## Cigna's Position

This putative class action was filed by three Cigna customers who received intensive outpatient program ("IOP") treatment at Summit—a substance abuse treatment center that is out-of-network ("OON") with Cigna. Plaintiffs allege that Cigna underpaid Summit's OON claims by using co-defendant MultiPlan's Viant OPR product to calculate the reimbursement of those claims. They seek to represent a nationwide class of all Cigna customers whose OON claims for IOP services Cigna reimbursed using Viant OPR.

---

[1] The subpoenas and Summit's responses and objections are attached as Exhibits 1-4.

Given the obvious relevance of Summit's documents to this class action, Cigna served two subpoenas on Summit. The First Subpoena (Ex. 1) sought documents related to treatment Summit provided to the three named Plaintiffs, as well as Summit's policies and practices regarding its billing and reimbursement for the IOP services at issue. Summit agreed to "produce discoverable documents" in response to each Request. (Ex. 2 at 1-4.)

The Second Subpoena (Ex. 3) sought Summit's records for four more class members treated at Summit. Cigna focused on these members' claims because Plaintiffs had selected them as part of the parties' agreed-upon claims sampling protocol, through which each side identified 90 claims for claims-based discovery (including claim submission forms, members' explanation of benefits forms, appeal records, letters, correspondence, member or provider complaints, and other records). Summit agreed to produce documents in response to the Second Subpoena as well.

Despite these promises, key categories of documents remain outstanding with respect to both Subpoenas.

First Subpoena Deficiencies: With respect to the First Subpoena, Summit still has not produced the following: (1) emails regarding Summit's treatment of Plaintiffs SJ, MW, and DS, including Summit's processing and payment of those Plaintiffs' claims, or any disputes or negotiations regarding those claims; and (2) documents related to any payments Plaintiffs MW and DS made to Summit. (*See* Ex. 1, Requests Nos. 1-2.) Summit has not argued that these documents are irrelevant or that they would be unduly burdensome for Summit to produce. To the contrary, Summit agreed to produce these documents but then never did.

Additionally, Summit has made inconsistent representations about its emails. At times, Summit's counsel advised that he planned to produce those emails, while at other times, he advised that Summit employees do not use emails (even though Summit had produced documents that reference emails sent by or received by its employees).[2] If the reason Summit has not produced emails is that it in fact searched its email records and determined that no responsive emails exist, Cigna requests that Summit so state in a declaration.

On the July 5, 2022 conference with lead counsel, counsel for Summit represented that he would make a supplemental production by July 15, 2022 remedying the deficiencies with the First Subpoena. Although Summit made a supplemental production on July 15, 2022, it did not contain any additional documents responsive to the First Subpoena.

Second Subpoena Deficiencies: Summit did not produce any documents in response to the Second Subpoena for nearly four months, despite repeated promises to do so. During the conference between lead counsel on July 5, 2022, counsel for Summit agreed to make a production of documents responsive to the Second Subpoena by July 15, 2022. Although Summit finally made a production on July 15, 2022 of some documents responsive to the Second Subpoena, the production contained large gaps. For example, the production did not contain records regarding one of the four members who was the subject of the Second Subpoena. Records produced for the

---

[2] Given the Court's rule against submitting exhibits other than the discovery materials at issue and the responses thereto, Cigna does not attach these communications with Summit's counsel, but will make them available at the Court's request.

other three members also appear incomplete, as key documents such as intake agreements and other contracts signed by the members before receiving treatment are missing for at least one member. Additionally, the production did not contain payment records, including invoices sent to the members, that would allow Cigna to determine whether the members were billed for their treatment or made payments. Such documents are responsive to, among other requests, Requests Nos. 1, 2. (*See* Ex. 3.)

In a July 19, 2022 email, counsel for Summit raised—for the first time[3]—that he did not plan to produce additional records in response to the Second Subpoena because the four patients identified in that subpoena "are part of Summit's pending non class action lawsuit against Cigna" and would be "opting out of any class." Cigna explained to Summit that a statement that these four members "may" be opting out of a class that has not yet been certified is insufficient to bar discovery into these records. Summit failed to respond to that email.

Cigna's Efforts to Resolve the Dispute. Cigna went to great lengths to resolve its disputes with Summit Estate, but those efforts were ultimately unsuccessful because Summit refused to engage in a meaningful way. For instance, Cigna sent Summit at least **seventeen** letters and emails describing in detail the documents that Cigna expected Summit to produce, participated in at least **six** meet and confers, and gave Summit lengthy extensions to produce documents.

In turn, Summit's counsel would either not respond or else represent that he would look into the issue but then still fail to produce the documents many months later. For example, after Cigna inquired about Summit's lack of response to the Second Subpoena, on May 3, 2022, Summit's counsel wrote: "I am still working with my client to get the records for the 4 sample patients [in response to the Second Subpoena]. Will get those to you as soon as possible." Cigna then followed up on May 18, May 31, June 6, and June 9 to inquire about the documents, but Summit still failed to produce any documents or otherwise provide a substantive update.

In fact, only after Cigna initiated the conference among lead counsel did Summit make its first production to the Second Subpoena. But that conference, held on July 5, did not resolve the open issues either. As memorialized in an email from Cigna after that conference, counsel for Summit stated that his client may have provided him with relevant records in response to the Second Subpoena, but that he had simply failed to produce them. He also did not have a response or explanation as to Summit's continued failure to produce emails, or documents related to payments Plaintiffs MW and DS made to Summit. During that conference, the parties agreed that Summit would produce the outstanding documents by July 15, 2022. As discussed above, however, Summit's production on that date was clearly insufficient: it contained no additional documents

---

[3] Summit did not raise this objection in its Responses and Objections to the Second Subpoena (Ex. 4), in the four months since the subpoena was served on March 11, 2022, or on the July 5, 2022 conference between lead counsel. Therefore, this objection is also waived due to Summit's failure to timely raise it. *See* Fed. R. Civ. P. 45(c)(2)(B); *Baker v. Ensign*, 2014 WL 3058323, at *8 (S.D. Cal. July 3, 2014) (granting motion to compel where "no good cause exists to excuse the [nonparty's] untimely objection or late production of documents").

that would be responsive to the First Subpoena, and the documents produced in response to the Second Subpoena were incomplete.

Cigna's Requested Relief: Summit has repeatedly promised to cure the deficiencies in its document production and then failed to do so without justification. Therefore, Cigna respectfully requests an order compelling Summit to produce: (1) all emails and communications regarding its treatment of Plaintiffs SJ, MW, and DS, and regarding Summit's processing and payment of those Plaintiffs' claims; (2) documents related to any payments Plaintiffs MW and DS made to Summit; and (3) additional documents in response to the Second Subpoena, including records related to all four members, payment records, and intake contracts signed by all four members. *See, e.g.*, *Interior Elec. Inc. Nevada v. Beverly*, 2020 WL 8457486, at *2–3 (C.D. Cal. Dec. 7, 2020) (granting motion to compel where non-party "agreed to produce documents they acknowledged having," but then "refused or ignored movant's requests for production without any excuse despite being given substantial time to comply"); *Poly-Med, Inc. v. Novus Sci. PTE Ltd.*, 2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017) (granting motion to compel after subpoenaed non-party "requested additional time" to comply, but then failed to produce documents "over five months" later).

Given that fact discovery is set to close on December 2, 2022 and the amount of time that Summit has had to comply with the Subpoenas, Cigna respectfully requests that the Court order Summit to produce these documents by no later than 30 days after the date of the issuance of the order.

Cigna's Position on a Hearing: Summit has never meaningfully disputed that the First and Second Subpoenas seek relevant documents—and to the contrary, it repeatedly promised to produce documents in response. Cigna thus believes that this discovery dispute is straightforward and could be resolved on the papers.

**Summit's Position**

With regard to the first subpoena, non party Summit spent considerable time and effort (and expense) to locate and produce thousands of pages of documents relating to what Summit understands to be the class representative patients. These records include extensive spreadsheets that track communications and processing relating to virtually all aspects of claims for all levels of care for treatment received by the class representative Plaintiffs.

That there have been multiple productions is cast in an unfavorable light by Cigna. To the contrary, Summit has gone to great lengths to try to avoid incurring more fees in motion/dispute resolution- even to the point of producing documents that it does not necessarily agree are relevant or discoverable.

With regard to the second subpoena, it should be noted that documents were produced due to counsel's error. Counsel did not realize it at the time documents were produced, but the patients Cigna was requesting records in the second subpoena are involved in (not as parties) a separate non class action lawsuit that the Law Office of John Tower filed on behalf of Summit Estate over Cigna claims that had been in dispute and in litigation starting originally in May 2017. After counsel realized that these patients had claims in dispute in the pending non class action lawsuit filed by Summit, Cigna ws notified of this fact.

It was the understanding of counsel for Summit that the claims/patients involved in Summit's lawsuit would not be and are not part of the class action. There was never an intent to try to obtain a double recovery, nor was there any intent to relinquish any of the rights arising out of the claims pending in the Summit action against Cigna.

Summit does not believe any documentation for these patients is appropriate for discovery in this case.

<u>Summit's Position on a Hearing:</u> Summit requests that the court conduct a hearing.

Respectfully Submitted,

| **LAW OFFICE OF JOHN W. TOWER** | **MCDERMOTT WILL & EMERY LLP** |
|---|---|
| By: */s/ John W. Tower* <br> John W. Tower, Esq. <br> Law Office of John W. Tower <br> 2211 Encinitas Blvd., 2nd Floor <br> Encinitas, CA  92024 <br> Telephone: (760) 436-5589 <br> Facsimile:  (760) 479-0570 <br><br> *Attorneys for non-party Summit Estate Recovery Center* | By: */s/ Joshua B. Simon* <br> Joshua B. Simon <br> One Vanderbilt Avenue <br> New York, NY 10017-3852 <br> Telephone: (212) 547-5400 <br> Facsimile:  (212) 547-5444 <br><br> *Attorneys for Defendant Cigna Health and Life Insurance Company* |