UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RJ et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY et al.,<br><br>　　　　　Defendants. | Case No.  20-cv-02255-EJD   (VKD)<br><br>**ORDER RE NOVEMBER 2, 2022 DISCOVERY DISPUTE RE PLAINTIFFS' DEPOSITIONS OF DEFENDANTS**<br><br>Re: Dkt. No. 125 |

The parties ask the Court to resolve a dispute concerning plaintiffs' request to take six additional depositions of defendants, beyond the 10 depositions contemplated by Rule 30(a)(2). Dkt. No. 125.  The Court finds this matter suitable for resolution without oral argument.  Civil L.R. 7-1(b).  For the reasons explained below, the Court gives plaintiffs leave to take two additional depositions, for a total of 12.

**I.    BACKGROUND**

In this putative class action, plaintiffs challenge defendants' alleged failure to reimburse covered mental health provider claims at the usual, customary, and reasonable rates.  They assert several claims for relief, including for violations of 18 U.S.C. §§ 1962(c) and 1962(d), for underpayment of benefits and breach of plan provisions in violation of ERISA, 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(a)(3)502(a)(1)(B), and for breach of fiduciary duties.  *See* Dkt. Nos. 63, 116.

Although it is not entirely clear from the joint submission which depositions have been completed, plaintiffs originally noticed ten fact depositions—eight individual depositions and two

1  Rule 30(b)(6) depositions (one for each corporate defendant).  Each of the Rule 30(b)(6)

2  depositions has necessitated the designation of more than one corporate representative.[1]  *See* Dkt.

3  No. 125 at 1, 4.  In addition to these noticed depositions, plaintiffs wish to take the individual

4  depositions of Keith Jones, a current Cigna employee, and Annette Parotti, a former employee, as

5  well as the depositions of four as-yet-unidentified witnesses from four non-party benefit plan

6  sponsors.  *Id.* at 1-2.  Defendants object to these additional depositions.  *Id.* at 4-6.

7  **II.   LEGAL STANDARD**

8  Rule 30(a)(2) of the Federal Rules of Civil Procedure requires a party to obtain leave of

9  court before deposing more than 10 witnesses, absent a stipulation.  Fed. R. Civ. P. 30(a)(2)(A)(i).

10  A court must grant leave to the extent consistent with the relevance and proportionality

11  requirements of Rule 26(b).  Fed. R. Civ. P. 30(a)(2); *see also* Fed. R. Civ. P. 30, advisory

12  committee notes to 1993 amendment, subdivision (a) (limitation on depositions that may be taken

13  without leave or stipulation ensures compliance with requirements of Rule 26(b) and development

14  of a cost-effective plan for discovery in the case).  A court must limit the extent or frequency of

15  discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can

16  be obtained from a source that is more convenient, less burdensome or less expensive, (b) the

17  party seeking discovery has had ample opportunity to obtain the information through discovery; or

18  (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the

19  needs of the case, the amount in controversy, the parties' resources, the importance of the issues at

20  stake, and the importance of the discovery in resolving those issues.

21  The parties agree that plaintiffs, as the party seeking additional depositions, must make a

22  particularized showing of need for these depositions.  Dkt. No. 125 at 2, 4.

23  **III.   DISCUSSION**

24  Plaintiffs explain in some detail why they seek the deposition testimony of two additional

25  party or party-affiliated witnesses (Jones and Parotti) and, at a high level, representatives of plan

26  sponsors.  Defendants' principal objection to these additional depositions is that the testimony is

---

[1] By defendants' count, plaintiffs will ultimately take deposition testimony from 17 of defendants' witnesses based on the ten noticed depositions.  Dkt. No. 125 at 4.

likely substantially overlapping and cumulative of deposition testimony plaintiffs have already taken or will take of current and former employees, and this objection is likewise supported by a detailed explanation.  With respect to the non-party plan sponsors, defendants correctly observe that plaintiffs have not identified the plan sponsors or explained why they need to depose four of them.

Because so few depositions have actually been completed, it is difficult for plaintiffs to make the particularized showing of need for additional depositions that is usually required.  *See, e.g.*, *C&C Jewelry Manufacturing, Inc. v. West*, No C 09-01303 JF (HRL), 2011 WL 767839 at *1 (N.D. Cal. Feb. 28, 2011) (citing cases).  As presented to the Court, it appears that other witnesses have at least some of the same information, or in the case of Rule 30(b)(6) witnesses will be prepared to provide some of the same information, that plaintiffs hope to obtain from Jones and Parotti.  While these two witness likely have some, limited unique information relevant to the claims and defenses in this case, the Court is not persuaded that the burden of undertaking all six of the additional depositions plaintiffs seek is proportional to the needs of the case.

In view of the time-sensitive nature of this dispute, the Court resolves the matter as follows:  Plaintiffs may notice two additional depositions for a total of 12 depositions.  Plaintiffs may decide which two they wish to take.

**IT IS SO ORDERED.**

Dated: November 9, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3