December 29, 2022


Hon. Virginia K. DeMarchi
United States Magistrate Judge
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Letter Brief Seeking Discovery Relief in *RJ, et al. v. CHLIC, et al.*, No. 5:20-cv-02255

Dear Judge DeMarchi:

      In accordance with the Court's Standing Orders for Civil Cases, the parties seek the Court's assistance in resolving the discovery dispute detailed below.  Per Order 4.c.iv, the parties state that discovery cut-off for fact discovery was December 22, 2022; expert discovery cut-off has not yet been set.

### Statement of Dispute (73 words)

      The parties submit this joint letter to resolve the dispute over Plaintiffs' objection to producing documents and communications involving Thomas Ralston, a former MultiPlan employee who submitted a rebuttal declaration in an action involving MultiPlan and United Healthcare, *LD v. United Behavioral Health*, No. 4:20-cv-2254 ("*LD*").  The parties met and conferred on December 15, 16, 21, 27 and 29, 2022 concerning the discovery at issue, but have been unable to resolve their disputes.

### Statement of Meet-and-Confer Compliance (27 words)

      Lead counsel for Cigna (Josh Simon, Warren Haskel), plaintiffs (Matt Lavin), and MultiPlan (Errol King) participated in meet-and-confers via Zoom on December 15-16, 21, 27 and 29.

### Defendants' Consolidated Statement (1,498 words)

      At the eleventh hour, Plaintiffs' counsel presented a declaration in the parallel *LD* case from a disgruntled former MultiPlan employee who contends that MultiPlan's Viant OPR database, at issue in both actions, was based on insufficient data.  Plaintiffs never disclosed Ralston, and it's imperative that Defendants have the opportunity to explore Ralston's bias and the facts surrounding his declaration.  *See U.S. v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness's testimony.").  Because Plaintiffs refused to provide this information, this Court should compel them to do so.

*RJ* and *LD* are putative class actions that allege the named plaintiffs' plans (serviced through Cigna or United) improperly used MultiPlan's Viant OPR product to price healthcare claims billed with procedure code H0015. Plaintiffs in both cases are represented by the same counsel, including Arnall Golden Gregory ("AGG"). On November 24, *LD* plaintiffs filed a declaration from Thomas Ralston, who retired from MultiPlan in 2019, in which Ralston explained why he thought that Viant's methodology for H0015 was based on insufficient data. (*LD*, Dkt. 265-5.)

Ralston's declaration came out of the blue. Plaintiffs never disclosed Ralston as a potential witness in either case despite requests they do so in interrogatories and document requests.[1] In fact, Plaintiffs didn't even include Ralston in their initial disclosures, instead waiting to amend their disclosures just hours before discovery closed on December 22, and only after Defendants complained.

After seeing Ralston's declaration in *LD* (where MultiPlan is also a defendant), Defendants promptly subpoenaed Ralston for a deposition and various documents. The day before his deposition, Ralston produced a total of 15 pages, none of which reflected communications with Plaintiffs' counsel or related to his declaration.



(Ex. A, Tr. 20:3-6; *id.* 18:3-10.)

(Tr. 38:14-24; 39:7-8; 42:6-13; 45:1-10.)

(*Id.* 172:13-173:5; *id.* 173:17-20; *id.* 174:1-4.)

Given Ralston's failure to retain responsive documents, Defendants immediately sought this information from Plaintiffs, who should've produced these materials months ago in response to Defendants' requests. Specifically, Defendants sought the following:

1. All documents and communications showing amounts due or paid to Ralston from January 2016 to present (including invoices from Ralston or his consulting company, bank statements or checks, and payments made to Ralston's counsel in connection with his subpoena responses);

2. All documents and communications for the consulting work that Ralston did for Lavin or AGG from January 2016 to present.

3. All documents and communications between attorneys or employees of AGG; Napoli Shkolnik ("Napoli"); and/or DL Law Group ("DLLG") and Ralston (or his

---

[1] *See* Cigna's Interrogatories 13-14; Cigna's RFP 8; MultiPlan's RFPs 10, 12.

counsel) from January 2016 to present regarding the *LD* declaration (including drafts and edits);

4.  All documents and communications between attorneys or employees of AGG; Napoli; or DLLG and Ralston (or his counsel) regarding Viant OPR, HCPCS code H0015 or revenue code 0906; and

Plaintiffs refused to provide any of this information.  For topic 1, Plaintiffs haven't argued that payments to Ralston aren't relevant, nor could they, given case law showing it is.  *See Abel*, 469 U.S. at 52.  Instead, Plaintiffs contended that they didn't have this information because Lavin's prior firm (Napoli) rather than his current firm (AGG) paid Ralston.  But Napoli is still counsel of record in this case, so that objection is meritless.  The Court should compel Plaintiffs to produce documents responsive to these topics.

For topics 2, 3 and 4, Plaintiffs made the blanket assertion that any communications they had with Ralston on the *LD* declaration are attorney work product.  That's not true.  <u>First</u>, these topics aren't limited to communications concerning the *LD* declaration; they extend to any communications concerning Viant OPR, H0015, or revenue code 906, so at minimum, Plaintiffs must search for and produce those documents.

<u>Second</u>, Plaintiffs can't claim work product over communications and drafts concerning Ralston's *LD* declaration.  *See Murphy v. Kmart Corp.*, 259 F.R.D. 421, 431 (D.S.D. 2009) ("in light of the majority view," declining "to extend the protections of the work product doctrine to third-party witness affidavits that are, by their very nature, 'statement[s] of facts within the personal knowledge of the witness[es]," because those "affidavits should not contain the mental impressions or legal theories of the attorney who drafted them, and the majority view is premised on that presumption").  Plaintiffs' work product assertion is particularly problematic here, given the declaration is based on MultiPlan's confidential information—not Plaintiffs'—and Ralston is a former employee of MultiPlan—not Plaintiffs—so Plaintiffs could have no reasonable expectation that Ralston's communications concerning a declaration on work he did for MultiPlan would be kept confidential.

At minimum, Plaintiffs must produce invoices to show Ralston's consulting work with Lavin.  Even "communications" that "relate to compensation for the expert's study or testimony" are discoverable, Fed. R. Civ P. 26(b)(4)(C)(i)—so invoices for a ***non-expert*** are fair game.  *Fid. Nat'l Fin., Inc. v. Nat'l Fire Ins. Co.*, 2012 WL 12953427, at *2 (S.D. Cal. May 30, 2012) ("If the invoices contain client identity, fee amount, and general purpose of the work performed, they are not privileged."). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Tr. 45:1-49:7, 100:2-17, 370:7-372:25, 373:22-374:6).

Same with Lavin's communications with Ralston.  Plaintiffs' cases are inapposite, as Plaintiffs ***never*** disclosed Ralston and refused to produce ***any*** communications with him. *Schoenmann v. FDIC*, 7 F. Supp. 3d 1009, 1014 (N.D. Cal. 2014) (party "identified [third-party witness] in her initial disclosures"); *Carlin v. DairyAmerica, Inc.*, 2017 WL 3896327, at *4 (E.D. Cal. 2017) (plaintiffs produced "vast majority of [witness's] communications with lawyers" and "withheld only those which contained counsel's mental impressions and strategies").

But at minimum, if Plaintiffs assert work product, they should provide a log so that Defendants can assess whether Plaintiffs have met their burden to establish work product on a claim-by-claim basis—including whether such documents disclose AGG's mental impressions and strategies.  *See Skynet Elec. Co. v. Flextronics Int'l*, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 16, 2013) (party asserting work product "bears the burden of establishing its applicability").

Accordingly, if the Court is inclined to consider Plaintiffs' work product assertions, Defendants ask the Court to order Plaintiffs to provide a privilege log within 3 business days of the Court's order; Defendants can then consider any privilege claims Plaintiffs may make, meet-and-confer, and then raise a separate dispute if needed.  Defendants further suggest that if the Court is inclined to consider these work product issues, it allows the parties to fully brief this dispute as a regular discovery motion.  Defendants also request that (i) the Court permit them to seek an additional deposition of Ralston after they have reviewed the documents outlined above, given that Plaintiffs' objections prevented Defendants from meaningfully questioning Ralston on these topics at his last deposition, and (ii) keep discovery open to allow MultiPlan to compel substantive responses in Florida to document subpoenas served on Ralston and his consulting company.

Finally, Defendants object to Plaintiffs' 11th-hour inclusion of Cigna's common-interest-doctrine-protected ("CID") communications with United and MultiPlan—an entirely separate issue from the Ralston dispute.  Cigna has produced its joint-defense-agreement (and Plaintiffs' attorneys have one with Ralston but have not produced it, even though it's responsive to Defendants' requests), and Plaintiffs are wrong that communications made under that agreement are discoverable.  Both *RJ* and *LD* arise from the same nucleus of operative facts: payors' (Cigna or United) alleged under-reimbursement of H0015 claims by using Viant.  In fact, the *LD* and *RJ* complaints allege United and Cigna are part of an industry-wide conspiracy with MultiPlan.  Thus, Cigna meets each CID element, *see U.S. v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003) (laying out elements), but Plaintiffs' inclusion of this issue violates this Court's standing orders and deprives Cigna of an ability to respond.  To the extent the Court doesn't find Plaintiffs waived this issue, it should be briefed separately.

### Plaintiffs' Statement (1,490 words)

**Ralston Documents Are Protected Work Product**

Mr. Ralston is not a surprise witness. ████████████████████████████

Beckstead Dep. 16-20, 29-30, 58, 66-67, 72-73, 97-99, 133-135, 154-155, 168, 182 (Ex. "B"); Williams Dep. 61, 222-223 (Ex. "C"); Armstrong Dep.192:4-13 (Ex. "D").  He worked at MultiPlan for 20 years and appears on 170 produced documents and on 51 entries of MultiPlan's privilege log.

████████████████████████████████████████████████████ Ralston Dep.65:15-19; 155: 14-156:6 (Ex. "E"); *See*, also, email thread from Multiplan counsel to Ralston dated June 20, 2022 – October 21, 2022 (Ex. "F"). Mr. Ralston was first brought into this case, *RJ*, as a witness through Defendants' last-minute subpoenas.  Consequently, he has since been identified in

Plaintiff's initial disclosures. ██████████████████████████████
████████████████████████████████████ Defendants have always known it.  In
retaliation, Cigna seeks counsel's files regarding Ralston as well as communications with his
personal attorney.  As Cigna was advised, such materials are protected work product, and
documents regarding the *LD* declaration relate only to *LD*.

The attorney work product doctrine, codified in Federal Rule of Civil Procedure
26(b)(3)(A), provides that "a party may *not* discover documents and tangible things that are
prepared in anticipation of litigation or for trial by or for another party or its representative,
including the other party's attorney."  (emphasis added).  The privilege is intended to protect the
adversary process by ensuring that lawyers have a "degree of privacy, free from unnecessary
intrusion by opposing parties and their counsel."  *Hickman v. Taylor*, 329 U.S. 495, 510 (1947);
*see also*, *U.S. ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 685 (S.D. Cal. 1996) ("work-
product doctrine [] prevent[s] [] adversary in litigation from gaining access to the fruits of
counsel's investigative and analytical effort, and strategies for developing and presenting the
client's case.").

The work product doctrine is broader than the attorney-client privilege and encompasses
communications with third parties, including former employees. ████████████████████
████████████████████████████████████████████████████
████████████████████ Ralston Dep. 314:23- 315:1 (Ex."E").  Emails, letters, and messages between
counsel and witnesses are protected work product, as are draft declarations and related
communications.  *See*, *e.g.*, *Schoenmann v. Federal Deposit Ins. Corp.*, 7 F. Supp. 3d 1009, 1014
(N.D. Cal. 2014) ("email communications between [counsel and witness], as well as the draft
declarations attached and exchanged during those such communications, [] constitute work
product and are protected from disclosure"); *Carlin v. DairyAmerica, Inc.*, 2017 WL 3896327, at
*1, 3 (E.D. Cal. 2017) (plaintiff's draft declarations and communications with defendant's former
employees "are protected under work product immunity because they were made in furtherance of
anticipated litigation").

A limited exception to work product protection permits discovery of such items if:they are
"relevant;" the requesting party has "substantial need for the materials"; and the party is unable to
obtain the materials or substantial equivalent elsewhere. Fed. R. Civ. P. 26(b)(3)(A)(i), (ii).  Work
product protection is waived only when shared with an adverse party.  *Carlin*, *supra*, at *5.

Cigna cannot meet this burden for production of counsel's files regarding Ralston, which
resulted from counsel's investigative analytical effort and strategies for Plaintiffs' case.  The files
are protected work product.  Likewise, Cigna has no substantial need for the materials to prepare
its case.  <u>Cigna already obtained the information from less intrusive means – namely, Ralston's
deposition, taken on December 15 and 16</u>.  Accordingly, counsel's files regarding Ralston are not
discoverable.

Additionally, previous non-testifying expert/consultant communications from an unrelated
matter, including payments, are not relevant to any party's claim or defense in this action, and
therefore, are not discoverable.  Ralston provided services to Napoli Shkolnik related to different
clients (whom neither Mr. Lavin nor Napoli Shkolnik still represent) in a different matter,

involving different types of claims. Such communications are also subject to confidentiality agreements and are work product. Fed. R. Civ. P. 26(b)(1).

Cigna alternatively suggests that Plaintiffs must identify Ralston communications on a privilege log. This is incorrect. Any documents or communications are protected work product not required to be included in a log. The Parties' Stipulated Protective Order provides: "with respect to privileged or attorney work product information generated after the filing of the complaint in this Action, Parties are not required to include such information in the Privilege Log." (Dkt. 86 at 13:1-2).

Cigna's request to further depose Ralston should also be rejected. Defendants chose when they deposed Mr. Ralston. Discovery is closed, and Cigna has already deposed Mr. Ralston for over seven hours on the record. A third day of deposition is abusive, harassing, and sought to intimidate and pressure Ralston, beyond Defendants' already abusive tactics, such as harassing questioning and surprise documents from his Multiplan employment file. *Scherer v. FCA US, LLC*, 538 F. Supp. 3d 1002, 1004 (S.D. Cal. 2021) ("District courts [] have broad discretion to limit discovery to prevent its abuse."); *Wheeler v. United States*, 640 F. 2d 1116, 1123 (9th Cir. 1981) ("court has the inherent power to protect witnesses").

### Cigna's Purported JDA Communications Are Not Privileged

"The common interest or joint defense rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pac. Pictures Corp.*, 679 F. 3d 1121, 1129 (9th Cir. 2012). The party relying on the common interest doctrine "bears the burden to show that the evidence it seeks to suppress" is privileged. *Lord Abbett Mun. Inc. Fund, Inc. v. Asami*, 2013 WL 5609333 (N.D. Cal. 2013) (common interest doctrine did not apply to shield communications about the action from discovery). Moreover, "[b]ecause evidentiary privileges prevent the admission of relevant and otherwise admissible evidence, they should be narrowly construed." *Id*.

"The common interest doctrine has its origins in situations where one attorney acts for two clients. It has been applied beyond the joint client context to the joint defense context – for instance, when the defendants are co-defendants in the same action or are defendants in separate actions sued by the same plaintiff." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). "While courts have found that there are certain exceptions to that requirement, the common interest doctrine does not apply simply because different parties allegedly engaged in similar fraudulent schemes or have been accused of similar forms of misconduct generally. Rather, the entities claiming a common interest must face liability based on the same nucleus of operative facts." *LD v. United Behavioral Health*, 2022 WL 17408010, at *10 (N.D. Cal. 2022); *see also*, *U.S. v. Burga*, 2019 WL 3859157, at *2 (N.D. Cal. 2019) ("The common legal interest necessary to invoke the joint defense rule requires more than a shared desire to see the same outcome in a legal matter.").

Plaintiffs recently discovered, at Ralston's deposition, Cigna and its competitor, United, (and Multiplan) have entered into a secret common interest/joint defense agreement relating to this case and *LD*. They've shared protected and privileged materials with each other, in violation of court rules and attorneys-eyes-only (AEO) protective orders. *This is particularly concerning given*

*that, over a year ago, Cigna stated that it required an AEO protective order in this case to protect its information from United!*   Cigna cannot proclaim the need to keep information confidential, and then share it with United whenever it suits it.

 The United defendants in *LD* are represented by Gibson, Dunn & Crutcher LLP.  On the date of this letter Cigna finally produced the JDA Plaintiffs' object to.  Plaintiffs have requested Cigna produce all related communications, particularly communications related to Tom Ralston and his declaration in the *LD* matter, and relevant documents exchanged between Cigna, United (and Multiplan as to *LD*).  Cigna refuses to produce the documents.  Plaintiffs request leave to bring a motion to compel them.

The requested documents are not privileged.  Cigna and United are defendants in separate legal actions filed by different plaintiffs in different courts.  Cigna and United have their own separate counsel, and the respective cases involve different insurance plans, plan language, employers, members, reimbursement methodologies, phone calls and kickback or "fee" programs.  Simply put, Cigna and United are not facing liability under the same nucleus of operative facts.  The mere fact that Cigna and United both used MultiPlan, or that they purchased similar data to conduct similar but distinct frauds on their respective members does not change this result.  Likewise, their shared desire to see the same outcome in their respective legal matters is insufficient.  Accordingly, the common interest doctrine does not apply, and Cigna must produce its agreement with United and all related communications, including communications discussing Tom Ralston.

### Each Side's View as to Whether the Court Should Conduct a Hearing (100 words/side)

Plaintiffs' position:  Plaintiffs submit that the foregoing concerns are simple and straightforward discovery matters, that can be resolved by the Court on the papers.  Plaintiffs have conferred at least 4 times with Defendants on the above issues, including demands and legal authority related to the common interest/joint defense agreement.  These conversations occurred on December 15, 16, 21,27 and 29 of 2022.

Defendants' position:  Given the importance of this discovery to Defendants and given Plaintiffs' lack of an explanation thus far for their failure to timely disclose Mr. Ralston as required by the Federal Rules of Civil Procedure, Defendants respectfully submit that the Court should conduct a hearing on this dispute and hear from all parties live.

Respectfully Submitted,

**ARNALL GOLDEN GREGORY LLP**                **MCDERMOTT WILL & EMERY LLP**

By:   /s/ Matthew Lavin                                By:   /s/ Warren Haskel
        Matthew Lavin                                            Warren Haskel
        1775 Pennsylvania Ave. NW                      One Vanderbilt Avenue
        Suite 1000                                               New York, NY 10017-3852
        Washington, DC 20006                            Telephone: (212) 547-5400
        Telephone:(202) 677-4959

        *Attorneys for Plaintiffs*                            *Attorneys for Defendant Cigna Health
                                                                        and Life Insurance Company*

**PHELPS DUNBAR LLP**

By:   /s/ Errol J. King, Jr.
        Errol J. King, Jr.
        II City Plaza 400 Convention Street
        Suite 1100
        Baton Rouge, Louisiana 70802
        Telephone: (225) 376-0207

        *Attorneys for Defendant MultiPlan,
        Inc.*