UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RJ, et al.,

        Plaintiffs,

    v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY et al.,

        Defendants.

Case No. 20-cv-02255-EJD   (VKD)

**ORDER SETTING HEARING; STRIKING PORTION OF JOINT DISCOVERY DISPUTE LETTER**

Re: Dkt. No. 129

The parties ask the Court to resolve a dispute concerning plaintiffs' objection to producing documents and communications involving Thomas Ralston, a former employee of defendant MultiPlan, Inc. Dkt. No. 129. In addition, plaintiffs ask the Court to resolve a separate dispute concerning communications purportedly protected by the common-interest-doctrine between defendant Cigna and United Behavioral Health, a defendant in another case in this district.[1] *Id.*

*First,* with respect to the dispute concerning plaintiffs' objection to producing documents and communications involving Thomas Ralston, the Court will hold a hearing on this matter on **January 10, 2023 at 10:00 a.m.**, in Courtroom 2, 280 South 1st Street, San Jose, CA. The Court requires no further briefing on this issue at this time.

*Second,* the Court strikes the portions of the joint discovery dispute submission that address defendants' assertion of the common-interest-doctrine. Specifically, the Court strikes the final paragraph of defendants' statement on page 4 of the submission, and the portions of plaintiffs' statement on pages 6 and 7 under the heading "Cigna's Purported JDA Communications

---

[1] *LD et al v. United Behavioral Health et al*, No. 20-cv-2254.

Are Not Privileged." *See id.* Inclusion of this material in the joint discovery dispute submission does not comply with the undersigned's standing orders. *See* Standing Order for Civil Cases at 3 ("Discovery Dispute Resolution"). "A single joint discovery dispute letter should address only one discrete issue or a few issues that are inextricably related." *Id.* Plaintiffs' objection to defendants' reliance on the common interest doctrine to protect communications between Cigna and others is not related to the parties' dispute concerning discovery of documents involving Mr. Ralston. Moreover, it appears from the submission that the parties did not comply with the meet-and-confer requirements of the standing order as to this issue.

Accordingly, if a dispute remains with respect to defendants' reliance on the common interest doctrine, the Court will not consider that dispute unless and until the parties comply with the undersigned's standing order for submission of discovery disputes.

**IT IS SO ORDERED.**

Dated: January 3, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge