January 9, 2023

Hon. Virginia K. DeMarchi
United States Magistrate Judge
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:      Joint Letter Brief Seeking Discovery Relief in matter of *RJ et al. v. CHLIC et al.*, N.D. Cal., Case No. 5:20-cv-02255-EJD

Dear Judge DeMarchi:

Following the Court's January 3, 2023 order [Dkt. 133] and pursuant to the Court's Civil Standing Orders, the parties are seeking the Court's assistance in resolution of the discovery dispute set forth below. The discovery cut-off for fact discovery was December 22, 2022, while the discovery cut-off for expert discovery is not yet set.

## Statement of Dispute (44 words)

The Parties submit this joint letter at Plaintiffs' request to resolve discovery disputes that Plaintiffs have raised. Specifically, Plaintiffs are seeking leave to compel Defendants Cigna and MultiPlan to produce documents that were exchanged with United Behavioral Health[1] pursuant to the Joint Defense Agreement.

## Statement of Meet-and-Confer Compliance (63 words)

Plaintiffs previously met and conferred with Defendants on this same issue on December 21, 27, and 29, 2022, and January 6, 2023, via videoconference between Plaintiffs (Matt Lavin), Cigna (Josh Simon) and MultiPlan (Errol King). The Plaintiffs also raised and discussed these issues with Defendants when they were first made aware of them during the deposition of Thomas Ralston on December 15-16, 2022.

## Plaintiffs' Statement (1,450 words)

Plaintiffs are seeking leave to compel production of materials raised during the deposition of Thomas Ralston which was taken December 15-16, 2022. During this deposition, it was discovered that Defendants had entered into a joint defense / common interest agreement (JDA) with Cigna's competitor, United. Prior to December 15, 2022, the existence of the JDA was unknown to Plaintiffs and had not been disclosed by any party to this or the *LD* litigation.

As soon as the JDA's existence was discovered on December 15, the agreement itself, all correspondence, and other documents shared between the parties were requested on the record.

---

[1] Plaintiffs' counsel, on behalf of individuals with United health insurance plans, are engaged in separate litigation with United and MultiPlan: *LD et al. v. United Behavioral Health, et al.* Case No. 4:20-cv-02254-YGR-JCS. The United defendants in *LD* are represented by counsel from Gibson, Dunn & Crutcher LLP.

1

(Ralston Dep. 166:21-167:3). Plaintiffs renewed this request during discussions with Defendants' counsel on December 16. Again, during the December 21 meet and confer between the parties, Plaintiffs renewed their request for this same information, having notified Defendants' counsel that this would be a topic of discussion during the meet and confer in correspondence sent December 20. During the December 21 meet and confer, Defendants refused to produce any documents created, exchanged, or otherwise related to the JDA. Plaintiffs reiterated their position that the joint defense / common interest privilege did not apply to the requested material. This position was stated in the draft joint letter discovery motion containing Plaintiffs' position sent to Defendants' counsel on December 23. This request was renewed and discussed during the December 27 meet and confer. During the December 27 meet and confer, Defendants' counsel agreed to produce the JDA while maintaining their position that all communications and materials exchanged were privileged. Plaintiffs' counsel continued to dispute this position and again raised its requests in correspondence sent to Defendants' counsel on December 28 along with Plaintiffs' edits to the joint letter. In the December 29 correspondence from Cigna's counsel that produced the JDA, the correspondence acknowledged that the parties had discussed Plaintiffs' requests for material exchanged pursuant to the JDA and that the common interest privilege applied. When the parties participated in another meet and confer on December 29, Plaintiffs again disputed that the common interest privilege applied and reiterated their requests.

Plaintiffs seek leave to compel production of all correspondence and documents exchanged been the parties as this is not privileged material and Defendants waived the common interest / joint defense rule by sharing the protected information with parties outside the instant litigation.

Plaintiffs' request is proper. This Court's order [Dkt. 133] stated, "if a dispute remains with respect to defendants' reliance on the common interest doctrine, the Court will not consider that dispute unless and until the parties comply with the undersigned's standing order for submission of discovery disputes." A dispute remains and this submission complies with the Court's standing order. Also, this submission seeks to clarify that the parties met and conferred numerous times on this issue as that may not have been clear in the prior submission.

The merits also favor Plaintiffs' position. Addressing the common interest privilege, in the *LD* matter, Chief Magistrate Judge Spero held, "[w]hile courts have found that there are certain exceptions to that requirement, the common interest doctrine does not apply simply because *different parties* allegedly engaged in *similar fraudulent schemes* or have been accused of *similar forms of misconduct* generally. Rather, the entities claiming a common interest must face liability based on the same nucleus of operative facts." *LD v. United Behavioral Health,* 2022 WL 17408010, at *10 (N.D. Cal. 2022) (italics added). Defendant ignores that the only common party between *LD* and this matter is defendant MultiPlan. The Plaintiffs in each matter are different individuals that have been harmed by similar forms of misconduct. Plaintiffs in *LD* were harmed by United and MultiPlan's misconduct while Plaintiffs in this litigation were harmed by Cigna and MultiPlan's misconduct. Likewise, Cigna's reference to antitrust allegations in <u>*dismissed*</u> lawsuits brought by entirely different Plaintiffs, none of whom are represented in this litigation or *LD,* point to the cases having distinct legal interests and issues although there are similar *commercial* interests. The allegations cited to by Cigna all point to common, *commercial* interests, not legal ones. That Cigna and United engaged in similar fraudulent schemes does not then create a common, legal interest. Cigna has cited no legal authority to the contrary.

"The common legal interest necessary to invoke the joint defense rule requires more than a shared desire to see the same outcome in a legal matter." *U.S. v. Burga,* 2019 WL 3859157, at *2 (N.D. Cal. 2019). Although United and Cigna may share a common desire regarding the outcome of both matters because of commercial interests regarding Viant OPR, that is insufficient to invoke the common interest privilege. "The common interest or joint defense rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." *In re Pac. Pictures Corp.,* 679 F. 3d 1121, 1129 (9th Cir. 2012) and the Common Interest Doctrine must be construed narrowly to avoid creating a new privilege. *Id.* at 1128. Cigna, the party relying on the common interest doctrine, "bears the burden to show that the evidence it seeks to suppress" is privileged. *Lord Abbett Mun. Inc. Fund, Inc. v. Asami,* 2013 WL 5609333 (N.D. Cal. 2013) (common interest doctrine did not apply to shield communications about the action from discovery). It has not done so.

Although both United and Cigna have a commercial interest in MultiPlan's Viant OPR, "a shared desire to see a party succeed in an action is insufficient to invoke the "common interest" doctrine." *Verigy US, Inc. v. Mayder*, 2008 WL 5063873, at *3 (N.D. Cal. Nov. 21, 2008). Moreover, "[b]ecause evidentiary privileges prevent the admission of relevant and otherwise admissible evidence, they should be narrowly construed." *Id.* As held by another sister court, "[t]he common interest doctrine has its origins in situations where one attorney acts for two clients. It has been applied beyond the joint client context to the joint defense context – for instance, when the defendants are co-defendants in the same action or are defendants in separate actions sued by the same plaintiff." *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 578 (N.D. Cal. 2007). However, "that legal assistance must pertain to the matter in which the parties have a joint interest, and the communications must be designed to further that specific legal interest." *Id*. Instead, there must be "'an on-going and joint effort to set up a common defense strategy' for the common interest exception to apply." *Thunder Studios, Inc. v. Kazal*, 2018 WL 11346848, at *5 (C.D. Cal. Oct. 23, 2018) (internal citation ommitted). Cigna's JDA communications fail to pass this threshold as Cigna fails to establish that all communications are privileged in their entirety as attorney-client communications and/or that Cigna and United have established an on-going and joint effort as to a common defense strategy.

The requested documents are not privileged. Cigna and United are defendants in separate legal actions filed by different plaintiffs in different courts. Cigna and United have their own separate counsel, and the respective cases involve different insurance plans, plan language, employers, members, reimbursement methodologies, phone calls and kickback or "fee" programs. Defendant MultiPlan even has separate teams employed to communicate and coordinate with United and Cigna as they are competitors in the marketplace. Simply put, Cigna and United are not facing liability under the same nucleus of operative facts. The mere fact that Cigna and United both used MultiPlan, or that they purchased similar data to conduct similar but distinct frauds on their respective members does not change this result. Likewise, their shared desire to see the same outcome in their respective legal matters is insufficient. Indeed, "[a]ny assertion of the common interest doctrine must clearly identify the common legal interest furthered by the communication or exchange of documents" (*Thunder Studios, Inc.* 2018 WL 11346848, at *7) and Cigna fails to do so. Accordingly, the common interest doctrine does not apply, and Defendants must produce all communications and material exchanged pursuant to the JDA. In the alternative, if the Court is not inclined to order production of the requested material, Plaintiffs request that the Court order Defendants to supplement their privilege logs and provide

supporting declarations as to the material over which the Defendants are claiming privilege and to clearly identify both the privileged nature of the documents and the common legal interest being actively furthered and developed as part of a common defensive strategy. Should the Court proceed in this manned, the Plaintiffs would also request that the Court conduct an *in camera* review over a sample of the documents for which the common interest privilege is claimed to enable the Court to better evaluate Cigna's claims of privilege.

### **Defendants' Statement (1498 words)**

The Court should deny Plaintiffs' request for Defendants to produce communications and materials exchanged under the joint defense agreement ("JDA") between Cigna, MultiPlan, and United as procedurally improper and wrong on the merits.

<u>Plaintiffs' Request Is Improper.</u>  The Court should deny Plaintiffs' request because Plaintiffs could have—but didn't—follow this Court's procedures for raising this dispute before the deadline for raising discovery disputes.  As Plaintiffs admit, they knew about the JDA by December 15, the first time they requested it and Defendants' and United's counsel's communications made pursuant to it ("JDA communications").[2]  During the parties' December 21 meet and confer, Plaintiffs asserted that if Defendants pursued documents relating to former MultiPlan employee Tom Ralston (*see* Dkt. 129), Plaintiffs would seek to compel production of the JDA and JDA communications.  Defendants agreed to produce the JDA, but not JDA communications, which are covered by common interest privilege and attorney work product. Instead of raising this issue as a separate dispute, however, Plaintiffs added it to their denied omnibus dispute letter (*see* Dkt. 131 at 4) and the Ralston dispute letter (Dkt. 129 at 6-7). Defendants objected in meet and confers and emails that Plaintiffs' tack-on approach was improper, as the Court ultimately agreed (Dkt. 133 at 1-2), but Plaintiffs went ahead anyway.

Plaintiffs' attempt to raise this dispute now is therefore also improper.  Under Local Rule 37-3, "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off," which was December 22.  Plaintiffs knew about this deadline[3] and this Court's rule that discovery letters address only "inextricably related" issues, but failed to separately raise this dispute. And while Plaintiffs recite the parties' meet-and-confers at length, they offer no excuse for why they didn't comply with the 7-day deadline.  That's reason alone to deny their request.

<u>Plaintiffs Are Wrong on the Merits.</u>  Plaintiffs' request fails on the merits too.  "[T]he 'common interest' ["CID"] or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other."  *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012).  CID applies when "(1) the communication is made by separate parties in the course of a matter of common interest;

---

[2] The only communications at issue are between Defendants' and United's outside counsel in *LD* and *RJ*.  Plaintiffs acknowledged at meet and confers that they don't contest the common interest between Cigna and MultiPlan.

[3] Defendants didn't read the Court's January 3 order to extend this deadline or allow Plaintiffs to re-raise this issue if the parties conferred before the deadline, which they did, but Plaintiffs chose not to raise the issue according to the Court's Standing Order.

4

(2) the communication is designed to further that effort; and (3) the privilege has not been waived." *U.S. v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003); *accord, e.g.*, *Rodriguez v. Seabreeze Jetlev LLC*, 2022 WL 3327925, at *5 (N.D. Cal. Aug. 11, 2022) (same).

All three elements are met: Cigna, United, and MultiPlan are defending themselves against the same allegations in *RJ* and *LD* (as explained below); their counsel communicated about these actions in accordance with a JDA that required all three parties to keep those communications confidential; and there has been no waiver because none of those three entities disclosed such communications to anyone else.

Plaintiffs' attempts to turn *RJ* and *LD* into totally different cases fall flat. In both, plaintiffs-members allege that their payor (Cigna in *RJ*, United in *LD*) improperly underpaid intensive outpatient ("IOP") claims from the same provider (Summit Estate) in the exact same way (by using MultiPlan's OPR pricing tool). *Compare RJ*, 2022 WL 4021890, at *1-2 (N.D. Cal. Sept. 2, 2022) (plaintiffs allegedly "received . . . [IOP] services from Summit Estate for behavioral health disorders," and "Cigna . . . underpaid all of them" by "us[ing] Viant's methodology") *with LD*, 2021 WL 930624, at *1-2 (N.D. Cal. Mar. 11, 2022) (plaintiffs allege that United didn't properly "reimburse their claims for [IOP] services . . . that non-party Summit Estate, Inc. provided to plaintiffs," by improperly "engag[ing] Viant . . . to 'negotiate' reimbursements."). And plaintiffs in both cases allege that Cigna and United attended "secret meetings" as "a forum . . . to engage in [RICO] Enterprises with MultiPlan to suppress the rates paid to healthcare providers." *Compare RJ* Am. Compl., Dkt 63 ¶ 244 *with LD* Am. Compl., *LD* Dkt. 91 ¶ 222 (same exact allegations). Indeed, Plaintiffs' provider originally brought antitrust claims against both Cigna and United premised on an alleged ***industry-wide payor conspiracy*** to underpay IOP claims by allegedly colluding to use Viant. And Plaintiffs' counsel offered a declaration in *LD* from Ralston that they allege shows that Viant OPR didn't have enough data for Cigna or United to pay IOP claims. (*LD* Dkt. 265-5 at 3.) Plaintiffs' insistence that *RJ* and *LD* arise from two different nuclei of facts makes no sense.

Based on this overlap of interest in defending against these common claims, Cigna, MultiPlan, and United executed a JDA at the outset of these lawsuits, even though "no written agreement is required"; indeed, CID doesn't require active litigation but instead "may be implied from conduct and situation, such as attorneys exchanging confidential communications from clients ***who*** are or ***potentially may be*** codefendants or have common interests in litigation." *U.S. v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012) (emphasis added). But Cigna, United, and MultiPlan executed their JDA anyway—to formalize their agreement about a common interest; to agree to keep their counsel's communications toward that interest confidential; and to ensure that they could have these privileged conversations without fear that they would have to disclose them to Plaintiffs' counsel.

In short, Defendants' and United's outside counsel's discussions about *RJ* and *LD* are squarely the type of communications that the CID protects. Nothing in Plaintiffs' submission suggests otherwise. Plaintiffs incorrectly argue that any common interests are commercial, not legal: the interest at issue is defending against overlapping allegations in *RJ* and *LD* and more generally against plaintiffs' common legal attacks against Cigna's and United's use of Viant OPR to price the IOP claims at issue in both actions.

5

Plaintiffs also argue that Cigna/MultiPlan/United can't qualify for CID because Cigna and United are defendants in two separate lawsuits. But Plaintiffs' proposed bright-line rule conflicts with the law, which asks whether separate parties communicate toward a shared "common interest," not whether they're defendants in the same litigation. *See Bergonzi*, 216 F.R.D. at 495. If Plaintiffs had their way, a plaintiff could destroy CID simply by suing defendants A and B in two lawsuits rather than one.

Plaintiffs unsurprisingly cite no caselaw to support their arbitrary and formalistic application of the CID. To the contrary, Plaintiffs' own case rejects their conclusion. *See Nidec,* 249 F.R.D. at 578 (CID "has been applied beyond the joint client context to the joint defense context – for instance, when the defendants are co-defendants in the same action *or are defendants in separate actions sued by the same plaintiff*") (emphasis added).

Plaintiffs primarily rely on an *LD* decision by Chief Magistrate Judge Spero. But Judge Spero didn't address whether Defendants qualified for CID despite technically not being part of the same lawsuit; he was resolving plaintiffs' challenges to MultiPlan's privilege designations. *See* 2022 WL 17408010 (N.D. Cal. Dec. 2, 2022). He also recognized that CID extends to entities "fac[ing] liability based on the same nucleus of operative facts." *Id*. at *10. His comment that "*generally*, joint defense or common interest parties are parties within the same litigation" was dicta. *Id.* at *11 (quoting *In re Premera Blue Cross Customer Data Sec. Breach. Litig.*, 296 F. Supp. 3d 1230, 1247 (D. Or. 2017) (emphasis added)).

The case that Judge Spero quoted, *Premera*, doesn't support Plaintiffs' position either. That data breach lawsuit involved Premera's assertion of CID over communications with multiple other separate entities who also "suffered data breaches," some of which were "separate data breaches occurring on separate occasions." 296 F. Supp. 3d at 1247-48. Just like Plaintiffs here, the *Premera* plaintiffs argued that "because Premera and these entities are not defendants in the *same* litigation, they cannot assert [CID]." *Id.* But *Premera* didn't adopt that rule. Instead, that court analyzed Premera's relationship with other entities to make case-specific determinations of whether CID existed—ultimately finding that there was no CID "between Premera and the Anthem entities," but that a portion of communications "between Premera and [BCBS] . . . [was] subject to the protections of the [CID]." *Id.* at 1248-49. So to the extent this out-of-district case is relevant, it's to show that privilege analysis should eschew the bright-line rule that Plaintiffs urge here.

Plaintiffs' discovery dispute should be rejected based on these submissions alone. To the extent the Court may wish to consider this issue further, Defendants respectfully requests the opportunity to provide full briefing—given the importance of these privilege issues to Cigna, MultiPlan, and United.

### **Each Side's View as to Whether the Court Should Conduct a Hearing (100 words/side)**

Plaintiffs' position: Plaintiffs submit that the foregoing concerns are simple and straightforward discovery matters, that can be resolved by the Court on the papers. Plaintiffs previously conferred with Defendants on this same issue. These original conversations took place on December 15, 16, 21, 27, 29 and January 5.

Defendants' position: Defendants agree that this dispute can be resolved on the papers—given Plaintiffs' procedurally improper submission, given that the records in *RJ* and *LD* clearly establish a CID between Defendants and United, and given that Plaintiffs have not cited a single case that actually supports their proposed bright-line CID rule.

Respectfully Submitted,

**ARNALL GOLDEN GREGORY LLP**

By: */s/ Matthew M. Lavin*
Matthew Lavin
1775 Pennsylvania Ave. NW
Suite 1000
Washington, DC 20006
Telephone:(202) 677-4959

*Attorneys for Plaintiffs*

**MCDERMOTT WILL & EMERY LLP**

By: */s/ Warren Haskel*
Warren Haskel
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400

*Attorneys for Defendant Cigna Health and Life Insurance Company*

**PHELPS DUNBAR LLP**

By: */s/ Errol J. King, Jr.*
Errol J. King, Jr.
400 Convention Street
Suite 1100
Baton Rouge, LA 70802-5618
Telephone: (225) 346-0285

*Attorneys for Defendant MultiPlan*