# EXHIBIT 3

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
E-Mail: mkeshavarzi@sheppardmullin.com
DAVID E. DWORSKY, SBN 272167
E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071
Telephone: (213) 620-1780
Fax:  (213) 620-1398

ERROL J. KING, JR. (*admitted pro hac vice*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:  (225) 376-0207
Fax:  (225) 381-9197
Errol.King@phelps.com

*Attorneys for Defendant, MultiPlan, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son SJ; LW as the representative of her beneficiary spouse MW; and, DS, an individual, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.,<br><br>   *Defendants*. | Case No. 5:20-cv-02255-EJD<br><br>**DEFENDANT, MULTIPLAN, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RJ, AS THE REPRESENTATIVE OF HER BENEFICIARY SON SJ**<br><br>Complaint Filed: April 2, 2020<br>FAC Filed: April 30, 2021<br>Trial Date: Not Set |

Defendant, MultiPlan, Inc. ("MultiPlan"), by and through its undersigned counsel, hereby requests, pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court, all applicable standing orders, and any stipulated ESI Protocol, that Plaintiff RJ, as the representative of her beneficiary son SJ, produce the documents requested below in accordance with the Definitions and Instructions set forth hereinafter.

- 1 -  Case No. 5:20-cv-02255-EJD
DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RJ

PD.34681562.1

## DEFINITIONS

Each word or term used in these Requests for Production of Documents ("Requests") is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Furthermore, these Requests shall be interpreted by reference to the Definitions set forth below.

1. "Multiplan" shall mean Defendant MultiPlan, Inc., together with its attorney(s), and any individual(s) who acted on its behalf, including any employee(s), representative(s), or agent(s) of MultiPlan.

2. "Cigna" shall mean Defendant Cigna Health and Life Insurance Company, together with its attorney(s), and any individual(s) who acted on its behalf, including any employee(s), representative(s), or agent(s) of Cigna.

3. "Viant" shall mean Viant, Inc., together with its attorney(s), and any individual(s) who acted on its behalf, including any employee(s), representative(s), or agent(s) of Viant.

4. "You," "Your," or "Plaintiffs" shall mean Plaintiff RJ, as the representative of her beneficiary son SJ, together with Your attorney(s), agents, Your representative(s), and any other person acting on Your behalf (including any family member, subscriber, or dependent who may have submitted claims or made payments on the claims at issue).

5. "SJ" shall mean the individual described in the Complaint as the son of RJ, and an adult beneficiary of health benefits under RJ's employer plan, *see* Rec. Doc. 63 ¶¶ 270-302, together with SJ's attorney(s), agents, representative(s), and any other person acting on SJ's behalf (including any family member, subscriber, or dependent who may have submitted claims or made payments on the claims at issue).

6. "Person" shall mean any individual, partnership, firm or corporation, association, joint venture or any other business or legal entity.

7. "Communication" or "Communications" shall mean any contract, transmission, or exchange of information between two or more Persons, orally or in writing, including, but not limited to, any conversation or discussion, formal or informal, face-to-face or by telephone, telegraph,

telex, telecopier, electronic mail or other media.

8. "Complaint" shall mean the operative complaint in this action, the First Amended Complaint filed on April 30, 2021 (Rec. Doc. 63).

9. "Defendant" or "Defendants" shall mean one or both of the named Defendants, Cigna and MultiPlan.

10. "Document" shall mean any writing or record, of whatever type or nature, including but not limited to, the original or a copy of any written, recorded, printed, typed, photocopied, duplicated, or graphic material of any kind or character, however produced or reproduced, and/or any recorded materials, handwritten, electronically reproduced, digitally reproduced, produced, or reproduced material in Your possession or control or known to You, including but not limited to any and all correspondence, contracts, communications, memoranda, reports, financial statements, notes, transcripts, telegrams, cables, teletypes, faxes, lists, telexes, entries, checks, canceled checks, handwritten notes, minutes, studies, surveys, tests, work papers, deskpads, summaries, records, desk calendars, appointment books, diaries, charts, graphs, drawings, sketches, reproductions, blueprints, specifications, calculations, schedules, estimates, books, articles, circulars, bulletins, manuals, photographs, videotapes, audio tapes, test results, invoices, minutes, results of investigations, tabulations, magnetic tapes, booklets, notations, microfilms, tapes or other recordings, budgets, writings, agreements, drafts, pamphlets, brochures, pictures, data processing storage units, programs, advertisements, and any other thing which constitutes or contains matters within the scope of discovery of the Federal Rules of Civil Procedure, including copies not identical to originals.

11. The terms "Evidence" or "Evidences" are to be used in their broadest sense and shall mean to support, mention, constitute, concern, discuss or any way refer to the subject described.

12. "Initial Disclosures" shall mean the disclosures, served by You pursuant to Rule 26 of the Federal Rules of Civil Procedure, on July 9, 2021.

13. "Including" shall mean including, but not limited to.

14. The terms "Relate" or "Relating To" are to be used in their broadest sense and shall mean to

refer to, discuss, involve, reflect, deal with, consist of, represent, comprise, constitute, emanate from, be directed at, or in any way to pertain, in whole or in part, to the subject.

**INSTRUCTIONS**

1. The Requests below call for the production of all Documents in Your possession, custody, or control, regardless of location, even if those Documents are not in Your actual possession. This includes information and Documents held by third parties which You are able to obtain, including but not limited to Your representatives, contractors, consultants, agents, members, attorneys, and accountants.

2. These Requests should be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and other rules/orders.

3. The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa in order to give these requests the broadest scope. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

4. If any Request herein cannot be responded to in full, respond to the fullest extent possible with an explanation as to why a full response is not possible. If a partial or incomplete response is provided, state that the response is partial or incomplete and explain why.

5. To the extent that any of the following Requests are considered objectionable, respond to as much of each request and part thereof as is not objectionable in Your view, and separately and specifically state that part of each request as to which You raise an objection, each specific ground for every such objection, and the legal authority upon which You will rely in response to a motion to compel, as well as any qualification, limitation, or amendment of the request that would resolve Your objection. No part of any Request should be ignored merely because an object is interposed to another part of the Request.

6. If You assert any privilege to any Request, specifically identify the precise privilege being asserted and for what purpose. Submit a privilege log of any Documents being withheld from production based on the assertion of any privilege, in accordance with the Federal Rules of Civil Procedure. The Privilege Log should Identify the date of the Document, subject matter

- 4 -  Case No. 5:20-cv-02255-EJD
DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RJ

PD.34681562.1

**REQUEST NO. 6**

All Documents regarding Your allegations of a RICO violation asserted against Defendants, including Documents regarding each element of a RICO violation.

**REQUEST NO. 7**

All Documents regarding Your allegations of a RICO conspiracy asserted against Defendants, including Documents regarding each element of a RICO conspiracy.

**REQUEST NO. 8**

All Documents regarding Your allegations of a breach of a duty asserted against Defendants, including each element of a breach of a duty.

**REQUEST NO. 9**

Any and all Communications between You, SJ, any other named plaintiffs, and similarly situated persons and Cigna, MultiPlan or Viant.

**REQUEST NO. 10**

Any and all Documents evidencing communications related to the allegations made in the Complaint.

**REQUEST NO. 11**

All Documents regarding any claims for benefits at issue in the Complaint, including all Documents regarding any claims for benefits identified in response to Interrogatory No. 7 of Multiplan's First Set of Interrogatories to Plaintiff RJ, as the representative of her beneficiary son SJ.

**REQUEST NO. 12**

All Documents regarding the reimbursement of claims for benefits for You, SJ, other named plaintiffs, or similarly situated persons at issue in the Complaint, including any allegations regarding any reimbursement determinations, out-of-network reimbursement, "UCR" or out-of-network

reimbursement, amounts, rates, fee schedules, methodologies, or other sources to calculate reimbursement of out-of-network claims.

**REQUEST NO. 13**

All Documents regarding treatments SJ, other named plaintiffs, or other similarly situated persons received for mental health and/or substance abuse, including all claims for benefits for treatment regardless of whether You contend the treatment was properly reimbursed.

**REQUEST NO. 14**

All Documents regarding payment of any claims for treatment for SJ, other named plaintiffs, or other similarly situated plaintiffs for mental health or substance abuse, including bills, invoices, demands for payment, collections, follow-up, account statements, or other communications about billing and payment regarding any claim for benefits for mental health and/or substance abuse.

**REQUEST NO. 15**

All Documents regarding the reimbursement of claims for treatment for mental health or substance abuse of SJ, the other named plaintiffs, or similarly situated plaintiffs, including the amount billed, reimbursed, or paid for treatment of mental health and/or substance abuse, and relevant "UCR" rates and amounts.

**REQUEST NO. 16**

All Documents evidencing communications with a provider and/or facility (including any employee or representative of the provider and/or facility) regarding benefits, payment, reimbursement, a payment plan or schedule, discounts, collections, waivers, write-offs, "UCR," or any other financial arrangement related to treatment of mental health and/or substance abuse of SJ, other named plaintiffs, or similarly situated plaintiffs.

used to determine such monetary relief, or other monetary amount You contend is due to You, the other named plaintiffs, or similarly situated plaintiffs.

**REQUEST NO. 23**

All Documents regarding any nonmonetary relief sought in the captioned lawsuit.

**REQUEST NO. 24**

All Documents evidencing communications that You contend were fraudulent or deceptive in this action.

**REQUEST NO. 25**

All Documents which form the administrative record or claim for benefits record for all claims for benefits at issue in the Complaint.

**REQUEST NO. 26**

Produce any Documents which You reserve the right to introduce or intend to introduce at any hearing or trial in this matter.

**REQUEST NO. 27**

For each expert witness You expect will testify at trial, or any hearing related to this case, produce a copy of their curriculum vitae and a complete copy of their file relating to this case.

**REQUEST NO. 28**

All Documents regarding Your contention that there should be a certified class in this case.

**REQUEST NO. 29**

All Documents evidencing the residency of You, SJ, other named plaintiffs, or similarly situated plaintiffs.

DATED: July 23, 2021

By: _____
Errol J. King, Jr. *(admitted pro hac vice)*
Phelps Dunbar LLP
II City Plaza

| | |
|---|---|
| 1 | 400 Convention Street, Suite 1100 |
| 2 | Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207<br>Fax: (225) 381-9197 |
| 3 | and |
| 4 | Moe Keshavarzi |
| 5 | David E. Dworsky<br>Sheppard, Mullin, Richter & Hampton LLP |
| 6 | 333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071 |
| 7 | Telephone: (213) 620-1780<br>Fax: (213) 620-1398 |
| 8 | Attorneys for Defendant, MultiPlan, Inc. |

- 10 -       Case No. 5:20-cv-02255-EJD

DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF RJ

PD.34681562.1

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
MOE KESHAVARZI, SBN 223759
E-Mail: mkeshavarzi@sheppardmullin.com
DAVID E. DWORSKY, SBN 272167
E-Mail: ddworsky@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071
Telephone: (213) 620-1780
Fax:  (213) 620-1398

ERROL J. KING, JR. (*admitted pro hac vice*)
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone:  (225) 376-0207
Fax:  (225) 381-9197
Errol.King@phelps.com

*Attorneys for Defendant, MultiPlan, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ, as the representative of her beneficiary son SJ; LW as the representative of her beneficiary spouse MW; and, DS, an individual, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.,<br><br>*Defendants*. | Case No. 5:20-cv-02255-EJD<br><br>**DEFENDANT, MULTIPLAN, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DS**<br><br>Complaint Filed: April 2, 2020<br>FAC Filed: April 30, 2021<br>Trial Date: Not Set |

Defendant, MultiPlan, Inc. ("MultiPlan"), by and through its undersigned counsel, hereby requests, pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court, all applicable standing orders, and any stipulated ESI Protocol, that Plaintiff DS produce the documents requested below in accordance with the Definitions and Instructions set forth hereinafter.

- 1 -     Case No. 5:20-cv-02255-EJD
DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DS

PD.34685552.1

## **DEFINITIONS**

Each word or term used in these Requests for Production of Documents ("Requests") is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. Furthermore, these Requests shall be interpreted by reference to the Definitions set forth below.

1. "Multiplan" shall mean Defendant MultiPlan, Inc., together with its attorney(s), and any individual(s) who acted on its behalf, including any employee(s), representative(s), or agent(s) of MultiPlan.

2. "Cigna" shall mean Defendant Cigna Health and Life Insurance Company, together with its attorney(s), and any individual(s) who acted on its behalf, including any employee(s), representative(s), or agent(s) of Cigna.

3. "Viant" shall mean Viant, Inc., together with its attorney(s), and any individual(s) who acted on its behalf, including any employee(s), representative(s), or agent(s) of Viant.

4. "You," "Your," or "Plaintiffs" shall mean Plaintiff DS together with Your attorney(s), agents, Your representative(s), and any other person acting on Your behalf (including any family member, subscriber, or dependent who may have submitted claims or made payments on the claims at issue).

5. "Person" shall mean any individual, partnership, firm or corporation, association, joint venture or any other business or legal entity.

6. "Communication" or "Communications" shall mean any contract, transmission, or exchange of information between two or more Persons, orally or in writing, including, but not limited to, any conversation or discussion, formal or informal, face-to-face or by telephone, telegraph, telex, telecopier, electronic mail or other media.

7. "Complaint" shall mean the operative complaint in this action, the First Amended Complaint filed on April 30, 2021 (Rec. Doc. 63).

8. "Defendant" or "Defendants" shall mean one or both of the named Defendants, Cigna and MultiPlan.

9. "Document" shall mean any writing or record, of whatever type or nature, including but not limited to, the original or a copy of any written, recorded, printed, typed, photocopied, duplicated, or graphic material of any kind or character, however produced or reproduced, and/or any recorded materials, handwritten, electronically reproduced, digitally reproduced, produced, or reproduced material in Your possession or control or known to You, including but not limited to any and all correspondence, contracts, communications, memoranda, reports, financial statements, notes, transcripts, telegrams, cables, teletypes, faxes, lists, telexes, entries, checks, canceled checks, handwritten notes, minutes, studies, surveys, tests, work papers, deskpads, summaries, records, desk calendars, appointment books, diaries, charts, graphs, drawings, sketches, reproductions, blueprints, specifications, calculations, schedules, estimates, books, articles, circulars, bulletins, manuals, photographs, videotapes, audio tapes, test results, invoices, minutes, results of investigations, tabulations, magnetic tapes, booklets, notations, microfilms, tapes or other recordings, budgets, writings, agreements, drafts, pamphlets, brochures, pictures, data processing storage units, programs, advertisements, and any other thing which constitutes or contains matters within the scope of discovery of the Federal Rules of Civil Procedure, including copies not identical to originals.

10. The terms "Evidence" or "Evidences" are to be used in their broadest sense and shall mean to support, mention, constitute, concern, discuss or any way refer to the subject described.

11. "Initial Disclosures" shall mean the disclosures, served by You pursuant to Rule 26 of the Federal Rules of Civil Procedure, on July 9, 2021.

12. "Including" shall mean including, but not limited to.

13. The terms "Relate" or "Relating To" are to be used in their broadest sense and shall mean to refer to, discuss, involve, reflect, deal with, consist of, represent, comprise, constitute, emanate from, be directed at, or in any way to pertain, in whole or in part, to the subject.

**INSTRUCTIONS**

1. The Requests below call for the production of all Documents in Your possession, custody, or

- 3 -   Case No. 5:20-cv-02255-EJD
DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DS

PD.34685552.1

**REQUEST NO. 7**

All Documents regarding Your allegations of a RICO conspiracy asserted against Defendants, including Documents regarding each element of a RICO conspiracy.

**REQUEST NO. 8**

All Documents regarding Your allegations of a breach of a duty asserted against Defendants, including each element of a breach of a duty.

**REQUEST NO. 9**

Any and all Communications between You, any other named plaintiffs, and similarly situated persons and Cigna, MultiPlan or Viant.

**REQUEST NO. 10**

Any and all Documents evidencing communications related to the allegations made in the Complaint.

**REQUEST NO. 11**

All Documents regarding any claims for benefits at issue in the Complaint, including all Documents regarding any claims for benefits identified in response to Interrogatory No. 7 of Multiplan's First Set of Interrogatories to Plaintiff DS.

**REQUEST NO. 12**

All Documents regarding the reimbursement of claims for benefits for You, other named plaintiffs, or similarly situated persons at issue in the Complaint, including any allegations regarding any reimbursement determinations, out-of-network reimbursement, "UCR" or out-of-network reimbursement, amounts, rates, fee schedules, methodologies, or other sources to calculate reimbursement of out-of-network claims.

**REQUEST NO. 24**

All Documents evidencing communications that You contend were fraudulent or deceptive in this action.

**REQUEST NO. 25**

All Documents which form the administrative record or claim for benefits record for all claims for benefits at issue in the Complaint.

**REQUEST NO. 26**

Produce any Documents which You reserve the right to introduce or intend to introduce at any hearing or trial in this matter.

**REQUEST NO. 27**

For each expert witness You expect will testify at trial, or any hearing related to this case, produce a copy of their curriculum vitae and a complete copy of their file relating to this case.

**REQUEST NO. 28**

All Documents regarding Your contention that there should be a certified class in this case.

**REQUEST NO. 29**

All Documents evidencing the residency of You, other named plaintiffs, or similarly situated plaintiffs.

DATED: July 23, 2021

By:_____
Errol J. King, Jr. *(admitted pro hac vice)*
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

and

Moe Keshavarzi
David E. Dworsky

- 9 -   Case No. 5:20-cv-02255-EJD
DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DS

PD.34685552.1

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone: (213) 620-1780
Fax: (213) 620-1398

Attorneys for Defendant, MultiPlan, Inc.

- 10 -   Case No. 5:20-cv-02255-EJD
DEFENDANT MULTIPLAN, INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DS

PD.34685552.1