UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RJ, et al.,

    Plaintiffs,

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY et al.,

    Defendants.

Case No. 20-cv-02255-EJD   (VKD)

**ORDER RE DECEMBER 29, 2022 DISCOVERY DISPUTE RE THOMAS RALSTON**

Re: Dkt. No. 129

    The parties ask the Court to resolve a dispute concerning plaintiffs' objections to producing certain documents relating to Thomas Ralston, a former employee of defendant MultiPlan, Inc. Dkt. No. 129. The Court held a hearing on the matter on January 10, 2023. Dkt. No. 137.

    During the hearing, defendants confirmed that they seek the following categories of documents:

1. Documents sufficient to show the nature of the consulting work Mr. Ralston performed for plaintiffs' counsel of record and/or their respective law firms.

2. Documents sufficient to show the amounts paid or due to be paid to Mr. Ralston or his consulting firm for the consulting work performed.

3. Communications and documents exchanged between Mr. Ralston (or his counsel), on the one hand, and plaintiffs' counsel of record, their law firms, and/or their employees, on the other hand, regarding Mr. Ralston's declaration in *LD et al. v. United Behavioral Health et al.*, No. 20-cv-2254 (N.D. Cal.) at Dkt. Nos. 265-5 (redacted) and

1        265-6 (unredacted).

2    4.  Communications and documents exchanged between Mr. Ralston (or his counsel), on the one hand, and plaintiffs' counsel of record, their law firms, and/or their employees, on the other hand, regarding Viant OPR, HCPCS code H0015, or revenue code 0906.

*See id.*; Dkt. No. 129 at 2-3.

Defendants contend that these documents are within the scope of their discovery requests to plaintiffs, and that the documents are relevant and proportional to the needs of the case in view of plaintiffs' recent disclosure that they may rely on Mr. Ralston's testimony in support of their claims or defenses. Plaintiffs do not agree that all of the documents requested fall within the scope of defendants' existing discovery requests. In addition, plaintiffs object that the documents are not relevant to any claim or defense and that many of them are protected from disclosure by the attorney work product doctrine.

While the parties dispute whether defendants' document requests encompass all of the materials they demand, the Court understands that plaintiffs do not object to production of documents sufficient to show the nature of the consulting work Mr. Ralston performed for plaintiffs' counsel of record and/or their respective law firms and the amounts paid or due to be paid to Mr. Ralston or his consulting firm for that work (categories 1 and 2, above), subject to possible objections based on work product to some aspects of these documents. Accordingly, with respect to categories 1 and 2, the Court orders plaintiffs to produce to defendants all such documents or portions thereof as to which there are no work product objections by **January 18, 2023**.

With respect to plaintiffs' work product objections, the Court understands that (contrary to plaintiffs' portion of the joint discovery dispute submission) defendants do *not* demand production of "counsel's files regarding Ralston" or internal communications among plaintiffs' counsel and their respective employees. *See* Dkt. No. 129 at 5. Rather, defendants' demands are limited to writings exchanged between Mr. Ralston or his counsel, on the one hand, and plaintiffs' counsel and their employees, on the other hand. *See* Dkt. No. 137.

The work product doctrine, codified in Rule 26(b)(3) of the Federal Rules of Civil

Procedure, protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation or for trial. Fed. R. Civ. P. 26(b)(3); *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citation omitted).[1] "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 237–38 (1975). The doctrine protects both "material prepared by agents for the attorney as well as those prepared by the attorney himself," *id.* at 238–39, and its primary purpose is to "prevent exploitation of a party's efforts in preparing for litigation," *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989). Typically, work product protection extends to interview notes, memoranda, summaries, and analyses, as well as to verbatim witness statements. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Hatamanian v. Advanced Micro Devices, Inc.*, No. 14-cv-00226-YGR(JSC), 2016 WL 2606830 at *3 (N.D. Cal. May 6, 2016).

The work product protection is not absolute and may be waived. *Nobles*, 422 U.S. at 239. A voluntary disclosure of work product waives the protection where such disclosure is made to an adversary in litigation or where the disclosure is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *Sanmina*, 968 F.3d at 1121 (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)). Work product protection may also be waived by putting the protected work product at issue, such as by asserting claims that the opposing party cannot adequately dispute unless it has access to that protected work product. *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992).

Even if the protection is not waived, work product may be discoverable if the materials meet the requirements of Rule 26(b)(1) and if the party seeking production shows a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Upon such a showing, a

---

[1] The parties appear to agree that federal law governs the application of the work product doctrine here, as all parties cite only to federal law. *See* Dkt. No. 129; *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975).

court must nevertheless "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation," Fed. R. Civ. P. 26(b)(3)(B).

Here, the parties' dispute regarding documents in categories 3 and 4, above, appears to concern the question of whether plaintiffs' counsel's communications with a non-party witness concerning the substance of that witness's testimony are protected from disclosure by the attorney work product doctrine. Plaintiffs have not provided a privilege log identifying the documents they contend are protected.[2] Indeed, they suggest that few, if any, such documents exist. In any event, application of the work product doctrine may depend on the nature and purpose of the communications in question. *Compare Schoenmann v. Federal Deposit Insurance Corporation*, 7 F. Supp. 3d 1009, 1013-14 (N.D. Cal. 2014) *and In re Telescopes Antitrust Litigation*, No. 20-cv-36342-EJD (VKD), 2022 WL 1693677 at *2-*3 (N.D. Cal. May 26, 2022), *with Rubalcava v. City of San Jose*, No. 20-cv-4191-BLF (VKD), 2022 WL 484988 at *3-*6 (N.D. Cal. Feb. 16, 2022). The Court cannot resolve the parties' dispute without more specific and reliable information about the documents in dispute.

Accordingly, the Court orders further proceedings as follows:

1. By **January 13, 2023**, defendants shall file with the Court the discovery requests and corresponding responses that they believe encompass the documents described in categories 1-4, above.

2. By **January 20, 2023**, plaintiffs shall provide defendants with a log of any documents falling within the scope of categories 1-4, above, that they contend are protected from disclosure by the work product doctrine. The log must include a description that complies with Rule 26(b)(5)(A)(ii).

3. The parties must promptly confer and attempt to resolve any dispute regarding relevance, proportionality, and/or protection from disclosure with respect to these documents. If a dispute remains, defendants may file a regularly noticed motion to

---

[2] Plaintiffs refer to the parties' prior stipulation which does not require preparation of a privilege log for certain documents. *See* Dkt. No. 129 at 6.

compel or, at defendants' election, the parties may ask the Court to resolve their dispute using the expedited discovery dispute resolution procedures in Judge DeMarchi's standing order.

**IT IS SO ORDERED.**

Dated: January 11, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge