January 12, 2023

Hon. Virginia K. DeMarchi
United States Magistrate Judge
Courtroom 2 – 5th Floor
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

      Re:    Supplemental Submission re Joint Letter Brief (Dkt. 129) in *RJ, et al. v. CHLIC, et al.*, No. 5:20-cv-02255

Dear Judge DeMarchi:

      Defendants write in response to the Court's January 11, 2023 order (Dkt. 141, the "Order") on the parties' joint letter outlining their dispute over discovery concerning former MultiPlan employee Thomas Ralston (Dkt. 129, the "Ralston Joint Submission"). Based on the Court's instructions at the hearing on January 10, 2023, Defendants filed a letter yesterday containing the discovery requests that they served on Plaintiffs covering the requests for discovery in dispute in the Ralston Joint Submission (Dkt. 140, Exs. 1-4). Later that day, the Court issued its Order, which also instructed Defendants to file Plaintiffs' corresponding responses to those requests. Defendants hereby submit the following additional exhibits, which contain Plaintiffs RJ's and DS's corresponding responses to the discovery requests at issue:

- <u>Exhibit 5</u>[1]: Plaintiff RJ's Third Supplemental Responses to Interrogatory Nos. 13 (electing to produce documents, none of which identified Mr. Ralston, in response to the interrogatory) and 14 (same);[2] Plaintiff DS's Second Supplemental Responses to Interrogatory Nos. 13 (stating that "Plaintiff has produced the responsive, relevant, non-privileged material within their custody, care, or control following a diligent and thorough search," none of which identified Ralston) and 14 (same).

- <u>Exhibit 6</u>: Plaintiff RJ's Responses to Cigna's Request for Production Nos. 8 (stating that "Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known."), 12 (same), 17 (same); Plaintiff DS's Responses to Cigna's Request for Production Nos. 8 (stating that "Plaintiff will produce all

---

[1] Defendants' January 11, 2023 letter attached Exhibit Nos. 1-4. For ease of reference, Defendants have consecutively numbered the Exhibits in this letter, beginning at Exhibit 5.

[2] In Defendants' letter yesterday, Defendants noted that "Plaintiff" and "You" are defined in Cigna's Interrogatories and Requests for Production as the named plaintiff "including any counsel acting on . . . their behalves." *See* Dkt. 140 (Ex. 1 at 4, Ex. 2 at 3). In their responses and objections to Cigna's Interrogatories and Requests for Production, Plaintiffs did not object to this definition.

responsive, non-privileged documents in Plaintiff's possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known."), 12 (same) and 17 (same).

- <u>Exhibit 7</u>: Plaintiff RJ's Responses to MultiPlan's Request for Production Nos. 10 (stating that "Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.  Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.") and 12 (same); MultiPlan's Request for Production to Plaintiff DS Nos. 10 (stating that "Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control. Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him."), and 12 (same).

As Defendants explained in yesterday's letter, in addition to these generally applicable requests, once Defendants learned Ralston was communicating with Plaintiffs' counsel, and he failed to produce any responsive documents in response to Defendants' subpoenas, Defendants made targeted document requests via a December 19, 2022 letter to Plaintiffs that were specifically directed at Ralston in light of his declaration and deposition testimony.  In response to that letter, Plaintiffs stated that they "dispute each of the points raised in [Cigna's] letter" and would provide "[a] substantive response . . . under separate cover. . . ." <u>Exhibit 8</u>.  Plaintiffs did not, however, provide a separate written response; instead, the parties met and conferred on December 21, 2022, after which they began drafting the joint discovery dispute letter on this issue.

Plaintiffs didn't argue until the Court's January 10, 2023 hearing that Defendants' prior interrogatories and document requests didn't cover the requests outlined in their December 19 letter, and Defendants believe that they do.  And as Defendants' counsel explained during Tuesday's conference, had Plaintiffs disclosed they were working with Ralston before the close of discovery deadline, as they should've in response to Defendants' discovery requests and in Plaintiffs' initial disclosures, Defendants would have had the opportunity to ask targeted discovery specific to him within the document discovery deadline.  Because Defendants only learned of Plaintiffs' relationship with Mr. Ralston on November 23, 2022 when he filed a declaration in *LD, et al. v. United Behavioral Health, et al.*, No. 3:20-cv-02254, Defendants couldn't do so.

Defendants thank the Court for its time and consideration, and we remain available to address any additional questions that the Court may have.

Respectfully Submitted,

| PHELPS DUNBAR LLP | MCDERMOTT WILL & EMERY LLP |
|---|---|
| By:  */s/ Errol King* | By:  */s/ Joshua B. Simon* |

| | |
|---|---|
| Errol J. King, Jr.<br>400 Convention Street<br>Suite 1100<br>Baton Rouge, LA 70802-5618<br>Telephone: (225) 346-0285<br><br>*Attorneys for Defendant MultiPlan, Inc.* | Joshua B. Simon<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br><br>*Attorneys for Defendant Cigna Health and Life Insurance Company* |