# EXHIBIT 5

MATTHEW M. LAVIN (*PRO HAC VICE*)
MATT.LAVIN@AGG.COM
AARON R. MODIANO (*PRO HAC VICE*)
AARON.MODIANO@AGG.COM
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone:    202.677.4030
Facsimile:    202.677.4031

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; LW as the representative of her beneficiary spouse, MW; and, DS, an individual,<br><br>       Plaintiffs,<br><br>   v.<br><br>Cigna Health and Life Insurance Company and MultiPlan, Inc.,<br><br>       *Defendants.* | Case No.  5:20-cv-02255-EJD<br><br>PLAINTIFF RJ'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES |

RESPONDING PARTY:   Plaintiff RJ

PROPOUNDING PARTY:   Defendant CIGNA HEALTH & LIFE INSURANCE CO.

SET NUMBER:      ONE

1

**PLAINTIFF RJ'S THIRD SUPPLEMENTAL RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.
INTERROGATORIES, SET ONE CASE NO.  5:20-cv-02255-EJD**

**TO DEFENDANT CIGNA HEALTH & LIFE INSURANCE CO. AND ITS ATTORNEY OF RECORD:**

Plaintiff RJ responds as follows:

## INTRODUCTORY COMMENTS

Respondent's answers are given without prejudice to producing at the time of trial subsequently discovered information or information omitted by said responses due to good faith oversight.

In setting forth these responses, Plaintiff does not waive the attorney/client, work product, or other privilege or immunity from disclosure which might attach to information called for in, or responsive to, any request. In responding to any and all portions of any request, Plaintiff does not concede the relevance or materiality of the request or the subject matter to which the request refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

- All questions as to competency, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof, and any subsequent proceeding in, or trial of, this action or any other proceedings.

- The right to object to other discovery procedures involving or relating to the subject matter of the requests herein responded to, including any request for production of documents specifically identified herein; and

- The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, or documents produced or referred to herein.

## GENERAL OBJECTIONS

1   Plaintiff RJ ("Plaintiff") submits their responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. No response to any Request is intended to be, nor shall any response be construed as, a waiver by Plaintiff of all or any part of any objection to any Request.

2   Plaintiff's research, discovery, and preparation for trial in this matter are presently ongoing and are not yet complete. This response reflects only the information which is presently known to

Plaintiff based upon their knowledge to date. Plaintiff anticipates that continuing discovery and investigation may reveal information not presently known to Plaintiff, or information whose significance is not presently known to him, upon which Plaintiff may rely at trial. Accordingly, Plaintiff's responses to these Interrogatories is made without prejudice to Plaintiff's right to produce additional information at a later date and to introduce such information at the time of trial

3    Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or any other privilege or immunity. The inadvertent production of such information shall neither constitute waiver of any privilege nor a waiver of any rights. Plaintiff may have to object to the use of any of the information in any subsequent pretrial proceedings or at trial.

4    Plaintiff objects to each Interrogatory to the extent that it is overbroad and that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5    Plaintiff objects to each Interrogatory to the extent that it is vague and ambiguous and/or creates confusion given the issues involved in this litigation.

6    Plaintiff objects to each Interrogatory to the extent that it is burdensome and oppressive and that compliance with specific requests would be unreasonably difficult and/or expensive.

7    Plaintiff objects to the entire set of Interrogatories to the extent that it seeks information equally available to the propounding party.

8    Subject to these general objections and the specific objections below, Plaintiff will provide responses indicated below in accordance with its obligations under the Federal Code of Civil Procedure.

  PRJ0001825

  PRJ0001826

  PRJ0001827

  PRJ0001832

  PRJ0001833

  PRJ0001834

  PRJ0001843

  PRJ0001851

  PRJ0001857

  PRJ0001860

  PRJ0001875

  PRJ0001878

  PRJ0001882

  PRJ0001892

  PRJ0001894

  PRJ0001902

**INTERROGATORY NO. 13:**

13. Please identify all individuals, entities, or agencies with which You have had Communications regarding MultiPlan, any other repricing vendor including but not limited to Zelis (as referenced in Paragraphs 316 and 324 of the Complaint), and Cigna's relationship with MultiPlan or any other repricing vendor including but not limited to Zelis and describe the substance of those Communications.

**ANSWER:**

  In addition to the general objections stated above and those responses and objections previously stated, Plaintiff responds as follows:

  Pursuant to Fed. R. Civ. P. 33(d) Plaintiff has elected to produce records:

  PRJ0001376

  PRJ0001387

17

**PLAINTIFF RJ'S THIRD SUPPLEMENTAL RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO. INTERROGATORIES, SET ONE CASE NO. 5:20-cv-02255-EJD**

PRJ0001395

PRJ0001399

PRJ0001400

PRJ0001415

PRJ0001487

PRJ0001497

PRJ0001511

PRJ0001516

PRJ0001523

PRJ0001526

PRJ0001536

PRJ0001542

PRJ0001543

PRJ0001811

PRJ0001813

PRJ0001814

PRJ0001817

PRJ0001821

PRJ0001822

PRJ0001823

PRJ0001824

PRJ0001825

PRJ0001826

PRJ0001827

PRJ0001832

PRJ0001833

PRJ0001834

PRJ0001841

PRJ0001843

PRJ0001851

PRJ0001860

PRJ0001875

**INTERROGATORY NO. 14:**

14. To the extent not identified above, please identify all individuals, entities, or agencies, including but not limited to any Plan Sponsor or Cigna employees, with whom You (or Your counsel) have communicated regarding the conduct alleged in the Complaint and describe the substance of those Communications.

**ANSWER:**

In addition to the general objections stated above and those responses and objections previously stated, Plaintiff responds as follows:

Pursuant to Fed. R. Civ. P. 33(d) Plaintiff has elected to produce records:

PRJ0001376

PRJ0001387

PRJ0001395

PRJ0001399

PRJ0001400

PRJ0001415

PRJ0001487

PRJ0001497

PRJ0001511

PRJ0001516

PRJ0001523

PRJ0001526

PRJ0001536

PRJ0001542

PRJ0001543

19

**PLAINTIFF RJ'S THIRD SUPPLEMENTAL RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO. INTERROGATORIES, SET ONE CASE NO. 5:20-cv-02255-EJD**

  PRJ0001811

  PRJ0001813

  PRJ0001814

  PRJ0001817

  PRJ0001821

  PRJ0001822

  PRJ0001823

  PRJ0001824

  PRJ0001825

  PRJ0001826

  PRJ0001827

  PRJ0001832

  PRJ0001833

  PRJ0001834

  PRJ0001841

  PRJ0001843

  PRJ0001851

  PRJ0001860

  PRJ0001875

**INTERROGATORY NO. 15:**

15. Please identify and describe any Communications and/or Documents You (or Your counsel) sent to or received from state or federal governmental, legislative, and regulatory agencies (including offices of Attorneys General and state and federal legislative committees and panels) involving the conduct alleged in the Complaint.

**ANSWER:**

In addition to the general objections stated above and those responses and objections previously stated, Plaintiff responds as follows:

Pursuant to Fed. R. Civ. P. 33(d) Plaintiff has elected to produce records:

**PLAINTIFF RJ'S THIRD SUPPLEMENTAL RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO. INTERROGATORIES, SET ONE CASE NO.  5:20-cv-02255-EJD**

Dated: September 27, 2022                ARNALL GOLDEN GREGORY LLP

                                         */S/ MATTHEW M. LAVIN*
                                  By:    MATTHEW M. LAVIN
                                         AARON R. MODIANO

                                         *Counsel For Plaintiffs and the Putative Class*

MATTHEW M. LAVIN (*pro hac vice*)
matt.lavin@agg.com
AARON R. MODIANO (*pro hac vice*)
aaron.modiano@agg.com
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone:     202.677.4030
Facsimile:      202.677.4031

DAVID M. LILIENSTEIN (CA SBN 218923)
david@dllawgroup.com
KATIE J. SPIELMAN (CA SBN 252209)
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
Telephone:     (415) 678-5050
Facsimile:      (415) 358-8484

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; LW as the representative of her beneficiary spouse, MW; and, DS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Cigna Health and Life Insurance Company and MultiPlan, Inc.,<br><br>　　　　　Defendants. | Case No. 5:20-cv-02255-EJD<br><br>Hon. Edward J. Davila<br><br>**PLAINTIFF DS'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT CIGNA'S INTERROGATORIES** |

　　RESPONDING PARTY:　　Plaintiff DS

　　PROPOUNDING PARTY:　Defendant CIGNA HEALTH & LIFE INSURANCE CO.

　　SET NUMBER:　　　　　ONE

**TO DEFENDANT CIGNA HEALTH & LIFE INSURANCE CO. AND ITS ATTORNEY OF RECORD:**

Plaintiff DS responds as follows:

### INTRODUCTORY COMMENTS

Respondent's answers are given without prejudice to producing at the time of trial subsequently discovered information or information omitted by said responses due to good faith oversight.

In setting forth these responses, Plaintiff does not waive the attorney/client, work product, or other privilege or immunity from disclosure which might attach to information called for in, or responsive to, any request. In responding to any and all portions of any request, Plaintiff does not concede the relevance or materiality of the request or the subject matter to which the request refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

- All questions as to competency, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof, and any subsequent proceeding in, or trial of, this action or any other proceedings;

- The right to object to other discovery procedures involving or relating to the subject matter of the requests herein responded to, including any request for production of documents specifically identified herein; and

- The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, or documents produced or referred to herein.

### GENERAL OBJECTIONS

1   Plaintiff DS ("Plaintiff") submits his responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. No response to any Request is intended to be, nor shall any response be construed as, a waiver by Plaintiff of all or any part of any objection to any Request.

2    Plaintiff's research, discovery, and preparation for trial in this matter are presently ongoing and are not yet complete. This response reflects only the information which is presently known to Plaintiff based upon his knowledge to date. Plaintiff anticipates that his continuing discovery and investigation may reveal information not presently known to Plaintiff, or information whose significance is not presently known to him, upon which Plaintiff may rely at trial. Accordingly, Plaintiff's responses to these Interrogatories is made without prejudice to Plaintiff's right to produce additional information at a later date and to introduce such information at the time of trial.

3    Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or any other privilege or immunity. The inadvertent production of such information shall neither constitute waiver of any privilege nor a waiver of any rights. Plaintiff may have to object to the use of any of the information in any subsequent pretrial proceedings or at trial.

4    Plaintiff objects to each Interrogatory to the extent that it is overbroad and that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5    Plaintiff objects to each Interrogatory to the extent that it is vague and ambiguous and/or creates confusion given the issues involved in this litigation.

6    Plaintiff objects to each Interrogatory to the extent that it is burdensome and oppressive and that compliance with specific requests would be unreasonably difficult and/or expensive.

7    Plaintiff objects to the entire set of Interrogatories to the extent that it seeks information equally available to the propounding party.

8    Subject to these general objections and the specific objections below, Plaintiff will provide responses indicated below in accordance with its obligations under the Federal Code of Civil Procedure.

SUMMIT_00800 – SUMMIT_00809

SUMMIT_00155 – SUMMIT_00158

**INTERROGATORY NO. 13:**

13. Please identify all individuals, entities, or agencies with which You have had Communications regarding MultiPlan, any other repricing vendor including but not limited to Zelis (as referenced in Paragraphs 316 and 324 of the Complaint), and Cigna's relationship with MultiPlan or any other repricing vendor including but not limited to Zelis and describe the substance of those Communications.

**ANSWER:**

In addition to the General Objections stated above and those responses and objections previously stated, Plaintiff DS responds as follows:

Plaintiff has produced the responsive, relevant, non-privileged material within their custody, care, or control following a diligent and thorough search.

**INTERROGATORY NO. 14:**

14. To the extent not identified above, please identify all individuals, entities, or agencies, including but not limited to any Plan Sponsor or Cigna employees, with whom You (or Your counsel) have communicated regarding the conduct alleged in the Complaint and describe the substance of those Communications.

**ANSWER:**

In addition to the General Objections stated above and those responses and objections previously stated, Plaintiff DS responds as follows:

Plaintiff has produced the responsive, relevant, non-privileged material within their custody, care, or control following a diligent and thorough search.

**INTERROGATORY NO. 15:**

15. Please identify and describe any Communications and/or Documents You (or Your counsel) sent to or received from state or federal governmental, legislative, and regulatory agencies (including offices of Attorneys General and state and federal legislative committees and panels) involving the conduct alleged in the Complaint.

None.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**INTERROGATORY NO. 18:**

18. Please describe and quantify all Damages alleged by You in this Action, including the methodology (or anticipated methodology) for calculating such Damages.

**ANSWER:**

In addition to the General Objections stated above and those responses and objections previously stated, Plaintiff supplements their response as follows:

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff has elected to identify records as to amounts paid by Plaintiff that resulted because of Cigna's underpayment of claims:

SUMMIT_00159 – SUMMIT_00161

Verification to follow.

Dated: June 6, 2022

ARNALL GOLDEN GREGORY LLP

/S/
By:   MATTHEW M. LAVIN
       AARON R. MODIANO

*Counsel For Plaintiffs and the Putative Class*