# EXHIBIT 6

MATTHEW M. LAVIN (*pro hac vice*)
matt.lavin@agg.com
AARON R. MODIANO (*pro hac vice*)
aaron.modiano@agg.com
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone:    202.677.4030
Facsimile:    202.677.4031

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

*Attorneys for Plaintiffs and the Putative Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; LW as the representative of her beneficiary spouse, MW; and, DS, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>Cigna Health and Life Insurance Company and MultiPlan, Inc.,<br><br>　　　　　*Defendants.* | Case No.  5:20-cv-02255-EJD<br><br>PLAINTIFF RJ'S RESPONSE TO DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

RESPONDING PARTY:    Plaintiff RJ

PROPOUNDING PARTY:   Defendant CIGNA HEALTH & LIFE INSURANCE CO.

SET NUMBER:        ONE

1

**TO DEFENDANT CIGNA HEALTH & LIFE INSURANCE CO. AND ITS ATTORNEY OF RECORD:**

Plaintiff RJ responds as follows:

**INTRODUCTORY COMMENTS**

Respondent's answers are given without prejudice to producing at the time of trial subsequently discovered information or information omitted by said responses due to good faith oversight.

In setting forth these responses, Plaintiff does not waive the attorney/client, work product, or other privilege or immunity from disclosure which might attach to information called for in, or responsive to, any request. In responding to any and all portions of any request, Plaintiff does not concede the relevance or materiality of the request or the subject matter to which the request refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

1    All questions as to competency, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof, and any subsequent proceeding in, or trial of, this action or any other proceedings;

2    The right to object to other discovery procedures involving or relating to the subject matter of the requests herein responded to, including any request for production of documents specifically identified herein; and

3    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, or documents produced or referred to herein.

**GENERAL OBJECTIONS**

1    Plaintiff RJ ("Plaintiff") submits his responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time.  No response to any Request is intended to be, nor shall any response be construed as, a waiver by Plaintiff of all or any part of any objection to any Request.

**PLAINTIFF RJ'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.**
**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

2      Plaintiff's research, discovery, and preparation for trial in this matter are presently ongoing and are not yet complete.  This response reflects only the information which is presently known to Plaintiff based upon his knowledge to date. Plaintiff anticipates that his continuing discovery and investigation may reveal information not presently known to Plaintiff, or information whose significance is not presently known to him, upon which Plaintiff may rely at trial. Accordingly, Plaintiff's responses to these Interrogatories is made without prejudice to Plaintiff's right to produce additional information at a later date and to introduce such information at the time of trial.

3      Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or any other privilege or immunity. The inadvertent production of such information shall neither constitute waiver of any privilege nor a waiver of any rights. Plaintiff may have to object to the use of any of the information in any subsequent pretrial proceedings or at trial.

4      Plaintiff objects to each Interrogatory to the extent that it is overbroad and that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5      Plaintiff objects to each Interrogatory to the extent that it is vague and ambiguous and/or creates confusion given the issues involved in this litigation.

6      Plaintiff objects to each Interrogatory to the extent that it is burdensome and oppressive and that compliance with specific requests would be unreasonably difficult and/or expensive.

7      Plaintiff objects to the entire set of Interrogatories to the extent that it seeks information equally available to the propounding party.

8      Subject to these general objections and the specific objections below, Plaintiff will provide responses indicated below in accordance with its obligations under the Federal Code of Civil Procedure.

the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and the above incorporated General Objections and without waiving same, Plaintiff responds:

Attached are the following responsive, non-privileged documents in Plaintiff's possession custody or control:

| | |
|---|---|
| PRJ_000005 – PRJ_000009 | Correspondence from Defendants |
| PRJ_000010 – PRJ_000027 | Correspondence from Defendants |
| PRJ_000028 – PRJ_000033 | Correspondence from Defendant |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 8**

**PLAINTIFF RJ'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.**
**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

All Documents related to Communications between Plaintiff, on one hand, and any third party, on the other hand, regarding MultiPlan, the Cigna Plan, or Plaintiff's out-of-network plan benefits.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and the above incorporated General Objections and without waiving same, Plaintiff responds:

Attached are the following responsive, non-privileged documents in Plaintiff's possession custody or control:

| | |
|---|---|
| PRJ_000005 – PRJ_000009 | Correspondence from Defendants |
| PRJ_000010 – PRJ_000027 | Correspondence from Defendants |
| PRJ_000028 – PRJ_000033 | Correspondence from Defendant |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

13

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 9**

All Documents related to Communications between Plaintiff, on one hand, and any Provider other than Summit Estate that Plaintiff considered seeking treatment from or did receive treatment for Plaintiff's substance abuse issues.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

None.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 10**

All versions of Plaintiff's Cigna Plans and any other health benefit plans that provided either primary or secondary coverage to Plaintiff for behavioral health treatment.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and

| | |
|---|---|
| PRJ_000028 – PRJ_000033 | Correspondence from Defendant |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000087 | Insurance card |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000096 – PRJ_000157 | Intuit SPD |
| PRJ_000158 – PRJ_000230 | Intuit Certificate of Insurance |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 12:**

All Documents and Communications relating to Plaintiff's allegations in the Complaint, including the allegations that:

a. "Cigna was required to pay for Plaintiffs' treatment based on the usual, customary, and reasonable rate" as alleged in paragraph 64 of the Complaint.

b. "[T]he Plaintiffs UCR rate is equal to 100% of that providers' billed charges" as alleged in paragraph 164 of the Complaint.

c. "Each of the claims at issue in this litigation was underpaid" as alleged in paragraph 13 of the Complaint.

d. "Cigna and MultiPlan created, developed, managed, and administered the scheme to underpay" Plaintiffs as alleged in paragraph 11 of the

16

Complaint.

a. Cigna's "payments were improper underpayments" as alleged in page 72 of the Complaint.

b. "Cigna profits by fraudulently retaining money that should be paid for IOP treatment" and "MultiPlan profits when Cigna pays it for successfully implementing Viant's fraudulent methodology" as alleged in paragraphs 142-146 of the Complaint.

c. "Cigna and MultiPlan then engaged in financial transactions with those proceeds, [and] their actions constituted money-laundering" as alleged in paragraph 18 of the Complaint.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and the above incorporated General Objections and without waiving same, Plaintiff responds:

Attached are the following responsive, non-privileged documents in Plaintiff's possession custody or control:

| | |
|---|---|
| PRJ_000001 – PRJ_000004 | Invoice from Summit Estate |
| PRJ_000005 – PRJ_000009 | Correspondence from Defendants |
| PRJ_000010 – PRJ_000027 | Correspondence from Defendants |
| PRJ_000028 – PRJ_000033 | Correspondence from Defendant |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |

17

PRJ_000070                                    Appeal submitted to Defendant

PRJ_000071 – PRJ_000081          Electronic PRAs

PRJ_000082 – PRJ_000083          Electronic PRAs

PRJ_000084 – PRJ_000086          Contemporary notes of telephone conversations

PRJ_000087                                    Insurance card

PRJ_000088 – PRJ_000095          Correspondence with Defendant

PRJ_000096 – PRJ_000157          Intuit SPD

PRJ_000158 – PRJ_000230          Intuit Certificate of Insurance

PRJ_000231 – PRJ_000288          EOBs Received by Plaintiff

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 13**

All Documents and Communications relating to Plaintiff's use or access of the FAIR Health database or FAIR Health website (referenced in paragraph 72 of the Complaint).

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing, the above General Objections, and without waiving same, Plaintiff responds:

Plaintiff is not in possession, custody, or control of the requested material; to the extent that this request seeks material that is freely available via FAIRHealth's website, such material is equally available to Defendant.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 16**

All Documents relating to any required expert disclosure, including, but not limited to:

      a. All Documents, facts and data considered by, relied upon by, or provided to any expert in connection with their retention by You or Your counsel to testify in this Action.

      b. The curriculum vitae of any expert witness whom Plaintiff intends to call to testify at trial, as well as a list of all publications authored in the previous 10 years, and a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

      c. Any compensation paid to the expert.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

Plaintiff has not yet made any determinations as to testifying experts.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known.

**REQUEST NO. 17:**

All Documents concerning or reflecting any Communications with any individual whom Plaintiff intends to call to testify at trial.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

Plaintiff has not yet made any determinations as to testifying witnesses.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known.

**REQUEST NO. 18**

To the extent not requested above, all Documents upon which Plaintiff intends to rely upon to support Plaintiff's allegations regarding the Claims, including any Documents identified in Plaintiff's Initial Disclosures and any Documents to be introduced as exhibits at trial.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

Plaintiff has not yet made any determinations as to trial exhibits.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known.

**PLAINTIFF RJ'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.**
**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: September 13, 2021

ARNALL GOLDEN GREGORY LLP

By:     /S/
_____
        MATTHEW M. LAVIN
        AARON R. MODIANO

*Counsel For Plaintiffs and the Putative Class*

**PLAINTIFF RJ'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

MATTHEW M. LAVIN (*pro hac vice*)
matt.lavin@agg.com
AARON R. MODIANO (*pro hac vice*)
aaron.modiano@agg.com
**ARNALL GOLDEN GREGORY LLP**
1775 Pennsylvania Ave. NW, Suite 1000
Washington, DC 20006
Telephone:    202.677.4030
Facsimile:    202.677.4031

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; LW as the representative of her beneficiary spouse, MW; and, DS, an individual,<br><br>          Plaintiffs,<br><br>    v.<br><br>Cigna Health and Life Insurance Company and MultiPlan, Inc.,<br><br>        *Defendants.* | Case No.  5:20-cv-02255-EJD<br><br>PLAINTIFF DS'S RESPONSE TO DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

      RESPONDING PARTY:    Plaintiff DS

      PROPOUNDING PARTY:  Defendant CIGNA HEALTH & LIFE INSURANCE CO.

      SET NUMBER:         ONE

1

**PLAINTIFF DS'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.**
**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

**TO DEFENDANT CIGNA HEALTH & LIFE INSURANCE CO. AND ITS ATTORNEY OF RECORD:**

Plaintiff DS responds as follows:

**INTRODUCTORY COMMENTS**

Respondent's answers are given without prejudice to producing at the time of trial subsequently discovered information or information omitted by said responses due to good faith oversight.

In setting forth these responses, Plaintiff does not waive the attorney/client, work product, or other privilege or immunity from disclosure which might attach to information called for in, or responsive to, any request. In responding to any and all portions of any request, Plaintiff does not concede the relevance or materiality of the request or the subject matter to which the request refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

1      All questions as to competency, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof, and any subsequent proceeding in, or trial of, this action or any other proceedings;

2      The right to object to other discovery procedures involving or relating to the subject matter of the requests herein responded to, including any request for production of documents specifically identified herein; and

3      The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, or documents produced or referred to herein.

**GENERAL OBJECTIONS**

1      Plaintiff DS ("Plaintiff") submits his responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time.  No response to any Request is intended to be, nor shall any response be construed as, a waiver by Plaintiff of all or any part of any objection to any Request.

**PLAINTIFF DS'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

2 Plaintiff's research, discovery, and preparation for trial in this matter are presently ongoing and are not yet complete.  This response reflects only the information which is presently known to Plaintiff based upon his knowledge to date. Plaintiff anticipates that his continuing discovery and investigation may reveal information not presently known to Plaintiff, or information whose significance is not presently known to him, upon which Plaintiff may rely at trial. Accordingly, Plaintiff's responses to these Interrogatories is made without prejudice to Plaintiff's right to produce additional information at a later date and to introduce such information at the time of trial.

3 Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or any other privilege or immunity. The inadvertent production of such information shall neither constitute waiver of any privilege nor a waiver of any rights. Plaintiff may have to object to the use of any of the information in any subsequent pretrial proceedings or at trial.

4 Plaintiff objects to each Interrogatory to the extent that it is overbroad and that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5 Plaintiff objects to each Interrogatory to the extent that it is vague and ambiguous and/or creates confusion given the issues involved in this litigation.

6 Plaintiff objects to each Interrogatory to the extent that it is burdensome and oppressive and that compliance with specific requests would be unreasonably difficult and/or expensive.

7 Plaintiff objects to the entire set of Interrogatories to the extent that it seeks information equally available to the propounding party.

8 Subject to these general objections and the specific objections below, Plaintiff will provide responses indicated below in accordance with its obligations under the Federal Code of Civil Procedure.

**REQUEST NO. 8**

All Documents related to Communications between Plaintiff, on one hand, and any third party, on the other hand, regarding MultiPlan, the Cigna Plan, or Plaintiff's out-of-network plan benefits.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and the above incorporated General Objections and without waiving same, Plaintiff responds:

Attached are the following responsive, non-privileged documents in Plaintiff's possession custody or control:

| | |
|---|---|
| PRJ_000289 | PRA |
| PRJ_000290 – PRJ_000295 | EOB |
| PRJ_000297 – PRJ_000302 | EOB |
| PRJ_000316 – PRJ_000319 | EOB |
| PRJ_000320 – PRJ_000323 | EOB |
| PRJ_000324 – PRJ_000325 | PRA |
| PRJ_000326 – PRJ_000327 | PRA |
| PRJ_000364 – PRJ_000369 | Correspondence from Defendant |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

13

| | |
|---|---|
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000087 | Insurance card |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000096 – PRJ_000157 | Intuit SPD |
| PRJ_000158 – PRJ_000230 | Intuit Certificate of Insurance |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 12:**

All Documents and Communications relating to Plaintiff's allegations in the Complaint, including the allegations that:

a. "Cigna was required to pay for Plaintiffs' treatment based on the usual, customary, and reasonable rate" as alleged in paragraph 64 of the Complaint.

b. "[T]he Plaintiffs UCR rate is equal to 100% of that providers' billed charges" as alleged in paragraph 164 of the Complaint.

c. "Each of the claims at issue in this litigation was underpaid" as alleged in paragraph 13 of the Complaint.

d. "Cigna and MultiPlan created, developed, managed, and administered the scheme to underpay" Plaintiffs as alleged in paragraph 11 of the Complaint.

a. Cigna's "payments were improper underpayments" as alleged in page

16

PLAINTIFF DS'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD

72 of the Complaint.

b. "Cigna profits by fraudulently retaining money that should be paid for IOP treatment" and "MultiPlan profits when Cigna pays it for successfully implementing Viant's fraudulent methodology" as alleged in paragraphs 142-146 of the Complaint.

c. "Cigna and MultiPlan then engaged in financial transactions with those proceeds, [and] their actions constituted money-laundering" as alleged in paragraph 18 of the Complaint.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and the above incorporated General Objections and without waiving same, Plaintiff responds:

Attached are the following responsive, non-privileged documents in Plaintiff's possession custody or control:

| | |
|---|---|
| PRJ_000289 | PRA |
| PRJ_000290 – PRJ_000295 | EOB |
| PRJ_000296 | UB-04 Form |
| PRJ_000297 – PRJ_000302 | EOB |
| PRJ_000303 | UB-04 Form |
| PRJ_000304 | UB-04 Form |
| PRJ_000305 | UB-04 Form |
| PRJ_000306 | UB-04 Form |

17

| | |
|---|---|
| PRJ_000307 | UB-04 Form |
| PRJ_000308 | UB-04 Form |
| PRJ_000309 | UB-04 Form |
| PRJ_000310 | UB-04 Form |
| PRJ_000311 | UB-04 Form |
| PRJ_000312 | UB-04 Form |
| PRJ_000313 | UB-04 Form |
| PRJ_000314 | UB-04 Form |
| PRJ_000315 | UB-04 Form |
| PRJ_000316 – PRJ_000319 | EOB |
| PRJ_000320 – PRJ_000323 | EOB |
| PRJ_000324 – PRJ_000325 | PRA |
| PRJ_000326 – PRJ_000327 | PRA |
| PRJ_000328 – PRJ_000363 | Impossible Foods 2019 Benefits Guide |
| PRJ_000364 – PRJ_000369 | Correspondence from Defendant |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement this response as new and relevant information becomes available and known.

**REQUEST NO. 13**

All Documents and Communications relating to Plaintiff's use or access of the FAIR Health database or FAIR Health website (referenced in paragraph 72 of the Complaint).

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the

18

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

Plaintiff has not yet made any determinations as to testifying experts.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known.

**REQUEST NO. 17:**

All Documents concerning or reflecting any Communications with any individual whom Plaintiff intends to call to testify at trial.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

Plaintiff has not yet made any determinations as to testifying witnesses.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known.

**REQUEST NO. 18**

To the extent not requested above, all Documents upon which Plaintiff intends to rely upon to support Plaintiff's allegations regarding the Claims, including any Documents identified in Plaintiff's Initial Disclosures and any Documents to be introduced as exhibits at trial.

**PLAINTIFF DS'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

Plaintiff has not yet made any determinations as to trial exhibits.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known.

Dated: September 13, 2021                           ARNALL GOLDEN GREGORY LLP


                                                    /S/
                              By:    _____
                                            MATTHEW M. LAVIN
                                            AARON R. MODIANO

                                            *Counsel For Plaintiffs and the Putative
                                            Class*

**PLAINTIFF DS'S RESPONSES TO CIGNA HEALTH & LIFE INSURANCE CO.**
**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE CASE NO.  5:20-cv-02255-EJD**