# EXHIBIT 7

Matthew M. Lavin, Esq. (*pro hac vice*)
Aaron R. Modiano, Esq. (*pro hac vice*)
**ARNALL GOLDEN GREGORY, LLP**
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC  20006
(202) 677-4030

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; LW as the representative of her beneficiary spouse, MW; and, DS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Cigna Health and Life Insurance Company and MultiPlan, Inc.,<br><br>*Defendants.* | Case No.: 4:20-cv-02255-EJD<br><br>PLAINTIFF RJ'S RESPONSE TO DEFENDANT MULTIPLAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

RESPONDING PARTY:   Plaintiff RJ

PROPOUNDING PARTY:  Defendant MULTIPLAN

SET NUMBER:         ONE

**TO DEFENDANT MULTIPLAN AND ITS ATTORNEY OF RECORD:**

Plaintiff RJ responds as follows:

## INTRODUCTORY COMMENTS

Respondent's answers are given without prejudice to producing at the time of trial subsequently discovered information or information omitted by said responses due to good faith oversight.

In setting forth these responses, Plaintiff does not waive the attorney/client, work product, or other privilege or immunity from disclosure which might attach to information called for in, or responsive to, any request. In responding to any and all portions of any request, Plaintiff does not concede the relevance or materiality of the request or the subject matter to which the request refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

1    All questions as to competency, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof, and any subsequent proceeding in, or trial of, this action or any other proceedings;

2    The right to object to other discovery procedures involving or relating to the subject matter of the requests herein responded to, including any request for production of documents specifically identified herein; and

3    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, or documents produced or referred to herein.

## GENERAL OBJECTIONS

1    Plaintiff RJ ("Plaintiff") submits his responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time.  No response to any Request is intended to be, nor shall any response be construed as, a waiver by Plaintiff of all or any part of any objection to any Request.

2    Plaintiff's research, discovery, and preparation for trial in this matter are presently ongoing and are not yet complete.  This response reflects only the information which is presently

known to Plaintiff based upon his knowledge to date. Plaintiff anticipates that his continuing discovery and investigation may reveal information not presently known to Plaintiff, or information whose significance is not presently known to him, upon which Plaintiff may rely at trial. Accordingly, Plaintiff's responses to these Interrogatories is made without prejudice to Plaintiff's right to produce additional information at a later date and to introduce such information at the time of trial.

3   Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or any other privilege or immunity. The inadvertent production of such information shall neither constitute waiver of any privilege nor a waiver of any rights. Plaintiff may have to object to the use of any of the information in any subsequent pretrial proceedings or at trial.

4   Plaintiff objects to each Interrogatory to the extent that it is overbroad and that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5   Plaintiff objects to each Interrogatory to the extent that it is vague and ambiguous and/or creates confusion given the issues involved in this litigation.

6   Plaintiff objects to each Interrogatory to the extent that it is burdensome and oppressive and that compliance with specific requests would be unreasonably difficult and/or expensive.

7   Plaintiff objects to the entire set of Interrogatories to the extent that it seeks information equally available to the propounding party.

8   Subject to these general objections and the specific objections below, Plaintiff will provide responses indicated below in accordance with its obligations under the Federal Code of Civil Procedure.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 10**

Any and all Documents evidencing communications related to the allegations made in the Complaint.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

| | |
|---|---|
| PRJ_000005 – PRJ_000009 | Correspondence from Defendants |
| PRJ_000010 – PRJ_000027 | Correspondence from Defendants |
| PRJ_000028 – PRJ_000033 | Correspondence from Defendant |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

1    Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new
2 and relevant information becomes available and known to him.
3 **REQUEST NO. 11**
4    All Documents regarding any claims for benefits at issue in the Complaint, including all
5 Documents regarding any claims for benefits identified in response to Interrogatory No. 7 of
6 Multiplan's First Set of Interrogatories to Plaintiff RJ, as the representative of her beneficiary son,
7 SJ.
8 **RESPONSE TO REQUEST NO. 10:**
9    Plaintiff objects that the Request seeks information from third parties and information not
10 within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the
11 Request is unduly burdensome in that it seeks information already known to and in the
12 possession of the requesting party.  Plaintiff further objects to this Request to the extent it is
13 overbroad and to the extent that it seeks the production of information which is neither relevant
14 to the subject matter of this litigation nor reasonably calculated to lead to the discovery of
15 admissible evidence.  Plaintiff further objects to this Request to the extent it is duplicative of
16 previous requests.
17    Subject to the foregoing and without waiving same, Plaintiff responds:

| | |
|---|---|
| PRJ_000001 – PRJ_000004 | Invoice from Summit Estate |
| PRJ_000005 – PRJ_000009 | Correspondence from Defendants |
| PRJ_000010 – PRJ_000027 | Correspondence from Defendants |
| PRJ_000028 – PRJ_000033 | Correspondence from Defendant |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000043 – PRJ_000069 | Correspondence from Defendants |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |

      PRJ_000231 – PRJ_000288      EOBs Received by Plaintiff

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 12**

All Documents regarding the reimbursement of claims for benefits for You, SJ, other named plaintiffs, or similarly situated persons at issue in the Complaint, including any allegations regarding any reimbursement determinations, out-of-network reimbursement, "UCR" or out-of-network reimbursement, amounts, rates, fee schedules, methodologies, or other sources to calculate reimbursement of out-of-network claims.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

      PRJ_000001 – PRJ_000004      Invoice from Summit Estate

      PRJ_000005 – PRJ_000009      Correspondence from Defendants

      PRJ_000010 – PRJ_000027      Correspondence from Defendants

      PRJ_000028 – PRJ_000033      Correspondence from Defendant

      PRJ_000034 – PRJ_000042      Appeals submitted to Defendant

      PRJ_000043 – PRJ_000069      Correspondence from Defendants

      PRJ_000070                       Appeal submitted to Defendant

| | |
|---|---|
| PRJ_000071 – PRJ_000081 | Electronic PRAs |
| PRJ_000082 – PRJ_000083 | Electronic PRAs |
| PRJ_000084 – PRJ_000086 | Contemporary notes of telephone conversations |
| PRJ_000087 | Insurance card |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000096 – PRJ_000157 | Intuit SPD |
| PRJ_000158 – PRJ_000230 | Intuit Certificate of Insurance |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 13**

All Documents regarding treatments SJ, other named plaintiffs, or other similarly situated persons received for mental health and/or substance abuse, including all claims for benefits for treatment regardless of whether You contend the treatment was properly reimbursed.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

| | |
|---|---|
| PRJ_000001 – PRJ_000004 | Invoice from Summit Estate |
| PRJ_000005 – PRJ_000009 | Correspondence from Defendants |

admissible evidence.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

| | |
|---|---|
| PRJ_000001 – PRJ_000004 | Invoice from Summit Estate |
| PRJ_000034 – PRJ_000042 | Appeals submitted to Defendant |
| PRJ_000070 | Appeal submitted to Defendant |
| PRJ_000088 – PRJ_000095 | Correspondence with Defendant |
| PRJ_000231 – PRJ_000288 | EOBs Received by Plaintiff |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

Dated: September 13, 2021           Respectfully submitted,
                                    **ARNALL GOLDEN GREGORY, LLP**


                                    By: */s/ Matthew M. Lavin*
                                    Matthew M. Lavin, Esq. (*pro hac vice*)
                                    Aaron R. Modiano, Esq. (*pro hac vice*)

                                    *Attorneys for Plaintiffs and the Putative Class*

Matthew M. Lavin, Esq. (*pro hac vice*)
Aaron R. Modiano, Esq. (*pro hac vice*)
**ARNALL GOLDEN GREGORY, LLP**
1775 Pennsylvania Ave., NW
Suite 1000
Washington, DC  20006
(202) 677-4030

David M. Lilienstein, Esq. (CA SBN 218923)
Katie J. Spielman, Esq. (CA SBN 252209)
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
(415) 678-5050 / Fax (415) 358-8484

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; LW as the representative of her beneficiary spouse, DW; and, DS, an individual,<br><br>         Plaintiffs,<br><br>   v.<br><br>Cigna Health and Life Insurance Company and MultiPlan, Inc.,<br><br>         *Defendants.* | Case No.: 5:20-cv-02255-EJD<br><br>PLAINTIFF DS'S RESPONSE TO DEFENDANT MULTIPLAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

RESPONDING PARTY:     Plaintiff DS

PROPOUNDING PARTY:   Defendant MULTIPLAN

SET NUMBER:                    ONE

**TO DEFENDANT MULTIPLAN AND ITS ATTORNEY OF RECORD:**

Plaintiff DS responds as follows:

**INTRODUCTORY COMMENTS**

Respondent's answers are given without prejudice to producing at the time of trial subsequently discovered information or information omitted by said responses due to good faith oversight.

In setting forth these responses, Plaintiff does not waive the attorney/client, work product, or other privilege or immunity from disclosure which might attach to information called for in, or responsive to, any request. In responding to any and all portions of any request, Plaintiff does not concede the relevance or materiality of the request or the subject matter to which the request refers.

These responses are submitted by Plaintiff subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving:

1    All questions as to competency, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof, and any subsequent proceeding in, or trial of, this action or any other proceedings;

2    The right to object to other discovery procedures involving or relating to the subject matter of the requests herein responded to, including any request for production of documents specifically identified herein; and

3    The right at any time to revise, correct, add to, or clarify any of the responses set forth herein, or documents produced or referred to herein.

**GENERAL OBJECTIONS**

1    Plaintiff DS ("Plaintiff") submits these responses subject to all objections ordinarily available if such statements are offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time.  No response to any Request is intended to be, nor shall any response be construed as, a waiver by Plaintiff of all or any part of any objection to any Request.

2    Plaintiff's research, discovery, and preparation for trial in this matter are presently ongoing and are not yet complete.  This response reflects only the information which is presently

known to Plaintiff based upon his knowledge to date. Plaintiff anticipates that his continuing discovery and investigation may reveal information not presently known to Plaintiff, or information whose significance is not presently known to him, upon which Plaintiff may rely at trial. Accordingly, Plaintiff's responses to these Interrogatories is made without prejudice to Plaintiff's right to produce additional information at a later date and to introduce such information at the time of trial.

3   Plaintiff objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine and/or any other privilege or immunity. The inadvertent production of such information shall neither constitute waiver of any privilege nor a waiver of any rights. Plaintiff may have to object to the use of any of the information in any subsequent pretrial proceedings or at trial.

4   Plaintiff objects to each Interrogatory to the extent that it is overbroad and that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5   Plaintiff objects to each Interrogatory to the extent that it is vague and ambiguous and/or creates confusion given the issues involved in this litigation.

6   Plaintiff objects to each Interrogatory to the extent that it is burdensome and oppressive and that compliance with specific requests would be unreasonably difficult and/or expensive.

7   Plaintiff objects to the entire set of Interrogatories to the extent that it seeks information equally available to the propounding party.

8   Subject to these general objections and the specific objections below, Plaintiff will provide responses indicated below in accordance with its obligations under the Federal Code of Civil Procedure.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 9**

Any and all Communications between You, any other named plaintiffs, and similarly situated persons and Cigna, MultiPlan or Viant.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

| | |
|---|---|
| PRJ_000289 | PRA |
| PRJ_000290 – PRJ_000295 | EOB |
| PRJ_000297 – PRJ_000302 | EOB |
| PRJ_000316 – PRJ_000319 | EOB |
| PRJ_000320 – PRJ_000323 | EOB |
| PRJ_000324 – PRJ_000325 | PRA |
| PRJ_000326 – PRJ_000327 | PRA |
| PRJ_000364 – PRJ_000369 | Correspondence from Defendant |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 10**

Any and all Documents evidencing communications related to the allegations made in the Complaint.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party.  Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

| Bates | Description |
|---|---|
| PRJ_000289 | PRA |
| PRJ_000290 – PRJ_000295 | EOB |
| PRJ_000296 | UB-04 Form |
| PRJ_000297 – PRJ_000302 | EOB |
| PRJ_000303 | UB-04 Form |
| PRJ_000304 | UB-04 Form |
| PRJ_000305 | UB-04 Form |
| PRJ_000306 | UB-04 Form |
| PRJ_000307 | UB-04 Form |
| PRJ_000308 | UB-04 Form |
| PRJ_000309 | UB-04 Form |
| PRJ_000310 | UB-04 Form |
| PRJ_000311 | UB-04 Form |
| PRJ_000312 | UB-04 Form |
| PRJ_000313 | UB-04 Form |
| PRJ_000314 | UB-04 Form |
| PRJ_000315 | UB-04 Form |
| PRJ_000316 – PRJ_000319 | EOB |
| PRJ_000320 – PRJ_000323 | EOB |
| PRJ_000324 – PRJ_000325 | PRA |

|   |   |
|---|---|
| PRJ_000326 – PRJ_000327 | PRA |
| PRJ_000328 – PRJ_000363 | Impossible Foods 2019 Benefits Guide |
| PRJ_000364 – PRJ_000369 | Correspondence from Defendant |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 11**

All Documents regarding any claims for benefits at issue in the Complaint, including all Documents regarding any claims for benefits identified in response to Interrogatory No. 7 of Multiplan's First Set of Interrogatories to Plaintiff DS.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

|   |   |
|---|---|
| PRJ_000289 | PRA |
| PRJ_000290 – PRJ_000295 | EOB |
| PRJ_000296 | UB-04 Form |
| PRJ_000297 – PRJ_000302 | EOB |
| PRJ_000303 | UB-04 Form |
| PRJ_000304 | UB-04 Form |
| PRJ_000305 | UB-04 Form |

| | |
|---|---|
| PRJ_000306 | UB-04 Form |
| PRJ_000307 | UB-04 Form |
| PRJ_000308 | UB-04 Form |
| PRJ_000309 | UB-04 Form |
| PRJ_000310 | UB-04 Form |
| PRJ_000311 | UB-04 Form |
| PRJ_000312 | UB-04 Form |
| PRJ_000313 | UB-04 Form |
| PRJ_000314 | UB-04 Form |
| PRJ_000315 | UB-04 Form |
| PRJ_000316 – PRJ_000319 | EOB |
| PRJ_000320 – PRJ_000323 | EOB |
| PRJ_000324 – PRJ_000325 | PRA |
| PRJ_000326 – PRJ_000327 | PRA |
| PRJ_000328 – PRJ_000363 | Impossible Foods 2019 Benefits Guide |
| PRJ_000364 – PRJ_000369 | Correspondence from Defendant |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 12**

All Documents regarding the reimbursement of claims for benefits for You, other named plaintiffs, or similarly situated persons at issue in the Complaint, including any allegations regarding any reimbursement determinations, out-of-network reimbursement, "UCR" or out-of-network reimbursement, amounts, rates, fee schedules, methodologies, or other sources to calculate reimbursement of out-of-network claims.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

| | |
|---|---|
| PRJ_000289 | PRA |
| PRJ_000290 – PRJ_000295 | EOB |
| PRJ_000297 – PRJ_000302 | EOB |
| PRJ_000316 – PRJ_000319 | EOB |
| PRJ_000320 – PRJ_000323 | EOB |
| PRJ_000324 – PRJ_000325 | PRA |
| PRJ_000326 – PRJ_000327 | PRA |
| PRJ_000328 – PRJ_000363 | Impossible Foods 2019 Benefits Guide |
| PRJ_000364 – PRJ_000369 | Correspondence from Defendant |

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 13**

All Documents regarding treatments You, other named plaintiffs, or other similarly situated persons received for mental health and/or substance abuse, including all claims for benefits for treatment regardless of whether You contend the treatment was properly reimbursed.

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

**REQUEST NO. 29**

All Documents evidencing the residency of You, other named plaintiffs, or similarly situated plaintiffs.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects that the Request seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge. Plaintiff objects that the Request is unduly burdensome in that it seeks information already known to and in the possession of the requesting party. Plaintiff further objects to this Request to the extent it is overbroad and to the extent that it seeks the production of information which is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent it is duplicative of previous requests.

Subject to the foregoing and without waiving same, Plaintiff responds:

PRJ_000364 – PRJ_000369         Correspondence from Defendant

Plaintiff will produce all responsive, non-privileged documents in Plaintiff's possession, custody or control.

Discovery is ongoing, and Plaintiff reserves the right to supplement his response as new and relevant information becomes available and known to him.

Dated: September 13, 2021                Respectfully submitted,
                                         **ARNALL GOLDEN GREGORY, LLP**


                                         By: */s/ Matthew M. Lavin*
                                         Matthew M. Lavin, Esq. (*pro hac vice*)
                                         Aaron R. Modiano, Esq. (*pro hac vice*)

                                         *Attorneys for Plaintiffs and the Putative Class*