1

2

3

4                           UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVSION

7

8     RJ, et al.,                              Case No. 20-cv-02255-EJD   (VKD)

9                    Plaintiffs,

10           v.                                **ORDER RE JANUARY 9, 2023
                                               DISCOVERY DISPUTE RE COMMON
                                               INTEREST DOCTRINE**
11    CIGNA HEALTH AND LIFE
      INSURANCE COMPANY et al.,                Re: Dkt. No. 136
12
                     Defendants.
13

14           The parties ask the Court to resolve a dispute concerning defendants' reliance on the

15    common interest doctrine with respect to communications between defendants and counsel for

16    United Behavioral Health ("United") in *LD et al. v. United Behavioral Health et al.*, No. 20-2254.

17    Dkt. No. 136.[1]  The Court finds this dispute is suitable for resolution without oral argument.  Civil

18    L.R. 7-1(b).

19    I.     **BACKGROUND**

20           On December 15, 2022, shortly before the close of fact discovery, plaintiffs learned that

21    defendants entered into a common interest agreement with United, a defendant in the *LD* matter.

22    Dkt. No. 136 at 1.  Plaintiffs say that they immediately requested "the agreement itself, all

23    correspondence, and other documents shared between the parties."  *Id.*  Defendants have agreed to

24    produce their written "joint defense agreement" with United, but decline to produce any other

25    materials.  *Id.* at 4.

26

27  _____

28  [1] Even though the parties should have filed this discovery letter within 7 days of the fact discovery
     cutoff, the Court allows the belated submission of this dispute.  *See* Dkt. No. 133.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.     DISCUSSION

The voluntary disclosure of a privileged or protected document or information to a third party ordinarily waives that privilege or protection. *United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009); *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The "common interest" or "joint defense" doctrine is an exception to ordinary waiver rules that applies when parties represented by separate counsel communicate in confidence about a matter of common legal interest, in furtherance of that common legal interest. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012). The doctrine does not create a privilege but comes into play only if a privilege or protection already covers the material disclosed to the third party. *Id.*; *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578-79 (N.D. Cal. 2007) (describing boundaries and application of common interest doctrine).

Plaintiffs argue that the common interest doctrine does not apply because United is a non-party and does not share any legal interests in common with defendants MultiPlan and Cigna. Dkt. No. 1 at 2.  Plaintiffs focus on the differences between this action and the *LD* action, observing that "Cigna and United have their own separate counsel, and the respective cases involve different insurance plans, plan language, employers, members, reimbursement methodologies, phone calls and kickback or 'fee' programs." *Id.* at 3.  Defendants respond that they share a common legal interest in defending against the same claims by plaintiffs here and in the *LD* matter regarding Cigna's and United's use of the Viant OPR pricing data to price the intensive outpatient claims at issue in both actions.  *Id.* at 5.

The Court is persuaded that defendants and United have a common legal interest in defending against the *RJ* and *LD* plaintiffs' claims with respect to the Viant OPR pricing tool.  As defendants point out, Mr. Ralston, a former MultiPlan employee, recently supplied a declaration in the *LD* action describing serious problems with the OPR data and MultiPlan's efforts to develop local pricing for customers like Cigna and United.  *See id.* at 5; *LD*, No. 20-2254, Dkt. No. 265-5 (redacted).  Mr. Ralston repeatedly refers to MultiPlan's customers, including specifically Cigna and United, and notes that the conduct he describes "impacted all MultiPlan customers equally." *See LD,* No. 20-2254, Dkt. No. 265-5 ¶¶ 7, 12-14, 16, 19, 23-27.  Plaintiffs in this action have

indicated they may call Mr. Ralston as a witness to testify in support of their claims against defendants MultiPlan and Cigna. *See* Dkt. No. 129 at 4-5. For this reason, defendants and United do not share a mere commercial interest in the outcome of these litigations; rather, defendants persuasively argue that they have exchanged materials and communicated with United in aid of a common legal strategy with respect to the Viant OPR issue.

While defendants and United share a common legal interest with respect to at least one aspect of their respective litigations, the protections of the common interest doctrine may not extend to matters beyond that common legal interest. The parties' joint submission does not include any information that would permit the Court to determine whether any of the documents plaintiffs demand fall outside the scope of the common legal interest defendants have identified. Plaintiffs say that the Court should require defendants to "supplement their privilege logs" to identify all of the documents they contend are subject to the joint defense agreement with United and provide supporting declarations. Dkt. No. 136 at 3-4. But plaintiffs miss an important step. They are not entitled to the production of *any* documents unless the documents are within defendants' disclosure obligations under Rule 26(a) or are responsive to a document request under Rule 34. Plaintiffs do not identify any pending document requests underlying their demand for documents during Mr. Ralston's deposition. They do not even describe the subject matter of the documents they now seek. Further, to the extent defendants have already made claims of privilege or work product that plaintiffs believe are waived as a result of disclosure to United, plaintiffs point to no entries on defendants' privilege logs for which they seek supplementation or supporting declarations.

## III. CONCLUSION

On the record presented, the Court concludes that defendants have shown a common legal interest that is shared with United in the *LD* action, and plaintiffs have not shown that defendants waived privilege or work product protection for documents or communications exchanged with United outside the scope of that common legal interest.

//

//

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: January 13, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California