UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RJ, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY et al.,<br><br>            Defendants. | Case No. 20-cv-02255-EJD   (VKD)<br><br>**ORDER RE SEALING**<br>Re: Dkt. No. 130 |

The parties asked the Court to resolve a dispute concerning plaintiffs' objections to producing certain documents relating to Thomas Ralston, a former employee of defendant MultiPlan, Inc. Dkt. No. 129. The letter brief, as well as six attachments, designated Exhibits A-F, were filed provisionally under seal. Dkt. No. 130. Defendant Cigna filed an administrative motion to consider whether materials variously designated confidential by Mr. Ralston, defendant MultiPlan, or plaintiffs should be sealed. No motion by any designating party was filed. *See* Civil L.R. 79-5(f).

There is a strong presumption in favor of access by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted). However, the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

1  38 (2016).  A litigant seeking to seal documents or information in connection with such a motion
2  must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.
3  *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

4      The confidential materials at issue concern information submitted in connection with a
5  discovery dispute.  The underlying discovery dispute does not address the merits of the parties'
6  claims or defenses, and the Court therefore applies the "good cause" standard of Rule 26(c).

7      The portions of the submissions sought to be redacted from the parties' letter brief contain
8  portions of the deposition testimony of Mr. Ralston.  Dkt. No. 130-1 ¶ 5.  The attached exhibits are
9  either deposition testimony of MultiPlan employees or communication between counsel for
10 MultiPlan and counsel for Mr. Ralston.  *See* Dkt. No. 130-1.  Counsel for MultiPlan states that the
11 deposition testimony includes "confidential, proprietary information about MultiPlan's business,
12 its internal processes, and specifics of the Viant pricing methodology, the public disclosure of
13 which, especially to other customers and competitors, will cause economic harm to MultiPlan."
14 Dkt. No. 130-9 ¶ 6.  The Court agrees and finds that good cause exists to seal the designated
15 portions of the parties' letter brief and its attached exhibits.

16     A redacted version of the letter brief, reflecting the approved redactions, has already been
17 filed on the public docket.  Dkt. No. 129.  The exhibits will remain sealed in their entirety.
18 Accordingly, the Court requires no further action from the parties.

19 **IT IS SO ORDERED.**
20 Dated: January 26, 2023

*(signature)*
VIRGINIA K. DEMARCHI
United States Magistrate Judge