WILLIAM P. DONOVAN, JR. (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

JOSHUA B. SIMON (*pro hac vice*)
WARREN HASKEL (*pro hac vice*)
DMITRIY TISHYEVICH (SBN 275766)
CAROLINE INCLEDON (*pro hac vice*)
CHELSEA COSILLOS (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone: +1 212 547 5400
Facsimile: +1 212 547 5444

*Attorneys for Cigna Health and Life Insurance Company*

ERROL J. KING, JR. (*pro hac vice*)
errol.king@phelps.com
CRAIG L. CAESAR (*pro hac vice*)
craig.caesar@phelps.com
KATHERINE C. MANNINO (*pro hac vice*)
katie.mannino@phelps.com
TAYLOR J. CROUSILLAC (*pro hac vice*)
taylor.crousillac@phelps.com
BRITTANY H. ALEXANDER (*pro hac vice*)
brittany.alexander@phelps.com
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207

DENNIS B. KASS (SBN 137263)
dennis.kass@manninkass.com
ADAM D. AFSHAR (SBN 330630)
adam.afshar@manningkass.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6900
Facsimile: (415) 217-6999

*Attorneys for MultiPlan, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son, SJ; and DS, an individual, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 5:20-cv-02255-EJD<br><br>(Hon. Edward J. Davila)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE EXPERT OPINIONS AND DECLARATION OF PROFESSOR ALEXANDRA D. LAHAV**<br><br>Hearing Date: None Set |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on _____, at _____, or as soon thereafter as this matter may be heard, before the Honorable Edward J. Davila in Courtroom 4 on the Fifth Floor of the San Jose Federal District Courthouse, located at 280 South 1st Street, San Jose, California 95113, Defendants Cigna Health and Life Insurance Company ("Cigna") and MultiPlan, Inc. ("MultiPlan") (Cigna and MultiPlan are collectively referred to herein as "Defendants"), will and hereby do move this Court to exclude the expert opinions and declaration of Professor Alexandra Lahav offered on behalf of Plaintiffs RJ, *et al.* ("Plaintiffs") for purposes of the Motion for Class Certification.[1]

Defendants make this Motion pursuant to Federal Rule of Evidence 702 and the standard articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). This Motion is based on this Notice of Motion and Motion; the accompanying memorandum in support; the Declaration of Errol J. King; Defendants' Opposition to Plaintiffs' Motion for Class Certification; all evidence, records and pleadings in this action; oral argument that may be presented at the hearing of this Motion; and all other matters that the Court deems proper.

_____

                          WILLIAM P. DONOVAN, JR. (SBN 155881)
                          MCDERMOTT WILL & EMERY LLP
                          wdonovan@mwe.com
                          2049 Century Park East, Suite 3200
                          Los Angeles, CA  90067-3206
                          Telephone:     +1 310 277 4110
                          Facsimile:      +1 310 277 4730

                          and

_____

[1] Subject to the Court's preferences and availability, Defendants submit that any hearing on this Motion be set for the same time as any hearing on Plaintiff's Motion for Class Certification.

By: /s/ *Warren Haskel*
JOSHUA B. SIMON (admitted pro hac vice)
WARREN HASKEL (admitted pro hac vice)
DMITRIY TISHYEVICH (SBN 275766)
CAROLINE INCLEDON (admitted pro hac vice)
CHELSEA COSILLOS (admitted pro hac vice)
MCDERMOTT WILL & EMERY LLP
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone:    +1 212 547 5400
Facsimile:    +1 212 547 5444

*Attorneys for Defendant Cigna Health and Life Insurance Company*

and

By; /s/ *Errol J. King, Jr.*
Errol J. King, Jr. (admitted pro hac vice)
Katie C. Mannino (admitted pro hac vice)
Taylor J. Crousillac (admitted pro hac vice)
Brittany H. Alexander (admitted pro hac vice)
Phelps Dunbar LLP
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

and

Craig L. Caesar (admitted pro hac vice)
Phelps Dunbar LLP
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 584-9272
Fax: (504) 568-9130

and

Dennis B. Kass (SBN 137263)
Manning & Kass, Ellrod, Ramirez, Trester LLP
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

and

1
2   Adam D. Afshar (SBN 330630)
    Manning & Kass, Ellrod, Ramirez, Trester LLP
3   One California Street, Suite 900
    San Francisco, CA 94111
4   Telephone: (415) 217-6900
    Facsimile: (415) 217-6999
5
    *Attorneys for Defendant MultiPlan, Inc.*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Cigna Health and Life Insurance Company ("Cigna") and MultiPlan, Inc. ("MultiPlan") (Cigna and MultiPlan are collectively referred to herein as "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Exclude the Expert Opinions and Declaration of Alexandra D. Lahav, which was filed by Plaintiffs RJ, *et al.* ("Plaintiffs") in connection with their Motion for Class Certification.

## BACKGROUND

Along with their Motion for Class Certification, Plaintiffs submitted the declaration of Alexandra Lahav, a law professor and claimed expert on "class actions and aggregate litigation." *See* Pls.' Ex. 24, ECF 148-24, Declaration of Professor Alexandra D. Lahav Relating to Class Certification ¶ 1. Professor Lahav's declaration confirms she was retained "to provide [her] expert opinion on whether a class should be certified in this case" and purports to apply Rule 23 and related jurisprudence to the alleged facts of the matter, ultimately concluding that certification of an ERISA and RICO class is appropriate. Pls.' Ex. 24 ¶¶ 1-2. It is axiomatic that this declaration is, and any testimony provided in connection with it would be, improper because it invades the province of the Court.

Professor Lahav has tried this gambit before and failed. Counsel for Plaintiffs in this case also retained Professor Lahav to opine on whether class certification was appropriate in the related case, *LD, et al. v. United Behavioral Health, et al.*, 4:20-cv-2254 (N.D. Cal.). There, Judge Yvonne Gonzalez Rogers concluded that Professor Lahav had essentially submitted a second brief in support of class certification that was rife with legal opinions and ordered that her opinions be excluded. *Id.* at ECF 286;[2] *see also LD* Jan. 27, 2023 Class Cert. & Mot. To Exclude Hrg. at 37 ("It is not an

---

[2] ECF 286, the Civil Minutes from the January 27, 2023 motions hearing in *LD*, are included as Exhibit 1 to the Declaration of Errol J. King, which is attached hereto as Exhibit A.

expert opinion to tell me my job").[3] Here, Professor Lahav has submitted a substantially similar declaration and used the same methodology as she did in *LD*. Thus, like in *LD*, her declaration should be excluded, and she should not be allowed to provide any testimony in this case.

## **LAW AND ANALYSIS**

The Court should exclude Professor Lahav's declaration because it consists solely of inadmissible legal opinions. While Rule 702 provides for the admission of expert testimony to assist the trier of fact in understanding the evidence or to determine a fact in issue, "matters of law for the court's determination" are "inappropriate subjects for expert testimony." *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). "The principle that legal opinion evidence concerning the law is inadmissible is 'so well-established that it is often deemed a basic premise or assumption of evidence law -- a kind of axiomatic principle.'" *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) (quoting *In re Initial Public Offering Sec. Litigation*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001)). "Accordingly, federal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Id.* (collecting cases).

It is obvious that Professor Lahav's declaration is essentially a second brief in support of class certification. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 n.13 (N.D. Cal. 1999) (characterizing a law professor's declaration as a disguised *amicus curiae* brief). Notably, Professor Lahav considers herself an expert on class actions and civil procedure, not on healthcare law, ERISA, or RICO. *See* Deposition of Professor Alexandra Lahav ("Lahav Depo."), p. 20.[4] The majority of her declaration is an analysis of Rule 23 and its various requirements, along with

---

[3] Cited excerpts from the January 27, 2023 motions hearing in *LD* are included as Exhibit 2 to the Declaration of Errol J. King.

[4] Cited excerpts from the Lahav Depo. are included as Exhibit 3 to the Declaration of Errol J. King.

-6-  Case No. 4:20-CV-02255-EJD
DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE THE EXPERT
OPINIONS AND DECLARATION OF PROFESSOR ALEXANDRA D. LAHAV

PD.41538047.1

citations and quotations from Supreme Court and Ninth Circuit caselaw. *See* Pls.' Ex. 24 ¶¶ 25-66. For example, Professor Lahav opines that Plaintiffs' "ERISA and RICO claims easily meet [Rule 23(a)'s commonality] requirement," as well as its typicality, numerosity and adequacy tests. *Id.* ¶¶ 36-45. Professor Lahav also embarks to analyze the legal implications of Plaintiffs' class definition and Article III standing. *Id.* ¶¶ 29-35. Then, Professor Lahav turns to analyzing whether Plaintiffs meet Rule 23(b)'s various categories of requirements. *Id.* ¶¶ 46-66. Finally, Professor Lahav tops off her legal analysis with her legal conclusion that class certification is appropriate here. *Id.* ¶¶ 1-2. All along the way, Professor Lahav sets forth case law and legal standards, and purports to engage in an analysis as to how those legal principles apply to this case.

This is no different than what attorneys are tasked with in their legal briefing to the Court. Her declaration is replete with legal arguments and conclusions, and admittedly serves to usurp the Court's role in deciding Plaintiffs' motion. *See* Pls.' Ex. 24 ¶ 1 (stating that she is providing an "expert opinion on whether a class should be certified in this case"); Lahav Depo., p. 17 ("I render an opinion about whether a class can be certified."). The declaration is nothing more than an impermissible legal opinion and should be excluded.

In *Romero v. Allstate Ins. Co.*, 52 F. Supp. 3d 715, 723 (E.D. Pa. 2014), for example, the court struck a law professor's declaration on class certification issues, noting that it was "nothing more than a legal opinion":

> Professor Redish's Declaration can either be considered an additional brief in support of Allstate's Opposition to the Motion for Class Certification—one not authorized by Court rules—or a proposed judicial opinion. While the Court acknowledges that Professor Redish likely possesses both a fine grasp of these legal issues and an awareness that Rule 23 concerns present several unique challenges to jurists, the Court is specifically charged with conducting its own individual analysis of the issues. Were his Declaration to be given weight as an "expert" opinion, the Court would essentially be abdicating its duties and permitting Professor Redish to usurp the Court's role as the legal expert.

The same result should follow here. Professor Lahav's declaration does not elucidate the facts; it endeavors to provide instruction on the applicable law and then reaches conclusions reserved for the Court. *See, e.g.*, Pls.' Ex. 24 ¶ 24 ("class certification is appropriate"); ¶ 32 ("the named plaintiffs

have standing because . . ."); ¶ 45 ("the implicit requirements of Rule 23(a) are met here"); ¶ 62 ("common issues predominate substantially over any individual issues"). Professor Lahav even opines as to what the Court is "legally permitted" to do in deciding Plaintiffs' motion. *Id.*, ¶ 3 (opining that the Court "is legally permitted to draw inferences as to the similarity of the plaintiff class" based on sample claims); *see also* ¶ 39 ("it is permissible for the court to infer . . ."). Again, because this is wholly inappropriate, the Court should find that her declaration is inadmissible.

Professor Lahav submitted a substantially similar "expert" declaration—claiming class certification was appropriate based on her application of Rule 23—in support of the motion for class certification filed by plaintiffs in the related case, *LD, et al. v. United Behavioral Health, et al.*[5] In that case, Judge Gonzalez Rogers excluded Professor Lahav's opinions, concluding that they were impermissible legal opinions.[6] *See* ECF 286, *LD, et al. v. United Behavioral Health, et al.*, 4:20-cv-

---

[5] *See* Exhibit 4 to the Declaration of Errol J. King, *LD* Deposition of Alexandra Lahav, 2022 WL 18401837 (N.D. Cal.), pp. 117-118 ("Q. [Y]ou are opining at some level that you think the class action rules as applied to this case and what you understand the facts to be, a class action is certifiable. Right? . . . [A.] So, yeah, but it's -- I would say that it's -- where I think I really add a lot of value to a situation like this is the explanation. And because it's complicated, it's sometimes useful to just have a really clear explanation of, you know, what are the sticky issues; what are the, you know, arguments. Can you do X or Y under the existing law? And that's where I try to help . . .").

[6] As Judge Gonzalez Rogers explained at the hearing on the motion to exclude Professor Lahav's declaration, Professor Lahav's "entire report is all about how I must grant class certification because she's done the analysis and she thinks it's appropriate." Ex. 1 at 37. However, "It is entirely inappropriate to provide a law professor or a lawyer -- any lawyer's declaration or claim to be expert opinion on a motion before the court. You want to hire that professor to write your brief, hire the

2254 (N.D. Cal.). Professor Lahav admitted to applying the same methodology in *LD* as she applied to her declaration in this matter. Lahav Depo., pp. 15, 17-18. Just as in *LD*, the declaration before this Court plainly constitutes an impermissible legal opinion and should be excluded from consideration. *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 835 (C.D. Cal. 2010), *aff'd sub nom. Gable v. Nat'l Broad. Co.*, 438 F. App'x 587 (9th Cir. 2011) (excluding an expert report because it contained legal conclusions, as such opinions "invade the province of the judge"); *Pinal Creek*, 352 F. Supp. 2d at 1044 (excluding professor's expert testimony and report where the "report offer[ed] nothing other than a discussion of the law and an application of the law"); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1247 (N.D. Cal. 2000) (striking three declarations from law professors because they addressed questions of law).

## CONCLUSION

Professor Lahav's declaration should be rejected because it impermissibly "invade[s] the province of the judge" and, as a practical matter, circumvents the Court's page limitations on legal briefing. *Gable*, 727 F. Supp. 2d at 835. Her opinions are not the proper subject of expert testimony and should be excluded in their entirety.

DATED: March 27, 2023

____

WILLIAM P. DONOVAN, JR. (SBN 155881)
MCDERMOTT WILL & EMERY LLP
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:     +1 310 277 4110
Facsimile:      +1 310 277 4730

and

---

professor to write your brief. It is -- frankly I don't know what lawyers are thinking when they do this. It is not an expert opinion to tell me my job." *Id.* at 36-37.

|   |   |
|---|---|
| 1 |   |
| 2 | By: __/s/ Warren Haskel_____<br>JOSHUA B. SIMON (admitted pro hac vice)<br>WARREN HASKEL (admitted pro hac vice) |
| 3 | DMITRIY TISHYEVICH (SBN 275766)<br>CAROLINE INCLEDON (admitted pro hac vice) |
| 4 | CHELSEA COSILLOS (admitted pro hac vice)<br>MCDERMOTT WILL & EMERY LLP |
| 5 | jsimon@mwe.com<br>whaskel@mwe.com |
| 6 | dtishyevich@mwe.com<br>cincledon@mwe.com |
| 7 | ccosillos@mwe.com<br>One Vanderbilt Avenue |
| 8 | New York, NY 10017<br>Telephone:    +1 212 547 5400 |
| 9 | Facsimile:    +1 212 547 5444 |
| 10 | Attorneys for Defendant *Cigna Health and Life Insurance Company* |
| 11 |   |
| 12 | and |
| 13 | By: __/s/ *Errol J. King, Jr.*_____<br>Errol J. King, Jr. (admitted pro hac vice) |
| 14 | Katie C. Mannino (admitted pro hac vice)<br>Taylor J. Crousillac (admitted pro hac vice) |
| 15 | Brittany H. Alexander (admitted pro hac vice)<br>Phelps Dunbar LLP |
| 16 | II City Plaza<br>400 Convention Street, Suite 1100 |
| 17 | Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207 |
| 18 | Fax: (225) 381-9197 |
| 19 | and |
| 20 | Craig L. Caesar (admitted pro hac vice)<br>Phelps Dunbar LLP |
| 21 | 365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130 |
| 22 | Telephone: (504) 584-9272<br>Fax: (504) 568-9130 |
| 23 | and |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

Dennis B. Kass (SBN 137263)
Manning & Kass, Ellrod, Ramirez, Trester LLP
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Adam D. Afshar (SBN 330630)
Manning & Kass, Ellrod, Ramirez, Trester LLP
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6900
Facsimile: (415) 217-6999

Attorneys for Defendant *MultiPlan, Inc*.