# EXHIBIT 1

# Filed Redacted/Under Seal



Research and Planning Consultants, LP

# RESPONSE TO THE REPORTS OF DRS. MAY AND BAKER AND THE DECLARATION OF SEAN CRANDELL

May 16, 2023

Prepared By:

Ron Luke, JD, PhD

Brian Piper, PhD



# Table of Contents

INTRODUCTION.................................................................................................................1

BILLING A FACILITY FEE OR ALL-INCLUSIVE PER DIEM CHARGE ............................3

AN ALTERNATIVE DATABASE FOR VIANT OPR .............................................5

CALCULATING PATIENT RESPONSIBILITY FOR CLASS MEMBERS ...........................14

USE OF VIANT OPR BY PLANS USING MRC1 AND MRC2.................................16

RELEVANCE OF WHETHER CLASS MEMBERS WERE BALANCE BILLED...................18

DAMAGES MODELS USING VIANT OPR METHODS AND ACTUAL CIGNA CLAIMS

DATA ................................................................................................................18

    First Damages Model...............................................................................................19

    Second Damages Model.......................................................................................... 20

# Attachments

Attachment 1                *Curricula Vitae* and Testimony Lists

Attachment 2                Documents Reviewed

Attachment 3                Documents from MultiPlan Inc.

Attachment 4                Tables

**RPC**

## INTRODUCTION

Research & Planning Consultants, LP (RPC), was asked by Matt Lavin and Aaron Modiano with the law firm of Arnall Golden Gregory, LLP, to address questions relevant to class certification in the current federal litigation *RJ as the Representative of her Beneficiary Son, SJ; LW as the Representative of Her Beneficiary Spouse, MW; and DS, an Individual, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, vs. Cigna Health & Life Insurance Company and MultiPlan Inc., Defendants*.[1] CIGNA is a health insurer and third-party administrator that decided the allowed amount for all disputed claims. MultiPlan is a medical bill review firm that recommended allowed amounts to CIGNA for the disputed claims based on its Viant software.

2.    On January 16, 2023, RPC filed its report, "Analysis of Underpayment of HCPCS Code H0015 by CIGNA" (the "January RPC Report").[2] In response, the defendants filed two declarations and an expert report:

- "Declaration of Sean Crandell," dated March 22, 2023 (the "Crandell Report")[3]

- "Declaration of Sean M. May, PhD," dated March 27, 2023 (the "May Report")[4]

- "Expert Report of Dr. Laurence Baker," dated March 27, 2023 (the "Baker Report")[5]

This report is RPC's response to those reports. In responding, RPC uses some documents from the defendants we received after January 16, 2023.

3.    This report was prepared by Ron Luke, JD, PhD, and Brian Piper, PhD, assisted by other RPC consultants working under their direction and supervision. Attachment 1 is their

---

[1] *RJ et al. v. Cigna et al.*, Case 5:20-cv-02255-EJD, First Amended Class Action Complaint, April 30, 2021.
[2] Ron Luke and Brian Piper, Research and Planning Consultants, LP, "Analysis of Underpayment of HCPCS Code H0015 by Cigna, *RJ, et al. v. Cigna Health and Life Ins. Co., et al.*, Case No. 5:20-cv-02255-EJD (N.D. Cal.)," January 16, 2023.
[3] Sean Crandell, "Declaration of Sean Crandell in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification," March 22, 2023. (Hereafter cited as "Declaration of Sean Crandell.")
[4] Sean M. May, "Declaration of Sean M. May, PhD," March 27, 2023 (Case 5:20-cv-02255-EJD).
[5] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023 (Case 5:20-cv-02255-EJD).



*curricula vitae*, testimony lists for the past four years, and publication lists. Their qualifications are further presented in paragraphs 4 through 9 of the January RPC Report. RPC is paid for its services based on hourly rates of $450 for Dr. Luke and $375 for Dr. Piper. Hourly rates for other RPC staff range from $100 to $375. Payment for RPC's services is not contingent on the outcome of this litigation. Neither RPC nor its consultants have any financial interest in the outcome of this litigation. The opinions in this report are offered with reasonable certainty, based on the information RPC had as of the date of this report. RPC reserves the right to supplement this report if we receive more information.

4.      Attachment 2 supplements Attachment 2 to the January RPC Report by listing the additional documents RPC reviewed in preparing this report. Attachment 3 is the MultiPlan Inc. document defining the local areas used by Viant OPR and a suite of maps showing their boundaries. Attachment 4 contains tables too large to insert in the text of this report.

5.      Addressing some issues raised by Drs. Baker and May about the damages model requires information the defendants possess but have not produced to the plaintiffs. RPC thinks it has adequately addressed those issues as they pertain to class certification. RPC understands there will be more discovery during the merits phase of the litigation when plaintiffs could obtain this information. In these circumstances, RPC will explain the information needed to ascertain an answer, how the information would be used, and how the defendants can produce the information with reasonable effort.

6.      Drs. May and Baker and Mr. Crandell discuss many of the same topics. To avoid redundancy, we organize this report by topic. The main topics are:

- Billing a Facility Fee or All-Inclusive Per Diem Charge
- An Alternative Database for Viant OPR
- Calculating Patient Responsibility for Class Members
- Use of Viant OPR by Plans Using MRC1 and MRC2
- Relevance of Whether Class Members Were Balance Billed
- Damages Models using Actual CIGNA Claims Data



7.      We do not intend in this report to respond to all statements and opinions in the May Report, the Baker Report, and the Crandall declaration. The absence of an explicit response in this report does not mean we agree with them or concede any points. We focus on those points we understand relate to class certification, and we reserve other arguments for the merits phase of the litigation.

**BILLING A FACILITY FEE OR ALL-INCLUSIVE PER DIEM CHARGE**

8.      HCPCS Code H0015 is defined as "alcohol and/or drug services; intensive outpatient (treatment program that operates at least 3 hours/day and at least 3 days/week and is based on an individualized treatment plan), including assessment, counseling; crisis intervention, and activity therapies or education." It can be billed as an all-inclusive per diem charge, and this is how many payors tell non-hospital IOP programs to bill. However, some payors instruct hospital-based IOP programs to bill H0015 as a facility fee only and to bill the professional services separately.

9.      RPC understands CIGNA directs IOP providers to bill H0015 as an all-inclusive per diem. That means the charge for H0015 includes all facility, professional, ancillary, and other services rendered to the member at the site. This is similar to the direction other commercial health plans, such as Blue Cross Blue Shield plans, give providers.[6]

---

[6] Blue Cross Blue Shield of North Carolina has a Commercial Reimbursement Policy for partial hospitalization and intensive outpatient programs that states: "Only one (1) unit of PHP (on a facility claim) or IOP (on a facility or professional claim), is allowed per date of service as these services are defined as per diem. PHP and IOP services are mutually exclusive on the same date of service. IOP is allowed on facility or professional claims as a per diem and includes all facility, professional, ancillary, and other services rendered to the member at the site. See Blue Cross Blue Shield of North Carolina, "Commercial Reimbursement Policy," https://www.bluecrossnc.com/sites/default/files/document/attachment/services/public/pdfs/medicalpolicy/partial_hospitalization_intensive_outpatient_programs.pdf, accessed May 11, 2023. Blue Cross Blue Shield of Wyoming states: "This is a per diem code and should only have one unit billed per day. Please do not bill date ranges for this code. Bill one unit per day, per line on your claim. BCBSWY requests that H0015 be billed on a CMS 1 500 form or 837P electronic claims only. Other group sessions outside of the IOP services billed on the same day will be denied as included in." See Blue Cross Blue Shield Wyoming, "Billing Guidance Update: Intensive Outpatient," https://www.bcbswy.com/Provider updates/billing-guidance-update-intensive-outpatient, accessed May 11, 2023. The TRICARE program publishes billing guidance for partial hospital programs that may apply to IOP programs as well. Freestanding programs and OPPS exempt hospital-based programs are told to bill a per diem charge and told, "Professional provider services furnished by clinical social workers, occupational therapists and alcohol and addiction counselors are included in the PHP per diem payment whether the providers are employed or contracted by the PHP." By contrast, TRICARE tells

**RPC**

10.     CIGNA's billing directions to bill H0015 as an all-inclusive fee are the opposite of how MultiPlan and Viant OPR interpret H0015. Mr. Crandell makes clear in his declaration that Viant OPR assumes all billing for H0015 by hospital-based or freestanding programs is only for a facility fee and that all professional services required for IOP are billed separately on a different claim form:



11.     He further makes clear the Viant OPR logic does not distinguish different types of facilities. Therefore, the software does not distinguish a freestanding IOP program that bills an all-inclusive per diem from a program that submits one claim for a facility fee and another claim for professional services.

> *Additionally, the Viant OPR database, the source data for which is the CMS Outpatient SAF database, is used to determine recommended reimbursements for claims involving the same outpatient services, whether they are submitted by hospitals, CMHCs, or standalone behavioral health treatment facilities, such as Summit Estate, which I understand was the provider for the Plaintiffs in this case. The Viant OPR methodology does not alter the amount of its recommendation based upon the type of facility at which services were performed. The identity of a given facility also does not factor into the pricing recommendation calculated by Viant OPR.[8]*

hospital-based OPPS PHPs, which are most hospitals in the OPHSAF data, "Additionally, TRICARE states physicians, clinical psychologists, clinical nurse specialists, nurse practitioners and physician assistants must bill separately for their professional services delivered in an OPPS hospital-based PHP." See Tricare, "Partial Hospitalization Program Claims Tips," https://www.tricare_west.com/content/hnfs/home/tw/prov/claims/billing_tips/PHP_Claim_Tips.html, accessed May 8, 2023.
[7] Sean Crandell "Declaration of Sean Crandell," March 22, 2023, paragraphs 15–16.
[8] Sean Crandell, "Declaration of Sean Crandell," March 22, 2023, paragraph 21.

12.     It also appears Viant OPR will ignore any professional services a hospital may have billed on separate lines on the same claim as a charge for H0015. Mr. Crandell states:



13.     Because there are two ways to bill for IOP services using H0015, and because Viant OPR does not distinguish which billing method it is evaluating for any facility claim, it assumes it is evaluating a bill for a facility fee only and bases its recommendation on an unreasonably low percentile value if the IOP program is billing an all-inclusive per diem charge. Only 1% of the disputed claims are from hospitals that bill H0015 as a facility fee. The large majority of the disputed claims are from non-hospital programs that are more likely to bill H0015 as an all-inclusive per diem charge with no professional services billed separately.

14.     RPC examined the claims in OPHSAF (CMS Outpatient Hospital Standard Analytical File) for 2021 with a claim line for H0015 or RCC0906 to see whether there were other behavioral services on the same claim. Of the 170 claims, 33 had additional charges for behavioral health services. For those claims, the charges for other codes averaged $3,322.85 per claim. Some claims were for multiple dates of service. Viant OPR ignored all these charges in setting the percentile values for H0015 claims. Only one OPHSAF claim billed H0015 at over $1,000 per unit, with no charges for other codes. This shows almost none of the providers in the OPHSAF were billing H0015 as an all-inclusive code.

**AN ALTERNATIVE DATABASE FOR VIANT OPR**

15.     While RPC discussed methodological alternatives for some parts of UCR analysis in the January RPC Report, we did not opine the alternatives Viant OPR adopted are unreasonable. More than one methodological alternative can be reasonable. In this report, we adopt the methodological alternatives Viant OPR used, unless otherwise noted. However, in our opinion, Viant OPR's use of the CMS OPHSAF to calculate percentile values for H0015 or

---

[9] Sean Crandell, "Declaration of Sean Crandell," March 22, 2023, paragraph 42, footnote 6.



████ was unreasonable for the reasons stated in the January RPC Report. The reasonable alternative is to use all CIGNA claims data for H0015 from all providers.

16.    Dr. May asserts in his declaration[10] RPC did not define an alternative to the Viant OPR database and did not provide answers to several methodological issues necessary to use alternative data to calculate UCR values to replace the UCR values based on the OPHSAF Viant used. He lists these issues in paragraph 18:

> *The issues that RPC has enumerated in other contexts include: (1) whether to calculate nationwide percentiles or percentiles at the local level, and how to define local geographies; (2) whether to calculate percentiles of provider-level or transaction-level data; (3) what time period of transaction data to consider when calculating percentiles; and (4) whether to require a minimum number of transactions, charges, or other data points in order to calculate percentiles for a given service or geography over a certain time period.*

RPC clearly did define the CIGNA claims data as an alternative to the Viant OPR database. We will address each issue below and show that CIGNA claims data are a feasible and superior alternative to the OPHSAF for calculating reasonable UCR values.

**(1) whether to calculate nationwide percentiles or percentiles at the local level, and how to define local geographies**

17.    The CIGNA claims data identified the providers sufficiently for RPC to determine each provider's zip code. Viant OPR defines local areas it calls "MSAs," for which it calculates UCR values if there are sufficient observations. MultiPlan uses "MSA" as an internal term of art and not with the same meaning as the federal government. MultiPlan combines slightly more than ██ geozips into ██ MSAs, some of which cover most or all of a state.

18.    Since we authored the January RPC Report, we have become aware of how MultiPlan defines local areas. We can now calculate percentile values for all local areas for which we have sufficient observations. We note Viant OPR did not assign some zip codes to any local

---

[10] Sean M. May, "Declaration of Sean M. May, PhD," March 27, 2023, paragraphs 17, 18, and 125–131.


area. Attachment 3 has maps of all Viant OPR local areas. Attachment 4 has percentile values for Viant OPR local areas, for states, and for the nation.

### (2) whether to calculate percentiles of provider-level or transaction-level data

19.     Viant OPR calculated percentile values for "transaction-level" data. This means calculating percentile values using claim lines, even if all claim lines in a local area were from the same provider. RPC applied the same method to the available CIGNA claims data.

### (3) what time period of transaction data to consider when calculating percentiles

20.     Viant OPR purchases the CMS OPHSAF yearly.[11] The annual data file has all Medicare fee-for-service claims for a calendar year. The file is usually available in the fourth quarter of the year after the data year; e.g., the file with 2016 claims data was available for purchase in the fourth quarter of 2017.

21.     To adjust for the time lag, Viant applies ███████████████████████ █████ from the US Bureau of Labor Statistics to bring the data to ████████████ after receipt of the file; e.g., the inflation from June 2016 to December 2018. Viant OPR makes a further inflation adjustment for claims with dates of service █████ or later each year by applying the inflation factor for ██████████████; e.g., ██████████████████████.[12]

22.     RPC applied the same method to the CIGNA claims data. Because there is less of a time lag in CIGNA receiving claims data, Viant could have used more recent data had it used claims data instead of OPHSAF data. However, we will use the same method as Viant OPR.

### (4) whether to require a minimum number of transactions, charges, or other data points in order to calculate percentiles for a given service or geography over a certain time period

---

[11] "Viant Facility U&C Review: Outpatient Review (OPR) Module," September 2018 (CIG_RJ00003668–676 at 669).
[12] Sean Crandell, "Declaration of Sean Crandell," March 22, 2023.

**RPC**

23.     We had not received information in January on how many observations Viant OPR requires to calculate a percentile value for a local area. Mr. Crandell provided this information in his March 2023 declaration:



[13]

24.     RPC applied the same method to the CIGNA claims data. We were able to calculate percentile values at the local level for 99.9% of the claim lines in the disputed claims. The table below shows by year the number of claim lines for which we could and could not compute percentile values at the local level. For claim lines in local areas for which we had fewer than nine observations, we calculated the percentile values at the state or national level.

**Number of Observations from Cigna H0015 Claims Data for Viant Local Areas**

| Data Source | Number of Obs. | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | Total |
|---|---|---|---|---|---|---|---|---|
| Cigna Claims Data | fewer than 9 | 42 | 36 | 44 | 56 | 50 | 18 | 246 |
| Cigna Claims Data | 9 or more | 67,233 | 86,524 | 88,907 | 76,006 | 32,962 | 10,107 | 361,739 |

25.     Dr. Baker raises several objections to using CIGNA claims data instead of the OPHSAF.[14] He raises hypothetical objections but does no analysis to confirm or deny the reality or significance of his objections. The relevant comparison is whether the OPHSAF or CIGNA claims data are the best available data from which to compute percentile values. Some of his

---

[13] Sean Crandell, "Declaration of Sean Crandell," March 22, 2023, paragraph 34.
[14] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraphs 132–137.



objections compare the CIGNA claims data to a nonexistent hypothetical database and not to the OPHSAF:



26.     The RPC calculations of national percentile values in the January RPC Report used all the available CIGNA claims data. We excluded no data we had. Those data were limited to out-of-network providers. Dr. Baker presented no evidence the absence of network providers from the data materially changes the percentile values computed using the available CIGNA data. If it does, CIGNA can provide all claims data for H0015 for the relevant dates of service, regardless of the provider's network status.

27.     A further criticism by Dr. Baker appears at the end of paragraph 133:  [16] CIGNA did not produce claims data for network providers, so RPC could not have performed that analysis. As the defendant's expert, Dr. Baker presumably had access to all CIGNA claims data for H0015 for network providers and OON providers. He could have determined whether including claims from network providers would materially change the percentile values using CIGNA claims data, but he did not.

28.     Dr. Baker continues:

[17]

---

[15] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraph 133.
[16] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraph 133.
[17] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraph 134.



29.     Dr. Baker overlooks the fact that the OPHSAF data used by Viant OPR also comes from one payor (Medicare fee-for-service) and is subject to the same objection. As discussed in paragraphs 17–24 of the January RPC Report, the OPHSAF is not an accurate representation of the full spectrum of providers in the marketplace, for several reasons. There, the OPHSAF has only 15 to 28 providers with claims for H0015 or RC0906 in any year, or 64 different providers for the entire time period. The CIGNA data have claims from 1,971 different providers. The OPHSAF only has claims from certain types of providers and excludes most non-hospital IOP providers. Since Medicare does not pay for H0015, IOP providers who served Medicare patients may not have billed Medicare, so there is no claim for those services in the OPHSAF.

30.     Most of the disputed claim lines were from non-hospital providers. This pattern is consistent for all CIGNA claims across the entire time period. Hospitals account for about 1% of the disputed claim lines. Non-hospital IOP providers account for about 99% of the disputed claim lines.

**Cigna Claim Lines by Facility Type for Disputed Claims**

| Facility Type | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | Total |
|---|---|---|---|---|---|---|---|
| Non-Hospital | 66,252 | 86,126 | 87,529 | 75,617 | 32,629 | 9,964 | **358,117** |
| Hospital | 1,023 | 434 | 1,422 | 445 | 383 | 161 | **3,868** |
| Total | 67,275 | 86,560 | 88,951 | 76,062 | 33,012 | 10,125 | **361,985** |

31.     The two tables below from paragraphs 39 and 40 of the January RPC Report show that, even limiting the CIGNA claims data to out-of-network providers, the CIGNA claims data give a more accurate representation of the full spectrum of providers in the marketplace than the OPHSAF data since they have a larger number of providers and observations. The representation would be improved if CIGNA produced claims data for all IOP providers, regardless of network status.



**Number of Unique Providers, Unique Claims, and
Observations for H0015 or RC0906 from CIGNA Claims Data**

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | Any Year |
|---|---|---|---|---|---|---|---|
| **Unique Providers** | 860 | 965 | 969 | 872 | 592 | 248 | **1,971** |
| **Unique Claims** | 25,454 | 36,051 | 44,763 | 39,983 | 19,111 | 6,107 | **171,467** |
| **Observations** | 67,275 | 86,560 | 88,950 | 76,063 | 33,012 | 10,125 | **361,985** |

**Number of Unique Providers, Unique Claims, and
Observations for H0015 or 0906 from OPHSAF**

|  | 2016 | 2017 | 2018 | 2019 | 2020 | Any Year |
|---|---|---|---|---|---|---|
| **Unique Providers** | 21 | 15 | 25 | 24 | 28 | **64** |
| **Unique Claims** | 268 | 192 | 138 | 127 | 126 | **851** |
| **Observations** | 590 | 494 | 500 | 593 | 492 | **2,669** |

32.     Dr. Baker then states:



33.     Dr. Baker gave no opinions on Viant OPR's methods. He does not opine that Viant OPR's methods are unreasonable or unreliable.[19] RPC did not say in our report or deposition testimony Viant OPR's method of calculating percentile values is unreasonable or unreliable, only that the use of the OPHSAF data to calculate percentile values for H0015 is

---

[18] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraph 137.
[19] Deposition of Dr. Laurence Baker, April 18, 2023, Case 5:20-cv-02255-EJD, p. 142.



unreasonable and unreliable. Dr. Piper described RPC's preferred method but did not say that was the only reasonable method. RPC agrees there are generally accepted publications of percentile values that use transaction-level data instead of provider-level data. For the local area percentile values RPC computes based on the Viant assumptions but using the CIGNA data, there are always at least ▮ observations.

34.     Mr. Crandell makes other objections to using CIGNA claims data to calculate percentile values for H0015. It is CIGNA's responsibility to assure the allowed amount is reasonable and has a reasonable basis. Both MultiPlan and CIGNA concluded there was insufficient data in OPHSAF to determine percentile values for H0015 at ▮▮▮▮. MultiPlan's solution to the problem was to substitute percentile values for ▮▮▮, which includes no CPT codes of the three-hour duration required for IOP services. It was an arbitrary and unreasonable choice.

35.     Mr. Crandell opines that using CIGNA claims data could have introduced a "▮▮" or "▮▮▮▮▮▮▮" that could "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮"[20] Recall the OPHSAF consists of actual claims sent to Medicare. The CIGNA claims data are actual claims data sent to CIGNA. The CIGNA claims data are from a much larger and more representative set of providers than the Medicare claims data. Most of the H0015 claims in the CIGNA claims data are from types of providers not included in the OPHSAF data. CIGNA does not control which IOP providers file claims, so where is the bias so long as all claims CIGNA receives for IOP services are included in the calculation of percentile values? The volume of IOP claims received and the large number of providers prevent any single provider from skewing the result. MultiPlan introduced bias in the percentile values for IOP by using a database without a reasonable number of observations and without a reasonable representation of the types of providers actually filing claims for IOP services.

36.     Mr. Crandell does not explain how using actual CIGNA claims data creates a conflict of interest for CIGNA or MultiPlan. He also does not explain how using more reasonable

---

[20] Sean Crandell, "Declaration of Sean Crandell," March 22, 2023, paragraph 66.



and representative data to calculate percentile values for IOP services would endanger MultiPlan's integrity or brand. Insisting on relying on the OPHSAF database when both MultiPlan's and CIGNA's claims data showed it was producing unreasonable percentile values for H0015 does not show integrity by either company. RPC is unaware of any legal, ethical, or common-sense reason CIGNA or MultiPlan had to base percentile values for H0015 on the OPHSAF data. Basing percentile values on ███████ made no sense once the duration of the codes bundled into the APC were compared with the definition of H0015.

37.    Here the choice is using transaction-level data from the OPHSAF or from CIGNA claims. RPC was able to calculate percentile values for local areas for 99.9% of the disputed claim lines. Thus, the percentile values calculated using the available CIGNA claims data are as granular, or localized, as the percentile values calculated for ███████ using the OPHSAF data, and far better than the national percentile values Viant OPR used for ██████████████ code. The best alternative is to use the CIGNA claims data for all providers as the more accurate representation of the full spectrum of IOP providers in the marketplace.

38.    As already stated in paragraphs 25–32 of the January RPC Report, the use of ███████ as a replacement for H0015 is unreasonable because the services bundled into ██████ are not comparable to H0015. The Medicare allowed amount for ██████ does not reasonably represent the practitioner services required to provide IOP services.

39.    In the January RPC Report, we calculated national percentile values using the CIGNA claims data. With the additional information we now have on Viant OPR's definition of local areas and minimum observations, we calculated percentile values for local areas and states for each year. Figure 4-1 shows the 80th percentile values for H0015 for the Viant OPR MSAs. Figure 4-2 shows the 80th percentile values for H0015 for the states and the United States. We also have values for other percentiles. These tables show CIGNA claims data meet all reasonable requirements as an alternative database to the OPHSAF data Viant OPR used to calculate percentile values for H0015. This is true when the data are only for out-of-network providers and is even more so if CIGNA produces claims data for charges for H0015 for all providers, regardless of network status.

**RPC**

## CALCULATING PATIENT RESPONSIBILITY FOR CLASS MEMBERS

40.    Drs. Baker and May both argue that any damages model must include a calculation of the model's impact on the patient responsibility for each member of the class. RPC understands this is a disputed legal question. If the Defendants believe they are entitled to an offset related to patient responsibility, they can provide the information discussed below, and RPC will incorporate it into the damages model.

41.    Dr. Baker argues:



42.    He goes on to say:



43.    Dr. May makes similar arguments in his declaration. He says:

*Calculating how much participants with MRC1 benefit cap transactions would have paid under Plaintiff's presumed approach involves, among other things, developing an alternative to the Viant OPR database of charge percentiles; calculating what participants would have paid in coinsurance and deductibles using an alternative database; imputing whether participants would have met their deductibles or out-of-pocket maximums using an alternative database; and determining whether participants were balance billed by their providers. But Plaintiffs' experts do not address any of these considerations in their report. In addition, among transactions what were adjudicated at plans' MRC1 benefit caps, variation in plan language (including changes in language over time or variation in language across plans), the method used by MultiPlan to calculate the percentiles in the Viant OPR database, the availability of alternative databases*

---

[21] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraph 82.
[22] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraph 101.



*of charge percentiles (e.g. FAIR Health), or the language used on explanation of benefits forms received by plan participants may require different analyses.*[23]

44.    None of the disputed claims are ones where CIGNA set the allowed amount at the maximum reasonable charge for MRC1 or MRC2 plans. Changing the allowed amounts for the disputed claims would, for some class members, change the patient responsibility amount for that claim. Any change in the patient responsibility amount depends on the plan provisions CIGNA programmed into its claims-adjudication software and on other covered expenses for that patient in the plan year. The defendants have not produced this information. They can provide the information electronically for RPC to analyze. We are not asking CIGNA to recalculate any claims. With proper information, RPC can make all necessary calculations.

45.    To divide the allowed amount between plan responsibility and patient responsibility, claims-adjudication software must have for each beneficiary for each plan year:

- Deductible
- Copayment after deductible met
- Maximum out-of-pocket patient expense
- How expenses for out-of-network providers apply to each factor above
- Covered expenses by date of service and date incurred

46.    CIGNA has data on its individual members' deductibles, copays, coinsurance rates, out-of-pocket maximums, and policies about whether out-of-network care applies to out-of-pocket maximums. Once this data is produced in discovery, RPC can perform the calculations for each potential class member for each disputed claim. We can compute whether patients reached their out-of-pocket maximum for the plan year based on earlier expenses when the IOP services were billed, or based on total covered expenses other than the IOP services at the end of the plan year.

---

[23] Sean M. May, "Declaration of Sean M. May, PhD," March 27, 2023, paragraph 15.



47.     Dr. May[24] and Dr. Baker[25] assert, in certain circumstances, a higher allowed amount may mean a patient has a higher patient responsibility and could be economically disadvantaged if the Plaintiffs prevail. Whether this assertion is true or false depends on how several legal questions are decided, and RPC offers no economic opinions, pending decisions on the legal questions. However, there is reason to believe few or no class members would see an increase in their patient responsibility amount because most plans have a maximum out-of-pocket patient expense the class members may have already met for the plan year when their claims occurred. We further note each class member can opt in or opt out of the class, and class members can avoid any possible economic disadvantage by opting out.

**USE OF VIANT OPR BY PLANS USING MRC1 AND MRC2**

48.     RPC understands all the CIGNA-administered plans in this litigation have a maximum reasonable charge. However, we understand the initial Explanation of Benefits for H0015 claims had a lower "cost containment" amount that used a percentile value much lower than the 80th percentile. The disputed claims do not include those where the final allowed amount was the maximum reasonable charge calculated by CIGNA and MPI using the OPHSAF data.

49.     In RPC's opinion, whether a plan used MRC1 or MRC2 pricing does not pose a barrier to class certification for the disputed claims. CIGNA and MultiPlan can produce data identifying whether each disputed claim was from a plan using MRC1 or MRC2 pricing. We can calculate the maximum allowed amount for UCR80 percentile values for MRC1 claims and for MRC2 claims using CIGNA claims data.

50.     There appears to be agreement that the maximum reasonable charge for patients in plans that used MRC1 pricing should be calculated as the 80th percentile UCR value.[26] RPC

---

[24] Sean M. May, "Declaration of Sean M. May, PhD," March 27, 2023, paragraphs 28–32.
[25] Laurence Baker, "Expert Report of Dr. Laurence Baker," March 27, 2023, paragraphs 88 and 95.
[26] CIGNA's published policy until at least June 30, 2022, was to set the maximum reasonable charge for out-of-network services at the 70th or 80th percentile value. See "Disclaimer," Cigna, https://my.cigna.com/public/legal_disclaimer.html, accessed June 30, 2022, as cited in Exhibit 2 to the deposition of Ronald Thomas Luke, JD,



disagrees with Viant OPR's use of the OPHSAF database to calculate the maximum reasonable charge. Drs. May and Baker did not opine whether use of the OPHSAF database was reasonable for this purpose.

51.    RPC disagrees that a multiple of the Medicare allowed amount for APC ▇▇ is a reasonable basis to calculate the maximum allowed amount for IOP services for patients in plans that used MRC2 pricing. The relevant CIGNA document reads:

> *In some cases, a Medicare based schedule will not be used and the Maximum Reimbursable Charge for covered services is determined based on the lesser of:*
>
> - *the provider's normal charge for a similar service or supply; or*
> - *the 80th percentile of charges made by providers of such service or supply in the geographic area where it is received as compiled in a database selected by Cigna. If sufficient charge data is unavailable in the database for that geographic area to determine the Maximum Reimbursable Charge, then data in the database for similar services may be used.[27]*

52.    RPC understands, for claims from MRC2 plans, CIGNA calculated the maximum allowed amount for H0015 as a multiple of the Medicare facility fee schedule for APC ▇▇ (▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇), which is covered by Medicare. For CY2022, the standard per diem payment for a hospital-based ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇ is $265.97. For ▇▇▇▇▇▇▇▇▇▇▇ programs in community mental health centers (APC ▇▇), the per diem payment rate is $142.70. It is unreasonable to use these rates for a half-day or full-day program inclusive of facility and professional fees for IOP programs as are at issue in this litigation.

53.    The Medicare rates for a hospital-based program are only for the facility fee and assume all professional services are billed separately. For a freestanding partial hospital program billing an all-inclusive per diem, the hospital rates are unreasonable. RPC made a similar analysis against the substitution of APC ▇▇ for H0015 in the January RPC Report. Because the APC rates are not inclusive of professional fees, they are not a similar service and should not be used,

PhD, March 17, 2023. Exhibit 2 is the RPC whitepaper "Determining Usual, Customary, And Reasonable Charges for Healthcare Services," July 1, 2022.
[27] CIG_RJ00000577–646, at 633–634.



except for hospital-based programs where practitioner services are billed separately. For freestanding programs billing an all-inclusive per diem charge, CIGNA's policy should require it to use 80th percentile values for MRC2 plans. Therefore, there is no reason claims for IOP services from MRC2 plans cannot be in the same class as claims from MRC1 plans.

**RELEVANCE OF WHETHER CLASS MEMBERS WERE BALANCE BILLED**

54.     Drs. May and Baker devote considerable attention to whether class members were injured if they were not balance billed. The answer to this question depends on the causes of action asserted by the plaintiffs and on the court's ruling on several legal questions RPC understands are yet to be made. Plaintiffs can identify all patients who were balance billed through the tools and mechanisms available to them during the class notice period. This sort of contact with actual or potential class members is common in securities class actions, and there is no practical reason it cannot be made in this litigation.

**DAMAGES MODELS USING VIANT OPR METHODS AND ACTUAL CIGNA CLAIMS DATA**

55.     Drs. May and Baker assert RPC did not present a damages model in the January RPC Report. We did not because we assumed the damages analysis would come during the merits phase of the litigation, after the defendants supplied the missing data identified in the January RPC Report and in this report. We now have sufficient information for two damages models based on direction from the Plaintiffs' counsel, additional documents, and information provided by a witness who has testified in this case.[28] We present them in this report to the extent the available data permit:

- The first damages model addresses the difference in benefits between CIGNA's final allowed amount for each disputed claim and the allowed amount based on the CIGNA claims database and the 80th percentile value.

- The second damages model addresses the additional revenue to CIGNA and MultiPlan from setting the "cost containment" allowed amount unreasonably

---

[28] Sean Crandell, "Declaration of Sean Crandell," March 22, 2023.



low by using the OPHSAF database and a low percentile. RPC understands CIGNA and MultiPlan collected ██% of the difference between billed charges and the allowed amount.

First Damages Model

56.     This damages model assumes the patient is entitled to receive the lesser of the provider's billed charges or the maximum allowed amount calculated as the 80th percentile UCR value using the CIGNA database and is then responsible for paying the provider. This damages model assumes the patient is economically injured, whether or not balance billed. RPC has prepared an EXCEL workbook with the data and calculations for each disputed claim. For each disputed claim, we have calculated the allowed amount at the 80th percentile based on the CIGNA claims data, and we calculated the difference from the allowed amount based on Viant OPR. Only claims paid at the initial Viant OPR allowed amount and at less than the benefits cap were included in the calculation of damages.

57.     For all disputed claims, we have assumed the UCR80 allowed amount based on the CIGNA claims data, plus other medical expenses in the plan year, would have exceeded the maximum out-of-pocket amount for each patient. Thus, we assumed no increase in the patient responsibility amount. Once we receive the data on each patient identified above, we will calculate any change in the patient responsibility amount for each disputed claim.

58.     The table below shows annual totals for disputed claims for the UCR80 allowed amount, using Viant OPR methods with the available CIGNA claims database. The next column shows the allowed amount calculated by CIGNA and MultiPlan using Viant OPR and the OPHSAF data. The final column shows the difference and is the measure of damages. The total damages with the first damages model are $607,542,247.41.



### Damages Model 1

| Year | Viant-Based Total Allowed Amounts | UCR 80-Based Total Allowed Amounts | Damages |
|------|-----------------------------------|------------------------------------|---------|
| 2016 | $14,661,309.83 | $107,056,247.00 | $92,394,937.17 |
| 2017 | $15,084,791.68 | $141,692,870.58 | $126,608,078.90 |
| 2018 | $15,640,491.03 | $164,172,591.60 | $148,532,100.57 |
| 2019 | $18,500,635.08 | $151,393,553.80 | $132,892,918.72 |
| 2020 | $7,984,793.97 | $80,096,752.84 | $72,111,958.87 |
| 2021 | $3,181,862.11 | $38,184,115.29 | $35,002,253.18 |
| **Total** | $75,053,883.70 | $682,596,131.11 | $607,542,247.41 |

<u>Second Damages Model</u>

59.    The second damages model assumes CIGNA and MultiPlan wrongfully enriched themselves by setting the allowed amount unreasonably low to collect a "cost containment fee." This fee was set at ██% of the difference between billed charges and the allowed amount.[29] The damages are ██% of the difference between the allowed amount on the disputed claims calculated using Viant OPR and the OPHSAF data and the allowed amount on the disputed claims calculated using Viant OPR and the CIGNA claims data.

60.    The table below repeats the columns from the first damages model without change. The new column shows ██% of the previous column for each year. The total damages with the second damages model are $212,639,786.59.

---

[29] Deposition of Keith Jones, December 15, 2022, CASE NO. 5:20-cv-02255-EJD, p. 117.



### Damages Model 2

| Year | Viant-Based Total Allowed Amounts | UCR 80-Based Total Allowed Amounts | Difference | Damages |
|---|---|---|---|---|
| 2016 | $14,661,309.83 | $107,056,247.00 | $92,394,937.17 | $32,338,228.01 |
| 2017 | $15,084,791.68 | $141,692,870.58 | $126,608,078.90 | $44,312,827.62 |
| 2018 | $15,640,491.03 | $164,172,591.60 | $148,532,100.57 | $51,986,235.20 |
| 2019 | $18,500,635.08 | $151,393,553.80 | $132,892,918.72 | $46,512,521.55 |
| 2020 | $7,984,793.97 | $80,096,752.84 | $72,111,958.87 | $25,239,185.60 |
| 2021 | $3,181,862.11 | $38,184,115.29 | $35,002,253.18 | $12,250,788.61 |
| Total | $75,053,883.70 | $682,596,131.11 | $607,542,247.41 | $212,639,786.59 |

61.      In conclusion, RPC does not find Drs. May and Baker have advanced any valid arguments why the patients who received the disputed claims cannot be treated as a class for damage calculations. All disputed claims were repriced using Viant OPR at less than the benefit cap. The maximum reasonable charge, or benefit cap, for all disputed claims was calculated unreasonably using 80th percentile values calculated from the OPHSAF database or using an inapplicable Medicare rate.

For the firm,

Ron Luke, JD PhD

Brian Piper, PhD

# Attachment 1

# Ronald T. Luke, J.D., Ph.D.

<u>**EDUCATION**</u>



Harvard University, Kennedy School of Government
Doctor of Philosophy in Public Policy, 1975

The University of Texas at Austin, School of Law
Doctor of Jurisprudence, 1974

Harvard University, Kennedy School of Government
Master of Public Policy, 1972
National Science Foundation Fellow in Economics
1970 - 1972

Harvard University
Bachelor of Arts in Social Studies, Magna cum Laude, 1970
Phi Beta Kappa, 1970

<u>**PROFESSIONAL EXPERIENCE**</u>

RESEARCH & PLANNING CONSULTANTS, L.P. (RPC), Austin, Texas
President (1979 - Present); Vice President of Operations (1976 - 1979)

Dr. Luke has developed RPC as an inter-disciplinary firm providing economic, financial, and public policy studies. As President and owner, he supervises RPC's professional staff and maintains high standards for the firm's work products.

He has been accepted as an expert in economics, socioeconomic impact analysis, and policy analysis by state and federal courts, and state administrative agencies. The types of cases in which he has provided expert testimony include personal injury, contractual disputes, health care payment disputes, construction defects, utility construction permitting, and certificate of need. He has testified on health care matters including market structure, billing fraud and abuse, reasonableness of charges, medical staff credentialing, workers' compensation fee guidelines, utilization review, physician contracts, and managed care contracts.

He was an original member, and later chairman, of the Texas Department of Insurance's Utilization Review Advisory Committee. Governor George W. Bush appointed him as an original member of the Texas Health Care Information Council, where he had a major role in the development of the Texas hospital discharge data system. Governor Rick Perry appointed him to the Texas Health and Human Services Council, which oversees the Medicaid and CHIP programs. He has served as an advisor to committees of the Texas Legislature on health insurance mandates and major revisions to the Workers' Compensation Act. Governor Perry appointed him to the Board of the Texas Institute for Health Care Quality and Efficiency. He is also a Director of the Texas Association of Business where he chairs TAB's Health Policy Committee.

FORTE, INC., Austin, Texas President
(1986 - 2005)

Dr. Luke has almost two decades of experience in medical bill review and utilization review. In 1986, he established Forté to provide health cost management services, with special attention to workers' compensation medical care. In June 2005, Forté was sold to a national insurance broker. Forté provides medical bill review and utilization review services nationwide and case management services in Texas. Forté's clients are insurers and self-insured employers.

GULF COAST REGIONAL MENTAL HEALTH MENTAL RETARDATION CENTER, Galveston, Texas
Director of Administrative Services (1974 - 1976)

While preparing his dissertation, Dr. Luke was a consultant to the Gulf Coast Regional Mental Health and Mental Retardation Center on the development of alternatives to state institutions. After completing his degrees, he became Director of Administrative Services for the Center with responsibility for planning, financial management, and management information systems.

## PAST AND CURRENT AFFILIATIONS

- Texas Institute for Health Care Quality and Efficiency, Board of Directors,
- State Bar of Texas
- American Bar Association
- National Health Lawyers Association
- National Association of Forensic Economists
- Medical Group Management Association
- Texas Health Care Information Council, Member and Committee Chair
- Austin-Travis County Mental Health Mental Retardation Center, Board of Directors
- Samaritan Counseling Center, Board of Directors
- Easter Seals Central Texas, Officer and Director
- Texas Department of Insurance, Utilization Review Advisory Committee, Member and Chair
- Texas Business Group on Health, Board of Directors
- Texas Association of Business, Board of Directors, Chair Health Policy Committee
- Texas Health and Human Services Council, Member
- Texas Health and Human Services Commission, Integrated Care Management Advisory Committee, Vice Chair
- Texas Health Care Services Integrity Partnership, Chair
- American Bar Foundation, Life Fellow
- The College of the State Bar of Texas, Member
- Capitol Area Council, BSA, Board of Directors
- Harvard Club of Austin, Officer and Director

## TEACHING IN HIGHER EDUCATION

Dr. Luke taught courses on public finance and policy analysis utilizing health care case studies at University of Texas at Austin Business School (1978) and University of Houston at Clear Lake City (1975).

| | | Testimony List of Ronald T. Luke, J.D., Ph.D. 2018 – Current Date | | |
|---|---|---|---|---|
| **Testimony Date** | **Deposition Date** | **Client** | **Style of Case** | **Jurisdiction** |
| | February 27, 2018 | Mr. Matt Baumgartner Graves Dougherty Hearon & Moody | Air Evac EMS, Inc. vs. Texas Commissioner of Insurance et al. and Texas Mutual Insurance Company et al. | Civil Action No. 1:16-cv-00060-SS; In the United States District Court for the Western District of Texas, Austin Division |
| | March 14, 2018 | Mr. Andrew Tuegel Harrison Davis Steakley Morrison Jones, P.C. | Roy Bonner, II vs. Corey Nichols and SI Parker Management, LLC | Cause No. 198308; In the 58th Judicial District Court of Jefferson County, Texas |
| June 19, 2018 | | Mr. Carey B. McRae Bradley Arant Boult Cummings, LLP | Bay Eyes Surgery Center, Inc. Baldwin County, Alabama | Project No. AL2018-005; Before the State Health Planning and Development Agency |
| August 27, 2018 | | Ms. Kim Harvey Looney Waller Lansden Dortch & Davis, LLP | In Re: Baptist Memorial-Memphis and In Re: Saint Francis Hospital-Bartlett, Inc. | Docket No. 25.00-144364J, CON No. 1702-004D, CON No. 1705-018; Before the Tennessee Health Services and Development Agency |
| | December 7, 2018 | Mr. Chris Parker Peterson Farris Byrd & Parker, P.C. (DEF) | Jose Perez Naz, et al v. Rocking T, Inc., et al. | Cause No. 105762-B; In the 181st Judicial District Court, Potter County, Texas |
| | May 10, 2019 | Mr. Reid A. Cocalis Tripp Scott | Anesco North Broward, LLC. V. Aetna Health, Inc., Aetna Life Insurance Company, Coventry Health and Life Insurance Company, Coventry Health Care of Florida, Inc., Coventry Health Plan of Florida, Inc., First Health Life and Health Insurance Company. | Case No. CACE16-004643(07); In the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida |
| | August 15-16, 2019 | Ms. Denise M. Gunter Nelson Mullins Riley & Scarborough LLP | The Charlotte-Mecklenburg Hospital Authority D/B/A Carolinas Rehabilitation V. N.C. Department of Health and Human Services, Division of Health Service Regulation, Healthcare Planning and Certificate of Need Section and The Presbyterian Hospital and Novant Health, Inc. | In the Office of Administrative Hearings 19 DHR 01743, Mecklenburg County, North Carolina |
| September 24, 2019 | | Ms. Lenora W. Pate Sirote & Permutt, P.C. | Huntsville Surgery Center, LLC d/b/a Laser Eye Surgery Center Application for Certificate of Need to develop and operate a new single specialty ambulatory surgery center in Huntsville, Alabama | Project No. AL2019-008; Before the State Health Planning and Development Agency of the State of Alabama; ALJ Contested Case Proceeding, ALJ Mark Waggoner, Esq. |
| November 1, 2019 | | Mr. Russell Hollenbeck Wright & Close LLP | Lois M. Davis v. Fort Bend County | Cause No. 4:12-cv-00131; In the U.S. District Court for the Southern District of Texas |
| | December 19, 2019 | Brennwyn Romano Greenberg Traurig, LLP | ACS Primary Care Physicians Southwest, PA, and Emergency Services of Texas, PA v. Molina Healthcare, Inc. and Molina Healthcare of Texas, Inc. | Cause No. 2017-77084; In the 113th Judicial District Court of Harris County, Texas |
| October 16 & 19, 2020 | August 26-27, 2020 | Ms. Denise M. Gunter Nelson Mullins Riley & Scarborough, LLP | The Charlotte-Mecklenburg Hospital Authority D/B/A Atrium Health Lake Norman v. N.C. Department of Health and Human Services, Division of Health Service Regulation, Healthcare Planning and Certificate of Need Section and The Presbyterian Medical Care Corporation and Novant Health, Inc. | In the Office of Administrative Hearings 20 DHR 1836, Mecklenburg County, North Carolina |

| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
|---|---|---|---|---|
| | September 4, 2020 | Mr. Ian Ross Stumphauzer Foslid Sloman Ross & Kolaya | Anesco North Broward, LLC vs. Aetna Health Inc., Aetna Life Insurance Company, Coventry Health and Life Insurance Company, Coventry Health Care of Florida, Inc., Coventry Health Plan of Florida, Inc., and First Health Life and Health Insurance Company, Meritain Health, Inc. | Case No. CACE 16-004643(07); In the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida |
| March 31 & April26, 2021 | | James E. Stidham | 2LR Healthcare Holding, LLC d/b/a Heart and Vascular Institute of Alabama. Montgomery County, Alabama Ambulatory Surgery Center | Before the State Health Planning and Development Agency of the State of Alabama SHPDA Project AL2020-050 |
| September 15, 2021 | | James E. Stidham | HVIA Application. 2LR Healthcare Holdings, LLC d/b/a Heart & Vascular Institute of Alabama. | Project No. AL2020-050. Before The State Health Planning and Development Agency - Alabama. |
| September 28, 2021 | | Charles Kannebecker, Esquire (DEF) | Karen Sibalich and Margaret Owens, individually, and as Class representatives on behalf of others similarly situation, and Spine Sugery Associates and Ambuatory Surgical Center of Somerset, individually and as class representatives on behalf of others similarly situated, Plaintiffs V. Nationwide Insurance Company Defendant. | Docket No. SSX-L-000124-18. Superior Court of New Jersey Law Division - Civil Part Sussex County. |
| January 21, 2022 | | Mr. Scott Miller Sturgill Turner Barker& Moloney PLLC | Case Number HSAHB CON 20-026: City of Prestonsburg Ambulance Service CON Number 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(1) | Commonwealth of Kentucky, Division of Administrative Hearings, Health Services Administrative Hearing Branch |
| July 29, 2022 | June 01, 2022 | Dr. Russell Hilliard AccentCare, Inc. | Case No. 22-0272CON. Affinity Care of Palm Beach, LLC, Petitioner, v Palm Beach Hospice by Morselife and Agency for Health Care Administration. | State Of Florida. Division Of Administrative Hearings. |
| | June 14, 2022 | | | |
| | March 17, 2023 | Mr. Matt Lavin Arnall Golden Gregory, LLP (PL) | RJ, as the representative of her beneficiary son, and on behalf of all others similarly situated vs. Cigna Behavioral Health, Inc., a Minnesota Corporation and VIANT, INC., a Nevada corporation | Case No. 5:20-cv-02255-EJD. In the United States District Court Northern District of California |

**Testimony List of Ronald T. Luke, J.D., Ph.D.**
**2018 – Current Date**

**Published Articles by Ron Luke, J.D., Ph.D.**

- "Hospital Pricing, Is a Reality Check in Order?" HealthLeaders, April 20, 2007, Coauthored with Eben Fetters, FACHE

- "Making Primary Care More Accessible," HealthLeaders, April 4, 2007, Coauthored with Eben Fetters, FACHE

- "Retail-Based Clinics: Passing Fad or Here to Stay?" HealthLeaders, February 7, 2007, Coauthored with Eben Fetters, FACHE

- "Managing Uncompensated Care While Improving Health Status," HealthLeaders, January 11, 2007, Coauthored with Eben Fetters, FACHE

- "Primary Care Networks: A Must-Have Strategy for Hospitals in Response to Physician Shortages," HealthLeaders, November 30, 2006, Coauthored with Eben Fetters, FACHE

- "Enhancing Margins by collecting Co-pays and Deductibles," HealthLeaders, October 11, 2006, Coauthored with Eben Fetters, FACHE

- "Discussion of "Forecasting Urban Water Use: The IWR-MAIN Model," by Ben Dziegielewski and John J. Boland," Lee Wilson and Ron Luke, Water Resources Bulletin, American Water Resources Association, Vol. 26, No. 3, June 1990

- "Managing Community Acceptance of Major Industrial Facilities," Coastal Zone Management Journal, February 1980

- "Case Study of a Refinery Sited in Louisiana," in Refining the Waterfront: Alternative Energy Facility Siting Policies for Urban Coastal Areas, David Morel and Grace Singer, eds. (Cambridge, MA: Oelgeschlager, Gunn & Hain, Inc., 1980)

- "Case Study of a Petrochemical Plant Site in Texas," in Refining the Waterfront: Alternative Energy Facility Siting Policies for Urban Coastal Areas

- "Energy Facility Siting on the Gulf Coast: a Policy Perspective," in Refining the Waterfront: Alternative Energy Facility Siting Policies for Urban Coastal Areas

- A Maine Manifest, Tower Publishing Company, Portland, 1972

- Preparation of "A Non-Industrial Future for the Maine Coast," for the Governor's Task Force on Industry on the Maine Coast, 1972

- "An Analysis of the Costs and Benefits of Oil Refinery Development on the Maine Coast," Maine Times, Bath, 1971

November 2, 2010

# Brian Piper, Ph.D.



## **EDUCATION**

University of Oklahoma
Doctor of Philosophy in Economics, 2012

University of Oklahoma
Masters in Economics, 2010

University of Oklahoma
Bachelor of Science in Mathematics, 2007
Bachelor of Arts in Economics, 2007

## **CERTIFICATIONS AND SOFTWARE PROFICIENCY**

- ARC GIS Level I certification
- Matlab Proficient
- STATA Proficient
- Trained in SQL querying
- RATS Proficient
- Gretl Proficient

## **EXPERT SERVICES**

Dr. Piper is an experienced expert, providing testimony, reports, and affidavits on the issues of economic damages in personal injury litigation, healthcare litigation, False Claims Act litigation, and other commercial litigation. He has testified on behalf of plaintiffs and defendants.  Dr. Piper specializes in the economics of healthcare.  He has been retained by healthcare providers and insurers in payment disputes.  He has analyzed the reasonableness of charges and expected payment for past and future medical services for providers, insurers, plaintiffs, and defendants.  Besides work in litigation, Dr. Piper has provided analysis of Certificate of Need applications and the economic impacts of proposed legislation.

## **PROFESSIONAL EXPERIENCE**

RESEARCH & PLANNING CONSULTANTS, L.P. (RPC), Austin, Texas
Senior Consultant (July 2015 – Present)
Provide expert testimony, analysis, affidavits, and reports addressing:

- Loss of earning capacity
- Loss of support in wrongful death cases
- Loss of household services
- Present value calculations of life care plans
- Reasonableness of charges for healthcare
- §18.001 Controverting affidavits
- Payment disputes between medical providers and insurers
- Business interruption damages
- Lost profit damages
- *Qui Tam* and False Claims Act damages
- Wrongful termination damages
- Other commercial damages



**BRIAN PIPER, Ph.D.**

EmployStats, Economic Consultant,  April 2015-July 2015
- o   Analyze data in wage and hour class action suits

Sam Houston State University, Assistant Professor,  Fall 2012-July 2015
- o   Introductory Macroeconomics
- o   Intermediate Macroeconomics
- o   Introduction to Economics for Non-Majors
- o   Independent Study in Econometrics and Research

University of Oklahoma, Graduate Assistant, Adjunct Professor, Fall 2009-Fall 2012
- o   Introductory Macroeconomics
- o   Introductory Microeconomics
- o   Intermediate Macroeconomics
- o   Intermediate Microeconomics
- o   Econometrics II (2nd year graduate level course)

Oklahoma City University, Adjunct Professor, Fall 2009
- o   Graduate Essential Concepts in Statistics

## PEER-REVIEWED JOURNAL PUBLICATIONS

- "Strategic Fiscal Interdependence: County and Municipal Adoptions of Local Option Sales Taxes," (2012).  National Tax Journal, 65(2). (with Greg Burge)

- "A Production Function Examination of the Aggregate Effects of Nutrition," (2014). Journal of Macroeconomics, 40.

- "Predicting the Total Economic Impacts of Invasive Species: The case of *B. rubostriata* (red streaked leafhopper)," (2016). Ecological Economics, 128. (with Lirong Liu)

- "Identity, Patronage, and Redistribution: Economic Inequality in Bolivia under Evo Morales," (2018). Journal of Economics, Race, and Policy, 1(1). (with Beatriz Maldonado-Bird, Dan Hicks, and Alejandra Goytia-Rios)

- "Calculating Social Security Benefits in Lost Earnings and Loss of Earning Capacity Analyses," 2019. The Forecast: A Newsletter of the National Association of Forensic Economics. 33(3). (With Mary Hoane) (Editorial Review, not Peer Review)

## HONORS & AWARDS

- SHSU Faculty Summer Research Grant, 2014

- A.J. Kondonassis Fellowship in Growth and Development Economics, 2010

- Barry M. Moriarty Graduate Student Paper Competition Winner, Southern Regional Science Association, 2009

## PRESENTATIONS

- "What Causes Changes in the Rates of Local Option Sales Taxes? Models of Initial Implementation and of Subsequent Changes", Southern Regional Science Association annual conference, San Antonio, TX, April 2009

- "A Production Function Examination of the Aggregate Effects of Nutrition", Southern



**BRIAN PIPER, Ph.D.**

Economic Association annual conference, Atlanta, GA, November 2010

- "Factor-Specific Productivity", Southern Economic Association annual conference, Washington, DC, November 2011

- "Uncertainty is Depressing", Academy of Economics and Finance annual conference, Mobile, Alabama, February 2013

- "The Economic Impacts of Invasive Species", Annual meeting on Aquatic Invasive Species in the Southeast, Raleigh, NC, October 2013

- "Estimating the Economic Impacts of Invasive Species: The case of the Red-Streaked Leafhopper", Texas Invasive Plant & Pest Conference, Port Aransas, Texas, February 2014

- "Uncertainty is Depressing," Public Choice annual conference, Charleston, South Carolina, March 2014

- "Making Undergraduate Research Work in the College of Business", SHSU annual teaching conference, August 2014

- "Section 18.001 Affidavits and Counter Affidavits: Changes in the Law and Recent Court Decisions", State Bar of Texas CLE Webcast, October 2019 (with Ron Luke and Chris Elliott)

- "Medical Expenses in Texas Personal Injury Cases: Recent Developments", State Bar of Texas CLE Webcast, November 2021 (with Ron Luke, Pete Schenkkan, Hailey Suggs, and James Hemphill)

## Testimony List of Brian Piper, Ph.D.
## 2016 - 2023

| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
|---|---|---|---|---|
| | June 3, 2016 | Ms. Allison J. Maynard Wilson Elser Moskowitz Edelman & Dicker LLP (DEF) | Roy Martin v. Ursviken, Inc. | Cause No. 141-269524-13; In the 141st District Court of Tarrant County, Texas |
| | July 13, 2016 | Mr. Alan Powers Simpson Boyd Powers and Williamson (PL) | Lisamarie Antonicelli v. Infrastructure Corporation of America et al. | Cause No. DC-13-05900; In the 298th Judicial District, Dallas County, Texas |
| | October 4, 2016 | Mr. O. Paul Dunagan Sarles & Ouimet (DEF) | Justin Avery v. Charley's Concrete Co., Ltd, Gustavo Ortega, and CCHC, LLC | Dispute Solutions, Inc., Case Number 10012 |
| | November 4, 2016 | Mr. Omar Ochoa Susman Godfrey, L.L.P. (PL) | United States of America and the State of Texas, ex rel. Keith Waldmann and Adan Ponce v. McAllen Medical Center et al. | Civil Action No. 7:13-cv-495(M); In the United States District Court for the Northern District of Texas, McAllen Division |
| | January 6, 2017 | | | |
| | December 12, 2016 | Mr. John Webb Webb Law Firm (PL) | Ramon Arizmendi vs. Nash Lawn and Landscape and Guillermo Paz | Cause No. 2015-12719; In the 151st Judicial District, Harris County, Texas |
| | January 16, 2017 | Mr. Terry Rhoads Cotton Bledsoe (DEF) | Nicholas Byrne et al. v. Pro Petro Services Inc. | Cause No. A-16-04-0355-CV; In the 70th District Court of Ector County, Texas |
| | February 9, 2017 | Mr. Rafe Taylor Johnson, Trent, West & Taylor, L.L.P. (DEF) | Joshua J. Below, et. al. v. Yokohama Tire Corporation, et. al. | Case No. 15CV1859; In the United States District Court, Western District of Wisconsin |
| May 5, 2017 | February 16, 2017 | Mr. Jim Hart Williams Kherkher (PL) | Carl Perkins, Alex Sackey-el, and Kim Sackey-El v. Maxim Crane Works, L.P. and Lane Averett | Cause No. 2015-24741; In the 11th Judicial District Court of Harris County, Texas |
| | May 11, 2017 | Mr. Justin Smith Sloan, Hatcher, Perry, Runge, Roberston & Smith (PL) | David Bartoo v. Panda Restaurant Group, Inc., Panda Express, Inc., Panda Express (TX), L.L.C., Andres Cherng, Peggy Cherng, Tom David, John F. Theuer, R. Michael Wilkinson, and Jerry Chan | Cause No. 2015-1034-CCL2; In the 2nd County Court at Law, Gregg County, Texas |
| | June 8, 2017 | Mr. Darrell G. Adkerson Adkerson, Hauder & Bezney (PL) | Sheldon Mitchell V. Arkansas State Highway and Transportation Department | Claim No. 14-0673-CC; Before the Arkansas State Claims Commission of the State of Arkansas |
| | July 11, 2017 | Mr. Darren Grant Grant & Flanery P.C. (PL) | Johnny Brindley v. City of Tyler and Tammy Arnold Grant | Cause No. 16-0770-C; In the 241st Judicial District Court, Smith County, Texas |
| | March 7, 2018 | Ms. Greta Fischer Childs Bishop & White P.C. (PL) | Saydie Chay Smith v. Sunset Well Services, Inc. and Edward Gomez | Cause No. A-16-11-1094-CV; In the 70th Judicial District Court Ector County, Texas |
| March 27, 2018 | | Mr. Mark Rayburn Crowson Law Group (PL) | Ruth E. Hankins vs. James Eule, MD; Orthopedic Physicians Anchorage, Inc. | Case No. 3AN-16-10380CI; In the Superior Court for the State of Alaska, 3rd Judicial District of Anchorage |
| | April 4, 2018 | Mr. Ronald L. Bair Bair Hilty, P.C. (PL) | Jose Rodriguez, Jr. and Yesenia Rodriguez, as next friends of Andrea Rodriguez, a minor v. Erik Sloman-Moll, MD, et al | Cause No. 2016CVT002738D3; In the 341st Judicial District Court, Webb County, Texas |
| | April 30, 2018 | Mr. Lansford O. Ireson Ireson & Weizel, PLLC (DEF) | Rebhi "Robert" Hamdan and Mohammed Hamdan Vs. Kofile Technologies, Inc., Kofile Holdings, Inc. and William Gerwick | Cause No. 198307; In the 60th Judicial District Court of Jefferson County, Texas |
| | May 7, 2018 | Mr. Daniel M. Karp Fee, Smith, Sharp & Vitullo, | Caleb Martin and Homar Suarez vs. Schwan's Food Service, Inc. and Austin Dakota Martin | Cause No. 2015-1378-B; In the 124th Judicial District |

| | | Testimony List of Brian Piper, Ph.D. | | |
|---|---|---|---|---|
| | | 2016 - 2023 | | |
| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
| | | LLP (DEF) | | Court, Gregg County, Texas |
| | May 10, 2018 | Mr. Alan Powers Boyd Powers & Williamson (PL) | Jeffrey Rowden, et al v General Motors, LLC et al | Cause No. CV17-01-092; In the 271st Judicial District Court of Wise County, Texas |
| | May 11, 2018 | Ms. Ann Taylor Knolle, Holcomb, Callahan & Taylor (DEF) | James Pierce V Roger Sorensen | Cause No. 17-0212-C26; In the 26th District Court, Williamson County |
| | July 5, 2018 | Mr. Kevin G. Giddens BOYD & BOYD (PL) | Billy M. Moore, Jr. v. Mario Borunda, MYA Trucking, LLC, and Knife River Corporation-South d/b/a Knife River | Cause No. C16-25434-CV; In the District Court of Navarro County, Texas |
| | September 13, 2018 | Mr. Piero Garcia The Leon Law Firm (PL) | Jaime Lara, Individually and A/N/F A. Lara v. Richard G. Fernandez and Averitt Express, Inc. | Cause No. 2017-50711; In the 133rd Judicial District Court of Harris County, Texas |
| | October 11, 2018 | Mr. Jeffrey Frazier Sentinel Air Medical Alliance (PL) | Eagle Air Med Corporation v. Sentinel Air Medical Alliance, et al. | Case No. 2:16-cv-00176-TC; In the United States District Court, District of Utah, Central Division |
| January 8, 2019 | October 25, 2018 | Mr. Todd Webb The Law Office of Todd E. Webb (PL) | Lena Savanah, individually, and as estate representative for decedent Joseph Nicholson, and Ericka Palmer as next friend of minor child, Leah Nicholson v. Houston Northwest Medical Center | Cause No 2016-76925; In the 113th Judicial District Court of Harris County, Texas |
| | November 16, 2018 | Mr. Geoffrey Henley Henley & Henley, PC (PL) | Barry Townsend and Melba Townsend vs. Advance Stores Company, Incorporated d/b/a Advance Auto Parts, Inc., and John Doe(s) | Cause No. DC-17-16964; In the District Court of Dallas County, Texas |
| | December 17, 2018 | Mr. J.T. Borah The Carlson Law Firm (PL) | Jamie Ann Garten, v. Vibra Hospital of Amarillo, L.L.C and Richard L. Jennings, M.D. | Cause No. 105709-A; In the 45th Judicial Court of Potter County, Texas |
| | January 18, 2019 | Mr. Carlos Leon Mr. Piero Garcia The Leon Law Firm, P.C. (PL) | Charles Pinckney v. Blue Bell Creameries, Inc. | Cause No. 17-DCV-242439; In the 268th Judicial District Court of Fort Bend County, Texas |
| | February 28, 2019 | Mr. Kevin Page Fielding Law Group (PL) | Miguel Martinez vs. Supermex, LLC | Cause No. 17-2-50578-11; In the Superior Court of Washington for Franklin County |
| | April 25, 2019 | Mr. Alan Busch Busch Ruotolo & Simpson, LLP (PL) | Sara Lee Whitney Block, et al. vs. South Austin Family Practice Clinic, LLP, d/b/a Premier Family Physicians, et al.; | Cause No. D-1-GN-18-002721; In the 201st Judicial District Court of Travis County, Texas |
| | June 4, 2019 | Mr. Matthew Olivarez Law Offices of Miller & Bicklein (PL) | George Sheehan v. The Insurance Company of the State of Pennsylvania | Cause No. CV54769; In the 441st Judicial District Court of Midland County, Texas |
| | October 3, 2019 | Chad Jones Chad Jones Law (PL) | Laura Olvera, Individually and A/N/F of Ander L. Olvera, a Minor Child, and on Behalf of the Estate of Carlos Lopez Saenz, Deceased v. Shadab I. Shourov | Cause No. 18-16090; In the 12th Judicial District Court of Madison County, Texas |
| | November 4, 2019 | Karen Bennett Germer PLLC (DEF) | Joseph Demas, et.al. v. Shell Oil Company, et al. | Cause No. 2016-81479; In the 334th District Court of Harris County, Texas |
| | November 12, 2019 | Mr. Tyler J. Eyrich Cotton Bledsoe Tighe & Dawson, P.C. (DEF) | Jorge Adan Cruz; Arturo Alvarez Intervenor vs. Leonel Rodriguez Nino, John E Meador Construction, Inc. and John S. Meador Leasing, Inc. | Cause No. A-17-09-1093-CV; In the 70th Judicial District Court of Ector County, Texas |

| | | | Testimony List of Brian Piper, Ph.D. | |
| | | | 2016 - 2023 | |
| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
|---|---|---|---|---|
| | December 6, 2019 | Nicki Petrelli Hudgins Firm (DEF) | Gilbert Nuncio v. Albert Torres, et al. | Cause No. 2017CI09301; In the 131st Judicial District Court of Bexar County, Texas |
| | December 11, 2019 | Sarah A. Nicolas Ramón \| Worthington PLLC (DEF) | Jordan Moorhead v. Elizabeth Jacobson Klene | Civil Action No. 1:19-CV-00203-LY; In the United States District Court for the Western District of Texas, Austin Division |
| | December 17, 2019 | T. Marshall Holmes Cokinos \| Young (PL) | Joseph Thompson and Thepheney Williams v. Sonic Momentum JVP, L.P. d/b/a Momentum Volvo d/b/a Jaguar Land Rover Volvo Southwest Houston; Orbital Services, Inc. d/b/a Buffer M&C Global, Inc., and Stephen M. Colorado | Cause No. 2017-79129; In the 55th Judicial District Court of Harris County, Texas |
| March 5, 2020 | January 21, 2020 | Paul Miller Germer Beaman & Brown PLLC (DEF) | Pawel Lukasz Pabich vs. Mark Anthony Santacruz and Shelby Gaskin | Cause No. D-1-GN-18-001009; In the 250th Judicial District Court of Travis County Texas |
| | March 12, 2020 | Marc A. Zito JonesGranger Attorneys at Law (PL) | Arthur M. Henderson v. Union Pacific Railroad Company | Cause No. CC-18-04945-D; In the County Court at Law No. 4 of Dallas County, Texas |
| | May 27, 2020 | Mr. Paul Miller Germer Beaman & Brown PLLC (DEF) | Sylvester Colon v. Dana Stimson | Cause No. 19-1427-C368; In the 368th Judicial District Court of Williamson County, Texas |
| | June 29, 2020 | Mr. Marc Notzon Notzon Law (DEF) | George Ortiz v. Charter Communications, LLC and Roberto Carlos Gaytan, Individually and/or as an Employee of Charter Communications, LLC | Cause No. 2019-CI-02205; In the 408th Judicial District Court of Bexar County, Texas |
| | July 21, 2020 | Mr. Matthew B. Flanery Grant & Flanery, P.C. (PL) | Thomas H. Gaughan, Jr v. Travis MacKenzie Hood | Cause No. 17-1902-C; In the 241st District Court of Smith County, Texas |
| | August 14, 2020 | Mr. James Harper Hermes Law, PC (DEF) | Beatrice Talley v. LB-UBS 2001-C3 South Stemmons Freeway, LLC, Vista Ridge Mall, LLC, The Woodmont Company and Rouse Properties, Inc. | Cause No. 18-11681-367; In the 367th Judicial District of Denton County, Texas |
| | August 18, 2020 | Mr. Marco Salinas Knickerbocker Heredia Salinas and Salina, P.C. (DEF) | Carolina Vazquez and Julio Cesar Vazquez Individually and as Next Friends of Tamara Vazquez, a Minor Child v. NR1 Transport, Inc., and Walter J. Drake | Civil Action No. 5:19-CV-32; In the United States District Court for the Southern District of Texas, Laredo Division |
| | August 21, 2020 | Mr. Mark A. Giltner Shelton & Valadez, P.C. (DEF) | Michelle Galbraith v. H.E. Butt Grocery Company | Case No. 01-18-0004-0470; Before the American Arbitration Association |
| | September 25, 2020 | Mr. Peter Strelitz Segal McCambridge Singer & Mahoney (DEF) | Joe Jeffrey Castillo and Amelia Calderon vs. Heath Consultants Inc., Gelco Fleet Trust and Brandon Hernandez | Cause No. 2019-CI-10661; In the 45th District Court of Bexar County, Texas |
| | November 4, 2020 | Mr. Austin Jones Germer Beaman & Brown, PLLC (DEF) | Roxana Betancourt vs. Pamela Clements | Cause No. C-1-CV-19-004081; In the County Court at Law No. 1 of Travis County, Texas |

| | | | Testimony List of Brian Piper, Ph.D.<br>2016 - 2023 | | |
|---|---|---|---|---|---|
| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction | |
| | November 12, 2020 | Ms. Kaitlin Cswaykus<br>Thompson Coe (DEF) | Nestor Elizondo v. American Multi-Cinema, Inc. d/b/a AMC Theatres Edinburg 18 | Civil Action No. 7:20-CV-00140 In the United States District Court for the Southern District of Texas, McAllen Division | |
| | December 2, 2020 | Ms. Sarah Nichols<br>Ramón \| Worthington, PLLC (DEF) | David Jaime and Racheal Jaime v. O'Reilly Auto Enterprises, LLC and Miguel Angel Acosta | Cause No. 2018CI07936; In the 45th Judicial District Court of Bexar County, Texas | |
| | December 15, 2020 | Mr. Arturo M Aviles<br>Segal McCambridge Singer & Mahoney (DEF) | Lorenza Lozano and Lorena Lozano IANF Christina Esparza v. Burl Jopling and Tri-National, Inc | Cause No. 2018CI18734; In the 224th Judicial District of Bexar County, Texas | |
| | February 8, 2021 | Mr. W. Paul Miller<br>Germer Beaman & Brown, PLLC | Brian Morgan & Julia Schoolenberg v. Raven Holbert & Government Employees Insurance Company | Cause No. C-1-CV-20-002713; In the County Court No. 2 of Travis County, Texas | |
| March 10-11, 2021 | | Mr. Sean Hicks<br>Thompson Coe (DEF) | Ethan Williams, Tianda William, and Khamden Williams (minor) v. Martin-Brower Company, LLC | REF. NO. 1310024709; Jams Arbitration in Texas. | |
| | March 15, 2021 | Mr. James R. Gutglass<br>Gutglass, Erickson, Larson & Schneider, S.C. (DEF) | Dean M. Meixelsperger and Centers for Medicare and Medicaid Services (CMS) vs. The Medical Protective Insurance Company in the Circuit Court of Sauk County, Wisconsin | Cause No. 2019-CV-315; In the Circuit Court of Sauk County, State of Wisconsin. | |
| | March 18, 2021 | Matthew B. Flanery<br>Grant & Flanery P.C. (PL) | Tena Wherry, Individually and A/N/F T, W., A Minor v. Perimeter Transportation Co., LLC, Terry Mark Ashmore, and Ryan Gafford. | Cause No. DC-18-14460. In the 192nd Judicial District Court, Dallas County, Texas | |
| | March 19, 2021 | Mr. Mark D. Lambert<br>Germer, PLLC (DEF) | Jordan Guidry vs. James T. Hovey, Todd M. Hovey and State Farm Mutual Automobile Insurance Company | Cause No. D190354-C. In 260th Judicial District Court of Orange County, Texas | |
| | March 30, 2021 | Mr. Kent J. Lisenby<br>The Lisenby Law Firm, P.C. (DEF) | Joy Patterson vs. Sunset Logistics, inc., Sun-Tech Leasing of Texas, LP., and Pedro Lopez, Jr. | Cause No. DC-19-16709. In the 95th Judicial District Court of Dallas County, Texas | |
| | April 05, 2021 | Mr. Brad G. Ertl<br>Hartline Barger LLP (DEF) | Jesus Alvarado v. Vertical Communications Inc. d/b/a Verticom and Shaolin Espino. | Cause No. D-1-GN-20-006271. In the 98th Judicial District Court of Travis County, Texas | |
| | April 12, 2021 | George N. Wilson, III (Trey)<br>Thompson, Coe, Cousins & Irons (DEF) | Schylar Farnum v. Robert Dwillis and D&JD Services, LTC. D/B/A Chemical Services Company. | Cause No. 18-09-17945. In the 106th Judicial District Court of Gaines County, Texas | |
| | May 07, 2021 | Mr. Paul Miller<br>Germer Beaman & Brown, PLLC (DEF) | Richard Aguirre-Bandera v. Evelyn Castillo-Gonzalez. | Cause No. C-1-CV-20-005084. In the County Court at Law No 1, Travis County, Texas | |
| | May 10, 2021 | Allison<br>Wilson Elser Moskowitz Edelman & Dicker LLP (DEF) | Christian Randall vs. Lawrence Clark III and K.D. Timmons, Inc. | Cause No. 18-15030. In the 12th district Court of Madison County, Texas | |
| | May 11, 2021 | Joe Patton<br>Patton & Patton (PL) | Mary Brooks Individually and for and on Behalf of all heirs at law of Richard Brooks, Deceased and as Special Administrator of the Estate of Richard Brooks, Deceased v. Bernita Berntsen, M.D. | Cause No. 2019-CV-00674. In the District Court of Shawnee County, Kansas | |
| | May 18, 2021 | Andy Rose<br>Cotton, Bledsoe, Tighe & Dawson, P.C. (DEF) | Jaime Fraire vs. Basic Energy Services, LP, Omar Maldonado Vasquez Individually and Union Pacific Railroad Company. | Cause No. 18-11-22703-CVR. In the 143rd Judicial District Court of Reeves County, Texas | |

| | | Testimony List of Brian Piper, Ph.D. 2016 - 2023 | | |
|---|---|---|---|---|
| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
| | May 21, 2021 March 29, 2022 | Ms. Ryley Bennett Thompson Coe (DEF) | Stella Mitchell v. Winco Foods, LLC a Corporation d/b/a Winco Foods, and John Does @1-5, Individuals. In the 44th District Court of Dallas County. | Cause No. DC-20-08052. In the 44th District Court of Dallas County |
| | May 24, 2021 | Mr. Paul Miller Germer Beaman & Brown PLLC (DEF) | Jeremy Jones v. Cade, Jayne Zue Smith, Old American County Mutual Fire Insurance Company and Progressive County Mutual Insurance Company. | Cause No. D-1-GN-20-000466. In the 201st Judicial District Court of Travis County Texas |
| | June 08, 2021 | Ms. Heather D. Bocell | Nancy Rose v. Old Republic Insurance Company and Jaime Reyes Molina. | Cause No. DC-C201900282. In the 413th Judicial District of Johnson County, Texas |
| | June 18, 2021 | Mr. Adam J. Strange, Mike Sharp Fee, Smith, Sharp & Vitullo LLP (DEF) | Tamara Morris v. Bergt Enterprises Inc, Jerry Allen Gergt and Landstar Inway, Inc | Cause No 2018-58-CCL2. In the County Court at Law Number 2, Gregg County, Texas |
| | June 22, 2021 | Mr. Gary D. Sarles Sarles & Ouimet, PLLC (DEF) | Naila Kazic vs. Doskocil Manufacturing Company, Inc. | No. 10095. In the Matter of Arbitration, Dispute Solutions, Inc. |
| | July 2, 2021 | Mr Jorge L Mares Watts Guerra LLP (PL) | Luis Martinez Munoz vs Jaun Flores, United Rentals, Inc., and United Rentals North America, Inc. | Cause No. D-1-GN-20-00186. In the 419th Judicial District Court of Travis County, Texas |
| | July 23, 2021 | Mr. John S. Collins Vorys, Sater, Seymour and Pease LLP (DEF) | Ovelia Duirden v. American Alternative Insurance Corporation | Case No. 9:20-CV-00158. In the United States District Court for the Eastern District of Texas, Lufkin, Texas |
| | August 03, 2021 | Mr. Kevin B Miller Miller & Bicklein, P.C (PL) | Cora Sue Sanchez, et al. vs. Navistar et al. | Cause No. 19-07-U4751-IDM. In the 112th District Court, Upton County, Texas |
| | August 05, 2021 | Mr. Robert Hailey Russell & Wright PLLC (DEF) | Jeanette Aguillard v. B'Nai B'Rith Senior Citizens Housing Committee of Houston, Inc. | Cause N. 20-22939. In the Judicial District Court of Harris County, Texas |
| | August 09, 2021 March 24, 2023 | Mr. Darren Grant Grant & Flanery (PL) | Aaron Michael Wyatt vs. Right Way Disposal Services, LLC and Gary Wayne Willis | Cause No. 19-0910-B. In the 114th Judicial District Court of Smith County, Texas |
| | August 11, 2021 | Mr. George (Trey) N. Wilson, III Thompson Coe (DEF) | Chelsea Hamilton vs. Cardess Diane Watson and Cintas Corporation No. 2 | Cause No. DC-18-03867. In the 160 Judicial District Court of Dallas County, Texas |
| | August 13, 2021 | Mr. Zachary Faulkner Cowles & Thompson (DEF) | Heike Wright vs. USAA General Indemnity Company | Cause No. 471-06438-2020. In the 366th Judicial District Court of Collin County, Texas |
| | August 25, 2021 | Michael Hurst Thompson Coe (DEF) | Karla Jew-Sherman vs.Phillip Jacob Gomez and Monterrey Iron & Metal, LTD. | Cause No. 2020CI18481. In the 150th Judicial District Court of Bexar County, Texas |
| | September 02, 2021 | Mr. Jorges L. Mares Watts Guerra LLP (PL) | Amparo Rocha, Individually, and as Representative of the Estate of Daniel Garcia, and as Next Friend of D.G., minor, Irene Rangel, Individually, Rosa Gonzalez as Next Friend of E.G., and J.G., minors and Ramon Daniel Garcia, individually vs. Livestock Investors, LTD d/b/a Bar G Feedyard | Cause No. B10549-2002. In the District Court of Castro County, Texas |

| | | Testimony List of Brian Piper, Ph.D. | | |
|---|---|---|---|---|
| | | **2016 - 2023** | | |
| **Testimony Date** | **Deposition Date** | **Client** | **Style of Case** | **Jurisdiction** |
| | September 07, 2021 | Mr. Randy Lopez Taylor Book Allen & Morris LLP. (DEF) | Cody Murry v. RHI Talent USA, Inc. | Cause No. 2020-00376. In the Judicial District Court of Harris County, Texas |
| | September 20, 2021 | Mr. Gregg R. Brown Germer Beaman & Brown, PLLC (DEF) | Jason Vieregge, Plaintiff vs. Family Thrift Center, Inc., Penske Leasing and Rental Company, Merchandise Pickup Service, Inc., and Michael John Hayes Defendants | Cause No. 2020CI09923. In the Judicial District Court of Bexar County, Texas |
| September 24, 2021 | | Mark A. Giltner Shelton & Valadez, P.C. | Arbitration Association In the Matter of the Arbitration Between Rafael Nunez and H.E. Butt Grocery Company and HEB, LP | AAA No. 01-20-0010-0420 |
| | October 07, 2021 | Andrew L. McKinnon Donato Brown Pool & Moehlmann (DEF) | Brenton Boitse vs. AIRBNB Payments, Inc., AIRBNB, Inc., the Renters Club, LLC, Joseph McBride and Vielca McBride | Cause No. D-1-GN-19-008796. In the 419th Judicial District Court of Travis County, Texas |
| | October 15, 2021 | Alex J. Bell Fletcher, Farley, Shipman & Salinas, LLP (PL) | Logan Isai Solis v. Desiree Sneed and Pat Salmon & Sons, Inc. | Cause No. CC-19-04029-D. In the County Court at Law No. 4, Dallas County, Texas |
| | October 21, 2021 | Mr. Frederick J. Patton, II Patton & Patton (DEF) | Bill Randy Nicholson Individually and for and on behalf of all heirs at law of Victoria Lynn Nicholson, Deceased v. Bernita Berntsen, M.D., Amber Hart APRN, James West R.N., Kristin Bayes, R.N., Topeka Hospital, LLC d/b/a University of Kansas Health System St. Francis Campus, Medical Solutions, LLC's | Case No. 2020-CV-000358. In the District Court of Shawnee County, Kansas |
| | November 08, 2021 | Ms. Jill Ryther Ryther Law Group, LLP (PL) | Illya Hardy, an individual, Johanna Barlund Hardy as an individual, Topline K9 Services vs. Grace Rios, DVM, and an Individual; Animal Emergency Clinic; and DOES 1-50 | In the Superior Court of California, County of San Bernadino |
| | December 02, 2021 | Mr. Peter Bambace Holm\|Bambace LLP (DEF) | Kelley Cotton v. Monteris Medical Corporation | Cause No. 2019CI16776. In the 73rd Judicial District Court of Bexar County, Texas |
| December 13, 2021 | | Ms. Christina Lewis Justinian & Associates PLLC (PL) | Steven McGarel vs John Hill & The Rios Group, Inc | Cause No. 18-0022-C395 in the 395th Judicial District Court of Williamson County, Texas |
| | December 17, 2021 | Mr. Matt Catalano Cotton Bledsoe Tighe & Dawson, PC (DEF) | Basillio Chavez and Antonio Espino vs. Zachary Andrew Thompson and EDP Renewables North America, LLC | Cause No. 27638-B in the 104th Judicial District Court of Taylor County, Texas |
| | December 20, 2021 | Mr. Toby Nash Germer PLLC (DEF) | James R. Harrison VS. The Kansas City Southern Railway Company | Cause No. B-205.327. In the 60th Judicial District Court of Jefferson County, Texas |
| | February 01, 2021 | Mr. Darren Grant Grant & Flanery (PL) | Theresa Jean Powell, Individually and as Next Friend for L.P. A. Minor vs. Hillary June Mayrant | Cause No. 19-1442-C. In the Judicial District Court of Smith County, Texas |
| | February 03, 2022 | Mr. Michael Wright Russell & Wright PLLC (DEF) | Civil Action no. 3:20-cv-03705-M; Angel Roque Sanchez v. Gregory Kanyi Mambo and Marten Transport, LTD. | Civil Action no. 3:20-cv-03705-M. In the United States District Court for the Northern District of Texas, Dallas Division |

## Testimony List of Brian Piper, Ph.D.
## 2016 - 2023

| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
|---|---|---|---|---|
| | February 22, 2022 | Mr. David Sargent Sargent Law, P.C. (DEF) | Anthony Griffin vs. Net Freight Syustem, Inc. and Ante Milinovic | Cause No. D-1-GN-20-007781. In the 200th Judicial District Court of Travis County, Texas |
| | February 24, 2022 | Mr. Gordan Truong. Thompson Coe. (DEF) | David Soileau v. ExxonMobil Corporation | Cause No. A-203,598. In the 58th Judicial District Court of Jefferson County, Texas |
| | March 02, 2022 | Mr. Ben Zennicker Germer, Beaman & Brown PLLC (DEF) | Zoe Reimers v. Pual Hilfer | Cause No. D-1-GN-20-002071. In the 200th Judicial District Court of Travis County, Texas |
| | March 04, 2022 | Mr. Mark Chisholm Craig, Terrill, Hale & Grantham, LLP (DEF) | Jessica Chavez, Individually, and as Next Friend of D.C. Alyssa Chavez, and Taylor Chavez v. LKN Horizon LLC, Deamontrae Warren, Nicholas Lanier, and Elias Rodriguez | Cause No. 54863. In the 118th District Court of Howard County, Texas |
| | March 16, 2022 | Mr. Gordon Truong Thompson Coe | Jon Anthony Tober v. Vicent Razo, Ancira Enterprises Inc., Ancira Autos, LLC., Ancira Motor Company, Ancira Motor Homes, Inc., and Ancira | Cause No. 2020CI13513. In the 131st Judicial District Court of Bexare County, Texas |
| | March 25, 2022 | Mr. Robert C. Turner The Silvera Firm (DEF) | Reynaldo Molina, Jr. Individually and on Behalf of The Estate of Reynaldo Molina III and Esenia Bazan, Individually and on Behalf of the Estate of Reynaldo Molina, III and Victor Ruben Saenz and Erica Saenz as Guardian of the Estate and the Person of Victor Ruben Saenz v. Superior Asphalt, Inc., DBA Texas SAI, Inc., and Jose Cervantes and/or the Unknown Hiers of Jose Cervantes, and Austin Traffic Signal Construction Co. Inc. | Cause No. DC-20-69. In the 381st Judicial District Court of Starr County, Texas |
| | April 04, 2022 | Mr. Harrison Tatum GERMER PLLC (DEF) | Kylie Layfield vs Raymond Richard et al | Cause No. A-0203680 In the 58th Judicial District Court of Jefferson County, Texas |
| | April 06, 2022 | Mr. Paul Miller Germer Beaman & Brown PLLC (DEF) | Richard Edwin Williams v. Sarah Elizabeth East, and Allstate Fire and Casualty Insurance Company | Cause No. 21-000248-CV-85. In the 85th Judicial District of Brazos County, Texas |
| | May 05, 2022 | Ms. Katherine M. Wyatt Skelton & Woody, PLLC (DEF) | Josie Cortez and Debbie Romo, Individually and as Next Friends of Jose Cortez Jr., Marilyn Cortez, and Kimberly Cortez, minors v. Ashley Tolson | Cause No. D-1-GN-21-004090; In the 459th District Court of Travis County, Texas |
| | June 07, 2022 | Mr. Paul Miller Germer Beaman & Brown PLLC (DEF) | Ernesto Olcese and Luis Tovar Ramirez v. Donna Higgins Bynum | Cause No. 20-1976-C368. In the 368th Judicial District Court of Williamson County, Texas |
| | June 10, 2022 | Mr. David McFarland Thompson Coe (DEF) | Nikita Lewis vs. LodgeCap DFW, L.P. | Cause No. DC-20-10519. In the 116th Judicial District Court of Dallas County, Texas |
| | June 13, 2022 | Mr. Roy W. Horton The Silvera Firm (Claimants) | William Thomas, Tonda Thomas, Amber Thomas, Autumn Vaught and Arianna Ferkick v. Pilgrim's Pride Corporation | JWA No. 3232-A 2021. In the Judicial Workplace Arbitrations |
| | June 28, 2022 | Mr. Ramez Shamieh Shamieh Law (PL) | Jesus Tarango and Aurora Tarango v. Emilio Enriquez, Jr. and JBS Carriers, Inc. | Cause No. 5608. In the District Court of Sherman County, Texas |

| | | Testimony List of Brian Piper, Ph.D. | | |
|---|---|---|---|---|
| | | **2016 - 2023** | | |
| **Testimony Date** | **Deposition Date** | **Client** | **Style of Case** | **Jurisdiction** |
| | June 29, 2022 | Ms. Jennette E. DePonte Jackson Lewis P.C. (DEF) | Sonya Bryan v. Wal-Mart Stores, Texas, LLC | Cause No. 348-325849-21 in the 24th Judicial District Court of Tarrant County, Texas |
| | June 30, 2022 | Mr. Raymond A. Neuer Sheehy, Ware & Pappas, P.C. (DEF) | Jesse Magallanes vs. H20 Midstream, LLC, H20Midstream Holdings, LLC, H20 Midstream Permian, LLC, Bull Rogers Laydown, Inc., David Ray Allen, Cambrian Management, LTC., and Betty Thomas Family, LP | Cause No. 2019-37473 in the 295th Judicial District Court of Harris County, Texas |
| | July 21, 2022 | Mr. Jesse Showalter Robbins & Curtin (PL) | Joseph Dejohn and Melissa Dejohn, husband and wife, individually, and on behalf of their daughter Saoirse Dejohn, a minor v. Camelback Women's Health, P.C. a domestic professional corporation; Gregory Desanto, M.D. and Jane Doe Desanto, Husband and wife; John Does I-XX; and Black & White Corporations I-XX | Case No. CV2021-001067 in the Superior Court of the State of Arizona in and for the County of Maricopa. |
| | July 25, 2022 | Mr. Ben Zinnecker Germer Beaman & Brown PLLC (DEF) | Anthony D. Gonzales vs Henry L. Bills and Texas Materials Group, Inc. d/b/a Texas Concrete | Cause D-1-GN-21-000443. In the 200th Judicial District Court of Travis County, Texas |
| | August 01, 2022 | Mark A. Fassold Watts Guerra, LLP (PL) | Ashely Gavin Hunt, Plaintiff fs. Jose Guadalupe Figueroa and Boggus Motor Sales II, LLC Defendants | Cause No. C-29825-20-D. In the 206th District Court Hidalgo County Texas |
| | August 05, 2022 | Mr. Hugh Howerton Law Office of John Martinez (DEF) | Lauren Simon vs. Nicholas Gutierrez and Gibson Equipment Company LLC | Cause No. 2019CI01505. In the 73rd Judicial District Court of Bexar County, Texas |
| | August 08, 2022 | Mr. William N. Wilson, II Germer PLLC (DEF) | Denise Flores Individually and as Representative of the Estate of Steven Flores, Deceased, Brandi Flores, and Leah Flores vs. Austin Bridge & Road, LP vs. Texas Materials Group, Inc., and Williams Road, LLC, Third Party Defendants | Cause No. 2020CI11405. In the 131st Judicial District Court of Bexar County, Texas |
| | August 12, 2022 | Mr. Michael B. Jones Canterbury, PC (DEF) | Terri Todd and Chrisopher Todd vs. Pilot Travel Center #375; Pilot Travel Center, LLC; Pilot of Texas, LLC; Pilot Corportation; PTCAA, LP, FJ Management, Inc., Et Al | Cause No. 20208074. In the 125th Judicial District Court of Harris County, Texas |
| | August 16, 2022 | Ms. Laura A. Wright Walter Balido & Crain (DEF) | Douglas Wilson and Tavius Dixon v. Jeffery McGee and Hasen Design, Build & Development, Inc. | Cause No. 096-321773-20. In the Judicial District Court of Tarrant County Texas. |
| | August 30, 2022 | Ms. Jamie Giron Germer Beaman & Brown, PLLC (DEF) | Graciela Espinoza v. Justin Langley Trucking, LLC and Brandon James Ford | Civil Action No. 7:21-cv-416. In The United States District Court for the Southern District of Texas, McAllen Division |
| | September 07, 2022 | Ms. Samantha Pollard Farmers Texas County Mutual Insurance Company (DEF) | Finesse Hunter vs. Manu Mathews | Cause No.: 153-322568-20. In the Judicial District Court of Tarrant County, Texas |
| | September 12, 2022 | Mr. Payne Keinarth. Germer Beaman & Brown PLLC (DEF) | Fabian Davila v. Tiger Sanitation, Inc. and Alfredo Castillo | Cause No. 2020CI05478. In the 57th Judicial District Court of Bexar County, Texas |

| **Testimony List of Brian Piper, Ph.D.** |
|---|

### Testimony List of Brian Piper, Ph.D.
### 2016 - 2023

| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
|---|---|---|---|---|
| September 28, 2022 September 29, 2022 | | Mr. Matthew D. Doss Doss & Rodriguez PLLC (PL) | Kavita Misra v. Daniel Doyle Farr, and Jhe Landscaping, Inc. | Cause No. 2020-1044-5. In the District Court 414th Judicial District McLennan County, Texas |
| | October 19, 2022 | Ms. Valerie Lewis Germer PLLC (DEF) | Ibrahim Valani v. Patricia Wingate; Germer File No.: 106288 | Cause No. D-207776. In the 136th Judicial District Court of Jefferson County, Texas |
| | October 24, 2022 | Mr. Jordan Fritter Stutman (PL) | Adalberto Murillo Garcia, and Aracely Vasquez Rivera, as husband and wife, individually and on behalf of their Minor Children Christian A. Murillo; Bryan Murillo, and Joshua A. Murillo vs. Mine Safey Appliances Company et al | Case No. 2:19-cv-05789-SMB. In the District of Arizona |
| | October 25, 2022 | Matthew McLain Litchfield Cavo, LLP (DEF) | Alan Minyard and Jessica Minyard v. Texas Materials Group Inc. | Cause No. DC-C202000404. In the District Court of Johnson County, Texas |
| | November 01, 2022 | George (Trey) N.Wilson, III Thompson Coe (DEF) | Jacqueline Beckham v. Erin Mirakian, Abduljelil Iliyas, K-3 Resources, L.P. and Manuel Mendez | Cause No. 2020CI21653. In the 150th Judicial District Court of Bexar County, Texas |
| | January 09, 2023 | Sunny Rehsi Bowman and Brooke LLP | Josie Cervantes Fowler v. FCA US, LLC f/k/a Chrysler Group LLC and Jackson Scott Eastin | Cause No. 202107711. In the 164th Judicial District Court of Harris County |
| | January 16, 2023 | Ms. Meredith Drukker Stratigopoulos Watts | Guerra LLP (PL) | Rodriga Aracely Rabago and Wuilver Alvarez vs. Contract Freighters, Inc. and Santiago Buenrostro Rios | Cause No. 2022CI02096. In the 225th Judicial District Court of Bexar County, Texas |
| | January 17, 2023 | Ms. Abigail Chacon Clark & Clark (DEF) | Sammie Hancock v. MLA Labs, Inc. d/b/a MLA Geotechnical, a Division of MLA Labs, Inc. and Zakary Pratt | Cause No. D-1-GN-20-000143. In the 53rd Judicial District of Travis County, Texas |
| | January 18, 2023 | Mr. Chad Geisler Germer Beaman & Brown PLLC (DEF) | No. John Etienne vs. Spare Time Family Entertainment, II, LLC | Cause D-1-GN-22-002223. In the 126th Judicial District Court of Travis County, Texas |
| | January 20, 2023 | Mr. Paul Miller Germer Beaman & Brown PLLC (DEF) | Matthew Donohoe and Deirdre Rhoad vs. Caroline Magnusson, Jesus Manuel Jimenez-Jimenez Hans Dietrich d/b/a Bit Tex Trailer, Inc. and James Gurley | Cause Nol D-1-GN-19-004463. In the 250th Judicial District Court of Travis County, Texas |
| | January 23, 2023 | Mr. R. Luther Easley Cole, Cole, Easley & Sciba, P.C. (PL) | Holly Corey, Individually and as Representative of the Estate of William Corey and as an Heir v. Hunter Industries, LTD., Highway Barricades and Services, LLC, A WP, INC. | Cause No. 21-05-87215-D. In the 377th Judicial District Court of Victoria County, Texas |
| | January 30, 2023 | Mr. Gabriel Pytel Ray | Peña | McChristian, PC (DEF) | Francisco Colmenero vs. Arnulfro Cruz d/b/a Cruz Plumbing | Cause No. 20-02-13815-DCVAJA. In the 365 Judicial District Court of Dimmit County, Texas |
| | January 31, 2023 | Mr. Jesse Showalter Robbins & Curtin (PL) | Bradley Hall and Hannah Hall, husband and wife, individually, and on behalf of their daughter Alysia M. Hall, a minor v. Phoenix Perinatal Associates L.L.C., a domestic LLC and affiliate of Obstetrix Medical Group Of Phoenix, P.C., a domestic professional corporation; Janet Moore, M.D., and John Doe Moore, wife and husband; Kisti Fuller, M.D., | Case No. CV2020-014012. In the Superior Court of the State of Arizona in and for the County of Maricopa |

## Testimony List of Brian Piper, Ph.D.
### 2016 - 2023

| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
|---|---|---|---|---|
| | | | and John Doe Fuller, wife and husband; John Does I-XX; Jane Does I-XX; and Black | |
| March 08, 2023 | February 09, 2023 | Mr. Rich Grafton Germer Beaman & Brown, PLLC (DEF) | Kevin Sutton v. Jose P. Martinez and Texas Materials Group, Inc. | Cause No. 20-1966-C26. In the 26th Judicial District Court of Williamson County, Texas |
| | February 15, 2023 | Mr. Gregory A. Schlak Brothers, Alvarado, Piazza & Cozort (DEF) | Sherita Williams et al. v. United Parcel Service, Inc., Byron K Bisor, and Fabian Darrell Williams | Cause No. 2021-67293. In the 127th Judicial District Court of Harris County, Texas |
| | February 16, 2023 | Ms. Brittany Covert / Ms. Jessica Rydstrom / Mr. Brad Ertl Norton Rose Fulbright US LLP (DEF) | Jose Plata v KMCO, LLC, Org Chemical Holdings, Owner Resource Group, LLC, and W.W. Grainger, Inc. | Master Docket No. 2019-77820. In the 111th District Court of Harris County, Texas |
| | February 17, 2023 | Troy D. Helling Gordon Rees Skully Mansukhani (DEF) | Samuel Forrester vs. Home Depot, U.S.A., Inc d/b/a Home Depot and Terry Lee Donelson | Cause No 2020CI15071. In the 285th Judicial District Court of Bexar County, Texas |
| | March 07, 2023 | Mr. Lee P. Lazear Craft Law Firm, P.C. (PL) | Ismael Huitron vs. Knowles Trucking LLC; Timothy Layne Amos; and Knowles Enterprises, LLC | Cause No. B-20-04-0381-CV. In the 161st Judicial District of Ector County, Texas |
| | March 14, 2023 | Mr. Matt Lavin Arnall Golden Gregory, LLP (PL) | RJ, as the representative of her beneficiary son, and on behalf of all others similarly situated vs. Cigna Behavioral Health, Inc., a Minnesota Corporation and VIANT, INC., a Nevada corporation | Case No. 5:20-cv-02255-EJD. In the United States District Court Northern District of California |
| | March 17, 2023 | Ms. Christy Amuny Germer PLLC (PL) | Jean Paul Mideros and Amanda Zuniga v. Catrina Marie Sargood | Cause No. D-208075. In the Judicial District Court of Jefferson County, Texas |
| March 22, 2023 | | Mr. Tyler J. Eyrich Cotton Bledsoe Tighe & Dawson, PC (DEF) | Camilo Ramirez v. Plains All American GP LLC Civil Action in the United States District Court | Case 4:21-cv-0070-DC-DF. In the Pecos Division for the Western District of Texas |
| | March 28, 2023 | Mr. Joseph A. Turano Clark Hill (PL) | Manuela Marquez Bravo vs. George Ray Melendez and Atmos Energy Corporation | Cause No. DC-22-0661. In the 95th Judicial District Court of Dallas County, Texas |
| | March 29, 2023 | Mr. Kenneth W. Bullock, II. Frost Brown Todd LLC (DEF) | Adam Paul Guidry vs. Callan Marine, LTD. | Cause No. 20-CV-0760. In the 10th Judicial District Court of Galveston County, Texas |
| | April 11, 2023 | Ms. Nancy Scates Thompson Coe (DEF) | Kenneth Dinkins v. Jacob Cota and G3 Plumbing, LLC | Cause No. 20-1045-C368. In the 368th Judicial District Court of Williamson County, Texas |
| | April 17, 2023 | Mr. Brett Payne Walters Balido & Crain (DEF) | Kara Gardner and William Hall, both individually, and as Next Friend of Lily Hall, a minor vs. FPG Stone Oak LLC, d/b/a Sonterra Heights Apartments, Stone Oak, FPG I, L.P., FPG Stone Oak GP, LLC and Lincoln Property Company | Cause No. 2021CI04105. In the 45th Judicial District Court of Bexar County, Texas |

| | | Testimony List of Brian Piper, Ph.D. | | |
|---|---|---|---|---|
| | | 2016 - 2023 | | |
| Testimony Date | Deposition Date | Client | Style of Case | Jurisdiction |
| | April 21, 2023 | Mr. Ken Daily Sargent Law, P.C. (DEF) | Brandon L. Thomas, Jr. vs. BT Transportation, Inc and Ernesto Medellin | Cause No. 202154933. In the 269th Judicial District Court of Harris County, Texas |
| | May 10, 2023 | Mr. Matthew T. McLain Litchfield Cavo, LLP (DEF) | Douglas Merrill vs. Mi-Sher Fleet Specialist, Inc and Amber L. Nouri | Cause No. 22-2859. In the Judicial District Court of Denton County, Texas |

# Published Articles by Brian Piper, PhD

- "Calculating Social Security Benefits in Lost Earnings and Loss of Earning Capacity Analyses." *The Forecast: A Newsletter of the National Association of Forensic Economics* 33, no. 3 (Summer 2019): 8–9. Coauthored with Mary Hoane.

- "Identity, Patronage, and Redistribution: Economic Inequality in Bolivia Under Evo Morales." *Journal of Economics, Race, and Policy* 1 (2018): 26–41. https://doi.org/10.1007/s41996-018-0005-9. Coauthored with Daniel L. Hicks, Beatriz Maldonado, and Alejandra Goytia Rios.

- "Predicting the Total Economic Impacts of Invasive Species: The Case of *B. Rubostriata* (Red Streaked Leafhopper)." *Ecological Economics* 128 (2016): 139–146. https://doi.org/10.1016/j.ecolecon.2016.04.014. Coauthored with Lirong Liu.

- "A Production Function Examination of the Aggregate Effects of Nutrition." *Journal of Macroeconomics* 40 (2014): 293–307.

- "Strategic Fiscal Interdependence: County and Municipal Adoptions of Local Option Sales Taxes." *National Tax Journal* 65, no. 2 (2012): 387–415. https://doi.org/10.17310/ntj.2012.2.05. Coauthored with Gregory S. Burge.

- "Section 18.001 Affidavits and Counter Affidavits: Changes in the Law and Recent Court Decisions." CLE Presentation, Nov. 15, 2021.  Coauthored with Christopher Elliott and Ron Luke.

# Attachment 2

Documents Reviewed

Class Certification Briefing.
……. Defendants' Opposition to Plaintiffs' Motion for Class Certification. October 12, 2022. 45
……. Plaintiffs' Notice of Motion, Motion, And Memorandum of Points and Authorities in Support of Motion for Class Certification. August 17, 2022. 30
……. Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification. November 23, 2022. 27

Depositions.
……. Beckstead, Karen. Deposition. November 22, 2022. 231
  ……. Exhibit 1-15. 116
……. Crandell, Sean. Deposition. October 20, 2022. 287
  ……. Exhibit 1-22. 469
……. Jones, Keith. Errata Sheet. January 17, 2023. 1
……. Ralston, Thomas Patrick. Deposition. Volume I. December 15, 2022. 294
  ……. Volume II. December 16, 2022. 179
  ……. Exhibit (MPI-C0020806–MPI-C0020813). 8
  ……. Exhibit (MPI-C0020814–MPI-C0020815). 2
  ……. Exhibit (MPI-C0020816–MPI-C0020818). 3
  ……. Exhibit (MPI-C0020819–MPI-C0020820). 2
……. Smith, Gabriel Levine. Deposition. November 11, 2022. 319
  ……. Errata Sheet. December 15, 2022. 2

OPR Documentation.
……. AEO Sean Crandell 14 with Highlight 2009 OPR Description. Accessed December 11, 2022. 10
……. AEO Sean Crandell 15 with Highlights 2014 OPR Description. Accessed December 11, 2022. 6
……. AEO Sean Crandell 17 with Highlight RCC to HCPCS Assignment. Accessed December 11, 2022. 2
……. AEO Sean Crandell 21 HCPCS Closed in APC5823. Accessed December 11, 2022. 3
……. Karen Beckstead 15 Viant OPR Document with Highlights. Accessed December 11, 2022. 9
……. Pages from Sean Crandell Exhibits A-E. UNDER SEAL OPR – PowerPoint. Accessed December 11, 2022. 21

Pleadings.
……. First Amended Class Action Complaint. April 30, 2021. 76
……. Stipulated Protective Order. May 13, 2020. 20
……. Stipulated Protective Order. April 30, 2020, signed. 15

Revised May 12, 2023

Research and Planning Consultants Source Documents.

……. 2017 Final OPPS Two Times File. Accessed December 08, 2022. 171

……. 2018 NFRM OPPS Two Times Listing - APC Sort. Accessed December 08, 2022. 174

……. 2021 NFRM Two Times Listing – November 30, 2020.  Accessed December 08, 2022. 187

……. 2022 NFRM Two Times Listing. November 01, 2021. Accessed December 08, 0222. 188

……. "APC (Ambulatory Payment Classifications) FAQ." American College of Emergency Physicians. Accessed December 14, 2022. https://www.acep.org/administration/reimbursement/reimbursement-faqs/apc-ambulatory-payment-classifications-faq/.

……. Bates MPI-0008151–MPI-0008171, MPI-C0000216–MPI-C0000224; CIG_RJ00016761–CIG_RJ00016766; CIG_RJ00669369–CIG_RJ00669378.

……. Bates MPI-C0000230–MPI-C0000231.

……. Bates MPI-C0020816, MPI-C0020814–MPI-C0020815.

……. CIG_RJ00669371.

……. CMS 2021 NFRM OPPS Two Times Listing. November 24, 2020.

……. Copy of July 2022 Web Addendum A. June 02, 2022. EXCEL.

……. Copy of July 2022 Web Addendum B. June 22, 2022. EXCEL.

……. CY 2020 NFRM Two Times Listing. Accessed December 08, 2022.

……. CY2019 NFRM OPPS Two Times Listing. November 01, 2018. Accessed December 08, 2022. 176

……. Determining Usual, Customary, and Reasonable Charges for Healthcare Services. July 1, 2022.

……. "HCPCS Codes Lookup." Codify by AAPC. Accessed December 14, 2022. https://www.aapc.com/codes/hcpcs-codes-range/.

……. "HCPCS (HCPCS - Healthcare Common Procedure Coding System) – Synopsis." National Library of Medicine. Accessed December 14, 2022. https://www.nlm.nih.gov/research/umls/sourcereleasedocs/current/HCPCS/index.html.

……. "Outpatient (Fee-for-Service)." Research Data Assistance Center. Accessed December 16, 2022.

……. RJ et al. v. Cigna et al., Case 5:20-cv-02255-EJD, First Amended Class Action Complaint, April 30, 2021.

……. RPC's Usual, Customary, and Reasonable Charge Database for Practitioner Charges. October 5, 2020.

……. The Inpatient Standard Analytical File, the Carrier Standard Analytical File, and many other CMS data files. Accessed December 16, 2022.

……. Unit for Billing H0015

 ……. "Closer Look at IOP Billing for Behavioral Health Service Providers." AXIS. Accessed January 12, 2023. 15

 ……. Deaton, Amanda. "2022 IHCP Works Seminar: Behavioral Health (BH)." MDwise PowerPoint presentation. Undated. 57

 ……. Hughes, Simon. "Intensive Outpatient Program – IOP Billing Guidelines Explained." Coronis Health. July 13, 2016. Accessed January 12, 2023. 8

 ……. Lottinger, Melissa. Email to Ron Luke. RE: H0015. January 11, 2023. 3

 ……. Staheli, Wyn. "Intensive Outpatient Treatment (IOP)." Find-A-Code Articles. January 11, 2018. Accessed January 12, 2023. 4

....... "State-Funded Enhanced Mental Health and Substance Abuse Services." NC Division of Mental Health, Developmental Disabilities, and Substance Abuse Services. April 1, 2017. 122

Other Documents.
....... CIG_RJ00631244–RJ00631277. "Multiplan Update for Cigna, 2019 in Review." February 26, 2020. 34
....... CIG_RJ00795072–CIG_RJ00795073. Multiplan Change Order. 2
....... CIG_RJ00805783. Email from Terri Cothron to Keith Jones. RE: FW: OPR Percentile Change. January 4, 2016. 1

---

## ADDITIONAL INFORMATION

---

Correspondence.
....... Bates CIG_RJ00633349, CIG_RJ00805783, MPI-C0020806, MPI-C0020814, MPI-C0020816, and MPI-C0020819.
....... Bates MPI-0012803 and MPI-0014879.
....... Warren Haskel Attorney at Law. Letterhead. December 22, 2021. 2
         ....... September 23, 2021. 3

Data.
....... Bates CIG_RJ00002626, CIG_RJ00002627, CIG_RJ00002628, CIG_RJ00002629, CIG_RJ00002630, CIG_RJ00002631, and CIG_RJ00795072.
....... Bates CUSR0000SAM, CUSR0000SEMC01, CUSR0000SEMC04, and CUSR0000SS5703.
....... Bates ZipHsaHrr16, ZipHsaHrr17, ZipHsaHrr18, and ZipHsaHrr19.
....... BH-Cigna Claims (Production Final.)
....... CCW Medical SIU Data Dictionary Confidential.
....... Cigna Claim Trim.
....... Cigna Claims List Report.
....... Cigna Proposal - Claims Data Fields.
....... List of Client-Drafted SPDs Produced in Litigation.
....... MPI_BH-Cigna Claims (Production Final.)
....... PMHS PCLM Facets SIU Standard Layout Data Dictionary Confidential.
....... RJ Cigna Claim List Data.
....... RJ Plaintiffs Claims List.
....... Secondary Closure to Viant OPR Sample Claims.

Depositions.
....... Baker, Laurence, Ph.D. Rough Draft. April 18, 2023. 267

……. Declaration Of Sean Crandell in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification. October 10, 2022. 15
……. Defendant Cigna Health and Life Insurance Company's Amended Notice of Deposition of Dr. Ronald T. Luke. March 02, 2023. 4
……. Exhibit 11. March 22, 2023. 49
……. Jones, Keith. Deposition. December 15, 2022. 244
       ……. Errata Sheet. January 17, 2023. 1
……. Luke, Ronald Thomas, JD, PhD. March 17, 2023. 361
……. May, Sean M., PhD. Draft. April 25, 2023. 253
……. Ralston, Thomas Patrick. Vol. 1. December 15, 2022. 294
       ……. Vol. 2. December 16, 2022. 179


Donovan, William P., Jr., Errol J. King, Jr. Attorneys for Defendants.
……. Defendants' Opposition to Motion for Class Certification. March 28, 2023. 50


Expert Reports.
……. Baker, Laurence, MD. March 27, 2023. 87
……. Declaration of Sean M. May, Ph.D. March 27, 2023. 86
……. Declaration of Sean Crandell. March 22, 2023. 49
       ……. October 10, 2022. 15
……. Declaration of Thomas P. Ralston. January 16, 2023. 11
……. Defendants' Opposition to Motion for Class Certification. March 28, 2023. 50
……. List of Client Produced in Litigation. EXCEL
……. Secondary Closure to Viant OPR Sample Claims. EXCEL


Research and Planning Consultants Source Documents.
……. APC Listing. 187
……. APC5863 Page 9-10. 23
……. "Billing Guidance Update: Intensive Outpatient." Blue Cross Blue Shield of Wyoming. https://www.bcbswy.com/provider_updates/billing-guidance-update-intensive-outpatient. Accessed May 11, 2023. 1
……. "Commercial Reimbursement Policy. Partial Hospitalization and Intensive Outpatient Programs." Blue Cross Blue Shield of North Carolina. https://www.bluecrossnc.com/sites/default/files/document/attachment/services/public/pdfs/medicalpolicy/partial_hospitalization_intensive_outpatient_programs.pdf. Accessed May 11, 2023. 3
……. "Partial Hospitalization Programs (PHP) Claim Tips." Tricare. https://www.tricare-west.com/content/hnfs/home/tw/prov/claims/billing_tips/PHP_Claim_Tips.html. Accessed April 30, 2023. 2

# Attachment 3

IA

5

37

# Attachment 4











