| | |
|---|---|
| WILLIAM P. DONOVAN, JR. (SBN 155881)<br>**MCDERMOTT WILL & EMERY LLP**<br>wdonovan@mwe.com<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Telephone: +1 310 277 4110<br>Facsimile: +1 310 277 4730<br><br>JOSHUA B. SIMON (*pro hac vice*)<br>jsimon@mwe.com<br>WARREN HASKEL (*pro hac vice*)<br>whaskel@mwe.com<br>DMITRIY TISHYEVICH (SBN 275766)<br>dtishyevich@mwe.com<br>CAROLINE INCLEDON (*pro hac vice*)<br>cincledon@mwe.com<br>CHELSEA COSILLOS (*pro hac vice*)<br>ccosillos@mwe.com<br>**MCDERMOTT WILL & EMERY LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017<br>Telephone: +1 212 547 5400<br>Facsimile: +1 212 547 5444<br><br>*Attorneys for Cigna Health & Life Insurance Co.* | ERROL J. KING, JR. (*pro hac vice*)<br>errol.king@phelps.com<br>CRAIG L. CAESAR (*pro hac vice*)<br>craig.caesar@phelps.com<br>KATHERINE C. MANNINO (*pro hac vice*)<br>katie.mannino@phelps.com<br>TAYLOR J. CROUSILLAC (*pro hac vice*)<br>taylor.crousillac@phelps.com<br>BRITTANY H. ALEXANDER (*pro hac vice*)<br>brittany.alexander@phelps.com<br>**PHELPS DUNBAR LLP**<br>II City Plaza<br>400 Convention Street, Suite 1100<br>Baton Rouge, Louisiana 70802<br>Telephone: (225) 376-0207<br><br>DENNIS B. KASS (SBN 137263)<br>dennis.kass@manningkass.com<br>ADAM D. AFSHAR (SBN 330630)<br>adam.afshar@manningkass.com<br>**MANNING & KASS, ELLROD,<br>RAMIREZ, TRESTER LLP**<br>801 South Figueroa Street, 15th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 624-6900<br>Facsimile: (213) 624-6999<br><br>*Attorneys for MultiPlan, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son; DS, an individual, and on behalf of and all others similarly situated,<br><br>                Plaintiffs,<br><br>    vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.<br><br>                Defendants. | Case No. 5:20-cv-02255-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' OBJECTION**<br><br>Courtroom: 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

Defendants Cigna Health and Life Insurance Company ("Cigna") and MultiPlan, Inc. ("MultiPlan") hereby submit this opposition to Plaintiffs' Motion to Strike, or in the Alternative Motion for Leave to Respond to, Defendants' Objection to Evidence Submitted with Plaintiffs' Reply in Support of Motion for Class Certification (Dkt. 185, the "Motion to Strike"). Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike in full, including Plaintiffs' request in the alternative for leave to file a response to Defendants' Objection to Reply Evidence.[1]

## RELEVANT BACKGROUND

Plaintiffs submitted extensive new evidence with their Reply—two improper and untimely expert reports, and five untimely and improper non-party provider declarations. (Dkts. 180-4, 180-10, and Dkt. 180-30 to 180-35.) Defendants filed an objection to that evidence, as Local Rule 7-3(d)(1) authorizes (the "Objection"). (Dkt. 183.) Plaintiffs now move to strike that Objection under Federal Rule of Civil Procedure 12(f), claiming that the evidence they submitted with their Reply is not really new; in the alternative, they request leave to file a response to the Objection. (Dkts. 185; 185-1).

## ARGUMENT

**I.  Plaintiffs' Rule 12(f) Motion is Procedurally Improper.**

Defendants' Objection was authorized by Rule 7-3(d)(1), which permits a party to file an Objection to new evidence submitted in reply (as it was here). Plaintiffs' response was not, however, because Rule 7-3(d) does not provide for any opposition or response to that Objection. *See, e.g., Brown v. Calvo*, 2005 WL 850837, at *1 (N.D. Cal. Apr. 13, 2005); *see also* L.R. 7-3(d) ("[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except for (1) objections to new evidence submitted on reply, and (2) statements of recent decision).

---

[1] Unless otherwise noted, all emphasis is added, and all internal quotation marks, citations, alterations, and ellipses are omitted. Abbreviations are the same as in Defendants' Objection.

- 1 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO, DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, CASE NO: 5:20-CV-02255

Recognizing that Rule 7-3(d) does not permit their response, Plaintiffs rely on Federal Rule of Civil Procedure 12(f) instead. But that rule does not apply here, because under its "express language . . . only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also* Fed. R. Civ. P. 7(a) (defining "pleadings"). Motions and similar papers (like the Objection here) are not pleadings, and courts in this Circuit accordingly hold that Rule 12(f) may *not* be used as a vehicle to strike such papers. *See Kraft v. Old Castle Precast Inc.,* 2015 WL 11216774, at *2 (C.D. Cal. Aug. 3, 2015) ("to the extent that Kraft relies on the Federal Rules of Civil Procedure as authority for striking defendants' motions, Federal Rule of Civil Procedure 12(f) provides for motions to strike *pleadings*, and in turn Fed. R. Civ. P. 7 defines pleadings *not* to include motions to dismiss . . . or the like"); *Renard v. San Diego Unified Port Dist.,* 2007 WL 2262853, at *1 (S.D. Cal. Aug. 6, 2007) (denying motion to strike a brief as improper, because Rule 12(f) only applies to pleadings); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010) (holding that district court erred in striking material that did not fit in any of the Rule 12(f) categories).

Because Plaintiffs' motion to strike is not permitted by Rule 12(f), and because Local Rule 7-3(d) does not permit "responses" to 7-3(d)(1) objections, Plaintiffs' motion should be denied.

**II.   Plaintiffs' Motion to Strike is Based on False Premises.**

Defendants' Objection explained why the rebuttal expert reports and Non-Party Provider Declarations were improper new evidence. (*See generally* Dkt. 183.) None of Plaintiffs' arguments in their Motion to Strike change this fact.

First, Plaintiffs' argument that Drs. Luke's and Piper's brand-new models are "simply an expansion of a damages model Plaintiffs' experts hypothesized in their initial report" (Dkt. 185 at 2) is wrong—because Drs. Luke and Piper concede that they did not offer any damages models in their initial report. (*See* Dkt. 180-1 ¶ 55 ("Drs. May and Baker assert RPC did not present a damages model in the January RPC Report. ***We did not*** because we assumed the damages analysis would come during the merits phase of the litigation . . . .").) Plaintiffs' argument that their experts have

- 2 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO, DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, CASE NO: 5:20-CV-02255

now simply added "greater detail" to a damages model that did not exist before is irreconcilable with the record. (Dkt. 185 at 2).

At most, as Defendants' Objection pointed out, Drs. Luke's and Piper's initial report theorized that one conceivably *could* use Cigna's own data to calculate alternative percentile values – but they had not actually done so. (*See, e.g.,* Dkt. 166 at 3 ("[Plaintiffs] contend that the Viant database was invalid, but neither they nor their experts propose an alternative method of calculating MRC1 amounts"); *id.* at 19.) Plaintiffs' decision to "respond[] to [Cigna's] identified omission[s] with new work is not proper rebuttal." *Matthew Enter., Inc. v. Chrysler Grp. LLC,* 2016 WL 4272430, at *3 (N.D. Cal. Aug. 15, 2016) (excluding reply report with new calculations that were not part of the expert's initial report); *see also Werdebaugh v. Blue Diamond Growers*, 2014 WL 7148923, at *8 (N.D. Cal. Dec. 15, 2014) (excluding supplemental report that was "based on a new, changed methodology and result[ed] in significant changes . . . ."). Moreover, the initial RPC report did not present, discuss, or "hypothesize" *any* potential damages model that could be used to determine the "additional revenue" Defendants collected from cost containment fees, making it unclear how Plaintiffs can plausibly allege that the New RPC Report merely expands on existing damages model(s). (Dkt. 148-7.)

Plaintiffs' argument that Drs. Luke and Piper utilized "newly acquired data" introduced with Defendants' opposition is also unavailing. (Dkt. 185 at 2.) As Defendants showed in their Objection, and Plaintiffs do not dispute, the purportedly "new" information that Drs. Luke and Piper received about geographic areas was not even produced in this case, and instead came from Sean Crandell's declaration in the related *LD, et al. v. United Behavioral Health* matter. Drs. Luke and Piper had access to Sean Crandell's declaration months before Defendants' opposition was due, and also admit they actually relied on that information in drafting their initial report. (*See* Dkt. 148-7 at 41.)[2] Plaintiffs argue that "[t]he fact that [this evidence] may have been evidence—under seal—in an

---

[2] Furthermore, Plaintiffs could also have requested, and received, that information in discovery at any prior point in this case, and have failed to offer justification for why they did not.

unrelated case does not mean that it was available as evidence in this case." (Dkt. 185 at 4.) But Plaintiffs should not be able to use the Crandell declaration as both a sword and shield, and to allow Drs. Luke and Piper to utilize that declaration in support of their initial report while arguing that they could not have used the data within it to generate a damages model.

Plaintiffs also cannot rely on the Ninth Circuit's decision in *Wit v. United Behavioral Health*, 58 F.4th 1080 (9th Cir. 2023) as somehow justifying their belated damages models. *Wit* did not break any new ground on this point, because the Supreme Court made it clear a decade ago that Rule 23(b) requirements must be met with "evidentiary proof"—typically, a damages model. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *see also Bruton v. Gerber Prod. Co.*, 2018 WL 1009257, at *12 (N.D. Cal. Feb. 13, 2018) (denying motion for class certification where the damages models presented failed to satisfy *Comcast*).

Separately, Defendants objected to Plaintiffs' expert rebuttal class certification reports on the grounds that they are not permitted by the Parties' Case Management Order, nor are Plaintiffs permitted to expert rebuttal reports as of right. (Dkt. 183 at 2-3 ("Plaintiffs never asked for, nor did the Case Management Order give them leave, to submit rebuttal class certification expert reports to Defendants' experts") (citing Dkt. 78, as modified Dkts. 99, 128, 162)); *see also Stoyas v. Toshiba Corp.*, 2022 WL 19406, at *2 (C.D. Cal. Jan. 3, 2022) (striking reply expert report where one was not contemplated by the scheduling order or briefing schedule for class certification). Plaintiffs do not address or rebut this argument at all in their Motion to Strike, effectively conceding the point.[3]

Additionally, Defendants' Objection also avoided any further legal argument in opposition to Plaintiffs' motion for class certification, as required by Local Rule 7-3(d). Plaintiffs claim that the Objection improperly included "legal arguments" about the importance of determining whether members received and paid a balance bill and whether Viant OPR rates constitute offers, to which

---

[3] As the Case Management Order sets forth expert disclosure deadlines, the default expert disclosure deadlines under Rule 26 are not applicable. (Dkt. 185 at 2-3); *see* Rule 26(a)(2)(D) (referencing that it only applies "[a]bsent a stipulation or a court order . . .").

- 4 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO, DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, CASE NO: 5:20-CV-02255

Plaintiffs needed to submit non-party provider declarations in response. (Dkt. 185 at 3.) But the Objection did not present any *legal* arguments on these issues; instead, Defendants simply pointed out that these have been key issues since the inception of this case, making Plaintiffs' decision to raise them for the first time on reply – when Defendants cannot respond – improper. (Dkt. 183 at 3-5.)

### III. Plaintiffs Misrepresent the Parties' Interactions

Finally, Plaintiffs mischaracterize the series of events that precipitated Defendants' filing of their 7-3(d)(1) Objection. (*See* Dkt. 185 at 3, 185-1 at 1.) On May 17, 2023 – the day after receiving Plaintiffs' reply – Defendants informed counsel for Plaintiffs that the new evidence submitted with the reply was improper and untimely, and that Defendants intended to file an objection to all of the new material and move to strike them unless Plaintiffs voluntarily agreed to do so. Plaintiffs stated that they believed all evidence submitted with their Reply was appropriate, and that they would not agree to strike the new evidence, but that they were willing to meet and confer. In light of Plaintiffs' intractable position, and given that Rule 7-3(d)(1) does not require the parties to meet and confer before filing an Objection, Defendants did not believe a meet and confer would be productive and proceeded with timely filing their Objection.

The parties later met and conferred on May 24, 2023 on an *unrelated* issue regarding redactions made to exhibits Plaintiffs filed in connection with their Reply. At no point during that meet and confer did Plaintiffs indicate that they would be filing a motion to strike Defendants' objection; instead, Defendants first learned about the motion to strike when it was filed on May 30, 2023. During the May 24, 2023 meet and confer, Plaintiffs stated that they were willing to get their experts' availability for depositions. In response, Defendants stated that their position is that both of Plaintiffs' experts' rebuttal reports were improperly filed, because the scheduling order does not allow for class certification rebuttal expert reports and because the reports contain new evidence, and that they therefore should be excluded. Defendants further noted that if the Court does decide to consider the expert rebuttal reports and grants Defendants leave to depose these experts, Defendants will proceed with any depositions then.

- 5 -
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO, DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, CASE NO: 5:20-CV-02255

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to strike should be denied, as should their request, in the alternative, for leave to file a response to Defendants' 7-3(d)(1) Objection.

Dated: June 13, 2023                    Respectfully submitted,

By: */s/ Warren Haskel*
    WARREN HASKEL

WILLIAM P. DONOVAN, JR. (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:     +1 310 277 4110
Facsimile:      +1 310 277 4730

JOSHUA B. SIMON (admitted *pro hac vice*)
WARREN HASKEL (admitted *pro hac vice*)
DMITRIY TISHYEVICH (SBN 275766)
CAROLINE INCLEDON (admitted *pro hac vice*)
CHELSEA COSILLOS (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone:     +1 212 547 5400
Facsimile:      +1 212 547 5444

*Attorneys for Defendant Cigna Health and Life Insurance Company*

By: */s/ Errol J. King, Jr.*
ERROL J. KING, JR. (admitted *pro hac vice*)
KATHERINE C. MANNINO (admitted *pro hac vice*)
TAYLOR J. CROUSILLAC (admitted *pro hac vice*)
BRITTANY H. ALEXANDER (admitted *pro hac vice*)
**PHELPS DUNBAR LLP**
errol.king@phelps.com
katie.mannino@phelps.com

- 6 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO, DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, CASE NO: 5:20-CV-02255

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

taylor.crousillac@phelps.com
brittany.alexander@phelps.com
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

CRAIG L. CAESAR (admitted *pro hac vice*)
**PHELPS DUNBAR LLP**
craig.caesar@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 584-9272
Fax: (504) 568-9130

and

DENNIS B. KASS (SBN 137263)
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
dennis.kass@manninkass.com
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

ADAM D. AFSHAR (SBN 330630)
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
adam.afshar@manningkass.com
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6900
Facsimile: (415) 217-6999

*Attorneys for Defendant MultiPlan, Inc.*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO RESPOND TO, DEFENDANTS' OBJECTION TO EVIDENCE SUBMITTED WITH PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, CASE NO: 5:20-CV-02255

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the signatories to this document.

Dated: June 13, 2023                              */s/ Warren Haskel*
                                                  Warren Haskel