WILLIAM P. DONOVAN, JR. (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:      +1 310 277 4110
Facsimile:       +1 310 277 4730

JOSHUA B. SIMON (*pro hac vice*)
jsimon@mwe.com
WARREN HASKEL (*pro hac vice*)
whaskel@mwe.com
DMITRIY TISHYEVICH (SBN 275766)
dtishyevich@mwe.com
CAROLINE INCLEDON (*pro hac vice*)
cincledon@mwe.com
CHELSEA COSILLOS (*pro hac vice*)
ccosillos@mwe.com
**MCDERMOTT WILL & EMERY LLP**
One Vanderbilt Avenue
New York, NY 10017
Telephone:      +1 212 547 5400
Facsimile:       +1 212 547 5444

*Attorneys for Defendant Cigna Health & Life Insurance Co.*

ERROL J. KING, JR. (*pro hac vice*)
errol.king@phelps.com
CRAIG L. CAESAR (*pro hac vice*)
craig.caesar@phelps.com
KATHERINE C. MANNINO (*pro hac vice*)
katie.mannino@phelps.com
TAYLOR J. CROUSILLAC (*pro hac vice*)
taylor.crousillac@phelps.com
BRITTANY H. ALEXANDER (*pro hac vice*)
brittany.alexander@phelps.com
**PHELPS DUNBAR LLP**
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207

DENNIS B. KASS (SBN 137263)
dennis.kass@manningkass.com
ADAM D. AFSHAR (SBN 330630)
adam.afshar@manningkass.com
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendant MultiPlan, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RJ, as the representative of her beneficiary son; DS, an individual, and on behalf of and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.<br><br>　　　　　　　Defendants. | Case No.   5:20-cv-02255-EJD<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Date: July 27, 2023<br>Time: 9:00 a.m.<br>Courtroom: 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

    I.    PLAINTIFFS SEEK TO INVOKE THE WRONG STANDARD BECAUSE THEY FAILED TO OPPOSE DEFENDANTS' SEALING MOTIONS......................2

    II.   DEFENDANTS MEET BOTH THE GOOD CAUSE AND COMPELLING REASONS STANDARDS NECESSARY TO SEAL THE CHALLENGED INFORMATION.................................................................................................3

CONCLUSION ....................................................................................................................13

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AdTrader, Inc. v. Google LLC*,
   2018 WL 5733745 (N.D. Cal. Oct. 30, 2018)..............................................................13

*In re Hewlett-Packard Co. S'holder Derivative Litig.*,
   2015 WL 8570883 (N.D. Cal. Nov. 18, 2015) ............................................................13

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
   2013 WL 4475900 (N.D. Cal. Aug. 15, 2013) ............................................................13

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
   2012 WL 6160468 (E.D. Cal. Dec. 11, 2012) .............................................................13

**Other Authorities**

29 C.F.R. § 2590.715-2715A3..............................................................................................12

Fed. R. Civ. P. 26(c) ................................................................................................................2

Defendants respectfully submit this reply memorandum in further support of their motion to retain confidentiality designations. (Dkt. No. 189.)[1]

## INTRODUCTION

The three documents at issue in this motion are all exhibits to class certification briefing: the Crandell Declaration and Baker Report are exhibits to Defendants' opposition to class certification, and the New RPC Report is an exhibit to Plaintiffs' reply. Because each contains confidential information, Defendants moved to seal them, ***and Plaintiffs did not oppose those sealing motions***. Instead, having missed those deadlines, Plaintiffs now try to use the parties' protective order as a backdoor challenge to the confidentiality designations. As Defendants explained in their opening brief, Plaintiffs' belated attempt to raise this issue is an inefficient use of the parties' and the Court's resources. For that reason alone, the Court should find that Plaintiffs have waived their challenge.

Plaintiffs' response confirms that Defendants' Motion succeeds on the merits too. Plaintiffs argue that the compelling reasons standard should apply instead of the good cause standard as provided for in the parties' Protective Order, even though the latter is the standard applicable to this Motion while the compelling reasons standard applies to sealing motions (which in this case are unopposed). But regardless of which standard applies, Defendants have provided ample support to show that the information that Defendants seek to protect is comprised of their trade secrets and proprietary information like fees, rates, and pricing methodologies that, if disclosed, would harm Defendants' competitive standing and that this interest in retaining confidentiality is not outweighed by other considerations. These material's confidentiality designations should thus be retained, and Plaintiffs' improper challenges should be denied.

## ARGUMENT

---

[1] Unless otherwise noted, all emphasis is added, and all citation, alterations, and internal quotation marks are omitted. "Motion," "Mot.," or "Br." refers to Defendants' motion to retain confidentiality and supporting memorandum of law, Dkt. 189; and "Opp." or "Opposition" refer to the opposition thereto, Dkt. 191. All capitalized terms have the meaning provided to them in Defendants' Motion.

### I. PLAINTIFFS SEEK TO INVOKE THE WRONG STANDARD BECAUSE THEY FAILED TO OPPOSE DEFENDANTS' SEALING MOTIONS.

Plaintiffs suggest that the compelling reasons standard—the standard applicable in this Court to sealing requests made in conjunction with dispositive motions (Br. at 6-7)—rather than the good cause standard provided for in the parties' Protective Order applies to Defendants' Motion. (Opp. at 1-3.) This argument fails for at least two reasons.

First, the good cause standard applies to confidentiality challenges, which is the subject of Defendants' Motion. Plaintiffs made clear that they were launching their "confidentiality" challenges pursuant to the parties' Protective Order. (Br. at 4 & Br. Ex. 3 at 4 (counsel for Plaintiffs relying on Section 6 of the Protective Order to make confidentiality challenges).) As Defendants outlined in their Motion, "Confidential" information under the Protective Order is that which "qualif[ies] for protection under Federal Rule of Civil Procedure 26(c)," and confidentiality challenges are governed by the dispute mechanism provided for in the Protective Order, Federal Rule of Civil Procedure 26(c), and an analysis under the good cause standard. (*Id*. at 2-3, 5-6.) Because Plaintiffs purported to make their confidentiality challenges under Section 6 of the Protective Order, Defendants' ensuing motion to retain their confidentiality designations is governed by this standard. (*Id*.)

Plaintiffs try to shift the blame by arguing that "it was Defendants who insisted that the dispute between the parties was under the protective order and that the process set forth in the order applied to the present dispute." (Opp. at 13-14.) Not so. When Defendant objected that Plaintiffs filed the New RPC Report with redactions insufficient to protect their confidential information, Plaintiffs relayed that they did not redact the information for which Defendants sought additional redactions in the first instance because they did not believe it was confidential. (*See* Br. at 3-4, Ex. 3.) In response, Defendants informed Plaintiffs that Defendants placed confidentiality designations on this information throughout the litigation, and Plaintiffs had never challenged those designations, making their public filing of this information a violation of Section 6 of the Protective Order.

Second, putting Plaintiffs' procedural improprieties aside, even if Plaintiffs are correct that the compelling reasons standard applies to Defendants' Motion, Defendants have ***already*** shown why there are compelling reasons to seal their confidential information when they filed their Motion to

- 2 -
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255

Seal the Baker Report and Crandell Submission in connection with their class certification opposition brief and their Statement in Support of Sealing for the New RPC Report Plaintiffs filed with their class certification Reply. (Dkt. 167 – 167-6 (explaining and supporting the compelling reasons that warranted sealing); Dkt. 184 – 184-2 (same).) Plaintiffs never opposed those motions, and the Court should not allow them to belatedly do so under the guise of the Protective Order now. Regardless, because Plaintiffs now raise the compelling reasons standard in their response, Defendants again address the reasons why Defendants meet that standard here in the next section.

## II. DEFENDANTS MEET BOTH THE GOOD CAUSE AND COMPELLING REASONS STANDARDS NECESSARY TO SEAL THE CHALLENGED INFORMATION.

Defendants in their Motion offered specific and detailed reasons why the confidentiality designations of the Baker Report, Crandell Submission, and the New RPC Report should be retained. In short, Defendants, with support from six declarations, described that those materials reflected a host of competitively sensitive and personal information—including fees, amounts offered in negotiations, inputs for proprietary pricing methodologies, and development details of those methodologies, among many other bases. (Br. at 8-10.)

Despite originally stating that no information in Sections I-V of the Baker Report should be sealed aside from "plan and facility names", Plaintiffs appear to have changed their position in their opposition, and now do not dispute that, at minimum, the information Defendants redacted in paragraphs 50, 105, 114-117, and 121-124 of the Baker Report is confidential and should remain under seal. Similarly, Plaintiffs do not challenge the confidentiality or sealing of the information Defendants redacted in paragraphs 15 and 18 of the New RPC Report. In certain instances, Defendants are also willing to drop their confidentiality designations in response to Plaintiffs' opposition, in particular the proposed redactions in paragraphs 8, 12, and 34 of the Baker Report and paragraphs 25-28, 31-32, and 39 of the New RPC Report. Defendants therefore respond to Plaintiffs' positions to each document below.

//

//

**Baker Report**[2]

| Challenged Paragraph(s) | Defendants' Response |
|---|---|
| ¶ 17, n.23 | This reference reflects a citation to confidential personal health information ("PHI), including claim number and date of service. |
| ¶ 23 | This paragraph contains confidential information about Cigna's methodologies for pricing and processing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶ 5, Vangeli Decl. Dkt. 158-3 ¶ 9. |
| ¶¶ 25, 27-29, 31 | These paragraphs reflect confidential information about Cigna's practices and procedures for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶¶ 4-5, Cothron Decl. Dkt. 167-4 ¶¶ 5-6, Vangeli Decl. Dkt. 158-3 ¶¶ 4-9. |
| ¶ 33 | This paragraph reflects confidential information about Cigna's arrangements with plan clients for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶ 4, Vangeli Decl. Dkt. 158-3 ¶ 9. |
| ¶¶ 35-37 | These paragraphs contain confidential information regarding MultiPlan's pricing methodologies that, if publicly disclosed, would competitively harm MultiPlan. *See* Wilde Decl. Dkt. 167-6 ¶¶ 10-25. |

---

[2] As discussed above, Plaintiffs' Opposition does not challenge the confidentiality or sealing of the information Defendants redacted in ¶¶ 50, 105, 114-117, and 121-124 of the Baker Report.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255

| ¶¶ 41-43, 46 | These paragraphs reflect confidential information about Cigna's practices and procedures for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶¶ 4-5, Cothron Decl. Dkt. 167-4 ¶¶ 5-6, Vangeli Decl. Dkt. 158-3 ¶¶ 4-9. |
|---|---|
| ¶¶ 52-54, 57-58 | These paragraphs contain confidential information regarding named Plaintiffs' claims, including regarding Cigna's interactions with named Plaintiff RJ and her employer. This includes information marked Confidential by Plaintiffs and Plaintiffs' provider Summit Estate. |
| ¶¶ 60-61 | These paragraphs contain confidential information regarding named Plaintiffs' claims, including Cigna's interactions with named Plaintiff RJ and her employer. This includes information marked Confidential by Plaintiffs and Plaintiffs' provider Summit Estate. |
| ¶ 71 | This paragraph contains confidential information about Cigna's internal process for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶¶ 4-5, Cothron Decl. Dkt. 167-4 ¶¶ 5-6, Vangeli Decl. Dkt. 158-3 ¶¶ 4-9. |

| ¶¶ 90-92 | The specific information set forth in Paragraphs 90-91 as to the frequency of provider contacts and appeals concerning Viant OPR pricing, as well as outcomes when appeals do occur, is proprietary and confidential. Public disclosure would adversely affect MultiPlan's business interests, as the supporting declarations previously submitted by MultiPlan have shown. *See generally* Wilde Decls. Dkt. 158-6 and 167-6. Paragraph 90 also includes discussion of documents produced by non-party Boardwalk Recovery Center, which produced the cited documents as Confidential because they contain PHI. Paragraph 92 contains an analysis of a putative class member's substance abuse treatment at a particular healthcare facility, including providing date of service, the name of the facility, and RPC's analysis of an alternative allowed amount based on a specific percentile that RPC computed using Cigna's confidential claims data. |
|---|---|
| ¶¶ 97-99, 102 | These paragraphs contain confidential information regarding an individual putative class member's claims, including the name of the facility that the putative class member went to, the month and year in which they received service, the name of the facility, and an analysis of that facility's pricing. |
| ¶¶ 129-130 | These paragraphs confidential information about Cigna's methodologies for pricing and processing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶¶ 5, Vangeli Decl. Dkt. 158-3 ¶¶ 9. |
| ¶¶ 132-137 | These paragraphs contain confidential information regarding Cigna's out-of-network claims experience, including non-public information about Cigna's experience with providers in various state markets. |

**Crandell Submission**

| Challenged Paragraph(s) | Defendants' Response |
|---|---|
| ¶¶ 9-12 | Plaintiffs offer no specific criticism of the confidentiality designations in these paragraphs; they merely state they contain "general, background material" and "do not contain trade secrets . . . ." While the paragraphs do contain high-level descriptions of Viant, its business, and the "Facility Outpatient Usual and Customary" ("U&C") Review Service involved in this case, the statements made by Mr. Crandell about these subjects, as well as the references to proprietary and confidential exhibits that are not publicly shared, require protection from disclosure. MultiPlan's prior submissions in support of is confidentiality designations provide the basis for their continued protection. *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |
| ¶¶ 13-19 & 22 | Plaintiffs claim that these paragraphs "contain general descriptions and information concerning Viant OPR that is not detailed or specific enough to constitute a trade secret or be considered commercially sensitive." That is not the test. The paragraphs describe the data sources for Viant OPR and the way in which such data is employed. Such information concerning the methodology is proprietary and confidential, and MultiPlan takes steps to protect it from public disclosure, as its prior submission in support have demonstrated. *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |
| ¶¶ 25-46 | Contrary to Plaintiffs' assertions, the information set forth in these paragraphs is proprietary and highly confidential, describing the Viant OPR methodology in great detail. While it mentions publicly available |

| | |
|---|---|
| | CMS data, it also sets forth how the Viant OPR methodology uses that data through its proprietary logic, as well as pointing out ways in which the Viant OPR methodology uniquely handles certain issues to calculate pricing recommendations.  It is difficult to perceive what could be more deserving of protection from public disclosure.  Again, MultiPlan's previous submissions support maintaining the confidentiality designations for these paragraphs. *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |
| ¶¶ 50-58, 60-61 | The information set forth in these paragraphs, which relates to the specific behavioral health codes at issue in this case, is proprietary and highly confidential, describing the application of the Viant OPR methodology as well as MultiPlan's internal evaluations, operations, and processes. Plaintiffs' suggestion that the information is "not detailed or specific enough to be designated confidential and sealed" simply ignores what is clear from the Crandell Declaration itself, as well as from the support which MultiPlan has previously offered the Court to evaluate its assertion of confidentiality and need to keep this information from public disclosure, which would harm MultiPlan's position in the marketplace, both as to its competitors and its customers. *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |
| ¶¶ 63-66 | Plaintiffs repeat their basic theme – that what is set forth in these paragraphs is "not detailed or specific enough to be designated confidential and sealed . . . ." Yet, when one reviews the paragraphs at issue, which address inaccuracies in the report of Plaintiffs' expert RPC, LP, it is clear that they focus on matters that reflect on MultiPlan's relationship with Cigna and the latter's access to and use |

- 8 -
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255

| | |
|---|---|
| | of Viant OPR for pricing recommendations that *are* confidential and deserving of protection from disclosure.  MultiPlan's prior submissions support maintaining the confidentiality designations for these paragraphs. *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |
| Exhibits A, B & C | These documents, despite Plaintiffs' mischaracterization of their dissemination "outside the company," are highly confidential and proprietary and have only been made available to customers subject to confidentiality strictures intended to prevent broader disclosure.  Public access to the detailed information concerning the Viant OPR methodology would adversely affect MultiPlan's business and its competitive position in the marketplace.  MultiPlan has consistently maintained the confidentiality of these items, as its supporting materials filed with the Court make clear.  *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |
| Exhibit D | This document is highly confidential and proprietary.  Public access to the detailed information concerning this aspect of MultiPlan's processing of behavioral health claims submitted for pricing recommendations would adversely affect MultiPlan's business and its competitive position in the marketplace.  MultiPlan has consistently maintained the confidentiality of these items, as its supporting materials filed with the Court make clear.  *See generally* Wilde Decl. Dkt. 167-6; Caesar Decl. Dkt. 184-6. |

**New RPC Report**[3]

| Challenged Paragraph(s) | Defendants' Response |
|---|---|
| ¶¶ 10-14 | These paragraphs discuss portions of the Crandell Declaration, which is included in MultiPlan's confidentiality designations and are discussed in detail above. |
| ¶ 17 | This paragraph discusses an aspect of the Viant OPR methodology and for the reasons set forth above in discussing the Crandell Declaration and its accompanying Exhibits A-C, should remain confidential and under seal. |
| ¶¶ 20-21 | These paragraphs discuss aspects of the Viant OPR methodology and for the reasons set forth above in discussing the Crandell Declaration and its accompanying Exhibits A-C, should remain confidential and under seal. |
| ¶¶ 23-24 | These paragraphs discuss aspects of the Viant OPR methodology and for the reasons set forth above in discussing the Crandell Declaration and its accompanying Exhibits A-C, should remain confidential and under seal. |

---

[3] As discussed above, Plaintiffs' Opposition does not challenge the confidentiality or sealing of the information Defendants redacted in ¶¶ 15 and 18 of the New RPC Report.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255

| | |
|---|---|
| ¶¶ 29-30 | These paragraphs reflect confidential information about Cigna's practices and procedures for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna, including summaries of Cigna's confidential claims data reflecting the out-of-network providers represented in Cigna's claims data. *See* Vangeli Decl. Dkt. 167-3 ¶ 4, Vangeli Decl. Dkt. 158-3 ¶¶ 8-9, Cothron Decl. Dkt. 167-4 ¶ 5. |
| ¶¶ 33-38 | These paragraphs discuss aspects of the Viant OPR methodology and for the reasons set forth above in discussing the Crandell Declaration and its accompanying Exhibits A-C, should remain confidential and under seal. |
| ¶ 48 | This paragraph confidential information about Cigna's practices and procedures for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶¶ 4-5, Cothron Decl. Dkt. 167-4 ¶¶ 5-6, Vangeli Decl. Dkt. 158-3 ¶¶ 4-9. |
| ¶¶ 51-53 | This paragraph contains confidential information about Cigna's internal process for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna. *See* Vangeli Decl. Dkt. 167-3 ¶¶ 4-5, Cothron Decl. Dkt.167-4 ¶¶ 5-6, Vangeli Decl. Dkt. 158-3 ¶¶ 4-9. |

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255

| ¶ 55 | These paragraphs reflect confidential information about Cigna's practices and procedures for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna, including the purported fee that may be charged by Cigna for certain clients for administering the cost containment program. *See* Vangeli Decl. Dkt. 167-3 ¶ 4, Vangeli Decl. Dkt. 158-3 ¶¶ 8-9, Cothron Decl. Dkt. 167-4 ¶ 5. |
|---|---|
| ¶ 58-60 | These paragraphs reflect confidential information about Cigna's practices and procedures for pricing out-of-network claims that, if publicly disclosed, would competitively harm Cigna, including summaries of Cigna's confidential claims data, such as the number and costs of out-of-network IOP claims. *See* Vangeli Decl. Dkt. 167-3 ¶ 4, Vangeli Decl. Dkt. 158-3 ¶¶ 8-9, Cothron Decl. Dkt. 167-4 ¶ 5. |

Plaintiffs also make two misguided global arguments. First, Plaintiffs argue that Defendants' information should not be protected because certain claims data disclosures are required under law. As an initial matter, the regulation that Plaintiffs cite did not go into effect until January 1, 2022, after the date of any of the claims at issue with Cigna's confidential claims data. *See* 29 C.F.R. § 2590.715-2715A3. As the adoption of this regulation suggests, before this point, this type of information was considered confidential.

But more important, the information that Plaintiffs wish to publicly disclose goes beyond what federal law covers, including because it would also reveal not just the provider's allowed amount but information about Plaintiffs' view of plan sponsors' out-of-network elections and fee arrangements, which are not subject to disclosure.

Second, Plaintiffs argue that Defendants cannot rely solely on the Protective Order to support their Motion. But that argument makes no sense with respect to Defendants' confidentiality designations, as one of the purposes of the Protective Order is indeed to facilitate the designation of confidentiality. (*See* Dkt. 22.) To the extent Plaintiffs are trying to say that Defendants are relying

- 12 -

1  solely on the Protective Order to seal material, Defendants' detailed sealing submissions contradict
2  that argument. (*See* Dkt. 167; Dkt. 184.)

3  Finally, Plaintiffs' attempts at distinguishing the case law cited in Defendants' Motion only
4  highlight why Plaintiffs' challenge is lacking. For example, Plaintiffs try to distinguish *In re Hewlett-*
5  *Packard Co. S'holder Derivative Litig.*, 2015 WL 8570883 (N.D. Cal. Nov. 18, 2015) from the
6  present challenge because that case involved a "targeted" set of 30 documents (Opp. at 4); this point
7  only supports Defendants' Motion for which they seek protection of three documents. Similarly, for
8  *AdTrader, Inc. v. Google LLC*, 2018 WL 5733745 (N.D. Cal. Oct. 30, 2018), Plaintiffs say that case
9  involved a "level of detail and specificity" not present in this case (Opp. at 3-4), but the information
10 at issue here is as particularized if not more. (*Compare id.* at *2-3, *with* Br. at 8-10.) And for *Muench*
11 *Photography, Inc. v. Pearson Educ., Inc.*, 2013 WL 4475900 (N.D. Cal. Aug. 15, 2013) and
12 *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 2012 WL 6160468 (E.D. Cal. Dec. 11, 2012), all
13 Plaintiffs can muster is a bare claim that the cases are "inapplicable to the present litigation" and
14 "facts and circumstances," with zero support for why that is supposedly the case. (Opp. at 4-5.) That
15 is because the cases are on-point, and like in those cases, Defendants' designations should be retained.
16 *See Muench Photograph*, 2013 WL 4475900, at *4 (protecting documents that showed "product
17 development efforts," business "capabilities," "market share," "sales figures," and "profit margins,"
18 as not doing so would allow competitors to see party's "strengths and weaknesses, and use its
19 business strategies to their own benefit or to [party's] detriment . . .").

## CONCLUSION

21 For the forgoing reasons, Defendants respectfully request that the Court confirm Defendants'
22 confidentiality designations of the Baker Report, Crandell Submission, and New RPC Report.

24 Dated: July 6, 2023                    Respectfully submitted,

25                                        By: */s/ Warren Haskel*
                                              WARREN HASKEL

27                                        WILLIAM P. DONOVAN, JR. (SBN 155881)
                                          **MCDERMOTT WILL & EMERY LLP**
28                                        wdonovan@mwe.com

- 13 -
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY
DESIGNATIONS
CASE NO. 5:20-CV-02255

2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone:   +1 310 277 4110
Facsimile:   +1 310 277 4730

JOSHUA B. SIMON (admitted *pro hac vice*)
WARREN HASKEL (admitted *pro hac vice*)
DMITRIY TISHYEVICH (SBN 275766)
CAROLINE INCLEDON (admitted *pro hac vice*)
CHELSEA COSILLOS (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone:   +1 212 547 5400
Facsimile:   +1 212 547 5444

*Attorneys for Defendant Cigna Health and Life Insurance Company*

By:  /s/ Errol J. King, Jr.
ERROL J. KING, JR. (admitted *pro hac vice*)
KATHERINE C. MANNINO (admitted *pro hac vice*)
TAYLOR J. CROUSILLAC (admitted *pro hac vice*)
BRITTANY H. ALEXANDER (admitted *pro hac vice*)
**PHELPS DUNBAR LLP**
errol.king@phelps.com
katie.mannino@phelps.com
taylor.crousillac@phelps.com
brittany.alexander@phelps.com
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

CRAIG L. CAESAR (admitted *pro hac vice*)
**PHELPS DUNBAR LLP**
craig.caesar@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 584-9272
Fax: (504) 568-9130

and

DENNIS B. KASS (SBN 137263)
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
dennis.kass@manningkass.com
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

ADAM D. AFSHAR (SBN 330630)
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
adam.afshar@manningkass.com
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6900
Facsimile: (415) 217-6999

*Attorneys for Defendant MultiPlan, Inc.*

- 15 -
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the signatories to this document.

Dated: July 6, 2023

/s/ *Warren Haskel*
Warren Haskel

- 16 -
DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 5:20-CV-02255