WILLIAM P. DONOVAN, JR. (SBN 155881)
**McDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:     +1 310 277 4110
Facsimile:      +1 310 277 4730

JOSHUA B. SIMON (admitted *pro hac vice*)
WARREN HASKEL (admitted *pro hac vice*)
DMITRIY TISHYEVICH (SBN 275766)
CAROLINE INCLEDON (admitted *pro hac vice*)
CHELSEA COSILLOS (admitted *pro hac vice*)
**McDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone:     +1 212 547 5400
Facsimile:      +1 212 547 5444

Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE
COMPANY

ERROL J. KING, JR.*
CRAIG L. CAESAR*
KATHERINE C. MANNINO*
TAYLOR J. CROUSILLAC*
BRITTANY HOLT ALEXANDER*
*admitted *pro hac vice*
**PHELPS DUNBAR LLP**
errol.king@phelps.com
craig.caesar@phelps.com
katie.mannino@phelps.com
taylor.crousillac@phelps.com
brittany.alexander@phelps.com
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
Telephone:+1 225 376 0207
Facsimile: +1 225 381 9197

DENNIS B. KASS (SBN 137263)
ADAM D. AFSHAR (SBN 330630)
**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6900
dennis.kass@manninkass.com
adam.afshar@manningkass.com

Attorneys for Defendant MultiPlan, Inc.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

RJ, as the representative of her beneficiary son SJ, and DS, an individual, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.,

*Defendants.*

Case No. 5:20-cv-02255-EJD

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXCERPTED AND/OR REDACTED VERSIONS OF EXHIBITS 3, 5, 8-10, 15, 17-18, 22, AND 30 TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND EXHIBITS 9, AND 10-13 TO PLAINTIFFS' REPLY**

*[Proposed Order filed concurrently herewith]*

Hon. Edward J. Davila

Hearing:  None set

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

### INTRODUCTION

On December 27, 2023, the Court issued Orders ruling on Plaintiffs' two Administrative Motions to Seal filed in connection with Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in Support of its Motion for Class Certification. Dkts. 209, 211 (the "Orders"). In the Orders, the Court denied, without prejudice, Plaintiffs' motion to seal deposition transcripts and a declaration by Thomas Ralston in their entirety. *See* Dkt. 209 "Plaintiffs' motion to seal Exhibits 3, 5, 8, 9, 10, 15, 16, 17, 18, 22, and 30 is DENIED WITHOUT PREJUDICE to the extent Plaintiffs seek to seal the entire exhibit"); Dkt. 211 (Plaintiffs' motion to seal the entire deposition transcripts at Exhibits 2, 3, 9, 10, 11, 12, and 13 is DENIED WITHOUT PREJUDICE."). The Court ordered Plaintiffs to file another administrative motion to file the transcripts with appropriate redactions, or to file excerpted versions of these transcripts under seal. Dkts. 209 at 3, 211 at 2.

Exhibits 3, 5, 8-10, 15, 17-18, 22, and 30 to Plaintiffs' Motion for Class Certification, and Exhibits 9, and 10-13 to Plaintiffs' Reply consist of (1) deposition transcripts of Cigna Health and Life Insurance Co. ("Cigna") or MultiPlan, Inc. ("MultiPlan") witnesses, (2) deposition transcripts of Cigna's, MultiPlan's, and Plaintiffs' experts, and (3) the Declaration of Thomas Ralston. Each of these documents contains sensitive competitive information regarding Cigna and MultiPlan which could cause Defendants financial and competitive harm if disclosed, and some also contain personal health information of Plaintiffs, putative class members, or third parties. For these reasons, Defendants previously submitted Statements in Support of Plaintiffs' Administrative Motions to Seal, and supporting affidavits, justifying the sealing of these documents. Dkts. 158, 184. Because Exhibits 3, 5, 8-10, 15, 17-18, 22, and 30 to Plaintiffs' Motion for Class Certification, and Exhibits 9, and 10-13 to Plaintiffs' Reply consist of Defendants' sensitive competitive information, Defendants (rather than Plaintiffs) have chosen to submit excerpted versions of the transcripts, which are narrowly tailored to include only the pages of the transcripts cited in Plaintiffs' Motion for Class Certification and Reply, and an excerpted version of the Declaration of Thomas Ralston, which redacts only MultiPlan's proprietary and confidential information.

Therefore, pursuant to the Orders, as well as Federal Rule of Civil Procedure 26(c), Local Rules 7-11 and 79-5, and the Court's Standing Order for Civil Cases, Defendants Cigna and

MultiPlan hereby file this Administrative Motion to file under seal excerpted versions of Exhibits 3, 5, 8-10, 15, 17-18, 22, and 30 to Plaintiffs' Motion for Class Certification, and Exhibits 9, and 10-13 to Plaintiffs' Reply. Copies of the excerpted and redacted documents Defendants wish to seal are attached hereto.

## LEGAL STANDARD

The decision to seal records is left to the discretion of the district court. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 599 (1978)). While courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), documents filed in support of dispositive motions may be sealed if there is a "compelling reason," *id*. at 1179.

Under the "compelling reasons" standard, a district court balances "relevant factors" including the harm of disclosing the information against the "public interest in understanding the judicial process." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010). Applying these principles, compelling reasons exist to warrant sealing where disclosing "confidential business material …could result in improper use by business competitors seeking to replicate [the company's] business practices." *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014); *see also Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing.").

Courts have also concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co*., No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (concluding that the confidentiality of medical records outweighed the presumption in favor of public access to court records).

## ARGUMENT

Here, Defendants have narrowly tailored their request to affirmatively seal documents containing two categories of information where the risk of harm to Defendants and/or third parties outweigh the policy favoring public disclosure: (1) documents that, if disclosed, would place Cigna

DEFENDANTS' MOTION TO SEAL, CASE NO.: 5:20-CV-02255

and/or MultiPlan at a disadvantage by giving competitors and others unfair insight into their pricing, proprietary processes, programs, procedures, services, methodologies, and product designs, and (2) PHI relating to Plaintiffs, other putative class members, or third parties. As explained more fully below, and in the prior Statements in Support of Sealing filed by Defendants (Dkts. 158, 184),[1] compelling reasons exist to support sealing Exhibits 3, 5, 8-10, 15, 17-18, 22, and 30 to Plaintiffs' Motion for Class Certification, and Exhibits 9, and 10-13 to Plaintiffs' Reply, because they contain competitively sensitive and proprietary business information and public disclosure would harm Defendants' ability to compete in the marketplace and harm their relationships with their clients and vendors. *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (granting motion to seal information about "business strategies and internal decision-making").

      1.   <u>The Excerpted Deposition Transcripts of Cigna and MultiPlan Witnesses Should be Sealed.</u>

Defendants respectfully submit excerpted versions of Exhibits 3, 5, 8, 9, 15, 17, 18, 22, and 30 to Plaintiffs' Motion to Class Certification, and Exhibit 13 to Plaintiffs' Reply, which they seek to file under seal. These Exhibits consist of the deposition transcripts of Cigna employees Gabriel Smith, Michael Battistoni, Rachel Murphy, Terri Cothron, Keith Jones, and Sean Petree, and deposition transcripts of MultiPlan witnesses Karen Beckstead, Kathy Praxmarer, Monica Armstrong, and Sean Crandell.

Defendants seek to file the aforementioned excerpted Exhibits under seal because they contain confidential and proprietary information that will cause Cigna and MultiPlan financial and competitive harm if disclosed, as well as personal health information. Defendants previously

---

[1] To avoid burdening the Court with further filings for documents that are already under submission for prior sealing requests, such as the client declarations cited herein, Defendants will refer to previously filed declarations where necessary in support of this request for sealing. However, if the Court deems the declarations insufficient, Defendants respectfully request that they be permitted to file further declarations supporting filing under seal.

DEFENDANTS' MOTION TO SEAL, CASE NO.: 5:20-CV-02255

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

supported the filing of these Exhibits under seal at Dkts. 158 and 184. *See, e.g.,* Warren Haskel Decl. ¶ 17 (Dkt. 158-2) (noting that Exhibits 3, 5, 15, 17, and 30, amongst other exhibits, contain sensitive competitive information that could cause Cigna harm if disclosed, including, but not limited to, the calculation or amount of fees paid by Cigna to MultiPlan, confidential and proprietary information relating to Cigna's internal processes, policies, and practices for claims processing and implementation of its out-of-network programs); Rachel Murphy Decl. ¶¶ 6-7 (Dkt. 158-4) (stating that her deposition transcript includes "internal, non-public information regarding how Cigna handles certain types of calls regarding out-of-network pricing, such as what internal databases and claims systems call center advocates can utilize, and the training that Cigna provides to its call center advocates" as well as personal health information); Marjorie Wilde Decl. ¶ 14 (Dkts. 158-6) (noting that the deposition transcripts of Kathy Praxmarer, Karen Beckstead, Monica Armstrong, and Sean Crandell contain information on MultiPlan's proprietary business policies and dealings), ¶ 7 (noting that the exhibits contain highly confidential and proprietary information, the public disclosure of which would cause immediate and irreparable harm to MultiPlan's business, as well as its relationship with Cigna); Dmitriy Tishyevich Decl. ¶¶ 13 (Dkt. 184-2) (stating that Mr. Petree gave testimony regarding internal, non-public information regarding how Cigna's SIU handles investigations into potential healthcare billing fraud, SIU's internal policies and procedures, as well as questions about SIU's ongoing investigations into specific providers and facilities, all of which could put Cigna at a competitive disadvantage if it were made public); see also generally Mario Vangeli Decl. (Dkt. 158-3).

2. <u>The Excerpted Transcripts of Plaintiffs' and Defendants' Experts Should Be Sealed</u>

Defendants respectfully submit excerpted versions of Exhibits 9, 10, 11, and 12 to Plaintiffs' Reply, which they seek to file under seal. These Exhibits consist of the excerpted deposition transcripts of Defendants' experts Sean May and Laurence Baker, and Plaintiffs' experts Brian Piper and Ronald Luke.

Defendants seek to file the aforementioned excerpted Exhibits under seal because they contain confidential and proprietary information that will cause Cigna financial and competitive harm

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

if disclosed. As previously supported by Defendants, the deposition transcripts of all four experts – including the excerpted portions Defendants seek to file under seal – include information and discussions about Cigna's out-of-network program features and Cigna's confidential claims data, the public disclosure of which would harm Cigna's ability to compete in the marketplace and its business relationships. *See* Tishyevich Decl. ¶¶ 11-12 (Dkt. 184-2); *see also* Vangeli Decl. ¶ 9 (Dkt. 158-3).

3. <u>The Redacted Ralston Declaration Should Be Sealed</u>

Defendants respectfully submit a redacted version of Exhibit 10 to Plaintiffs' Motion for Class Certification, which they seek to file under seal. This Exhibit consists of the Declaration of Thomas Ralston.

Defendants seek to file the aforementioned redacted Exhibit under seal because it contains confidential and proprietary information that will cause MultiPlan financial and competitive harm if disclosed. As previously detailed by Defendants, the Ralston Declaration sets forth information regarding MultiPlan processes and procedures concerning its dealings with Cigna and other clients, as well as pricing methodology activities, the public disclosure of which would impact MultiPlan's business and competitive standing. *See* Wilde Decl. ¶ 13 (Dkt. 158-6).

## **CONCLUSION**

Defendants submit that good cause exists to grant their sealing request as detailed in the [Proposed] Order.

DEFENDANTS' MOTION TO SEAL, CASE NO.: 5:20-CV-02255

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1   Dated: December 29, 2023

2

3   By: _/s/ Errol King_____
    Errol King (admitted *pro hac vice*)

4
    ERROL J. KING, JR.*
5   CRAIG L. CAESAR*
    KATHERINE C. MANNINO*
6   TAYLOR J. CROUSILLAC*
    BRITTANY HOLT ALEXANDER*
7   *admitted *pro hac vice*
    **PHELPS DUNBAR LLP**
8   errol.king@phelps.com
    craig.caesar@phelps.com
9   katie.mannino@phelps.com
    taylor.crousillac@phelps.com
10  brittany.alexander@phelps.com
    II City Plaza
11  400 Convention Street, Suite 1100
    Baton Rouge, LA 70802
12  Telephone:+1 225 376 0207
    Facsimile: +1 225 381 9197
13

14  DENNIS B. KASS (SBN 137263)
    ADAM D. AFSHAR (SBN 330630)
15  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
16  One California Street, Suite 900
    San Francisco, California 94111
17  Telephone: (415) 217-6900
    dennis.kass@manninkass.com
18  adam.afshar@manningkass.com

19
    *Attorneys for Defendant MultiPlan, Inc.*
20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: _/s/ Warren Haskel_____
    Warren Haskel (admitted *pro hac vice*)

    WILLIAM P. DONOVAN, JR. (SBN
    155881)
    **MCDERMOTT WILL & EMERY LLP**
    wdonovan@mwe.com
    2049 Century Park East, Suite 3200
    Los Angeles, CA 90067-3206
    Telephone:+1 310 277 4110
    Facsimile: +1 310 277 4730

    JOSHUA B. SIMON*
    WARREN HASKEL*
    DMITRIY TISHYEVICH (SBN 275766)
    CAROLINE INCLEDON*
    CHELSEA COSILLOS*
    *admitted *pro hac vice*
    **MCDERMOTT WILL & EMERY LLP**
    jsimon@mwe.com
    whaskel@mwe.com
    dtishyevich@mwe.com
    cincledon@mwe.com
    ccosillos@mwe.com
    One Vanderbilt Avenue
    New York, NY 10017
    Telephone:+1 212 547 5400
    Facsimile: +1 212 547 5444

    *Attorneys for Defendant Cigna Health and
    Life Insurance Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

RJ, as the representative of her beneficiary son SJ, and DS, an individual, on behalf of themselves and all others similarly situated,

        *Plaintiffs,*

    v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, and MULTIPLAN, INC.,

        *Defendants.*

Case No. 5:20-cv-02255-EJD

**[PROPOSED] ORDER GRANTING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXCERPTED AND/OR REDACTED VERSIONS OF EXHIBITS 3, 5, 8-10, 15, 17-18, 22, AND 30 TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND EXHIBITS 9, AND 10-13 TO PLAINTIFFS' REPLY**

Hon. Edward J. Davila

Hearing:  None set

The Court, having considered its prior Orders ruling on Plaintiffs' two Administrative Motions to Seal filed in connection with Plaintiffs' Motion for Class Certification and Plaintiffs' Reply in Support of its Motion for Class Certification (Dkts. 209, 211), which denied Plaintiffs' motions to seal to the extent they sought to file entire deposition transcripts and a declaration by Thomas Ralston in its entirety, and which invited Plaintiffs to re-file redacted and/or excerpted versions of those documents, and having further considered Defendants' Administrative Motion to Seal Excerpted and/or Redacted Versions of Exhibits 3, 5, 8-10, 15, 17-18, 22, and 30 to Plaintiffs' Motion for Class Certification, and Exhibits 9, and 10-13 to Plaintiffs' Reply, orders the following documents SEALED as described below:

In particular, the Court ORDERS as follows:

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
| --- | --- | --- | --- |
| Exhibit 3 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification – Deposition Tr. of Gabriel Smith | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 5 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification – Deposition Tr. of Michael Battistoni | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and | |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
|---|---|---|---|
| | | discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 8 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Karen Beckstead | Entire excerpted transcript | Contains and discusses information and documents designated Confidential – Attorneys' Eyes Only by MultiPlan pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause MultiPlan financial and competitive harm if disclosed | |
| Exhibit 9 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Kathy Praxmarer | Entire excerpted transcript | Contains and discusses information and documents designated Confidential – Attorneys' Eyes Only by MultiPlan pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause MultiPlan financial and competitive harm if disclosed | |
| Exhibit 10 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Declaration of Thomas Ralston | ¶¶ 13-39, 41-42, and n.1 | Contains and discusses information designated Confidential and Confidential – Attorneys' Eyes Only by MultiPlan pursuant to the Stipulated Protective Order as | |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
|---|---|---|---|
| | | they contain and discuss confidential and proprietary information that will cause MultiPlan financial and competitive harm if disclosed | |
| Exhibit 15 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Rachel Murphy | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed<br><br>Contains information regarding Plaintiffs' highly sensitive, private PHI and PII that is protected by HIPAA | |
| Exhibit 17 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Terri Cothron | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and | |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
|---|---|---|---|
| | | competitive harm if disclosed | |
| Exhibit 18 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Monica Armstrong | Entire excerpted transcript | Contains and discusses information and documents designated Confidential – Attorneys' Eyes Only by MultiPlan pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause MultiPlan financial and competitive harm if disclosed | |
| Exhibit 22 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Sean Crandell | Entire excerpted transcript | Contains and discusses information and documents designated Confidential – Attorneys' Eyes Only by MultiPlan pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause MultiPlan financial and competitive harm if disclosed | |
| Exhibit 30 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Motion for Class Certification - Deposition Tr. of Keith Jones | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information | |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
|---|---|---|---|
| | | that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 9 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Reply in Support of its Motion for Class Certification - Deposition Tr. of Sean May | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 10 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Reply in Support of its Motion for Class Certification - Deposition Tr. of Laurence Baker | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 11 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Reply in Support of its Motion for Class Certification - Deposition Tr. of Ronald Luke | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by | |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
|---|---|---|---|
| | | Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 12 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Reply in Support of its Motion for Class Certification - Deposition Tr. of Brian Piper | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |
| Exhibit 13 to Plaintiffs' administrative motion to file confidential documents under seal in Plaintiffs' Reply in Support of its Motion for Class Certification - Deposition Tr. of Sean Petree | Entire excerpted transcript | Contains and discusses information and documents designated Confidential and Confidential – Attorneys' Eyes Only by  Cigna pursuant to the Stipulated Protective Order as they contain and discuss confidential and proprietary information that will cause Cigna financial and competitive harm if disclosed | |

- 14 -

| Description | Portions to be Sealed | Designation and Basis for Sealing | Ruling |
|---|---|---|---|
| | | Contains information regarding Plaintiffs' highly sensitive, private PHI and PII that is protected by HIPAA | |

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Edward J. Davila

DEFENDANTS' MOTION TO SEAL, CASE NO.: 5:20-CV-02255

**ATTESTATION**

I am the ECF user whose identification and password are being used to file this document. Pursuant to Civil Local Rule 5-1(h)(3), I, Errol King, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

Dated: December 29, 2023                    /s/ Errol King
                                             Errol King (admitted *pro hac vice*)

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles