UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RJ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No.  20-cv-02255-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' RENEWED SEALING MOTIONS REGARDING CLASS CERTIFICATION BRIEFING**<br><br>Re: ECF Nos. 212, 215 |

Pending before the Court are two requests to seal information designated confidential by Defendants Cigna Health and Life Insurance Co. and MultiPlan, Inc. ("Defendants"). First, Defendants have filed an Administrative Motion to Seal Excerpted and/or Redacted Versions of Certain Exhibits to Plaintiffs' Motion and Reply in Support of Class Certification ("Defendants' Motion"), to which Plaintiffs object. *See* Defts.' Mot., ECF No. 212; Opp'n to Defts. Mot., ECF No. 214. Second, Plaintiffs RJ, SJ, LW, and MW ("Plaintiffs," and with Defendants, the "Parties") have filed their own Administrative Motion to Seal Certain Exhibits to Plaintiffs' Motion and Reply in Support of Class Certification ("Plaintiffs' Motion," and with Defendants' Motion, the "Renewed Sealing Motions"), to which Defendants object. *See* Pltfs.' Mot., ECF No. 215; Opp'n to Pltfs.' Mot., ECF No. 217. Having reviewed the Parties' submissions and applicable sealing law, the Court GRANTS IN PART and DENIES IN PART the Renewed Sealing Motions.

**I.    BACKGROUND**

Plaintiffs filed their motion for class certification on January 17, 2023, and lodged certain

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING

1

1    exhibits under seal in conjunction with an administrative motion to seal. *See* ECF Nos. 148, 150.

2    Plaintiffs similarly filed a motion to seal in conjunction with their reply in support of the motion

3    for class certification. *See* ECF Nos. 179, 180. Both motions to seal concerned documents and

4    information designated by Defendants as confidential pursuant to the protective order entered in

5    this action. *See* ECF Nos. 150, 180.[1] The Court denied without prejudice Plaintiffs' request to

6    seal in their entirety Exhibits 3, 5, 8–10, 15–18, 22, and 30 to Plaintiffs' motion for class

7    certification (generally, "Motion Exhibits"), *see* ECF No. 209, as well as Exhibits 2, 3, and 9–13

8    to Plaintiffs' reply in support of its motion for class certification (generally, "Reply Exhibits"), *see*

9    ECF No. 211. The Court permitted Plaintiffs to file further administrative motions to seal portions

10   of these exhibits. *See id.*

11   In response to that order—and because the information and documents at issue, with the

12   exception of Exhibit 16 to the class certification motion, were designated confidential by

13   Defendants, rather than Plaintiffs—Defendants filed an administrative motion to seal excerpted

14   and/or redacted versions of Motion Exhibits 3, 5, 8–10, 15, 17, 18, 22, and 30 and Reply Exhibits

15   9–13. *See* Defts.' Mot. Plaintiffs filed an opposition to Defendants' Motion and concurrently

16   filed their own motion, in which they (1) seek to file redacted versions of Motion Exhibits 8, 9, 16,

17   18, and 22 and Reply Exhibits 2, 3, 11, and 12, and (2) state that Plaintiffs are unable to file

18   redacted versions of Motion Exhibits 3, [5],[2] 15, 17, and 30 and Reply Exhibits 9, 10, and 13

19   because Defendants have "unreasonably" designated these documents to be confidential in their

20   entirety. *See* Pltfs.' Mot. Defendants in turn oppose Plaintiffs' Motion.

21   **II.     LEGAL STANDARD**

22   "Historically, courts have recognized a 'general right to inspect and copy public records

23

---

[1] The Court notes for future reference that such motions to seal concerning another party's confidential information—including the present Renewed Sealing Motions—are properly brought not as motions to seal, but rather as motions to consider whether another party's material should be sealed. *See* Civ. L.R. 79-5(f).

[2] Plaintiffs' Motion labels this exhibit as "Exhibit 4," *see* Pltfs.' Mot. 2, but the exhibit itself is correctly labeled as Exhibit 5.

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
2

and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).  District courts regularly apply the "compelling reasons" standard to requests to seal materials attached to briefing on class certification issues.  *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases); *McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv00986, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) ("A class certification motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which require a district court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the merits of the plaintiff's underlying claims.'") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011)).

In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).  That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

### III. DISCUSSION

The documents at issue consist of deposition transcripts of Defendants' witnesses (Motion Exhibits 3, 5, 8, 9, 15, 17, 18, 22, and 30 and Reply Exhibit 13); a deposition transcript of one of

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
3

1  Plaintiffs' witnesses (Motion Exhibit 16); deposition transcripts of the Parties' experts (Reply
2  Exhibits 9–12); and a declaration of Thomas Ralston (Motion Exhibit 10). *See* Defts.' Mot. 4–6;
3  Pltfs.' Mot. 1–2; Decl. of Matthew M. Lavin ("Lavin Decl.") ¶¶ 2–5, ECF No. 215-1.  These
4  documents were all attached in their entirety by Plaintiffs in support of their arguments for class
5  certification.  The Court declined to seal these documents in their entirety, and sought to narrow
6  the scope of the sealing request by requesting that Plaintiffs provide either proposed redactions to
7  the full documents, or to narrow the exhibits to excerpts that could be sealed in their entirety.  *See*
8  ECF Nos. 209, 211.  Instead, the Parties have presented the Court with motions and oppositions in
9  which Defendants seek to provide excerpts to the Court, and in which Plaintiffs provide redacted
10 versions of some documents yet state for the others that they are unable to come to an agreement
11 about excerpts for the others.  *See generally* Renewed Sealing Motions.  The Court first addresses
12 Defendants' Motion and then turns to Plaintiffs' Motion.

### A. Defendants' Motion (ECF No. 212)

As an initial matter, the Court notes that regardless of whether Defendants may believe that Plaintiffs have introduced hundreds of unnecessary pages into the record on class certification, it is improper for *Defendants* to seek to replace exhibits provided by *Plaintiffs* in support of Plaintiffs' class certification arguments with unilaterally chosen excerpts of those exhibits.  It is clear from Plaintiffs' opposition that Plaintiffs did not agree to so reducing the record.  *See* Pltfs.' Opp'n to Defts.' Mot.  Accordingly, although the Court will consider the arguments made in Defendants' Motion in support of sealing the information contained in the excerpts discussed by Defendants, the Court DENIES AS MOOT Defendants' Motion with respect to the provided excerpts of Motion Exhibits 3, 5, 8, 9, 15, 17, 18, 22, and 30 and Reply Exhibits 9–13.  The Court addresses Defendants' Motion with respect to Motion Exhibit 10 at Part III(B)(3) below.

### B. Plaintiffs' Motion (ECF No. 215)

As noted above, the Court previously declined to seal the following exhibits in their entirety:  Motion Exhibits 3, 5, 8–10, 15–18, 22, and 30 and Reply Exhibits 2, 3, and 9–13.  *See* ECF Nos. 209, 211.  Plaintiffs' Motion (1) provides redacted versions of Motion Exhibits 8, 9, 16,

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
4

18, and 22 and Reply Exhibits 2, 3, 11, and 12; (2) states that Plaintiffs were unable to file redacted versions of Motion Exhibits 3, 5, 15, 17, and 30 and Reply Exhibits 9, 10, and 13; and (3) does not independently address Motion Exhibit 10 but notes that Plaintiffs oppose Defendants' proposed redactions as overly broad. *See generally* Pltfs.' Mot. The Court addresses these three categories of documents in turn.

### 1. Redacted Versions Filed (Motion Exhibits 8, 9, 16, 18, and 22 and Reply Exhibits 2, 3, 11, and 12)

Plaintiffs have filed public, redacted versions of Motion Exhibits 8, 9, 16, 18, and 22 and Reply Exhibits 2, 3, 11, and 12. *See* ECF Nos. 215-4, 215-5, 215-7–215-13. Defendants did not substantively respond to Plaintiffs' Motion except to reiterate that the exhibits in question contain Defendants' confidential information and to urge the Court to replace Plaintiffs' exhibits with Defendants' proposed excerpts. *See* Defts.' Opp'n to Pltfs.' Mot. The Court accordingly finds that Defendants have not provided arguments in favor of sealing any portions of these documents other than those contained in Defendants' proposed excerpts.

Plaintiffs have nonetheless redacted certain portions of the exhibits not contained in Defendants' excerpts. Having considered the information redacted by Plaintiffs—both within and outside the portions of the documents excerpted by Defendants—and having reviewed Defendants' arguments in favor of sealing the exhibit generally and the excerpts in particular, the Court finds that there are compelling reasons to maintain the redactions proposed by Plaintiffs. The redacted information consists of (1) Defendants' non-public financial and competitive information that, if disclosed, could provide competitors with an unfair advantage and (2) confidential protected health information. *See, e.g.*, *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-4810, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy," including confidential contract terms); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
5

development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted); *In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (sealing email addresses under compelling reasons standard); *see also Kumandan v. Google LLC*, 2022 WL 17971633, No. 19-cv-04286, at *1 (N.D. Cal. Nov. 17, 2022) (listing cases sealing personal information under compelling reasons standard). Accordingly, the Court GRANTS Plaintiffs' Motion with respect to Motion Exhibits 8, 9, 16, 18, and 22 and Reply Exhibits 2, 3, 11, and 12, and will maintain under seal the redacted versions of those documents.

### 2. No Redacted Versions or Excerpts Filed (Motion Exhibits 3, 5, 15, 17, and 30 and Reply Exhibits 9, 10, and 13)

Plaintiffs state that they were unable to file redacted versions of Motion Exhibits 3, 5, 15, 17, and 30 and Reply Exhibits 9, 10, and 13 because the documents are designated confidential by Defendants. It is not clear to the Court why Plaintiffs did not, as is common when filing a motion to seal, provide sealed documents indicating proposed redactions. Nonetheless, the Court is loath to punish Defendants for this oversight by here ruling that the exhibits should be unsealed in there entirety. The Court therefore requests that Plaintiffs (1) review the excerpts of these documents proposed by Defendants and (2) advise the Court of whether Plaintiffs are amenable to submitting those excerpts—which the Court understands contain all of the portions of the documents cited by the Parties in their class certification briefs—rather than the entire document. It is, of course, Plaintiffs' right to choose the scope of the documents they submit in support of their papers, and the Court does not by this request seek to influence Plaintiffs' choice. If Plaintiffs do not wish to submit the excerpts of the documents suggested by Defendants, then Plaintiffs shall file either (1) other stipulated redactions or excerpts, or (2) a motion to consider whether another party's material should be sealed pursuant to Civil Local Rule 79-5(f), after which Defendants shall file a statement and/or declaration supporting the sealing of every line or sentence that they wish to maintain under seal. The Court notes that the existence of a protective order does not itself constitute a compelling reason to seal. *See Ctr. for Auto Safety,* 809 F.3d at 1096. Given that this

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
6

1  sealing question has already continued for far longer than should be necessary, the Court strongly

2  urges the Parties to reasonably meet and confer and stipulate regarding redactions or sealed

3  excerpts of these documents.

### 3. Redacted Version Filed by Defendants (Motion Exhibit 10)

Lastly, with respect to Motion Exhibit 10, Defendants filed proposed redactions to the document to which Plaintiffs object as overly broad, although Plaintiffs do not submit their own proposed redactions. *See* Defts.' Mot. 6; Pltfs.' Mot. 1. Defendants propose redacting the following segments of the document: 3:5–9:3 and 9:7–20, *i.e.*, Paragraphs 13–39 and 41–42. *See* ECF No. 212-7. Defendants argue that Motion Exhibit 10 should be so redacted because it contains "information regarding MultiPlan processes and procedures concerning its dealings with Cigna and other clients, as well as pricing methodology activities, the public disclosure of which would impact MultiPlan's business and competitive standing." Defts.' Mot. 6 (citing Decl. of Marjorie Wilde ¶ 13, ECF No. 158-6). The Court finds that there exist compelling reasons to seal such information, and that Defendants' proposed redactions are sufficiently tailored. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x at 569. Accordingly, the Court GRANTS Defendants' Motion with respect to the proposed redactions to Motion Exhibit 10.

## IV. ORDER

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' Motion, ECF No. 212, is GRANTED IN PART with respect to the proposed redactions to Motion Exhibit 10, and otherwise DENIED AS MOOT;

2. Plaintiffs' Motion, ECF No. 215, is GRANTED IN PART with respect to the proposed redactions to Motion Exhibits 8, 9, 16, 18, and 22 and Reply Exhibits 2, 3, 11, and 12; and otherwise DENIED WITHOUT PREJUDICE.

3. Within seven days of the entry of this order, Plaintiffs shall file one or more (as appropriate) of the following:

    a. A statement advising the Court that Plaintiffs stipulate to one or more of the excerpts to Motion Exhibits 3, 5, 15, 17, and 30 and Reply Exhibits 9, 10,

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
7

and 13 proposed by Defendants, after which the Court will evaluate the sealability of those excerpts and make no ruling with respect to the sealability of the remainder of the documents; AND/OR

    b. A stipulated request to redact or seal with respect to one or more of the documents at issue (in which case Plaintiffs shall also attach sealed and public versions of the proposed redactions or excerpts); AND/OR

    c. A motion to consider whether another party's material should be sealed pursuant to Civil L.R. 79-5(f).

4. Defendants shall file no proposal unless Plaintiffs file a motion to consider whether another party's material should be sealed pursuant to this order, in which case Defendants shall comply with the procedural requirements of such a motion.

5. The Court informs the Parties that following the resolution of all sealing requests discussed herein, the Court will issue a request to the Parties to refile public versions of their motion, opposition, and reply in support of class certification for ease of access on the docket.

The Court strongly urges the Parties to arrive at a reasonable compromise as to what materials are required for Court's adjudication of the class certification motion, as well as what material is in fact confidential.

**IT IS SO ORDERED.**

Dated: January 22, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-02255-EJD
ORDER RE PARTIES' SEALING MOTS. RE CLASS CERT. BRIEFING
8