UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RJ, et al.,

        Plaintiffs,

    v.

CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al.,

        Defendants.

Case No. 20-cv-02255-EJD (VKD)

**ORDER RE DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**

Re: Dkt. No. 189

        Plaintiffs and defendants Cigna Health and Life Insurance Company ("Cigna") and MultiPlan, Inc. ("MultiPlan") disagree regarding whether certain portions of three documents should be designated as confidential under the stipulated protective order in this case (Dkt. No. 22). Dkt. No. 189. The three documents at issue are: (1) the expert report of defendants' expert Laurence Baker ("Baker Report")[1]; (2) the declaration of Sean Crandell, Senior Vice President of Healthcare Economics for defendant MultiPlan ("Crandell Declaration")[2]; and (3) the expert report of plaintiffs' expert Research & Planning Consultants, LP ("New RPC Report")[3].

        The parties disagree about the legal standard that applies to this dispute. Defendants argue that the Court should apply the "good cause" standard for issuance of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Dkt. No. 189 at 5-7. Noting that all three documents have been filed in support of the parties' class certification briefing, plaintiffs argue

---

[1] Dkt. No. 189-2 (public/redacted); Dkt. No. 167-8 (unredacted).

[2] Dkt. No. 166-12 (public/redacted); Dkt. No. 167-11 (unredacted).

[3] Dkt. No. 189-3 (public/redacted); Dkt. No. 180-5 (unredacted).

that defendants must meet the "compelling reasons" standard for sealing judicial documents. Dkt. No. 191 at 3.

The Court finds this dispute suitable for resolution without oral argument. *See* Civil. L.R. 7-1(b). For the reasons discussed below, the Court grants defendants' motion in part and denies it in part.

## I. LEGAL STANDARD

The standard defendants must meet depends on the purpose for which the documents are being used. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Rule 26(c) and the provisions of the protective order govern the protections afforded materials exchanged during discovery. *See* Dkt. No. 22 at 2; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (describing standard). "The court may, for good cause, issue an order to protect a party . . . from . . . undue burden . . . , including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed R. Civ. P. 26(c)(1)(G). "When discovery material is filed with the court, however, its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Once documents are filed with the Court, they become judicial documents, subject to the "federal common law right 'to inspect and copy public records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). A "strong presumption of access" applies to judicial records bearing on the merits of an underlying dispute. *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)). That presumption can only be overcome by a showing of "compelling reasons" for sealing the records from the public. *Id.*

Defendants' motion argues that the three documents in question should retain their "confidential" status for purposes of discovery, and therefore, the "good cause" standard applies. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. If such a showing is made, the court must balance the interests of the public or other entities against the interests of the private litigants to decide whether a protective order is

warranted. *In re Roman Catholic Archbishop*, 661 F.3d at 424. As the party seeking protection from disclosure, defendants bear the burden of establishing good cause. This is true even where, as here, the parties have stipulated to a protective order. *Id.* ("When the protective order was a stipulated order and no party ha[s] made a good cause showing, then the burden of proof . . . remain[s] with the party seeking protection.") (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002) (internal quotes omitted)).

The Ninth Circuit's decision in *In re Roman Catholic Archbishop* provides the framework for decision here. That case requires the Court first to consider whether "particularized harm" will result if the designated materials are disclosed to the public or to another party. *In re Roman Catholic Archbishop*, 661 F.3d at 424. If the Court concludes that disclosure will result in specific harm, the Court must then consider and balance other public and private interests in order to decide whether defendants' interest in protecting the material outweighs the public's interest in disclosure. *Id.* The relevant factors include: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the disclosure of the information will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the disclosure is for purposes of a matter involving issues important to the public. *See id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

## II. DISCUSSION

Over the course of briefing on this motion, the parties have narrowed their disputes. Moreover, the parties also have separately briefed before the presiding judge the question of whether these three documents, having been filed in support of their class certification briefing, meet the higher "compelling reasons" standard such that they may be filed under seal in whole or in part. *See* Dkt. Nos. 150, 158, 167, 180, 184. The presiding judge has resolved those disputes, while allowing for the possibility that modifications to those decisions might be warranted, depending on how the Court resolves the parties' disputes regarding confidentiality designations.

3

Dkt. No. 210 at 21; Dkt. No. 211 at 2.

Defendants argue that the redacted portions of these three documents qualify for protection as "confidential" material because they contain personal health information ("PHI") from confidential claims data, as well as defendants' trade secrets and proprietary information concerning defendants' fees, rates, and pricing methodologies. Dkt. No. 189 at 2, 3, 4, 8-9. Specifically, defendants say that the Baker Report reveals confidential information about the fee rates collected by Cigna for its out-of-network claim protection services; claim payment rates; amounts offered as part of claim negotiations; details regarding Cigna's "funnel technique"; information about Cigna's claims data, PHI, and other sensitive information; details and inputs for MultiPlan's Viant pricing methodology; and analysis of Cigna's market share. *Id.* at 8. They say the Crandell Declaration reveals confidential information about the details of MultiPlan's Viant product design and pricing methodology. *Id.* And they say that the New RPC Report reveals confidential information about Cigna's claims data and defendants' fee rates. *Id.* at 9. Defendants support their motion with the declarations of Cigna and MultiPlan employees submitted in support of their earlier administrative motions to seal. *See* Dkt. Nos. 158-3, 167-2, 167-3, 167-4, 167-6, 184-2, 184-6. Defendants explain that they will suffer competitive harm if the confidential information in these documents is publicly disclosed, and that public disclosure also risks compromising the privacy interests of plaintiffs and non-parties. *See* Dkt. No. 189 at 10-11. Defendants also contend that the additional factors the Court must consider demonstrate that their interest in protecting this material outweighs the public's interest in disclosure. *See id.* at 11-12.

Plaintiffs challenge many of defendants' proposed redactions on various grounds, including that the redacted information does not contain PHI, is disclosed in the complaint or other public filings, or is too general to warrant protection. *See* Dkt. No. 191 at 5-11. In addition, plaintiffs argue that defendants fail to identify any particularized harm that they may suffer from public disclosure of the disputed material, and that the additional factors the Court must consider are either neutral or favor disclosure. *Id.* at 11-13.

As a general matter, the Court agrees with defendants that disclosure of the categories of information defendants identify—PHI, claims data, and defendants' fees, rates, and pricing

4

methodologies—may result in particularized harm to defendants and others.  Thus, the Court considers the other relevant factors.  First, disclosure of PHI and claim-specific information may violate individual privacy interests and may potentially cause embarrassment to individuals whose information is disclosed.  These factors favor defendants.  Second, plaintiffs' purpose in challenging defendants' confidentiality designations under Rule 26(c) and the protective order is unclear.  Defendants' confidentiality designations do not appear to have hindered plaintiffs' ability to develop responsive expert evidence or to brief class certification.  Likewise. it is unclear how disclosure of the designated material will promote fairness and efficiency.  These factors are neutral.  Finally, there is undoubtedly significant public interest in the underlying action, and some of the information defendants have designated as confidential likely is important to the public.  These factors favor plaintiffs.[4]

Having considered the specific material in question, the applicable factors bearing on disclosure and confidentiality, the parties' arguments, and the applicable law, the Court resolves the dispute concerning defendants' confidentiality designations as follows:[5]

### A. Baker Report[6]

| Designation | Ruling |
|---|---|
| ¶ 17, n. 23 | Confidential: Context discloses PHI. |
| ¶ 23 | Not confidential: General description; disclosed publicly during class certification hearing. |
| ¶¶ 25, 27-29, 31 | Not confidential: General description. *First sentences* of ¶¶ 25, 27, 28.<br><br>Confidential: Discloses details of Cigna's pricing methodology. ¶¶ 25, 27 & n. 33, ¶¶ 28, 29, 31. |

---

[4] This dispute does not concern confidentiality asserted by a public entity or official, and so that factor does not apply.

[5] The Court resolves only those designations that are disputed.  The parties have agreed that certain information should or should not be designated as confidential and those agreements are not reflected here.

[6] The paragraph numbers below refer to disputed designations in Dkt. No. 189-2.

| Designation | Ruling |
|---|---|
| ¶ 33 | Confidential: Discloses details of Cigna's arrangements with plan clients. |
| ¶¶ 35-37 | Not confidential: General description.<br>*First and third sentences* of ¶ 37.<br><br>Confidential: Discloses details of Cigna's pricing methodology.<br>¶¶ 35-37 & n. 54. |
| ¶¶ 41-43, 46 | Not confidential: General description.<br>*Last sentence* of ¶ 41.<br><br>Confidential: Discloses details of plaintiffs' claims.<br>¶ 41 & n. 60; ¶¶ 42, 43 & nn. 65, 66; ¶ 46. |
| ¶¶ 52-54, 57-58 | Confidential: Discloses PHI, claim-specific information (including nn. 83, 92, 100). |
| ¶¶ 60-61 | Confidential: Discloses PHI, claim-specific information. (including nn. 109, 113). |
| ¶ 71 | Not confidential: General description; disclosed publicly during class certification hearing (including n. 148). |
| ¶¶ 90-92 | Not confidential: Percentage referenced in *fourth sentence* of ¶ 90 was disclosed publicly during class certification hearing; *last sentence* of ¶ 91 is derived from public information.<br><br>Confidential: Claim-specific information in *last sentence* of ¶ 90 & n. 169; claim-specific information in ¶ 92. |
| ¶¶ 97-99, 102 | Confidential: Discloses claim-specific information (including nn. 179-183). |
| ¶¶ 129-130 | Not confidential: General description.<br>¶ 129 & n. 228.<br><br>Confidential: Discloses details of Cigna's pricing methodology.<br>¶ 130. |
| ¶¶ 132-137 | Not confidential: Critique of other experts' methodology and general discussion.<br>¶¶ 132, 133 & n. 235; ¶¶ 134, 136.<br><br>Confidential: Discloses details of Cigna's operations in different markets.<br>¶ 135 & nn. 240, 241, 243; ¶ 137 & n. 247. |

### B. Crandell Declaration[7]

| Designation | Ruling |
|---|---|
| ¶¶ 9-12 | Not confidential: General description of Viant's business. |
| ¶¶ 13-19 & 22 | Not confidential: General description of Viant OPR methodology. ¶¶ 13, 14 & n. 1; ¶¶ 15, 16.<br><br>Confidential: Discloses details of data collection. ¶¶ 17, 18, 19 & n. 2; ¶ 22. |
| ¶¶ 25-46 | Not confidential: General description of Viant OPR methodology. ¶¶ 25, 26 & n. 3; ¶¶ 27, 28.<br><br>Confidential: Discloses details of Viant OPR methodology. ¶¶ 29-46 (including nn. 4-6). |
| ¶¶ 50-58, 60-61 | Confidential: Discloses details of Viant OPR methodology and MultiPlan's operations (including nn. 7, 8). |
| ¶¶ 63-66 | Not confidential: General statement of opinion. ¶ 63.<br><br>Confidential: Discloses detailed critique of RPC Report filed under seal at Dkt. No. 151-3. ¶ 64 & n. 8; ¶¶ 65, 66. |
| Exhs. A, B & C | Confidential: Discloses details of Viant OPR methodology. |
| Exhibit D | Confidential: Discloses details of MultiPlan claims processing. |

### C. New RPC Report[8]

| Designation | Ruling |
|---|---|
| ¶¶ 10-14 | Confidential: Refers to material designated confidential in Crandell Declaration ¶¶ 15, 16, 42 & n. 6 which retains its confidentiality designation. |
| ¶ 17 | Not confidential: General description of Viant OPR methodology. |
| ¶¶ 20-21 | Not confidential: General description of Viant OPR data source. |

---

[7] The paragraph numbers below refer to disputed designations in Dkt. No. 166-12.

[8] The paragraph numbers below refer to disputed designations in Dkt. No. 189-3.

7

| Designation | Ruling |
|---|---|
| | ¶ 20.<br><br>Confidential: Discloses details of Viant OPR pricing methodology. ¶ 21. |
| ¶¶ 23-24 | Confidential: Discloses details of Viant OPR pricing methodology. |
| ¶¶ 29-30 | Not confidential: General description of Cigna's claims data and dispute data in ¶ 29 and *first three sentences* of ¶ 30.<br><br>Confidential: Discloses details of Cigna's operations. *Chart* in ¶ 30. |
| ¶¶ 33-38 | Not confidential: General description of expert methodology and opinion in ¶ 33, and *last sentence* of ¶ 37; general discussion of Cigna and MultiPlan methodology in *third and fifth sentences* of ¶ 34; general discussion of Mr. Crandell's opinion in ¶ 35.<br><br>Confidential: Discloses details of Viant OPR methodology. *Last sentence* of ¶ 34, *last sentence* of ¶ 36, *third sentence* of ¶ 37, and ¶ 38. |
| ¶ 48 | Confidential: Discloses details of Cigna's operations. |
| ¶¶ 51-53 | Not confidential: General description of expert opinion. *Fifth sentence* of ¶ 53.<br><br>Confidential: Discloses details of Cigna's operations. ¶¶ 51, 52, and in *third sentence* of ¶ 53. |
| ¶ 55 | Confidential: Discloses details of Cigna's operations. |
| ¶¶ 58-60 | Confidential: Disclose details of Cigna's claims data and disputes data. |

### III. CONCLUSION

The Court directs the parties to confer regarding efficient means to document the confidentiality designations that apply to these three documents, in view of this decision, for purposes of discovery and, if appropriate, their respective submissions regarding class certification.

//

//

**IT IS SO ORDERED.**

Dated: February 6, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge