Matthew M. Lavin (pro hac vice)
matt.lavin@agg.com
Arnall Golden Gregory LLP
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:   202.677.4030
Facsimile:    202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
DL Law Group
345 Franklin St.
San Francisco, CA 94102
Telephone:   415.678.5050
Facsimile:    415.358.8484

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RJ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Cigna Health and Life Insurance Company, et al., <br><br> Defendants. | Case No. 5:20-cv-02255-EJD <br><br> Hon. Edward J. Davila <br><br> **Plaintiffs' Administrative Motion for Leave to File a New Motion for Class Certification** |

Pursuant to L.R. 7-11 and/or Fed. R. Civ. P. 23(c)(1)(C), Plaintiffs respectfully move this Court for an order granting leave for Plaintiffs to file a renewed motion for class certification. If this motion is granted, Plaintiffs will file an entirely redrafted motion that addresses the deficiencies identified in this Court's certification order. ECF 227 ("Or." or "Order"). Specifically, Plaintiffs will propose much narrower subclasses based on each named Plaintiff's plan language to address the Court's commonality concerns. If this motion for leave to file is granted, Plaintiffs will voluntarily dismiss their interlocutory appeal and proceed with preparing a renewed motion for class certification.[1] Plaintiffs have met and conferred with Defendants on March 1, 2024, who oppose this motion.

## I. Background

On January 17, 2023, Plaintiffs moved to certify the following proposed class:

> Any member of a health benefit plan administered or issued by Cigna and governed by ERISA, where the member's plan utilized Cigna's 'Maximum Reimbursable Charge' program for out-of-network benefits and whose claim(s) for intensive outpatient services billed with HCPCS H0015 and/or revenue code 0906 were priced by MultiPlan's Viant methodology, during the class period January 1, 2015 to the present.

*See* ECF 224 ("CC Mot.") at 1–2.

On February 12, 2024, the District Court denied Plaintiffs' motion. *See* Or. It did so solely on the basis of lack of commonality under Rule 23(a)(2). *See* Or. at 9. It found that "the dissimilarities between the plans' UCR terms impede any class-wide common answer relating to Defendants' UCR obligations, defeating commonality." Or. at 25. The Order did not specify whether the denial was with or without prejudice.

On February 23, 2024, Plaintiffs petitioned the Ninth Circuit for review. Ex. 1 (Plaintiffs' Petition for Leave to Appeal Denial of Class Certification under Fed. R. Civ. P. 23(f), No. 24-1028 (9th Cir. Feb. 23, 2024)). In their Petition, Plaintiffs primarily argue the Court erred in its decision due to uncertainty in the law regarding: (1) whether and to what extent an ERISA class

---

[1] Plaintiffs reserve the right, however, to appeal the Court's certification order after any final judgment.

1

action requires reference to plan language, and (2) the degree to which plan language must be similar to establish commonality.

## II. Legal Standard

Fed. R. Civ. P. 23(c)(1) provides that a district court may "alter[]" or "amend[]" its certification decision before final judgment. "This is true whether the initial decision certified a class or denied certification." 3 Newberg and Rubenstein on Class Actions § 7:33 (6th ed. 2023) ("Newberg"). Although this Court's Order did not specify whether it was with or without prejudice, this Court has liberally allowed plaintiffs to file renewed class certification motions that address issues identified in initial class certification orders. *See Cabrera v. Google LLC*, 2023 WL 5279463, at *39 (N.D. Cal. Aug. 15, 2023) (Davila, J.); *Rowe v. Michaels Stores, Inc.*, 2017 WL 4237003, at *6 (N.D. Cal. Sept. 25, 2017) (Davila, J.); *Moniz v. Serv. King Paint & Body, LLC*, 2022 WL 411156, at *12 (N.D. Cal. Feb. 10, 2022) (Davila, J.); *see also* Newberg § 7:33 ("Generally, only if it is clear that a class cannot be certified does a court deny certification with prejudice or without leave to amend."). In addition, this Court has clarified that a class certification denial that failed to specify whether it was with or without prejudice—as happened here—was indeed without prejudice. *Hamm v. Mercedes-Benz USA, LLC,* 2023 WL 4186013, at *1 (N.D. Cal. June 23, 2023) (Davila, J.) ("The Court also clarifies . . . that this denial, and the Court's denial of class certification in its Class Certification Order, are without prejudice [to renewal in order to] remedy the deficiencies that the Court has identified."); *see also In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007) ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial" and district court's "authority to revise a class certification ruling" does not require a "'without prejudice' reservation" in its initial denial).

The Ninth Circuit has not ruled on the specific standard for review for renewed motions for class certification. *Stemmelin v. Matterport, Inc.*, 2022 WL 4843089, at *1 (N.D. Cal. Oct. 3, 2022). Some judges in the Northern District have applied the "reconsideration standard." *See id.*; *In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573 at *3–4 (N.D. Cal. Sept. 4, 2018) (Gonzalez Rogers, J.). Under the reconsideration standard, a district court "will grant a motion

1  for reconsideration if (1) there has been an intervening change in controlling law; (2) new
2  evidence has become available; or (3) the court failed to consider material facts or dispositive
3  legal arguments which were presented to the court." *Stemmelin*, 2022 WL 4843089 at *1.

4      The Third Circuit and other courts, however, have rejected the reconsideration standard.
5  *See Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020). The Third Circuit has held that
6  courts "cannot graft [a] heightened motion-for-reconsideration standard requiring that, in
7  addition to satisfying the typical Rule 23 criteria, plaintiffs show there was a change in
8  controlling law, new evidence, or a clear error." *Id.* Accordingly, "[d]istrict courts should treat
9  renewed motions for class certification as they would initial motions under Rule 23." *Id.* (citing
10 *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d at 73); *see also Officers for Just. v. Civ. Serv.*
11 *Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) (noting an "order
12 respecting class status is not final or irrevocable, but rather . . . inherently tentative").

13     This broader standard makes particular sense where, as here, Plaintiffs do not request that
14 the District Court "reconsider" its decision but wish to file a motion for class certification that
15 precisely addresses the District Court's reasoning and contemplates different, much narrower
16 classes. *See*, *e.g.*, *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d at 73 ("[O]ur ruling rejected
17 class certification only of the class as certified by the District Court. Nothing in our decision
18 precludes the [p]etitioners from returning to the District Court to seek certification of a more
19 modest class, one as to which the Rule 23 criteria might be met. . . ."); *Rosales v. El Rancho*
20 *Farms*, 2012 WL 2684979, at *6 (E.D. Cal. July 6, 2012) (noting "a court retains inherent
21 authority to narrow a proposed class when ruling on a motion for class certification"). In this
22 context, Plaintiffs are not seeking to "relitigat[e] issues that have already been decided."
23 *Compare Williams v. Warner Music Grp. Corp.*, 2021 WL 7448496, at *4 (C.D. Cal. Dec. 14,
24 2021).

25     Indeed, other courts in this Circuit have found that Rule 23 "confers 'broad discretion to
26 determine whether a class should be certified, and to revisit that certification throughout the legal
27 proceedings before the court." *Wit v. United Behav. Health*, 2023 WL 8717488, at *29 (N.D.
28 Cal. Dec. 18, 2023) (quoting *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009, at *4 (N.D.

Cal. Sept. 21, 2012)); *see also Dean v. Colgate-Palmolive Co.*, 772 F. App'x 561, 562 (9th Cir. 2019) ("District courts have broad discretion and the inherent authority to manage their dockets," including decisions regarding renewed class certification motions (quotations omitted)). For this reason, "it is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition." *Id.; Hargrove*, 974 F.3d 466–67 ("[W]e know no reason why plaintiffs who can cabin more clearly their class, and meet the other Rule 23 requirements, should be barred from succeeding on a renewed motion.").

### III.  Analysis

#### A.  This Court should grant Plaintiffs' leave to file a renewed motion for class certification under its broad authority under Rule 23.

This Court's Order provides a roadmap for a renewed motion for class certification that could address the perceived deficiencies the Court identified. For example, the Order acknowledges that "perhaps a few of the different UCR terms the Court reviewed could be sufficiently similar to each other such that their corresponding UCR obligations can be interpreted in tandem." Or. at 17. Accordingly, Plaintiffs seek to file a renewed motion that proposes narrower subclasses that address the District Court's concerns. Specifically, Plaintiffs will propose, subject to any additional guidance provided by the Court, subclasses based on the relevant plan language that appears in the named Plaintiffs' plans and any other plan language that is "sufficiently similar" to the named Plaintiffs' plans "that their corresponding UCR obligations can be interpreted in tandem." *See* Or. at 17. Plaintiffs are still in the process of identifying plans and plan language that will fall into the proposed subclasses. Plaintiffs believe their efforts will result in subclasses that are significantly "more modest" than their prior proposed class definition. *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007).

#### B.  The Court should grant Plaintiffs' motion even under the reconsideration standard.

To the extent the Court applies the reconsideration standard, that standard also warrants allowing Plaintiffs to file a renewed motion for class certification.

First, for all the reasons stated in Plaintiffs' Petition, incorporated by reference herein, the District Court's Order was clearly erroneous and "failed to consider material facts or dispositive

legal arguments." *See* Ex. 1. The District Court erred in concluding: (1) Plaintiffs' proposed class could not establish commonality based on Defendants' uniform conduct without the need for plan interpretation, and (2) proposed class member's plans were not sufficiently similar to warrant commonality. The Court presumably disagrees. Nevertheless, the Court's decision and its reasoning warrant permitting Plaintiffs to file a renewed motion for class certification, particularly one that addresses the deficiencies identified by the Court and proposes a fundamentally narrower set of subclasses.

Second, although the District Court's Order is not necessarily an "intervening" change in law, the Order clearly laid out a path for Plaintiffs to narrow their class definition to establish commonality. Plaintiffs simply ask the Court to be permitted the opportunity to follow that path. For all the reasons Plaintiffs have repeatedly argued, this class action is the last chance for thousands of vulnerable people to achieve a remedy for the wrongs caused by Defendants. If, as the Court's Order suggests, there is a path for class status, the Court should not deny it simply because it found Plaintiffs' initial proposed class too broad. *See*, *e.g.*, Or. at 17.

## IV.     Conclusion

The Court should grant Plaintiffs' motion for leave to file a renewed motion for class certification. Plaintiffs are flexible in how to proceed should the Court grant this motion, but propose that if the Court grants this motion, the Parties will meet and confer and file either a joint stipulation with a proposed briefing schedule or a joint statement setting forth the Parties' respective proposed schedules—as indicated in Plaintiffs' attached proposed order.

Dated: March 6, 2024

Arnall Golden Gregory LLP

By:  */s/ Matthew M. Lavin*
Matthew M. Lavin

DL Law Group

By:  */s/ David M. Lilienstein*
David M. Lilienstein
Katie J. Spielman

Attorneys for Plaintiffs