| | |
|---|---|
| WILLIAM P. DONOVAN, JR. (SBN 155881) | ERROL J. KING, JR. (*pro hac vice*) |
| **MCDERMOTT WILL & EMERY LLP** | errol.king@phelps.com |
| wdonovan@mwe.com | CRAIG L. CAESAR (*pro hac vice*) |
| 2049 Century Park East, Suite 3200 | craig.caesar@phelps.com |
| Los Angeles, CA 90067-3206 | KATHERINE C. MANNINO (*pro hac vice*) |
| Telephone:   +1 310 277 4110 | katie.mannino@phelps.com |
| Facsimile:   +1 310 277 4730 | TAYLOR J. CROUSILLAC (*pro hac vice*) |
| | taylor.crousillac@phelps.com |
| JOSHUA B. SIMON (*pro hac vice*) | BRITTANY H. ALEXANDER (*pro hac vice*) |
| jsimon@mwe.com | brittany.alexander@phelps.com |
| WARREN HASKEL (*pro hac vice*) | **PHELPS DUNBAR LLP** |
| whaskel@mwe.com | II City Plaza |
| DMITRIY TISHYEVICH (SBN 275766) | 400 Convention Street, Suite 1100 |
| dtishyevich@mwe.com | Baton Rouge, Louisiana 70802 |
| CAROLINE INCLEDON (*pro hac vice*) | Telephone: (225) 376-0207 |
| cincledon@mwe.com | |
| CHELSEA COSILLOS (*pro hac vice*) | DENNIS B. KASS (SBN 137263) |
| ccosillos@mwe.com | dennis.kass@manningkass.com |
| **MCDERMOTT WILL & EMERY LLP** | ADAM D. AFSHAR (SBN 330630) |
| One Vanderbilt Avenue | adam.afshar@manningkass.com |
| New York, NY 10017 | **MANNING & KASS, ELLROD,** |
| Telephone:   +1 212 547 5400 | **RAMIREZ, TRESTER LLP** |
| Facsimile:   +1 212 547 5444 | 801 South Figueroa Street, 15th Floor |
| | Los Angeles, CA 90017 |
| *Attorneys for Cigna Health & Life Insurance Co.* | Telephone: (213) 624-6900 |
| | Facsimile: (213) 624-6999 |
| | |
| | *Attorneys for MultiPlan, Inc.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RJ, as the representative of her beneficiary son; DS, an individual, and on behalf of and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and MULTIPLAN, INC.,<br><br>Defendants. | Case No. 5:20-cv-02255-EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION** |

In its Order denying class certification, this Court correctly concluded that "there is no one definition of a 'UCR' rate that would generate a class-wide common answer." (Order 13.) Plaintiffs now move for leave to file a renewed class certification motion, claiming that they can propose a narrowed class definition.[1] (Mot. 4-5.) This should be denied. With no hope of meeting the standard for a motion for reconsideration—which is the proper standard here—Plaintiffs try to move under Rule 23(c)(1)(C). But regardless of the standard, Plaintiffs offer the Court no reason to revisit its Order. In fact, Plaintiffs do not even propose an alternative definition that they say would work, they only suggest that they could do so if the Court let them try. And for all the reasons that the Court gave the first time around, any definition that Plaintiffs would now propose would face insurmountable issues that would defeat not just commonality, but predominance too. The Court should therefore deny Plaintiffs' request for a do-over and instead issue a scheduling order so that the parties can proceed to the merits once the Ninth Circuit decides Plaintiffs' Rule 23(f) petition.

## I.   Plaintiffs Rely on the Wrong Standard.

Plaintiffs urge the Court to allow another redrafted class certification motion under Federal Rule of Civil Procedure 23(c)(1)(C). But Rule 23(c)(1)(C) "is not a separate mechanism by which a party can seek reconsideration of a prior order relating to class certification." *Daniel F. v. Blue Shield of Cal.*, 2015 WL 3866212, at *3, *6 (N.D. Cal. June 22, 2015). As courts in this Circuit have found, a plaintiff who wants a re-do at class certification must move for reconsideration. *See id.*; *see also In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573, at *4 (N.D. Cal. Sept. 4, 2018); *Stemmelin v. Matterport, Inc.*, 2022 WL 4843089, at *2 (N.D. Cal. Oct. 3, 2022); *Williams v. Warner Music Grp. Corp.*, 2021 WL 7448496, at *1, *4-5 (C.D. Cal. Dec. 14, 2021).

Aware that they cannot meet the high bar for reconsideration (*see* Sec. II, *infra*), Plaintiffs

---

[1] Unless otherwise noted, all emphasis is added, and all internal quotation marks, citations, alterations, and ellipses are omitted. "Mot." and "Motion" refer to Plaintiffs' administrative motion for leave to file a renewed motion for class certification, Dkt. 230, and "Order" refers to the Order Denying Class Certification and Granting Motion to Exclude Expert Opinions, Dkt. 227.

- 1 -

ask the Court to instead follow non-binding, out-of-Circuit cases that decline to apply the reconsideration standard. (Mot. 2-3 (citing *Hargrove v. Sleepy's LLC*, 974 F.3d 467 (3d Cir. 2020) and *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007)).) But this Court and others in this circuit have expressly considered and rejected the minority view in those cases. *Stemmelin*, 2022 WL 4843089, at *2; *Markson v. CRST Int'l, Inc.*, 2022 WL 1585754, at *2 (C.D. Cal. Apr. 6, 2022); *Abikar v. Bristol Bay Native Corp.*, 2018 WL 6738017, at *14 (S.D. Cal. Dec. 21, 2018).

Plaintiffs also argue that courts commonly allow renewed motions with narrowed class definitions, citing a handful of examples. (Mot. 2-4.) "The court's discretion to reconsider class certification, however, cuts both ways." *Lithium Ion Batteries*, 2018 WL 4215573, at *3. The cases that Plaintiffs cite are inapposite because either the movant there satisfied multiple Rule 23 factors or had potentially fixable issues, or the Court found a summary judgment decision could moot class issues in a pending motion. *See Cabrera v. Google LLC*, 2023 WL 5279463, at *26, *39 (N.D. Cal. Aug. 15, 2023) (certifying multiple subclasses, declining to certify three subclasses for lack of predominance, and noting "Plaintiffs may be able certify a narrower subclass"); *Moniz v. Serv. King Paint & Body, LLC*, 2022 WL 411156, at *5-9 (N.D. Cal. Feb. 10, 2022) (plaintiff satisfied commonality, typicality, adequacy, but not numerosity); *Hamm v. Mercedes-Benz USA, LLC*, 2023 WL 4186013, at *1-4 (N.D. Cal. June 23, 2023) (previously finding commonality, adequacy, numerosity, predominance (for defect issue), and after narrowing definition for ascertainability, finding that plaintiffs lacked typicality and predominance (for reliance issue)); *Rowe v. Michaels Stores, Inc.*, 2017 WL 4237003, at *6 (N.D. Cal. Sept. 25, 2017) (denying pending certification motion as moot post-summary judgment decision that could impact class certification).

That is far from what happened here, where the Court found that Plaintiffs fell short of satisfying even one Rule 23 factor (commonality), and declined to proceed with analyzing the remaining factors. (Order 9.) Not surprising given the deep-seated problems with Plaintiffs' theory and the case law showing why certification was not proper, the Court also never suggested that Plaintiffs may be able to successfully narrow their class, nor did the Court itself narrow the definition. *Accord Hamm,* 2023 WL 4186013, at *1. To the contrary, the Court was "doubtful that there is ***any***

1   iteration of Plaintiffs' theory of the case that circumvents the various plans' UCR terms that govern

2   Defendants' obligations." (Order 21 (ERISA claims); 25 (same for RICO claims).)

## II.     Plaintiffs Have Not Identified Grounds for Reconsideration.

Plaintiffs concede there has been no intervening change in the controlling law and do not try to argue that there has been newly discovered evidence, two of the three potential grounds for reconsideration. (Mot. 4-5.) And while Plaintiffs argue that the Order was "clearly erroneous" (*id.*), the only support they cite is their petition for Rule 23(f) review, which is the correct procedure to appeal the Order (and should fail for all the reasons stated in Defendants' response, *see* Ex. 1).

In reality, the actual purpose of Plaintiffs' renewed motion is not to correct any error in the Order, but instead to propose a yet-to-be-defined narrower class to try to address the "deficiencies" in their first one. (Mot. 5.) But "Rule 23(c)(1) . . . is not a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion[,]" *Markson*, 2022 WL 1585754, at *1, and for that reason, courts reject this approach, where Plaintiffs could have submitted a narrower class definition in the first instance, strategically chose not to in order to seek "an 'all or nothing' bet . . . on the broader class," and now seek another bite at the apple without showing changed circumstances, law, or facts after the court has issued its opinion. *See id.* at *2; *see also Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, 2020 WL 7314794, at *4 (C.D. Cal. Nov. 30, 2020) (denying a second class certification motion where "Plaintiffs' only justification for their proposed motion is that they have now narrowed their class based on evidence they previously had access to").

## III.    Plaintiffs Offer No Reason Why the Court Should Revisit Certification.

Plaintiffs seek another round of class certification briefing so that they can supposedly propose "subclasses based on the relevant plan language . . . in the named Plaintiffs' plans and any other plan language that is 'sufficiently similar' to the named Plaintiffs' plans." (Mot. 4.) Plaintiffs' "just trust me" proposal does not warrant a re-do regardless of what standard the Court applies.

<u>First</u>, Plaintiffs do not even identify the "relevant plan language" or any plan terms that the subclasses would be based on, let alone define which language or plans are "sufficiently similar." (*Id.*) This is intentional, because Plaintiffs admit that they have not actually come up with any such

definition. (*See id.* (Plaintiffs stating they are "still in the process of" locating plan language for their proposed subclasses, and only that they "believe" they can identify a "more modest" definition).) That is why they invite the Court to give them "additional guidance." (*Id.*) Plaintiffs' hope that they will have better luck next time, while failing to do even the most basic work necessary to identify a Rule 23-suitable class, is entirely inappropriate. (Sec. II, *supra*.)

Second, Plaintiffs' vague suggestion that they could come up with a viable class definition based on their own plans and those "sufficiently similar" is not true for all the reasons that the Court has already laid out. Plaintiffs do not identify what provisions their new class definition would cover, but focusing on just the MRC1 provision in RJ's plan and the MRC2 provision in DS's plan shows why this approach gets them no closer to class certification. For example:

- Plaintiffs' own plans vary significantly from each other, and they each materially changed during the putative class period in ways that would require different analyses to assess Defendants' potential liability. (Dkt. 166 at 2, 8 (adding that MRC may be "the amount agreed to by the Out-of-Network provider and Cigna"); 10-11 (2018 vs. 2021 Intuit plan).)
- Even for the same MRC provision, differences among the MRC1 and MRC2 methodologies as reflected under each plan type, and percentiles selected under those plans, call for a different analysis to evaluate Plaintiffs' claims. (Order 3, 12-13; Dkt. 166 at 7, 10-13.)
- Plans may have the same MRC term, but contain other provisions that vary, like discretionary authority or exhaustion, and thus require different analysis. (Order 12-14; Dkt. 166 at 14.)

While not an exhaustive list, these variations alone preclude commonality because analysis of the case's core question—*e.g.*, was Defendants' conduct related to the reimbursement methodology for a challenged claim proper?—would vary between these two plan types, demanding individual attention. And that individualization would intensify when Plaintiffs add plans that they believe are "sufficiently similar" to RJ and DS's plans for their new class definition. (Mot. 4.)

Third, claim-level differences would require individualized analysis even in the face of the same plan term. For example, because Plaintiffs challenge bill negotiation claims that reflect unique offer, negotiation, member communications, and balance billing histories, the Court would need an

individualized analysis to compare those histories with the governing plan language to assess Defendants' conduct. (Dkt. 166 at 1-2, 8-9.) Just as important, Plaintiffs admit that the Viant database changed over time, and the Court would have to consider not just those databases but what Cigna understood about those changes to assess whether Cigna abused its discretion under what plan language governed an individual's claims. (*Id.* at 17-18; Order 3-4.)

All in all, Plaintiffs glom onto one line in the Order that "***perhaps*** a few of the different UCR terms the Court reviewed ***could be*** sufficiently similar to each other such that their corresponding UCR obligations can be interpreted in tandem" to argue that the Court provided them a "roadmap" to address their class certification failures. (Mot. 4.) But the Order's next sentences make clear that reading has no support, because even if a few terms were similar, there is no "*single* interpretation of UCR obligations [that] can apply to *all* of these plans 'in one stroke.'" (Order 17-18 (emphasis in original).) Relying on Judge Meyer's opinion in *Negron v. Cigna Health & Life Insurance Co.*, 2021 WL 2010788 (D. Conn. May 20, 2021), the Court then held that it could not "review every plan's UCR term and determine whether it falls into one bucket of similar UCR terms as opposed to another bucket of less similar UCR terms." (*Id.*) Plaintiffs' vague assurances do not address this problem, and they thus fail to show that a second class certification motion could salvage their class claims. *Friend v. Hertz Corp.*, 2014 WL 4415988, at *4 (N.D. Cal. Sept. 8, 2014) (new "motion would be futile" because individualized analysis still required); *Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.*, 2019 WL 3244487, at *2 (E.D. Cal. Apr. 17, 2019) ("the newly proposed class does not resolve the court's concerns identified in the prior order denying class certification").

## IV.   Plaintiffs' Request Has No Basis in the Scheduling Order.

This case's scheduling order provided for a single round of class certification briefing (Dkt. 128), and Plaintiffs should not be allowed to disrupt the schedule with an unjustified second motion. This is another reason to deny the Motion. *See Lithium Ion Batteries*, 2018 WL 4215573, at *4.

## V.   Conclusion.

For the foregoing reasons, Defendants request that the Court deny Plaintiffs' Motion.

Dated: March 11, 2024                    Respectfully submitted,

By: /s/ Warren Haskel
    WARREN HASKEL

WILLIAM P. DONOVAN, JR. (SBN 155881)
**MCDERMOTT WILL & EMERY LLP**
wdonovan@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone:     +1 310 277 4110
Facsimile:     +1 310 277 4730

JOSHUA B. SIMON (admitted *pro hac vice*)
WARREN HASKEL (admitted *pro hac vice*)
DMITRIY TISHYEVICH (SBN 275766)
CAROLINE INCLEDON (admitted *pro hac vice*)
CHELSEA COSILLOS (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
jsimon@mwe.com
whaskel@mwe.com
dtishyevich@mwe.com
cincledon@mwe.com
ccosillos@mwe.com
One Vanderbilt Avenue
New York, NY 10017
Telephone:     +1 212 547 5400
Facsimile:     +1 212 547 5444

*Attorneys for Defendant Cigna Health and Life Insurance Company*

By: /s/ Errol J. King, Jr.
ERROL J. KING, JR. (admitted *pro hac vice*)
KATHERINE C. MANNINO (admitted *pro hac vice*)
TAYLOR J. CROUSILLAC (admitted *pro hac vice*)
BRITTANY H. ALEXANDER (admitted *pro hac vice*)
**PHELPS DUNBAR LLP**
errol.king@phelps.com
katie.mannino@phelps.com
taylor.crousillac@phelps.com
brittany.alexander@phelps.com
II City Plaza
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 376-0207
Fax: (225) 381-9197

- 6 -
DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RENEWED MOTION FOR CLASS CERTIFICATION
Case No. 5:20-CV-02255-EJD

CRAIG L. CAESAR (admitted *pro hac vice*)
**PHELPS DUNBAR LLP**
craig.caesar@phelps.com
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 584-9272
Fax: (504) 568-9130

and

DENNIS B. KASS (SBN 137263)
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
dennis.kass@manninkass.com
801 South Figueroa Street, 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

ADAM D. AFSHAR (SBN 330630)
**MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP**
adam.afshar@manningkass.com
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 217-6900
Facsimile: (415) 217-6999

*Attorneys for Defendant MultiPlan, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrent in the filing of the document has been obtained from each of the signatories to this document.

Dated: March 11, 2024          /s/ *Warren Haskel*
                                Warren Haskel