Matthew M. Lavin (pro hac vice)
matt.lavin@agg.com
Arnall Golden Gregory LLP
2100 Pennsylvania Avenue, NW
Suite 350S
Washington, D.C. 20037
Telephone:   202.677.4030
Facsimile:    202.677.4031

David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
DL Law Group
345 Franklin St.
San Francisco, CA 94102
Telephone:   415.678.5050
Facsimile:    415.358.8484

Attorneys for Plaintiffs

**DENIED**
Judge Edward J. Davila

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RJ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Cigna Health and Life Insurance Company, et al., <br><br> Defendants. | Case No. 5:20-cv-02255-EJD <br><br> Hon. Edward J. Davila <br><br> **Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Virginia K. DeMarchi, Dkt. No. 223, pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72-2** |

1  This motion objects to and seeks relief from the Pretrial Order of Magistrate Judge Virginia K. DeMarchi, Dkt. No. 223, pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72-2.

That order and this motion relate to the sealing issues arising out of Plaintiffs' January 17, 2023 motion for class certification. *See* Dkt. Nos 148, 150, 166, 167, 179, 190. The Parties filed their briefs and exhibits relating to the class certification motion with accompanying motions to seal. *Id*. The Court has issued several orders resolving the sealing motions and various disputes between the parties, *see* Dkt. Nos. 209, 201, 211, 219, 222; *see also* Dkt. No. 227 (order denying class certification). In its most recent order, on January 30, 2024, the Court ordered the parties to file—within ten days of the entry of its order—public versions of the Parties' class certification briefs with appropriately sealed and redacted documents given the Court's various orders. *See* Dkt. No. 222. The Parties did so on February 9, 2024.

However, in addition to the sealing motions accompanying the Parties' class certification briefs, on June 15, 2023, Defendants filed a motion to retain confidentiality designations (Dkt. No. 189, "Section 6 Motion")) relating to three documents:

> (1) the Expert Report of Laurence Baker ("Baker Report") (189-2 (public/redacted); Dkt. No. 167-8 (unredacted));
>
> (2) the declaration of Sean Crandell ("Crandell Declaration") (Dkt. No. 166-12 (public/redacted); Dkt. No. 167-11 (unredacted)); and
>
> (3) Plaintiffs' expert report from Research and Planning Consultants, LP filed with their class certification reply ("RPC Reply Report"), (Dkt. No. 189-3 (public/redacted); Dkt. No. 180-5 (unredacted))

Defendants filed this motion after Plaintiffs challenged Defendants' confidentiality designations under Section 6 of the Parties' Protective Order (Dkt. No. 22). *See* Dkt. No. 189 at 7. On July 25, 2023, this Court referred Defendants' motion to Magistrate Judge DeMarchi.

Although Defendants' Section 6 Motion related to the exhibits accompanying the class certification briefing, it was separate from the motions to seal. Accordingly, in the Court's initial rulings on the Parties' motions to seal, the Court indicated that its rulings "may be modified as necessary to be consistent with the resolution and findings of Defendants' motion to retain confidentiality designations (ECF No. 189)." *See* Dkt. Nos. 209, 201, 211.

1

1   On February 2, 2024, in a case involving the same Defendants and similar issues, the
2   Central District of California issued an order denying Cigna and MultiPlan's applications to seal
3   involving the same categories of information Defendants seek to seal in this case. *TML Recovery,*
4   *LLC v. Cigna et. al.*, Case No. 8:20-cv-00269-DOC-JDE (C.D. Cal. 2024) (Dkt. No. 463) (the
5   "TML Case"). A copy of this order is attached hereto as **Exhibit 1** (the "TML Order"). Because
6   the information Defendants seek to protect is already of the public record in the TML Case, the
7   Court should unseal them here as well. The TML Case was brought by a group of California
8   substance use disorder ("SUD") providers involving the same types of treatment as the instant
9   case, the same Defendants, and Defendants' use of Viant OPR to price SUD claims. The law
10  firm representing Plaintiffs also represents the plaintiffs in the TML Case. Similarly, MultiPlan
11  is represented by the same law firm in both cases. Because these cases involve many of the same
12  issues, much of the evidence is the same. For instance, Sean Crandell, the Vice President of
13  Healthcare Economics for MultiPlan, has provided declarations in both cases (the "RJ Crandell
14  Declaration" and "TML Crandel Declaration," collectively the "Crandell Declarations"). Much
15  of the information that MultiPlan seeks to seal from the RJ Crandell Declaration has already
16  been made a matter of public record. The TML Crandell Declaration and its exhibits have been
17  made publicly available in their entirety in the TML Case, copies of which are attached hereto as
18  **Exhibit 2**. Many of the paragraphs in the RJ Crandell Declarations are similar, if not identical.
19  *See*, *e.g.*, Ex. 2 at ¶¶ 14, 15, 17, and 18. Most importantly, the same September 2018 Viant OPR
20  Module, which is attached under seal as exhibit and forms the basis of the RJ Crandell
21  Declaration, is already a matter of public record. *See id*. at p. 10-18. If the underlying document
22  detailing MultiPlan's so-called "algorithms" and "proprietary information" is not sealed in the
23  TML Case, neither should the testimony of Mr. Crandell or any expert concerning the same
24  information be sealed here.[1]

25  ---

26  [1] In addition to the RJ Crandell Declaration, Defendants seek to seal the Baker Report (Dkt. No.
27  167-8) and the RPC Reply Report (Dkt. 180-5). These reports mainly the discuss the crosswalk
28  utilized by Defendants to price IOP services or code H0015.

2

On February 6, 2024, after the Court issued its final order regarding the Parties' class certification sealing motions, Magistrate Judge DeMarchi issued an order regarding Defendants' Section 6 Sealing Motion. In the order, Magistrate Judge DeMarchi granted in part and denied in part Defendants' motion. Plaintiffs object to the portions of the Magistrate Judge's Order and respectfully request that this Court reverse those portions for the reasons stated below.

## I. Legal Standard

The district court may designate any non-dispositive pretrial matter to be determined by a magistrate judge, whose ruling on the matter may be modified or set aside if "clearly erroneous or contrary to law." *Yahoo!, Inc. v. Does 1 Through 510, Inclusive*, 2016 WL 4270264, at *2 (N.D. Cal. Aug. 15, 2016) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). A magistrate judge's legal conclusions are reviewed de novo to determine whether they are contrary to law, while a magistrate judge's factual findings are reviewed for clear error. *Id*.

## II. Magistrate Judge DeMarchi's Order Was Contrary To Law

The Magistrate Judge's Order should be reviewed de novo, as it reached legal conclusion that information at issue should retain confidentiality designations. Among other things, the Magistrate Judge's Order permitted Defendants to retain confidentiality designations relating to their alleged trade secrets and proprietary information concerning Defendants' fees, rates, and pricing methodologies. *See* Dkt. No. 223 at 4–5. These designations are not appropriate, however, because even if Defendants have identified "compelling reasons" that *could* justify the confidentiality of these documents, which they have not,[2] the inquiry does not end there. Rather, the Court must still consider whether these reasons outweigh the public interest in access to and understanding of the judicial process. *Kamakana* v. *City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). This interest is at its strongest when the documents at issue are critical to both the resolution of Plaintiffs' class certification motion and the public's understanding of

---

[2] Defendants cannot demonstrate any "particularized harm" that will result from the public disclosure of these designated materials because such disclosure has already taken place in the TML Case. *See generally* Ex. 1.

3

the Court's decision-making process. *See* Ex. 1 at 7.

As conceded in the Magistrate Judge's Order, there is undoubtedly significant public interest in this action, and at least *some* of the information defendants have designated as confidential is likely important to the public. *See* Dtk. No. 223 at 5. Moreover, Defendants' alleged trade secrets and proprietary information are undoubtedly central to resolving the disputes before the Court. Nevertheless, in the TML Case, the potential impact of publicly disclosing this information was determined to be "relatively minor." Ex. 1 at 8. Most importantly, this disclosure has already taken place in the TML Case, so these documents are publicly available *today*. *Id.* Accordingly, Plaintiffs object to the following findings by the Magistrate Judge:

**A. Crandell Declaration**

| Designation | Ruling | Response |
|---|---|---|
| ¶¶ 13-19 & 22 | Confidential: Discloses details of data collection. ¶¶ 17, 18, 19 & n. 2, ¶ 22. | *See* TML Order at 49; *see also* Ex. 2 at ¶¶ 15 & n. 4, 16. |
| ¶¶ 25-46 | Confidential: Discloses details of Viant OPR methodology. ¶¶ 29-46 (including nn. 4-6). | *See* TML Order at 49; *see also* Ex. 2 at ¶¶ 19 & n. 5, 20, Exhibit 1 at 3, 4, 6, 8. |
| ¶¶ 50-58, 60-61 | Confidential: Discloses details of Viant OPR methodology and MultiPlan's operations (including nn. 7, 8). | *See* TML Order at 49. |
| ¶¶ 63-66 | Confidential: Discloses detailed critique of RPC Report filed under seal at Dkt. 151-3. ¶ 64 & n. 8; ¶¶ 65, 66 | *See* TML Order at 49. |
| Exhs. A, B & C | Confidential: Discloses details of Viant OPR methodology | *See* TML Order at 49; *see also* Ex. 2, Exhibits 1-3. |
| Exhibit D | Confidential: Discloses details of MultiPlan's claims processing. | *See* TML Order at 49. |

**III. Conclusion**

Based on the existing case law and the public disclosure of similar, if not identical,

4

1  documentation in the TML Case, the Court should reverse the Magistrate Judge's Order.

Dated: February 20, 2024

Arnall Golden Gregory LLP

By:    */s/ Matthew M. Lavin*
       Matthew M. Lavin

DL Law Group

By:    */s/ David M. Lilienstein*
       David M. Lilienstein
       Katie J. Spielman

*Attorneys for Plaintiffs*

ARNALL GOLDEN GREGORY LLP
LIMITED LIABILITY PARTNERSHIP
2100 Pennsylvania Ave., NW
Suite 350S
Washington, DC 20037
Telephone: 202.677.4040
WWW.AGG.COM

5

Case No. 5:20-cv-02255-EJD

Plaintiffs' Motion for Relief from Nondispositive Pretrial Order